IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEL CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMBERWAVE SYSTEMS CORPORATION,<br><br>　　　　　Defendant. | Civil Action No. _____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Intel Corporation ("Intel") by and through its undersigned attorneys, hereby demands a trial by jury on all issues so triable and, for its Complaint in this declaratory judgment action, alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), because, upon information and belief, AmberWave Systems Corporation ("Defendant") is incorporated in Delaware.

### THE PARTIES

3. Intel is a Delaware corporation with its principal place of business in Santa Clara, California. Intel is engaged in the business of manufacturing high performance computer microprocessors.

4. Upon information and belief, Defendant is a Delaware corporation with its principal place of business in Salem, New Hampshire. Defendant is engaged in the business of manufacturing and developing strained silicon technology.

## BACKGROUND

5. On December 14, 2004, United States Patent No. 6,831,292 entitled "Semiconductor structures employing strained material layers with defined impurity gradients and methods for fabricating same" ("the '292 Patent") was issued, naming Matthew Currie, Anthony Lochtefeld, Richard Hammond and Eugene Fitzgerald as inventors and Defendant as assignee. A copy of the '292 Patent is attached as Exhibit A.

6. On or about May 10, 2005, Steven Frank, counsel for Defendant, sent to Paul Otellini, President of Intel a letter formally notifying Intel "that its current commercial products, including, without limitation, its Prescott and Dothan processors, infringes claims" of the '292 Patent and allowed application publication nos. 2004/0161947 ("the '947 Application") and 2004/0045499 ("the '499 Application"). Defendant "request[ed] that Intel take immediate steps to conclude license negotiations with AmberWave or to cease infringement of AmberWave's intellectual property." A true and correct copy of Mr. Frank's letter is attached as Exhibit B.

7. Prior to the notice letter, the parties had been engaged in communications with respect to, among other things, the '292 Patent and the applications.

8. By reason of Mr. Frank's allegations of infringement in his correspondence of May 10, 2005, Intel reasonably apprehends that a suit will imminently be filed against Intel under 35 U.S.C. § 271 alleging infringement of the '292 Patent by Intel's continuing to make, offer to sell, and selling its current commercial products, including, without limitation, its Prescott and Dothan processors.

9.     There is a substantial and continuing justiciable controversy between Intel and Defendant as to Defendant's rights to threaten or maintain suit for infringement of the '292 Patent and as to whether any of Intel's current commercial products infringes any of the claims of the '292 Patent.

10.     By reason of Mr. Frank's allegations of infringement in his correspondence of May 10, 2005, Intel reasonably apprehends that a suit will imminently be filed against Intel under 35 U.S.C. § 271 if and when the '947 and '499 Applications issue as patents alleging infringement of the '947 and '499 Applications by Intel's continuing to make, offer to sell, and selling its current commercial products, including, without limitation, its Prescott and Dothan processors. If and when the '947 and '499 Applications issue as patents, Intel reserves all rights to amend this Complaint to seek a declaratory judgment of non-infringement of the patents that issue from the '947 and '499 Applications.

## CLAIM FOR RELIEF

**(Declaratory Judgment of Non-infringement)**

11.     Intel re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 10, inclusive, as set forth above.

12.     Intel has not manufactured, assembled, sold, offered for sale or distributed within the Unites States any devices or systems that directly infringe any of the claims of the '292 Patent.

13.     Intel has not manufactured, assembled, sold, offered for sale or distributed within the United States any devices or systems that fall within the range of equivalents of any of the claims of the '292 Patent.

14.     Intel has not induced, and is not now inducing, infringement of the '292 Patent in any manner whatsoever.

15.     Intel has not, and is not now, contributing to the infringement of the '292 Patent in any manner whatsoever.

## PRAYER FOR RELIEF

WHEREFORE, Intel respectfully prays for relief and judgment against Defendant as follows:

(a) a declaration that Intel has not infringed the '292 Patent directly, by inducement, or by contribution; and

(b) for such other and further relief that may be just and appropriate.

Respectfully submitted,

Josy W. Ingersoll (No. 1088)
John W. Shaw (No 3362)
Glenn C. Mandalas (No. 4432)
YOUNG CONWAY STARGATT &
TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jingersoll@ycst.com

George M. Newcombe (CA Bar No. 202898)
SIMPSON THACHER & BARTLETT
3330 Hillview Avenue
Palo Alto, California 94303
(650) 251-5000

Attorneys for Plaintiff Intel Corporation

Dated: May 17, 2005