IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-301-KAJ |
| | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Counterdefendant. | ) | |

## INTEL'S REPLY TO COUNTERCLAIM

Plaintiff and Counterdefendant Intel Corporation ("Intel"), by and through its undersigned counsel, replies as follows to the Answer and Counterclaim of AmberWave Systems Corporation ("AmberWave"), and requests a trial by jury on all issues so triable.

1-15.   Paragraphs 1-15 of the Answer and Counterclaim contain AmberWave's responses to the Complaint filed by Intel on May 17, 2005 and therefore do not require a response from Intel.  To the extent that any allegations in paragraphs 1 through 15 of the Answer and Counterclaim require a responsive pleading, Intel denies those allegations.

## PARTIES AND JURISDICTION

16.     Intel admits that AmberWave purports to state a counterclaim for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq.* Except as so admitted, Intel denies the allegations of paragraph 16 of the Answer and Counterclaim.

17.     Intel admits, on information and belief, that AmberWave is a Delaware corporation with its principal place of business in Salem, New Hampshire.

18.     Intel admits that it is a Delaware corporation with its principal place of business in Santa Clara, California.

19.     Intel admits that this Court has subject matter jurisdiction over the Counterclaim under 28 U.S.C. §§ 1331 and 1338(a).

20.     Intel admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391(c). Except as so admitted, Intel denies the allegations of paragraph 20 of the Answer and Counterclaim.

## PATENT IN SUIT

21.     Intel admits that AmberWave purports to attach a copy of United States Patent No. 6,831,292 (the "'292 patent") to the Answer and Counterclaim as Exhibit A, and admits that the title of the '292 patent is "Semiconductor Structures Employing Strained Material Layers With Defined Impurity Gradients And Methods For Fabricating Same." Intel denies that the '292 patent was duly and legally issued on December 14, 2001. Intel denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Answer and Counterclaim and therefore denies those allegations.

## CLAIM FOR RELIEF

22. Paragraph 22 repeats and realleges the allegations of paragraphs 16 through 21 of the Answer and Counterclaim, and therefore Intel incorporates by reference its responses to paragraphs 16 through 21 of the Answer and Counterclaim as if fully set forth herein.

23. Intel denies the allegations in paragraph 23 of the Answer and Counterclaim.

24. Intel denies the allegations in paragraph 24 of the Answer and Counterclaim.

25. Intel denies the allegations in paragraph 25 of the Answer and Counterclaim.

26. Intel denies the allegations in paragraph 26 of the Answer and Counterclaim.

## FIRST DEFENSE

The Counterclaim fails to state facts sufficient to constitute a cause of action against Intel.

## SECOND DEFENSE

The Counterclaim fails to state a claim for which relief can be granted against Intel.

## THIRD DEFENSE

The '292 patent is invalid for failure to meet one or more of the conditions for patentability set forth in Title 35 of U.S.C. §§ 101, *et seq.*

## FOURTH DEFENSE

The '292 patent is invalid for double patenting.

## FIFTH DEFENSE

The '292 patent is invalid based on an improper inventorship which was maintained with deceptive intent by the named inventors despite knowledge by the named inventors that they did not solely invent the subject matter claimed.

## SIXTH DEFENSE

AmberWave comes to this Court with unclean hands and therefore should be barred from recovering the relief sought or any relief whatsoever against Intel.

## SEVENTH DEFENSE

The Counterclaim is barred in whole or part under principles of equity, including laches, prosecution laches, waiver and/or estoppel.

## EIGHTH DEFENSE

Intel has not infringed and is not infringing, either directly or under the doctrine of equivalents, nor inducing or contributing to the infringement by others, any valid and enforceable claim of the '292 patent.

## NINTH DEFENSE

Intel has not willfully infringed and is not willfully infringing any valid and enforceable claim of the '292 patent.

## TENTH DEFENSE

AmberWave cannot prove that this is an exceptional case pursuant to 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Intel respectfully requests judgment granting the following relief:

1. That AmberWave take nothing by its Counterclaim;

2. That the Court dismiss AmberWave's Counterclaim with prejudice;

3. That the Court award Intel attorneys' fees and expenses against AmberWave and deny that AmberWave's Counterclaim is exceptional under 35 U.S.C. § 285; and

4. That the Court award Intel such other and additional relief as it deems just and proper.

Respectfully submitted,

By /s/ Josy W. Ingersoll
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Glenn C. Mandalas (No. 4432)
YOUNG CONWAY STARGATT &
TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jingersoll@ycst.com

George M. Newcombe (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
3330 Hillview Avenue
Palo Alto, CA 94304
(650) 251-5000

Attorneys for Plaintiff and Counterdefendant
Intel Corporation

Dated: August 4, 2005

## CERTIFICATE OF SERVICE

I, Glenn C. Mandalas, Esquire, hereby certify that on August 4, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347

I further certify that on August 4, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

> **BY FEDERAL EXPRESS**
>
> John C. Englander, Esquire
> Goodwin Procter LLP
> Exchange Place
> 53 State Street
> Boston, MA 02109

YOUNG CONAWAY STARGATT & TAYLOR LLP

_/s/ Glenn C. Mandalas_
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Glenn C. Mandalas (No. 4432)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
gmandalas@ycst.com

*Attorneys for Intel Corporation*

DB01:1791256.1                                                                                               062992.1002