IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEL CORPORATION, )<br>)<br>Plaintiff/Counterclaim-defendant )<br>)<br>v. )<br>)<br>AMBERWAVE SYSTEMS )<br>CORPORATION, )<br>)<br>Defendant/Counterclaim-plaintiff ) | Civil Action No. 05-301-KAJ |

### NOTICE OF SUBPOENA TO AGERE SYSTEMS, INC.

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure Defendant and Counterclaim-plaintiff Amberwave Systems Corporation will serve the attached subpoena duces tecum on Agere Systems, Inc.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ *Leslie A. Polizoti*
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel: (302) 658-9200
lpolizoti@mnat.com
Attorneys for Defendant and Counterclaim Plaintiff
AmberWave Systems Corporation

OF COUNSEL:
Morgan Chu
David I. Gindler
Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel: (310) 277-1010

1345207

CERTIFICATE OF SERVICE

I, Leslie A. Polizoti, hereby certify that on September 16, 2005 I electronically filed the Notice of Subpoena to Agere Systems, Inc. with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

    Josy W. Ingersoll (#1088)
    Young, Conaway, Stargatt & Taylor, LLP

I also certify that copies were caused to be served on September 16, 2005 upon the following in the manner indicated:

**BY HAND**

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

**BY FEDERAL EXPRESS**

George M. Newcombe
Simpson Thacher & Bartlett LLP
300 Hillview Avenue
Palo Alto, CA 94304

                                          /s/    Leslie A. Polizoti (#4299)
                                          Morris, Nichols, Arsht & Tunnell
                                          1201 N. Market Street
                                          P.O. Box 1347
                                          Wilmington, DE 19899
                                          (302) 658-9200
                                          lpolizoti@mnat.com

454672

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
_____Eastern_____ DISTRICT OF __Pennsylvania__

Intel Corporation

　　　　　　　v.

Amberwave Systems Corporation

## SUBPOENA IN A CIVIL CASE

Case Number:[1] 05-301-KAJ
(District of Delaware)

TO: Agere Systems, Inc.
1110 American Parkway NE. Allentown, Pennsylvania 18109.  (610) 712 1000
Att: Jean F. Rankin (General Counsel)

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Legal Beagles, Attn:  Craig Baker<br>2215 Arch Street, Philadelphia, PA 19103<br>Tel: (215) 751-0880 | September 30, 2005,<br>5:00 PM EST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | September 16 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Leslie Polizoti, Morris Nichols Arsht & Tunnell, 1201 N. Market St, Wilmington DE  (302) 658-9200

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  DATE  |  PLACE  |
|--------|---------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.  "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rules of Evidence Rule 1001 or "document" as used in Federal Rules of Civil Procedure Rule 34. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

2.  "RELATING TO" and "RELATE TO" shall mean having any connection, relation, or reference to and include, by way of example and without limitation, discussing, identifying, containing, showing, evidencing, describing, reflecting, dealing with, regarding, pertaining to, analyzing, evaluating, estimating, constituting, comprising, studying, surveying, projecting, recording, summarizing, assessing, criticizing, reporting, commenting on, referring to in any way, either directly or indirectly, or otherwise involving, in whole or in part.

## REQUESTS

**REQUEST NO. 1**:

All DOCUMENTS RELATING TO the Patent License Agreement between Agere Systems Inc. and AmberWave Systems Corporation, dated April 23, 2003, as amended.

**REQUEST NO. 2**:

All DOCUMENTS RELATING TO: United States Patent Nos. 5,158,907, 5,221,413, 5,285,086, 5,308,444, 5,442,205; Japan Patent Nos. 2813080 and 2792785; France Patent No. 0469790; and Great Britain Patent No. 0469790.

1344743