IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-301-KAJ |
| ) | |
| AMBERWAVE SYSTEMS CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| AMBERWAVE SYSTEMS CORPORATION, ) | |
| ) | |
| Counterclaimant, ) | |
| ) | |
| v. ) | |
| ) | |
| INTEL CORPORATION, ) | |
| ) | |
| Counterdefendant. ) | |
| ) | |

**INTEL CORPORATION'S OPENING BRIEF IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
– and –
George M. Newcombe (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
3330 Hillview Avenue
Palo Alto, CA 94304
(650) 251-5000

Attorneys for Plaintiff and Counterdefendant Intel Corporation

Dated: September 26, 2005

DB01:1860336.1                                                                                                                    062992.1002

## TABLE OF CONTENTS

Page

NATURE AND STAGE OF THE PROCEEDING ..................................................................1

SUMMARY OF ARGUMENT.........................................................................................................2

STATEMENT OF FACTS..................................................................................................................4

ARGUMENT.............................................................................................................................................5

I.   Leave To Supplement Under Rule 15(d) is Freely Granted ........................................5

    A.   Allowing Intel to Supplement Its Complaint Will Promote the Just Disposition of the Case..................................................................................................6

    B.   The Supplement Will Not Cause Prejudice to Any Party .................................7

    C.   Intel Did Not Unduly Delay or Act In Bad Faith or With a Dilatory Motive In Moving for Leave to Supplement the Complaint ..............................9

II.  Intel's Supplemental Claim Relates Back to the Filing of the Initial Complaint........9

CONCLUSION .....................................................................................................................................11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Cosden Oil & Chem. Co. v. Foster Grant Co., Inc.*,
    432 F. Supp. 956 (D. Del. 1977)..................................................................9, 11

*Bechtel v. Robinson*,
    886 F.2d 644 (3d Cir. 1989).............................................................................8

*Foman v. Davis*,
    371 U.S. 178 (1962)......................................................................................6, 7

*Koningsberg v. Shute*,
    435 F.2d 551 (#d Cir. 1970)............................................................................8

*Matsushita Elec. Indus. Co., Ltd. v. Cinram Int'l, Inc.*,
    No. Civ. 01-882-SLR, 2004 WL 32922 (D. Del. Jan. 5, 2004)......................5

*Proctor & Gamble Co. v. McNeil-PPC, Inc.*,
    No. 98-361-GMS, 1998 WL 1745118 (D. Del. Dec. 7, 1998)..............5, 6, 7, 8

*Ramsey Group, Inc. v. EGS Int'l, Inc.*,
    208 F.R.D. 559 (W.D.N.C. 2002)............................................................7, 9, 11

*Telephonics Corp. v. Lindly & Co., Inc.*,
    192 F. Supp. 407 (E.D.N.Y. 1961)..................................................................10

*Trueposition, Inc. & KSI, Inc. v. Allen Telecom, Inc.*,
    No. Civ. A. 01-823 GMS, 2002 WL 1558531 (D. Del. Jul. 16, 2002)........7, 8

**Statutes**

35 U.S.C. § 271 ................................................................................................4

Fed.R.Civ.P. 15(a)............................................................................................7

Fed.R.Civ.P. 15(c).................................................................................2, 3, 9, 11

Fed.R.Civ.P. 15(d).................................................................................2, 5, 7, 11

## NATURE AND STAGE OF THE PROCEEDING

This action arises from a controversy created by AmberWave Systems Corporation ("AmberWave"), a Delaware company, when its attorney sent a letter to the current Chief Executive Officer of Intel accusing Intel's "current commercial products" of infringing Patent No. 6,831,292 (the "'292 Patent") and two patent applications that had been allowed by the Patent and Trademark Office but had not yet issued – 2004/0045499 (the "'499 Application") and 2004/0161947 (the "'947 Application"). *See* Complaint (D.I. 1) ¶ 6; Answer (D.I. 11) ¶ 6; *see also* May 9, 2005 Letter from S. Frank to Paul Otellini ("Cease & Desist Letter"), attached hereto as Exhibit C. AmberWave's counsel demanded that "Intel take immediate steps to conclude license negotiations with AmberWave or to cease infringement of AmberWave's intellectual property." *Id.*

