# EXHIBIT I

Case 1:05-cv-00301-JJF-MPT   Document 31-10   Filed 09/26/2005   Page 1 of 3

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 32922 (D.Del.), 2004-1 Trade Cases P 74,278
(Cite as: 2004 WL 32922 (D.Del.))

Page 1

**H**

**Motions, Pleadings and Filings**

United States District Court,
D. Delaware.
MATSUSHITA ELECTRICAL INDUSTRIAL CO.,
LTD., Plaintiff,
v.
CINRAM INTERNATIONAL, INC. Defendants.
No. Civ. 01-882-SLR.

Jan. 5, 2004.

Steven T. Margolin, Ashby & Geddes, Wilmington, DE, for plaintiff/counter-defendant.

Jack B. Blumenfeld, Donald F. Parsons, Jr., Mary B. Graham, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for defendants/counter-claimant.

MEMORANDUM ORDER

ROBINSON, J.

*1 At Wilmington, this 5th day of January, 2004, having reviewed Cinram's motion to supplement its answer and counterclaims and MEI's motion for leave to file a brief surreply and the papers submitted in connection with both motions;

IT IS ORDERED that MEI's motion (D.I.251) is granted.

IT IS FURTHER ORDERED that Cinram's motion (D.I.237) is denied, for the reasons that follow:

1. Matsushita Electric Industrial Co., Ltd ("MEI") filed an action against Cinram International, Inc. ("Cinram") on December 20, 2001 for patent infringement of patents related to optical information media, including digital versatile discs ("DVDs"). (D.I.1) The precise patents in suit have evolved over the course of the litigation. The current litigation involves the alleged infringement of U.S. Patent Nos. 5,681,634 and 5,972,250 (hereinafter "the '634 patent" and "the '250 patent," respectively). Trial concerning these patents is slated to commence on February 9, 2004.

2. On Febrary 24, 2000, Time Warner and MEI entered into a cross-license arrangement wherein MEI granted a royalty free license to the '634 and '250 patents to Time Warner (hereinafter "Cross License Agreement"). (D.I.238, ex. A) On July 18, 2003, Time Warner agreed to sell all shares in its optical disc pressing plants located in Commerce, California, Olyphant, Pennsylvania, and Alsdorf, Germany to Cinram pursuant to a "Stock Purchase Agreement." (D.I.238, ex. B) Cinram formally acquired Time Warner's said plants for approximately one billion dollars on October 24, 2003. (D.I. 238 at 3) As part of this transaction, Cinram entered into a "Cross-License Acceptance Agreement" with Time Warner.

3. Cinram requests the court's permission to supplement its answer and counterclaims in its ongoing litigation pursuant to Federal Rule of Civil Procedure 15(d) to assert a new license defense based upon license rights that it claims to have acquired from Time Warner by virtue of the Time Warner-MEI Cross-License Agreement. Federal Rule of Civil Procedure 15(d) states, in relevant part, that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed.R.Civ.P. 15(d) (2003). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., 668 F.2d 1014, 1057 (9th Cir.1981).* Leave to file a supplemental complaint under Rule 15(d) rests within the court's discretion and should be freely granted if it will promote the just disposition of the case, not cause undue prejudice or delay, and not prejudice the rights of any parties. See *Medeva Pharma Ltd. V. Am. Home Prods. Corp.,* 201 F.R.D. 103, 104 (D.Del.2001) (internal citations omitted).

*2 4. Cinram claims that it is licensed to practice the '634 and '250 patents and, as such, its supplement will completely dispose of the instant litigation. Cinram also asserts that leave to amend will not cause undue delay or prejudice because there is very little, if any, additional discovery necessary. Moreover, Cinram contends it did not delay in moving to supplement because its only acquired

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 32922 (D.Del.), 2004-1 Trade Cases P 74,278
**(Cite as: 2004 WL 32922 (D.Del.))**

Page 2

Time Warner's optical disc facilities on October 24, 2003 and advised MEI of its intent to move to supplement its answer on October 26, 2003.

5. MEI disagrees with Cinram's characterization of the proposed supplement. MEI argues that Cinram's new license defense only bears on the issue of future injunctive relief, not past infringement or past damages. Additionally, MEI challenges Cinram's characterization of the terms of the Cross License Agreement and asserts that substantial third-party discovery is necessary to understand the terms of the Cinram-Time Warner transaction and to properly interpret the scope of the Cross-License Agreement. MEI claims that it would be prejudical to force such discovery prior to the upcoming February 2004 trial.

6. The court finds that Cinram's new affirmative defense raises issues of contract interpretation involving the Cross License Agreement, the Stock Purchase Agreement, and the Cross-License Acceptance Agreement. The court is unfamilar with these agreements and requires time to understand their scope. In particular, the court agrees with MEI that the nature of Cinram's acquisition must be explored through discovery to determine whether Cinram qualifies for a license to either the '634 patent or the '250 patent and, if so, the timing for this license. Contrary to Cinram's simplistic argument, the court is not entirely clear based upon its reading of the relevant agreements and briefing documents whether Cinram purchased Time Warner's entire optical disc pressing business or only three optical disc pressing plants within Time Warner's optical disc pressing business. The answer to this question directly bears upon Cinram's license defense. Moreover, the court does not believe that this supplement will result in the complete resolution of the case. Rather, the court agrees with MEI that Cinram's new license defense, if it exists at all, likely bears only on the issue of future injunctive relief, not past infringement or past damages. Furthermore, the court believes that introducing this complex licensing defense into a suit where other contracts are currently in play may overshadow the disputed issues and create significant confusion for the jury. The court, therefore, concludes that the principle of judicial economy is not served by permitting Cinram to supplement its complaint at this late date given that trial commences in less than two months. [FN1]

> FN1. As suggested and agreed to by MEI in its surreply, past damages to be tried in the February 2004 trial will be limited to those incurred as of October 24, 2003. Post October 24, 2003 damages will be ripe for future adjudication at a later time.

Not Reported in F.Supp.2d, 2004 WL 32922 (D.Del.), 2004-1 Trade Cases P 74,278

**Motions, Pleadings and Filings (Back to top)**

• 1:01CV00882 (Docket) (Dec. 20, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.