# EXHIBIT J

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1998 WL 1745118 (D.Del.)
(Cite as: 1998 WL 1745118 (D.Del.))

Page 1

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
THE PROCTER & GAMBLE COMPANY, Plaintiff and Counterclaim Defendant,
v.
MCNEIL-PPC, INC. Defendant and Counterclaim Plaintiff.
No. 98-361-GMS.

Dec. 7, 1998.

Jack B. Blumenfeld, and Karen Jacobs Louden, of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware; Ronald J. Snyder, Thomas S. Calder, Phillip A. Rotman II, and John V. Harmeyer, of Dinsmore & Shohl LLP, Cincinnati, Ohio; Patrick D. Lane, and Jeffrey V. Bamber, of the Proctor & Gamble Company, Cincinnati, Ohio, for Plaintiff and Counterclaim Defendant, of counsel.

Richard D. Kirk, of Morris, James, Hitchens & Williams, Wilmington, Delaware; Philip S. Johnson, Dianne B. Elderkin, and Kevin M. Flannery, of Woodcock Washburn Kurtz Mackiewicz & Norris LLP, for Defendant and Counterclaim Plaintiff.

*MEMORANDUM OPINION AND ORDER*

SLEET, J.

I. INTRODUCTION.

*1 Plaintiff, Procter & Gamble Company ("P & G"), has invoked the subject matter, diversity, and supplemental jurisdiction of the Court by filing an action for patent infringement and unfair competition against Defendant, McNeil-PPC, Inc. ("McNeil"). 28 U.S.C. §§ 1331 and 1338, 1332, and 1367 (1994). The parties are presently before the Court on P & G's motion for leave to supplement its Complaint and McNeil's opposition to that motion.

II. PROCEDURAL AND FACTUAL BACKGROUND.

On June 24, 1998, P & G filed a complaint alleging infringement by defendant of its U.S. Patent Nos. 4,589,876 and 5,649,917 (respectively, "Van Tilburg" patent and "Roberts I" patent). These patents are directed to a "winged sanitary napkin with barriers." In addition to the manufacture of the accused product, the Complaint alleges McNeil's use of unfair business practices in the marketing of that product.

The Roberts I patent was issued by the United States Patent and Trademark Office ("PTO") on July 27, 1997. One week before this event, P & G filed a "Continuation Application" with the PTO that claimed priority from the earlier application resulting in the issuance of Roberts I. On October 13, 1998, the PTO issued U.S. Patent No.5,820,618 ("Roberts II" patent). The Roberts II patent is directed to the same invention as Roberts I.

On October 14, 1998, one day after the issuance of the Roberts II patent and one hundred and twelve days after P & G filed its complaint against McNeil, P & G sought a stipulation to file a proposed "Supplemental Complaint." McNeil conditioned its assent to its opponent's supplemental pleading upon certain discovery concessions by P & G *and* upon agreement to a schedule that would delay trial until May 2000, nearly two years after the Complaint was originally filed. This P & G would not do, resulting in the filing of the instant motion.

For the following reasons, the Court grants P & G's motion.

III. THE LAW.

Rule 15(d) governs the filing of supplemental pleadings. Fed.R.Civ.P. 15(d) (1998). The Rule provides, in pertinent part, that "the court may ... permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The grant of an application under Rule 15(d) is directed "to the sound discretion of the court and leave should be granted if it will promote the just disposition of the case, will not cause undue prejudice or delay ... and will not prejudice the rights of any parties." *United States v. Local 560 (I.B.T.)*, 694 F.Supp. 1158, 1187 (D.N.J.1988) (citation omitted). The court has broad discretion in the application of the Rule, see Fed.R.Civ.P. 15(d) advisory committee's notes (1963

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1998 WL 1745118 (D.Del.)
**(Cite as: 1998 WL 1745118 (D.Del.))**

Page 2

amendment), and should apply the Rule in a manner "[which] secure[s] the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. Consequently, absent a finding of "undue delay, bad faith or dilatory motive on the part of the movant [or] undue prejudice to the opposing party," an appropriate exercise of a court's discretion should result in affording a plaintiff the opportunity to test its claim on the merits. Id.

IV. DISCUSSION.

*2 In this matter, P & G has filed a motion with the Court to supplement its Complaint. This motion was filed on October 14, 1998, only one day after the issuance of the Roberts II patent, i.e., the additional occurrence or event that occasioned the need to supplement the initial pleading. This filing occurred early in the life of this lawsuit, about three and one-half months after P & G brought this action. Indeed, P & G seeks to supplement its claim *before* the Court has entered an order establishing a schedule for discovery, pretrial, trial and other significant procedural deadlines. Further, in July 1998, P & G advised McNeil that it had filed the Roberts II application and provided McNeil with a copy of the "allowed claims."

McNeil does not, and in the Court's opinion cannot, argue that these facts support a finding of undue delay or bad faith or dilatoriness by P & G. To the contrary, with regard to its obligation to provide its opponent with timely and sufficient notice of its desire to supplement its claim in this matter, P & G has acted with alacrity and *good* faith.

Instead, in its responsive papers, McNeil contends "[that it] will be unfairly prejudiced by the filing of P & G's supplemental complaint ... unless a discovery schedule is adopted by the Court that will provide McNeil an opportunity to adequately prepare for trial, including an opportunity to depose all of the persons that have been identified by P & G as having discoverable information." Def.'s Opp'n Br. at 6. The Court agrees with P & G's characterization of this statement as "posturing" designed to "sell" the Court on McNeil's arguments regarding, among others things, the total number of depositions that should be allowed during discovery and the setting of a trial date in May 2000, almost two years after the filing of this action and six months beyond the outer limits prescribed by D. Del. L.R. 16.2 (setting the limit at 18 months except in extenuating circumstances).

Moreover, McNeil does not advise the Court as to what additional discovery burdens are presented by P & G's supplemental claim. Although McNeil discusses the need to depose persons identified in P & G's Initial Disclosure, plus an additional ten persons, it fails to explain whether the additional depositions are necessitated by the supplemental count and, if so, why this is such a burden that the Court should deny P & G relief which the Court believes would result in significant economies, not only for the Court, but also for the parties themselves. From this perspective, it appears as if McNeil is attempting to withhold its consent to the pending motion in an effort to extract a series of concessions from P & G. The Court takes a dim view of this type of practice. There is an appropriate time and vehicle for raising issues such as those discussed in defendant's opposition to the instant motion. This vehicle is provided by both the Local and Federal Rules. See D. Del. L.R. 16.2(a) and (b) and 16.3; see also Fed.R.Civ.P. 16(b).

IV. CONCLUSION.

*3 The patents in this suit are all directed to winged sanitary napkins. As P & G states, the Roberts II patent claims are based upon many of the same terms as previously asserted in the Roberts I patent. The Court thus believes that the grant of leave to P & G to file its supplemental complaint will, in fact, promote the "just, speedy and inexpensive determination" of *every* claim arising out of the dispute between these parties. Foman v. Davis, 371 U.S. 178, 182 (1962) (citing Fed.R.Civ.P. 1). Moreover, in light of the early stage of this litigation, such leave "will not cause undue prejudice [to McNeil] or delay or trial inconvenience and will not prejudice [McNeil's] rights." See Local 560, 694 F.Supp. at 1187.

For these reasons, IT IS THEREFORE ORDERED on this 7 *th* day of December, 1998 that P & G's Motion For Leave To File A Supplemental Complaint (D.I.29) is GRANTED.

**Motions, Pleadings and Filings (Back to top)**

•         1:98cv00361        (Docket) (Jun. 24, 1998)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.