# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 575 7291
302 425 3012 Fax
jblumenfeld@mnat.com

September 28, 2005

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

    Re:   *Intel Corporation v. AmberWave Systems Corporation*
            C.A. No. 05-301-KAJ

Dear Judge Jordan:

       I am writing to respond to Intel's letter of yesterday. We do not believe that the Court should take any action until briefing has been completed on Intel's pending motion to supplement, for the reasons set forth below.

       Intel has (1) filed a duplicative action on the '371 patent in this District, C.A. No. 05-682 ("Delaware II") and (2) thereafter moved to supplement its earlier-filed action in this District, C.A. No. 05-301 ("Delaware I"), which seeks declaratory relief on an unrelated patent from a different family, with the same declaratory relief allegations it had already asserted in Delaware II. Intel did both of those things after AmberWave had already sued Intel for infringement of the '371 patent in the Eastern District of Texas. *AmberWave Systems Corp. v. Intel Corp.*, 2:05-CV-449-TJW (E.D. Tex.).

       We believe that Intel's second-filed action on the '371 patent is improper and should be stayed or dismissed under the first-to-file rule, in light of AmberWave's earlier-filed Texas action. Intel is well aware of this problem with Delaware II. Indeed it is for this very reason that Intel subsequently moved to supplement Delaware I (which was filed months before the '371 patent was even issued) with the same declaratory judgment claim Intel had already asserted in Delaware II. Whether Intel seeks to assert a declaratory relief claim regarding the '371 patent in Delaware I or Delaware II, however, that claim postdates AmberWave's infringement action on the '371 patent.

       There was nothing improper about AmberWave's conduct. AmberWave filed its suit early in the morning on the day that the '371 patent issued because it anticipated Intel would attempt to preempt AmberWave's infringement suit with a declaratory relief action. It is the

The Honorable Kent A. Jordan
September 28, 2005
Page 2

traditional role of the patentee to select the forum in which infringement litigation is conducted. The Eastern District of Texas Local Rules expressly permit parties to file papers using the District's 24-hour depository. E.D. Texas LR-Civ 5(b)(1).

The '371 patent patent covers distinct technology from the '292 patent that is the subject of Delaware I. The '292 patent generally relates to methods of controlling impurities in semiconductor materials. The '371 patent generally relates to the design of certain features of transistors. The patents come from entirely unrelated patent families and have different specifications, filing dates, prosecution histories, and claims. AmberWave chose to file in the Eastern District of Texas because that Court has a relatively faster time to trial and uses special patent local rules (first developed in the Northern District of California) that expedite the handling of patent infringement lawsuits.

If Intel believes that AmberWave's claim for infringement of the '371 patent should be litigated in Delaware, we believe the proper course is for Intel to move to transfer AmberWave's first-filed suit from Texas to Delaware, just as Intel did when AmberWave sued Intel for infringement of another unrelated patent, the '632 patent, in Texas. *AmberWave Systems Corp. v. Intel Corp.*, 2:05-CV-321-LED (E.D. Tex.). The briefing on that motion will be completed next week.

In order to expedite resolution of this procedural dispute, AmberWave has asked Intel to agree to take its motion to supplement its complaint in Delaware I off calendar, to dismiss or stay its second-filed suit regarding the '371 patent, and to proceed with an expedited motion to transfer the Texas '371 patent case to Delaware. (Exh. A). A ruling on this motion would moot the disputes in this Court concerning the '371 patent.

AmberWave will address these issues in more detail in its opposition to Intel's motion to supplement. We have responded to Intel's letter at this time to ensure that the Court has a fuller picture of the current procedural posture of the parties' dispute.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/bls

cc:  Peter T. Dalleo, Clerk (By Hand)
     Josy W. Ingersoll, Esquire (By Hand)
     David I. Gindler, Esquire (By Fax)
     George M. Newcombe, Esquire (By Fax)