IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-301-KAJ |
| | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Counterdefendant. | ) | |
| | ) | |

**INTEL CORPORATION'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE
TO SUPPLEMENT COMPLAINT**

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com
*Attorneys for Plaintiff and Counterdefendant*

OF COUNSEL:
George M. Newcombe
SIMPSON THACHER & BARTLETT LLP
3330 Hillview Avenue
Palo Alto, CA 94304
(650) 251-5000

Dated:  October 17, 2005

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ......................................................................................................1

ARGUMENT................................................................................................................................2

I.  AMBERWAVE HAS NOT ESTABLISHED ANY OF THE BASES FOR
    DENYING INTEL'S MOTION ........................................................................................2

II. AMBERWAVE FAILS TO ESTABLISH THAT INTEL'S SUPPLEMENTAL
    CLAIM DOES NOT RELATE BACK TO THE FILING OF THE INITIAL
    COMPLAINT ..................................................................................................................6

CONCLUSION.............................................................................................................................9

i

# TABLE OF AUTHORITIES

Page

## Cases

*Applied Vision, Inc. v. Optical Coating Lab., Inc.*,
No. C97-1233 MHB, 1997 WL 601425 (N.D. Cal. Sept. 23, 1997) .................................. 7

*American Household Prods., Inc. v. Evans Mfg., Inc.*,
139 F. Supp. 2d 1235 (N.D. Ala. 2001) ......................................................................... 7

*Bromley v. Michigan Educ. Assoc.*,
178 F.R.D. 148 (E.D. Mich. 1998) ............................................................................... 8

*Centerforce Techs., Inc. v. Austin Logistics Inc.*,
No. CIV. A. 99-243MMS, 2000 WL 652943 (D. Del. Mar. 10, 2000) .............................. 3

*Cosden Oil & Chem. Co. v. Foster Grant Co.*,
432 F. Supp. 956 (D. Del. 1977) .................................................................................. 4

*Davis v. Piper Aircraft*,
615 F.2d 606 (4th Cir. 1980) ....................................................................................... 7

*F.D.I.C. v. Knostman*,
966 F.2d 1133 (7th Cir. 1992) ..................................................................................... 7

*GAF Building Materials Corp. v. Elk Corp. of Dallas*,
90 F.3d 479 (Fed. Cir. 1996)............................................................................... 1, 6-7

*Hooker Chem. & Plastics Corp. v. Diamond Shamrock Corp.*,
87 F.R.D. 398 (W.D.N.Y. 1980).................................................................................. 4

*John Beaudette v. Sentry Ins. A. Mut. Co.*,
94 F. Supp. 2d 77 (D. Mass. 1999) ............................................................................. 7

*Mann Design, Ltd. v. Bounce, Inc.*,
138 F. Supp. 2d 1174 (D. Minn. 2001)................................................................... 4, 7, 9

*Mann Mfg., Inc. v. Hortex, Inc.*,
439 F.2d 403 (5th Cir. 1971) ...................................................................................... 3

*Martek Biosciences Corp. v. Nutrinova Inc.*,
No. CIV. A. 03-896GMS, 2005 WL 1745680 (D. Del. July 19, 2005)............................. 3

*Matsushita Elec. Indus. Co., Ltd. v. Cinram Int'l, Inc.*,
No. Civ. 01-882-SLR, 2004 WL 32922 (D. Del. Jan. 5, 2004) ......................................... 5

ii

*Proctor & Gamble Co. v. McNeil-PPC, Inc.*,
    No. 98-361-GMS, 1998 WL 1745118 (D. Del. Dec. 7, 1998) ........................................... 5

*Ramsey Group, Inc. v. EGS Int'l, Inc.*,
    208 F.R.D. 559 (W.D.N.C. 2002)........................................................................................ 7

*Star Scientific Inc. v. R.J. Reynolds Tobacco Co.*,
    174 F. Supp. 2d 388 (D. Md. 2001)..................................................................................... 7

*United States v. Donald Lane Constr.*,
    19 F. Supp. 2d 217 (D. Del. 1998)...................................................................................... 4

**Statutes**

Fed.R.Civ.P. 15(d) ..................................................................................................... passim

