# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS

RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6672
DIRECT FAX: (302) 576-3301
jingersoll@ycst.com

ATHANASIOS E. AGELAKOPOULOS
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
CURTIS J. CROWTHER
MARGARET M. DIBIANCA
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
DANIELLE GIBBS
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JOHN J. PASCHETTO
ADAM W. POFF
SETH J. REIDENBERG
FRANCIS J. SCHANNE
MICHELE SHERRETTA
MICHAEL P. STAFFORD
JOHN E. TRACEY
MARGARET B. WHITEMAN
CHRISTIAN DOUGLAS WRIGHT
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN (NY ONLY)
PATRICIA A. WIDDOSS

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

November 4, 2005

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street, Lockbox 10
Wilmington, DE 19801

    RE:    <u>Intel v. AmberWave</u>, C.A. No. 05-301 (KAJ) – Protective Order Dispute

Dear Judge Jordan:

Plaintiff Intel Corporation ("Intel") respectfully seeks the Court's assistance in resolving an impasse the parties have reached after extensive negotiations on the form of the proposed protective order to be submitted to this Court in the above-captioned dispute between Intel and AmberWave Corporation ("AmberWave"). The form of the order proposed by Intel (attached hereto as Exhibit A, the "Intel Proposal") differs from the order proposed by AmberWave in three significant ways.[1]

- First, AmberWave's proposal will permit Independent Advisors[2] with access to Intel's Confidential Information -- Attorneys' Eyes Only Technical Material to prosecute patents and patent applications in the fields covered by Intel's highly confidential technical information if these experts/consultants are employees of not-for-profit educational or research institutions.

---

[1] For the Court's convenience, Intel has attached as Exhibit B paragraph 6 of the Intel Proposal marked to show AmberWave's proposed changes. Conforming modifications are also required in the certificate which will be attached to the order.

[2] Capitalized terms in this letter will be used as defined in the [Proposed] Protective Order.

Young Conaway Stargatt & Taylor, LLP
The Honorable Kent A. Jordan
November 4, 2005
Page 2

- Second, AmberWave's proposal will permit AmberWave's Counsel of Record with access to Intel's Confidential Information -- Attorneys' Eyes Only Technical Material to participate in preparing responses to Office Actions of the United States Patent and Trademark Office ("PTO") in reexaminations of the patents in suit.

For the reasons stated below, Intel believes that AmberWave's proposals are improper and present a grave risk to Intel of inadvertent disclosure or misuse of its highly confidential technical information.

**Issue 1.  AmberWave Seeks to Eviscerate the Patent Prosecution Bar by Excluding Certain Independent Advisors from Adhering to Its Strictures**

The patent prosecution bar proposed by both Intel will restrict people with access to highly confidential technical information from participating in the drafting of any language for any specification or any claim, or preparation of replies to Office Actions, submitted to the PTO (or any similar foreign agency), in the field of semiconductor fabrication or design,. Ex. A, ¶ 6(a)(A). AmberWave wants to exclude from this prosecution bar "Independent Advisors who work for a not-for-profit educational or research institution" and to permit them to participate freely in the prosecution of patents and patent applications. Ex. B, AmberWave's proposed changes as ¶ 6(a)(ii). There is no basis for such an exclusion.

"This court has routinely recognized the importance of protecting technical information, particularly in patent cases." *CEA v. Dell Computer Corp.*, C.A. No. 03-484-KAJ, Jordan, J., 2004 U.S. Dist. LEXIS 12782, at *6 (D. Del. May 25, 2004)[3] (citing *Motorola, Inc. v. Interdigital Tech. Corp.*, C.A. No. 93-488-LON, 1994 U.S. Dist. LEXIS 20714, at *6 (D. Del. Dec. 19, 1994)); *Safe Flight Instr. Corp. v. Sundstrand Data Control, Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988) ("Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information.").

One of the protections courts routinely impose is barring persons with access to highly confidential information from engaging in certain activities, including the prosecution of patents and patent applications in fields related to the subject matter of confidential information. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470

---

[3] In *CEA*, plaintiff's patent prosecution attorneys were also part of the litigation team. *See CEA*, 2004 U.S. Dist. LEXIS 12782, at *4. Although the case did not specifically deal with Independent Advisors, the controlling case law derived from it applies to anyone who prosecutes patents and has access to highly confidential materials.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
November 4, 2005
Page 3

(9th Cir. 1992); *Motorola,* 1994 U.S. Dist. LEXIS 20714, at **17-18. The reason for the patent prosecution bar is obvious. With knowledge of the details of a company's products and processes, a person could readily draft patent claims to "read on new products and new directions where [a party] project[s] sales to be most critical." *Id.* at *11. There is also the risk of inadvertent disclosure of confidential information if a person with access to that information is allowed to prosecute patents in that field. Those "who receive highly confidential technical information and then later prosecute patents" in the same field of technology as the subject matter of the patent-in-suit "will have to distill and compartmentalize the confidential knowledge they have gained." *CEA,* 2004 U.S. Dist. LEXIS 12782, at * 8 (internal quotations omitted). "This creates a high risk of inadvertent disclosure of highly confidential [technical] information." *Id.*; *Motorola,* 1994 U.S. Dist. LEXIS 20714, at *10 ("The critical inquiry is whether the [person exposed to confidential information] is in a position that creates a high risk of inadvertent disclosure.")