In response to AmberWave's threats with respect to the "patent and allowed applications," and hoping to resolve promptly AmberWave's baseless infringement allegations, Intel filed this action. In its complaint filed May 17, 2005 (the "Complaint"), Intel sought a declaratory judgment of non-infringement and invalidity with regard to the '292 Patent. *See* Complaint (D.I. 1) ¶¶ 5-15. Intel also expressly pled AmberWave's contentions with respect to the two allowed but not yet issued patent applications and reserved its right to supplement the Complaint to assert claims regarding any patent that might issue from either of the two patent applications referenced in the Cease & Desist Letter. *See* Complaint (D.I. 1) ¶ 10. AmberWave did not contest subject matter jurisdiction or venue. Instead, AmberWave answered Intel's Complaint and counterclaimed (the "Answer"), accusing Intel of infringing the '292 Patent. *See* D.I. 11.[1]

---

[1] The same day that AmberWave filed its answer, AmberWave also filed an action in the District Court for the Eastern District of Texas alleging that the very same Intel products AmberWave has targeted in this action infringe U.S. Patent No. 6,881,632 (the "'632 Patent"), another strained silicon technology patent assigned to AmberWave. *See* Complaint in E.D. Tx. Case No. 2-05cv-321 LED ("AmberWave's '632 Texas Complaint"), attached hereto as Exhibit D, at ¶ 11. Intel has moved before the Texas court to transfer that case to this District. *See* Intel's Motion to Transfer filed on September 2, 2005 in E.D. Tx. Case No. 2-05cv-321 LED, attached hereto as Exhibit E.

One of AmberWave's two allowed applications – the '499 Application – issued this past Tuesday as United States Patent No. 6,946,371 (the "'371 Patent"). The '371 Patent contains the exact same specification and the exact same claim language as the '499 Application that AmberWave accused Intel of infringing in the Cease & Desist Letter and that Intel expressly referenced in its Complaint. AmberWave might have brought a claim of infringement against Intel on the '371 Patent by moving to supplement its counterclaims with new facts falling within the same nucleus of operative facts as the Complaint, as is permitted under Federal Rule of Civil Procedure 15(d). Instead, AmberWave went to the District Court in the Eastern District of Texas and left a copy of a new complaint in a drop box at 5:50 a.m Central Time, two-hours before the court in Texas opened its doors, initiating an entirely separate patent infringement action in Texas relating to the '371 Patent.[2] *See* Complaint in E.D. Tx. Case No. 2-05cv-449 TJW ("'371 Texas Complaint") attached hereto as Exhibit F.

Intel now seeks to supplement its original Complaint to include a request for a declaratory judgment of non-infringement and invalidity with regard to the '371 Patent. *See* Supplemental Complaint attached hereto as Exhibit A; *see also* Redline showing differences between the Supplemental Complaint and the original Complaint, attached hereto as Exhibit B. Intel further seeks a determination that the supplemental claims relate back to the initial Complaint pursuant to Federal Rule of Civil Procedure 15(c)(2). There is no reason to resolve the controversy triggered by AmberWave's delivery of the Cease & Desist Letter in two separate forums.

## SUMMARY OF ARGUMENT

Under Federal Rule of Civil Procedure 15(d), a motion for leave to supplement a complaint should be granted if it will (i) promote the just disposition of the case, (ii) not cause

---

[2] Intel, anticipating a race to the courthouse by AmberWave and recognizing that any motion to supplement would take some time to decide, also filed a declaratory judgment action in this district with regard to the '371 Patent at 8:31 a.m. on September 20, 2005. *See* Complaint in D. Del. Case. No.05-00682-UNA ("Intel '371 Complaint"), attached hereto as Exhibit G. If the Court grants this Motion to Supplement, Intel will withdraw the Intel '371 Complaint.

2

undue prejudice or delay, and (iii) not prejudice the rights of any party.

Intel, by this motion, seeks to further the just disposition of the case. The dispute as to infringement of the '371 Patent arises from the same controversy underlying the Complaint. Intel filed the present case seeking a declaratory judgment of non-infringement out of apprehension of future litigation regarding both the '292 Patent (the patent presently in suit) and the '371 Patent (referenced in both AmberWave's Cease & Desist Letter and Intel's initial Complaint by its application number). Moreover, the dispute concerning both patents includes the same parties, the same accused products, and the same underlying technology (methods for fabricating semiconductor structures used in microprocessors). Consequently, there will be a significant overlap in legal issues, facts and discovery.