## PRELIMINARY STATEMENT

AmberWave's Answering Brief in Opposition to Intel's Motion for Leave to Supplement Complaint ("Answering Brief" or "AW Ans.") fails to address the primary issue before this Court – whether Rule 15(d) of the Federal Rules of Civil Procedure ("Rule 15(d)") permits Intel to supplement Intel's Motion for Declaratory Judgment (the "Initial Complaint") to assert a claim based on the '371 Patent. AmberWave's Opposition has not rebutted Intel's showing that granting it leave to supplement its Initial Complaint to include claims relating to the '371 Patent will (i) promote the just disposition of the case, (ii) not cause undue prejudice or delay, and (iii) not prejudice the rights of any party. Under the liberal standards for supplemental pleadings under Rule 15(d), as described in detail in the Intel's Opening Brief in Support of Motion for Leave to Supplement Complaint ("Opening Brief" or "Intel Brief"), Intel is entitled to supplement its Initial Complaint to include claims relating to the '371 Patent.

AmberWave's argument that the supplemental complaint should not relate back relies entirely on one case that never even addressed this issue. *GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479 (Fed. Cir. 1996). The court in *GAF* merely held that subject matter jurisdiction cannot be retroactively conferred on a court by events subsequent to the filing date. Here, on the other hand, there is no question that as of the filing date of the Initial Complaint, this Court had subject matter jurisdiction over the allegations in the Initial Complaint which, unlike *GAF*, included a claim for declaratory relief with respect to an issued patent.

Moreover, AmberWave makes no effort to distinguish a clear line of patent cases that have found that a supplemental complaint based on a later-issued patent relates back to the filing of the original complaint when the later-issued patent is part and parcel of the earlier controversy. Nor does AmberWave dispute the following facts that establish that Intel's supplemental complaint with respect to the '371 patent is part and parcel of the original dispute that gave rise to the Initial Complaint: (1) the genesis of this dispute was AmberWave's letter dated May 10, 2005 to Intel's CEO (the "Cease & Desist Letter") accusing Intel of infringing,

*inter alia*, the claims of the '292 Patent and the '499 Application, which became the '371 Patent;

and (2) the allegations in the Initial Complaint encompass the controversy as framed in the Cease

& Desist Letter and expressly reserved Intel's right to seek relief from AmberWave's threats

relating to the claims of the '499 Application – the identical claims that are now part of the '371

Patent.

There is also no support for AmberWave's argument that this Court should defer

consideration of Intel's motion until the Texas district court that has been assigned

AmberWave's '371 Patent infringement action (the "Texas '371 Action") determines which

forum is appropriate for resolution of this dispute. To the contrary, numerous courts, including

this one, have held that a court *should* render a decision on a motion to supplement, even if a

parallel patent action is pending in another court.

The controversy between AmberWave and Intel, as framed in AmberWave's May

10, 2005 Cease & Desist Letter, is before this Court, not the court in Texas. The Initial

Complaint encompasses the entire dispute between AmberWave and Intel as framed in the Cease

& Desist Letter, including AmberWave's threats with respect to the claims of what issued as the

'371 Patent. It is proper for this Court to decide whether Intel's motion to supplement should be

granted and whether the allegations of the supplemental complaint relate back to the filing date

of the Initial Complaint.

## ARGUMENT

## I.    AMBERWAVE HAS NOT ESTABLISHED ANY OF THE BASES FOR DENYING INTEL'S MOTION

In its Answering Brief, AmberWave ignores unambiguous law under Rule 15(d)

that requests for leave to supplement are to be liberally granted. *See* Intel Brief at 5. Indeed,

AmberWave ignores Rule 15(d) altogether. Nowhere in its papers does AmberWave address the

standards for granting a motion to supplement under Rule 15(d). AmberWave does not rely on a

single opinion that arose in the context of a motion to supplement.[1]  AmberWave undoubtedly

ignores the controlling law under Rule 15(d) because it overwhelmingly supports granting Intel's

motion.

Nowhere in its Answering Brief does AmberWave establish any of the recognized

bases for denying a motion to supplement, such as "undue delay, bad faith or dilatory motive on

the part of the movant, undue prejudice to the opposing party, failure to cure deficiencies in

former amendments, and futility of amendment." *Centerforce Techs., Inc. v. Austin Logistics

Inc.*, No. CIV. A. 99-243MMS, 2000 WL 652943, at *3 (D. Del. Mar. 10, 2000); *see* Intel Brief

at 6 – 9.  Intel certainly did not engage in undue delay or have a dilatory motive.  Intel moved to

supplement the Initial Complaint less than a week after the '371 Patent issued.  *Martek

Biosciences Corp. v. Nutrinova Inc.*, No. CIV. A. 03-896GMS, 2005 WL 1745680, at *3 (D. Del.