The risk addressed by the patent prosecution bar is not diminished if the person with access to the highly confidential information happens to work for a university or other not-for-profit institution. Universities are not only active in building up their patent portfolios, but they are not shy about enforcing their patent rights against those they believe infringe their patents.[4] *See, e.g., University of Colo. Found., Inc. v. American Cyanamid Co.,* 196 F.3d 1366 (Fed. Cir. 1999). In addition, the risk of inadvertent disclosure remains regardless of whether the recipient of the highly confidential information works for a university or a not-for-profit institution.

Intel is aware of no case where a court has carved out a university or not-for-profit exception to the patent prosecution bar. Such a precedent would be antithetical to the purposes of a prosecution bar.[5] AmberWave's first proposed carve out should not be adopted.

Issue 2.   **AmberWave Seeks to Eviscerate the Prosecution Bar by Permitting Its Counsel of Record to Prepare Responses to PTO Office Actions in Reexaminations**

As stated, both parties agree that the prosecution bar should prohibit: (i) "participation in the drafting of any language that appears in any specification or any claim in a patent application," or (ii) "preparation of replies to Office Actions, submitted to the United States Patent and Trademark Office or any foreign agency responsible for issuing

---

[4]   AmberWave, with numerous patents and pending patents in the field of semiconductor fabrication and design, has argued to this Court that they were founded by an MIT professor and his students.

[5]   Whatever impact the prosecution bar language that Intel proposes may have on a party's ability to retain an expert applies equally to both parties.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
November 4, 2005
Page 4

patents." Ex. A, ¶ 6(a)(A). AmberWave, however, wants to create an exception that will permit Counsel of Record with access to all of Intel's most confidential information to be able to assist in the preparation of responses to PTO Office Actions in a reexamination of any of the Patents in Suit. Ex. B, AmberWave's proposed changes as ¶ 6(a)(i).

Courts have, again, routinely prohibited counsel with access to highly confidential technical information from participating in patent prosecution proceedings. *See Motorola*, 1994 U.S. Dist. Lexis, at **11-13 (questioning the ability of litigation counsel to separate information learned from confidential documents from his own ideas with respect to prosecuting patents related to litigation). It is better to deny access to the highly confidential information in the first instance, than to place an attorney in an untenable position. *See Brown Bag Software*, 960 F.2d at 1471 (exposure to a competitor's confidential information will unavoidably place attorney "'in the untenable position' of having to either refuse his [or her] ... advice on competitive marketing decisions lest he improperly or indirectly reveal" confidential information). We are aware of no case that has carved out an exception to permit litigation counsel with access to highly confidential technical information to participate in preparing responses to PTO Office Actions in reexamination proceedings.

The same dangers exist for misuse of Intel's confidential information in PTO Office Actions as exists in any other form of patent prosecution. Office actions usually consist of various rejections of the patent claims based on prior art or failure to comply with other requirements of the patent laws, and the responses to such office actions can greatly affect claim scope in much the same way that amending claims language can affect scope (which all parties agree would be improper for those who have had access to confidential information). Permitting AmberWave's litigation counsel to assist in preparing replies to Office Actions ignores the real risk that their knowledge of Intel's highly confidential technical information will shape the advice given and, consequently, any amendments or new claims to be endorsed in such proceedings. Again, there is no reason to carve out an exception.

AmberWave can rely on their patent prosecution counsels, who do not have access to Intel's highly confidential technical information, to defend its rights before the PTO in responding to Office Actions in reexaminations. AmberWave's second proposed carve out should also be rejected.

For the foregoing reasons, Intel respectfully requests that the Court adopt the [Proposed] Protective Order submitted by Intel and decline to adopt AmberWave's proposed changes to paragraph 6 of the [Proposed] Protective Order.

Respectfully submitted,

Josy Ingersoll (#1088)

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on November 4, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347

I further certify that on November 4, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY ELECTRONIC MAIL

> David Gindler, Esquire
> Irell & Manella LLP
> 1800 Avenue of the Stars, Suite 900
> Los Angeles, CA 90067

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com
*Attorneys for Plaintiff Intel Corporation*