Intel is not acting in bad faith or with dilatory motive by seeking to supplement the Complaint. The '371 Patent issued less than a week ago. Intel promptly moved to supplement its pleadings to include the newly issued patent.

AmberWave cannot reasonably assert that it will be prejudiced by litigating claims concerning the '371 Patent together with the claims concerning the '292 Patent. AmberWave has tacitly acknowledged that this Court is a proper forum for adjudicating the issues raised in the dispute engendered by the Cease & Desist Letter by not disputing personal jurisdiction or venue in its answer or in a motion. Further, AmberWave itself grouped the '292 Patent with the claims of the '371 Patent by accusing Intel of infringing both in the Cease & Desist Letter. Moreover, AmberWave was on notice that Intel intended to add claims on patents that might issue from the '947 Application and the '499 Application, each referenced in its Cease & Desist Letter, because Intel made this explicit in its allegations in the Complaint.

Finally, Intel's supplemental claims relate back to the date of the original Complaint, pursuant to Federal Rule of Civil Procedure 15(c)(2), because the claims arise out of the same "conduct, transaction, or occurrence" that Intel set forth in its initial pleadings.

3

## STATEMENT OF FACTS

Defendant AmberWave, a Delaware corporation, develops and patents technologies, *inter alia*, relating to the fabrication of a uniform layer of "strained" silicon across the surface of microprocessor substrates for the purpose of increasing the performance of transistors built on the substrates. *See* Complaint (D.I. 1) ¶ 4. In late 2004 and early 2005, Intel, a leading manufacturer of high-performance computer microprocessors (*see* Complaint (D.I. 1) ¶ 3), and AmberWave held a series of meetings over several months to discuss intellectual property assigned to AmberWave, including the '292 Patent and the '499 Application. *See* Answer (D.I. 11) ¶ 7. These discussions collapsed on May 10, 2005 when Intel's current Chief Executive Officer received a letter from counsel for AmberWave claiming that certain of Intel's products infringed the '947 and '499 Applications and the '292 Patent. *See* Cease & Desist Letter, attached hereto as Exhibit C. AmberWave also "request[ed] that Intel take immediate steps to conclude license negotiations with AmberWave or to cease infringement of AmberWave's intellectual property." *Id.*

In response to the Cease & Desist Letter, on May 17, 2005, Intel filed the present action to resolve all of the disputes between the parties arising out of the Cease & Desist Letter. Specifically, Intel sought a declaration that it has not infringed any of the claims of the '292 Patent. *See* Complaint (D.I. 1) ¶¶ 11-15. The Cease & Desist Letter also alleged that Intel's "current commercial products" infringe the '499 Application. *See* Complaint (D.I. 1) ¶ 6; the Cease & Desist Letter, attached hereto as Exhibit C. Accordingly, Intel alleged in the Complaint:

> By reason of [AmberWave's counsel's] allegations of infringement in his correspondence of May 10, 2005, Intel reasonably apprehends that ***a suit will imminently be filed against Intel*** under 35 U.S.C. § 271 ***if and when the '947 and '499 Applications issue as patents alleging infringement of the '947 and '499 Applications*** . . . .

*See* Complaint (D.I. 1) ¶ 10. Consistent with its intent to resolve all of the controversies between the parties arising from the Cease & Desist Letter in this action, Intel expressly reserved its right

4

to supplement the Complaint to seek a declaratory judgment of non-infringement if patents were to issue from the '947 and '499 Applications. *Id.* AmberWave answered Intel's Complaint on July 15, 2005 and asserted a counterclaim before this Court alleging that Intel has infringed the '292 Patent. *See* Answer (D.I. 11).