July 19, 2005) (holding that "the [short] time lapse between the press release [leading to the

litigation] and Martek's motion to amend" favored granting the motion to supplement).

In addition, AmberWave has failed to show that Intel acted in bad faith by making

its motion to supplement before this Court.  AmberWave's argument that Intel is engaging in

"procedural gamesmanship" by not filing a motion in Texas to transfer the Texas '371 Action, as

Intel had done with the action AmberWave filed in Texas relating to the '632 Patent (AW Ans. at

10), only underscores the meritorious nature of this motion.  Intel did not file a motion to

supplement with respect to the '632 Patent because, unlike the '371 patent, the '632 patent was

not part of the dispute between the parties as framed by the Cease & Desist Letter and was not

part of the allegations in the Initial Complaint.[2]  Likewise, the fact that Intel filed a separate

---

[1]    *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971), cited in footnote 5 of the
Answering Brief, has the distinction of being the only case on which AmberWave relies
that even involves a motion to supplement—and then only because one of the claims
subject to a venue challenge was brought on a motion to supplement. *Id.* at 408.

[2]    Because Intel believes that AmberWave should have asserted any claims regarding the
'632 Patent as counterclaims in this action, given the significant overlap in the issues
involved in AmberWave's claims with respect to the '292 and '632 Patents, Intel has
moved to transfer the '632 action AmberWave filed in the Eastern District of Texas to

3

declaratory judgment action in this Court with respect to the '371 patent is not an act of bad faith.[3]

Rather than address the case law under Rule 15(d), AmberWave inappropriately focuses on the inapposite law of "venue" as if Intel's motion were a motion to transfer. For instance, AmberWave argues that the Texas '371 Action was the "first filed" action so this Court should not consider Intel's motion to supplement but should instead defer to the Texas court for a ruling on which court should adjudicate the case. That argument is wrong for a number of reasons. First, it ignores the fact that no such motion is pending before the Court in Texas. Second, the argument is also wrong as a factual matter – the Initial Complaint was filed more than four months before AmberWave filed the Texas '371 Action. Third, whether a case is "first filed" is irrelevant in the context of a motion to supplement. Courts routinely consider motions to supplement despite the pendency of a related patent action in another court. *See, e.g., Mann Design, Ltd. v. Bounce, Inc.*, 138 F. Supp. 2d 1174, 1178 – 79 (D. Minn. 2001) (considering motion to supplement despite parallel action in sister district court brought by the defendant alleging claims based on same patents as were at issue in the motion to supplement); *Hooker Chem. & Plastics Corp. v. Diamond Shamrock Corp.*, 87 F.R.D. 398, 403 (W.D.N.Y. 1980) (same); *Cosden Oil & Chem. Co. v. Foster Grant Co.*, 432 F. Supp. 956, 960 (D. Del. 1977)

---

this Court. That motion has been fully briefed in Texas but no decision has yet been rendered.

[3]    AmberWave tellingly cites no authority to suggest it was improper or evidence of bad faith for Intel to file a separate declaratory action in this Court. *Compare United States v. Donald Lane Constr.*, 19 F. Supp. 2d 217, 221 (D. Del. 1998) ("Bad faith" in the context of Rule 15 means "actual or constructive fraud; a design to mislead or deceive; or a neglect or refusal to fulfill some duty or contractual obligation not prompted by an honest mistake but rather by some interested or sinister motive."). Intel filed the '371 Action to preserve its rights. It feared – correctly – that AmberWave would "race to the courthouse" and file its own action in order to evade the jurisdiction of this Court. Intel will voluntarily dismiss the separate Delaware '371 action if the motion to supplement is granted.

4

(same).

Similarly, AmberWave devotes pages of its Answering Brief to arguing that there is not a "substantial overlap" between the '292 Patent and the '371 Patent. AW Ans. at 7-10. In the context of a motion to supplement, this issue is only relevant if the argued lack of overlap gives rise to some prejudice or inefficiency. *Matsushita Elec. Indus. Co., Ltd. v. Cinram Int'l, Inc.*, No. Civ. 01-882-SLR, 2004 WL 32922, at *1 (D. Del. Jan. 5, 2004) ("Leave to file a supplemental complaint under Rule 15(d) rests within the court's discretion and should be freely granted if it will promote the just disposition of the case, not cause undue prejudice or delay, and not prejudice the rights of any party."); *see also Proctor & Gamble Co. v. McNeil-PPC, Inc.*, No. 98-361-GMS, 1998 WL 1745118, at *1 (D. Del. Dec. 7, 1998) (substantially same). AmberWave has established neither prejudice nor inefficiency. AmberWave has not argued – and cannot reasonably argue – that it is prejudiced by having the claims relating to the '371 Patent adjudicated before this Court, regardless of the amount of "overlap" between the technologies described in the '371 and '292 Patents.