On September 20, 2005, the '371 Patent issued from the '499 Application. *See* '371 Patent attached as Exhibit C to the Supplemental Complaint attached hereto as Exhibit A. Suspecting that AmberWave would race to the courthouse to file a complaint on the '371 Patent, and seeking to preserve its rights, Intel filed a complaint with this Court on the morning of September 20, 2005 seeking a declaratory judgment that it does not infringe the '371 Patent. *See* Intel '371 Complaint, attached hereto as Exhibit G. Intel's apprehensions about an imminent suit on the '371 Patent, explicitly stated in paragraph 10 of the Complaint, proved to be well-justified. Before sunrise on the day the '371 Patent issued, at 5:50 a.m. Central Time, AmberWave left a complaint in the drop-box in the District Court for the Eastern District of Texas claiming that Intel infringes the '371 Patent. *See* AmberWave's '371 Texas Complaint, attached hereto as Exhibit F.

**ARGUMENT**

**I.   Leave To Supplement Under Rule 15(d) is Freely Granted**

Rule 15(d) of the Federal Rules of Civil Procedure provides that the court may permit a party to serve a supplemental pleading setting forth transactions, occurrences or events which have happened since the date of pleading. "Leave to file a supplemental complaint under Rule 15(d) rests within the court's discretion and should be freely granted if it will promote the just disposition of the case, not cause undue prejudice or delay, and not prejudice the rights of any party." *Matsushita Elec. Indus. Co., Ltd. v. Cinram Int'l, Inc.*, No. Civ. 01-882-SLR, 2004 WL 32922, at *1 (D. Del. Jan. 5, 2004); *see also Proctor & Gamble Co. v. McNeil-PPC, Inc.*, No. 98-361-GMS, 1998 WL 1745118, at *1 (D. Del. Dec. 7, 1998) (same).

5

A.   **Allowing Intel to Supplement Its Complaint Will Promote the Just Disposition of the Case**

Courts should apply Rule 15(d) in a manner that "promote[s] the 'just, speedy, and inexpensive determination' of *every* claim arising out of the dispute between these parties." *McNeil-PPC*, 1998 WL 1745118, at *3 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (emphasis in original).

Granting this motion will promote the just disposition of *every* claim arising from the dispute initiated by AmberWave. AmberWave generated the controversy that gave rise to this case by sending Intel the Cease & Desist Letter alleging infringement of **both** the '292 Patent and the '499 Application, now the '371 Patent. *See* Complaint (D.I. 1) ¶ 6; *see also* Cease & Desist Letter attached hereto as Ex. C. Significantly, the specification and claims of the '499 Application as of the date of the Cease & Desist Letter are ***identical*** to the final specification and claims that appear in the '371 Patent. Intel specifically referred to the application for the '371 Patent in the Complaint and expressly reserved its right to amend the Complaint to include this new patent if and when it issued. *See* Complaint (D.I. 1) ¶ 10. By granting this motion, the Court can efficiently and completely resolve the dispute between the parties generated by AmberWave's Cease & Desist Letter regarding Intel's alleged infringement of the '292 Patent and the '371 Patent.

Moreover, granting this motion will promote the quickest, most efficient and fairest resolution of all of the parties' claims. Intel's requests for declaratory relief relate to the exact same parties and the exact same products. Discovery and trial testimony will substantially overlap on such matters as (i) the specifications of Intel's microprocessors, (ii) the processes Intel uses to manufacture its microprocessors, (iii) Intel's research and development concerning the use of "strained" silicon in its microprocessors and the fabrication of raised source and drain regions, and (iv) the alleged damages resulting from the sale of the same finished products. Indeed, AmberWave already has sought voluminous discovery in this action on the design, specifications, manufacturing processes, and sales of the "90 nm processors" that AmberWave claims infringe the '371 Patent. *See* AmberWave's First Set of Requests for Production, attached

6

hereto as Exhibit H, at Request Nos. 4-14, 34, 40-44, 82-92, 96-97, 99, 107. Intel has begun producing documents to AmberWave in response to its discovery requests.

Finally, the interests of judicial economy strongly favor the grant of this motion. In *Trueposition, Inc. & KSI, Inc. v. Allen Telecom, Inc.*, No. Civ. A. 01-823 GMS, 2002 WL 1558531 (D. Del. Jul. 16, 2002), the court granted the plaintiff leave to amend[3] its complaint to add claims of infringement of four additional patents. *Id.* at *3. The court found that granting leave to amend would further the interests of justice because the accused products were the same, the parties remained the same, the additional and asserted patents involved similar technology and, thus, the facts and issues would substantially overlap. *Id.* at *2 ("Where the additional patents are closely related to the already asserted patents and the patents involve similar technology, it is clearly in the interest of judicial economy to dispose of all of the claims between the parties in one proceeding.")