Moreover, judicial efficiency argues strongly in favor of adjudicating the two patents together. There are more similarities than differences raised by AmberWave's claims with respect to the '371 and '292 Patents. The very same Intel products are accused of infringing both patents, which will result in a significant overlap in the infringement and damages analyses and in discovery. Both patents concern "impurities" in portions of a semiconductor device: the '292 Patent involves minimizing impurities in a certain layer of a semiconductor device and the '371 Patent involves adding one or more impurities to achieve a claimed beneficial effect. Finally, AmberWave (not Intel) lumped these two patents together in this controversy by accusing Intel of infringing both in the Cease & Desist Letter. AmberWave can hardly argue it is inefficient to resolve in one forum a dispute it started. Granting Intel's motion will promote the just disposition of the dispute between the parties arising from AmberWave's Cease & Desist Letter and will promote the quickest, most efficient and fairest resolution of the parties' claims.

5

II.    **AMBERWAVE FAILS TO ESTABLISH THAT INTEL'S SUPPLEMENTAL CLAIM DOES NOT RELATE BACK TO THE FILING OF THE INITIAL COMPLAINT**

AmberWave's final argument is that Intel's claim with respect to the '371 Patent cannot relate back to the filing of this action because the '371 Patent had not issued prior to the time of the filing. AW Ans. at 11. The sole case on which AmberWave relies for this argument, *GAF Building Materials Corp. v. Elk Corp. of Dallas,* 90 F.3d 479 (Fed. Cir. 1996), has no bearing on Intel's motion. In *GAF*, the plaintiff brought a declaratory judgment action after receiving a letter from the defendant asserting that the plaintiff's product would constitute an infringement of the defendant's forthcoming patent, which had not yet issued. 90 F.3d at 480. Once the patent issued, the plaintiff attempted to amend its complaint. *Id.* The Federal Circuit held that the district court properly dismissed the action because "a threat [to bring a patent infringement action] is not sufficient to create a case or controversy unless it is made with respect to a patent that has issued before a complaint is filed." *Id.* at 482. The plaintiff's purported amendment did not remedy this defect because the court never had subject matter jurisdiction over the original complaint. *Id.* *GAF* merely stands for the principle that subject matter jurisdiction cannot be retroactively conferred on a court by events subsequent to the filing date. *Id.*

Here, in contrast, there is no question that as of the filing date of the Initial Complaint, this Court had subject matter jurisdiction over the dispute framed by the Initial Complaint, which sought declaratory relief with respect to an issued patent. Indeed, nowhere in its answer to the Initial Complaint did AmberWave assert the defense of lack of subject matter jurisdiction. Because this Court indisputably has subject matter jurisdiction over the case and controversy defined by the Initial Complaint, *GAF* does not bar this Court from applying the well-established standards for determining whether the allegations of a supplemented complaint relate back.

Indeed, because the court in *GAF* concluded the district court never had subject matter jurisdiction over the controversy in the first instance, it never reached the question

whether the amended claims should relate back. Many courts, however, have considered this question. These courts have held that a supplemental claim will relate back if the supplemental claim is part and parcel of the original controversy. *See* Intel's Brief at 9 – 10.[4] Indeed, cases decided after *GAF* consistently recognize that a supplemental claim based on a patent issued after the original action relates back to the filing date of that action if it is part and parcel of the original dispute. *See, e.g., Ramsey Group, Inc. v. EGS Int'l, Inc.*, 208 F.R.D. 559, 563 (W.D.N.C. 2002); *Mann Design Ltd.*, 138 F. Supp. 2d at 1178; *Applied Vision, Inc. v. Optical Coating Lab., Inc.*, No. C97-1233 MHB, 1997 WL 601425, at *3 (N.D. Cal. Sept. 23, 1997); *cf. American Household Prods., Inc. v. Evans Mfg., Inc.*, 139 F. Supp. 2d 1235, 1243 n. 8 (N.D. Ala. 2001) (recognizing in dicta that later filed infringement claims may relate back to the date of the original complaint).