Similarly, in the present action, the accused products for both the '292 and '371 Patents are the same, the parties are the same, the '292 and '371 Patents involve similar technology—methods for fabricating semiconductor structures[4]—and, thus, the facts and issues will substantially overlap. Having the same judge adjudicate claims arising from these two patents is the most efficient solution, and in the best interest of judicial economy.

### B. The Supplement Will Not Cause Prejudice to Any Party

AmberWave will not be prejudiced if this motion is granted. A party is

---

[3] The *Trueposition* court granted leave to amend the complaint under Federal Rule of Civil Procedure 15(a), rather than under Rule 15(d). However, the best interest of judicial economy is clearly a factor in determining the "'just, speedy, and inexpensive determination' of *every* claim," which is the goal of Rule 15(d). *McNeil-PPC*, 1998 WL 1745118, at *3 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (emphasis in original); *see also Ramsey Group, Inc. v. EGS Int'l, Inc.*, 208 F.R.D. 559, 562 (W.D.N.C. 2002) (recognizing that the same standards apply for motions to supplement and amend when leave is sought to add claims to complaint regarding an additional patent).

[4] The '292 Patent is entitled: "*Semiconductor Structures* Employing Strained Material Layers with Defined Impurity Gradients *and Methods for Fabricating Same*" (emphasis added). The '371 Patent is entitled: "*Methods of Fabricating Semiconductor Structures* Having Epitaxially Grown Source and Drain Elements" (emphasis added).

7

prejudiced only if an amendment to an initial pleading "'unfairly disadvantaged or deprived [the party] of the opportunity to present facts or evidence.'" *Trueposition, Inc. & KSI,* 2002 WL 1558531, at *2 (quoting *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir. 1989)). AmberWave is not "unfairly disadvantaged" by trying any claims it has based on the '371 Patent in this Court. AmberWave has already demonstrated its willingness to submit to the court's jurisdiction with regard to the dispute generated by AmberWave's Cease & Desist Letter by answering and counterclaiming without asserting a defense based on a lack of personal jurisdiction or *forum non conveniens*. *See* Answer (D.I. 11); *see also Konigsberg v. Shute,* 435 F.2d 551, 552 (3d Cir. 1970) (defendant who failed to raise defense of lack of personal jurisdiction in a motion or its responsive pleading waived his right to assert that defense); Fed. R. Civ. P. 12(h)(1) (same).

Additionally, AmberWave was on notice that Intel intended to supplement its complaint to seek a declaration of non-infringement of the '371 Patent as soon as that patent issued. In the Complaint, Intel specifically discussed its apprehension that AmberWave would file a suit against Intel once the '499 Application issued as a patent, and it explicitly reserved its right to amend the Complaint to seek a declaratory judgment of non-infringement of the patent if and when it issued. *See* Complaint (D.I. 1) ¶ 10. Thus, Plaintiff cannot claim to be prejudiced due to surprise or lack of notice.

Finally, AmberWave will not be prejudiced by the timing of Intel's proposed supplement of its Complaint. This action was filed four months ago, the case management conference was held two weeks ago, the scheduling order was entered one week ago, discovery has just begun, the discovery cut-off is 10 months away, and trial is scheduled for March of 2007. Clearly, supplementing the Complaint at such an early stage in the proceeding does not unfairly disadvantage AmberWave, or deprive it of the opportunity to conduct discovery and/or present facts or evidence. *See McNeil-PPC,* 1998 WL 1745118, at *2 (permitting plaintiff to supplement complaint to add a newly issued patent because, *inter alia*, the supplement occurred early in the life of the lawsuit).

8

**C.     Intel Did Not Unduly Delay or Act In Bad Faith or With a Dilatory Motive In Moving for Leave to Supplement the Complaint**

The United States Patent and Trademark Office issued the '371 Patent on September 20, 2005. Less than a week later, Intel filed this motion for leave to supplement its Complaint to seek a declaration of non-infringement and invalidity with regard to the '371 Patent. By no stretch did Intel "unduly delay" in bringing this motion.