That AmberWave seeks to misapply the holding in *GAF* is further illustrated by the fact that supplemental claims brought pursuant to Rule 15(d) are usually non-justiciable at the time of the filing of the original pleading because they are based on "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Yet, courts routinely find that supplemental claims brought under Rule 15(d) relate back.[5]

---

[4]    AmberWave seeks to discredit the cases cited by Intel in its Opening Brief for this legal principle by arguing that the cases were either decided prior to *GAF* or failed to consider *GAF*. The argument is nonsensical. The holding in *GAF* has nothing to do with the "relation back" doctrine under Rule 15. Prior "relation back" holdings are unaffected by *GAF* and subsequent holdings had no reason to consider the inapposite case. The cases cited by Intel, therefore, remain good law.

[5]    *See, e.g., F.D.I.C. v. Knostman*, 966 F.2d 1133, 1138 (7th Cir. 1992) (supplemental claim under Rule 15(d) held to relate back to original filing of complaint, even though claim did not arise until years after filing of original complaint); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 609 n. 3 (4th Cir. 1980) ("So long as the test of Fed. R. Civ. P. 15(c) is met, a supplemental pleading should ordinarily be given the same relation back effect as an amended pleading."); *Star Scientific Inc. v. R.J. Reynolds Tobacco Co.*, 174 F. Supp. 2d 388, 396 (D. Md. 2001) (supplemental patent infringement complaint "relates back to the date of the plaintiff's original filing, in the same manner that a Rule 15(a) amendment relates back"); *John Beaudette, Inc. v. Sentry Ins. A. Mut. Co.*, 94 F. Supp. 2d 77, 98 n. 20

Thus, a supplemental claim seeking declaratory relief concerning a patent that issues after a complaint is filed relates back if the supplemental claim is part and parcel of the controversy giving rise to the original dispute. Intel's Brief at 9. AmberWave does not contest that in the Cease & Desist Letter it accused Intel of infringing the claims of the '499 Application, which have now issued in identical form in the '371 Patent. *See id.* at 4. Nor does AmberWave contest that Intel filed its Initial Complaint in response to the threats in the Cease & Desist Letter, attached the Cease & Desist Letter as an exhibit to its pleading, and expressly reserved its right to supplement the Initial Complaint to seek a declaratory judgment of non-infringement of the claims that eventually issued as the '371 Patent. By including threats concerning the claims in the '499 Application – that has now issued in identical form as the '371 Patent – in the Cease & Desist Letter, AmberWave itself made the issue of whether Intel infringes the claims of the '371 Patent part and parcel of the controversy giving rise to the Initial Complaint. Accordingly, Intel's '371 Patent claims relate back to the filing of the Initial Complaint.

---

(D. Mass. 1999) (supplemental claims relates back to the original filing of the complaint if they "generally rely on the same facts," "arose out of the same conduct, transactions and occurrences set forth in the original complaint" or "bear a direct relation to the claims asserted in the original complaint"); *Bromley v. Michigan Educ. Assoc. - NEA*, 178 F.R.D. 148, 155 – 56 (E.D. Mich. 1998) (supplemental claims related back, even though they were filed years after the original complaint, because the "defendants were on notice of the continuing nature of [the plaintiffs'] claims").

## CONCLUSION

Based on the foregoing reasons and the reasons stated in its Opening Brief, Intel respectfully requests entry of an order granting its Motion for Leave to Supplement Complaint and a finding that the supplemental claims relate back to the Initial Complaint pursuant to Federal Rule of Civil Procedure 15(d).

Respectfully Submitted,

Josy W. Ingersoll by AAL

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
YOUNG CONAWAY STARGATT &
   TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jingersoll@ycst.com

*Attorneys for Plaintiff and Counterdefendant*

OF COUNSEL:

George M. Newcombe
SIMPSON THACHER & BARTLETT LLP
3330 Hillview Avenue
Palo Alto, CA 94304
(650) 251-5000

Dated: October 17, 2005

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on October 17, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347

I further certify that on October 17, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY ELECTRONIC MAIL

> David Gindler, Esquire
> Irell & Manella LLP
> 1800 Avenue of the Stars, Suite 900
> Los Angeles, CA 90067

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
alundgren@ycst.com
*Attorneys for Plaintiff Intel Corporation*