Nor can Intel be accused of acting in bad faith or with improper motive. As alleged in the Complaint, AmberWave's claims regarding each of (i) the one issued patent and (ii) the two pending applications were tied together by AmberWave during the parties' pre-suit discussions and in the Cease & Desist Letter. Accordingly, Intel's request that the claims based on these patents should be adjudicated together in this Court is clearly reasonable.

**II.    Intel's Supplemental Claim Relates Back to the Filing of the Initial Complaint**

Under Federal Rule of Civil Procedure 15(c)(2), a supplemental or amended claim relates back to the date of the original pleading when it arises out of the same "conduct, transaction, or occurrence" that the plaintiff set forth in the original pleading. Fed. R. Civ. P. 15(c)(2). In Delaware, it is established law that amended or supplemented claims concerning a patent that issues after a complaint is filed relate back to the original complaint when the claims are part and parcel of the controversy giving rise to the initial complaint.

In *Cosden Oil & Chem. Co. v. Foster Grant Co., Inc.*, 432 F. Supp. 956, 960 (D. Del. 1977), this Court permitted a plaintiff in a declaratory judgment action to amend and/or supplement the initial complaint to include a claim for a declaration of invalidity and non-infringement of a patent that issued after the filing of the initial complaint. *Id.* The court found that litigation concerning the first and later-issued patents were part and parcel of the same controversy because there was an intimate relationship between the file histories of the two patents. *Id.; see also Ramsey Group, Inc.*, 208 F.R.D. at 563 (finding that supplemental pleadings adding later-issued patent related back to date of original declaratory complaint).

In the present case, the Court need not look to the file histories of the two patents

to understand that they are part and parcel of the same controversy. It is AmberWave who made these two patents part of the same controversy in its Cease & Desist Letter. Intel filed the initial Complaint in response to the Cease & Desist Letter in which AmberWave accused the very same Intel products of infringing **both** the '292 Patent and the claims that are now part of the '371 Patent. In response, Intel explicitly reserved its right in the Complaint to amend the pleading to include claims arising from the patent application that is now the '371 Patent. *See Telephonics Corp. v. Lindly & Co., Inc.*, 192 F. Supp. 407, 411 (E.D.N.Y. 1961) (finding that amendment to include claims relating to patent that issued after filing of initial complaint relates back to initial complaint where complaint references pending application).

## CONCLUSION

Based on the foregoing reasons, Plaintiff and Counterdefendant Intel Corporation respectfully requests entry of an order granting its motion for leave to supplement the Complaint in the form attached hereto as Exhibit A and a finding that the supplemental claims relate back to the initial complaint pursuant to Federal Rule of Civil Procedure 15(c).[5]

Dated: September 26, 2005

Respectfully Submitted,

By: _____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
YOUNG CONWAY
  STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jingersoll@ycst.com

George M. Newcombe (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
3330 Hillview Avenue
Palo Alto, CA 94304
(650) 251-5000

Attorneys for Plaintiff and Counterdefendant
Intel Corporation

---

[5] Intel has styled the present motion as a motion to supplement (rather than to amend) the Complaint because it believes the proposed supplemental pleading sets forth "occurrences or events which have happened since the date of pleading sought to be supplemented." Fed.R.Civ.P. 15(d); *see also Cosden Oil & Chem. Co.*, 432 F. Supp. at 960 (in granting plaintiff's motion for leave to file a supplemental complaint to add a claim for declaration of invalidity and non-infringement of a patent that issued after the filing of the initial pleadings, finding it inconsequential whether the new pleading is called a supplemental pleading or amended pleading when the result is the same). If, however, the Court determines that this motion is more properly styled as a motion to amend, Intel alternatively requests leave to file an amended complaint. *See Ramsey Group, Inc.*, 208 F.R.D. at 562 (recognizing that the same standards apply for motions to supplement and amend when leave is sought to add claims to complaint regarding an additional patent).

11

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on September 26, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347

I further certify that on September 26, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY FEDEX

>David Gindler, Esquire
>Jason Sheasby, Esquire
>Irell & Manella LLP
>1800 Avenue of the Stars, Suite 900
>Los Angeles, CA 9006

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>*/s/ Karen E. Keller*
>Josy W. Ingersoll (No. 1088)
>John W. Shaw (No. 3362)
>Karen E. Keller No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>kkeller@ycst.com
>*Attorneys for Plaintiff Intel Corporation*