IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEL CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMBERWAVE SYSTEMS CORPORATION, )<br>)<br>Defendant. ) | Civil Action No. 05-301-KAJ |

### MEMORANDUM ORDER

**Introduction**

In this patent case, Intel Corporation ("Intel") seeks a declaratory judgment of non-infringement of certain patent rights held by defendant AmberWave Systems Corporation ("AmberWave"). (*See* Docket Item ["D.I."] 1 at ¶¶ 11-15.) Before me now is Intel's motion (D.I. 30; the "Motion") to supplement its complaint by adding a claim for declaratory judgment of non-infringement as to a patent newly issued to AmberWave, U.S. Patent No. 6,946,371 (the "'371 patent"). For the reasons stated herein, I am granting the Motion.

**Background and Procedural History**

For purposes of this Motion, the relevant background flows primarily from the parties' forum shopping. AmberWave, kicked things off by sending a cease-and-desist letter to Intel on May 9, 2005. (*See* D.I. 31 at Ex. C.) In that letter, counsel for AmberWave identified an issued patent, U.S. Patent No. 6,831,292 (the "'292 patent"), and two allowed patent applications, No. 2004/0161947 (the "'947 application") and No. 2004/00445499 (the "'499 application") as having been discussed by the parties in a meeting about AmberWave's concern that Intel was infringing AmberWave's intellectual

property rights. (*Id.*) The letter went on to say, "[t]his will serve as formal notice to Intel that its current commercial products ... infringes [sic] claims of the patent and the allowed applications ... ." (*Id.*) Intel responded by filing the present suit on May 17, 2005. (D.I. 1.) In its original complaint, Intel not only specified that it was seeking "a declaration that [it] has not infringed the '292 Patent ... ," it also stated that it wished to reserve "all rights to amend this Complaint to seek a declaratory judgment of non-infringement of the patents that issue from the '947 and '499 Applications." (*Id.* at ¶ 10.)

Two months later, on July 15, 2005, AmberWave filed suit against Intel in the United States District Court for the Eastern District of Texas, alleging that Intel infringed AmberWave's U.S. Patent No. 6,881,632 (the "'632 patent"). Intel moved that court to transfer the '632 litigation to this court on the grounds that the '632 litigation and this case substantially overlap and that, because this case was filed first, this court is the appropriate forum to resolve the parties' disputes. (*See* D.I. 50, attaching Nov. 1, 2005 Memorandum Opinion and Order in *AmberWave Systems Corp. v. Intel Corp.*, C.A. No. 2:05-CV-321 (E.D. Tex.) (the "Transfer Order").) The transfer motion was granted on November 1, 2005. (*Id.*)

Meanwhile, on September 20, 2005, the '499 application matured into the '371 patent. The proverbial race to the courthouse somehow began before business hours that same day. AmberWave was able, at 5:50 a.m. Central Time, to leave in a drop box at the U.S. District Court for the Eastern District of Texas a copy of an infringement complaint invoking the '371 patent against Intel. (*See* D.I. 31 at Ex. F.) Less than two

hours later, at approximately 8:30 a.m. Eastern Time, Intel filed its complaint for a declaratory judgment of non-infringement, which is now pending as Civil Action No. 05-682-KAJ in this court. (*See* D.I. 31 at Ex. G.) On September 26th, Intel filed the present Motion, recognizing that the proposed supplementation of the Complaint in this case is duplicative of the non-infringement complaint it has already filed. (D.I. 31 at 2 n.2.)

Basic to its Motion is Intel's claim that the technology involved in the '292 patent and in the '371 patent is so closely connected that it is most just, fair, and efficient to try the parties' disputes over that technology in the same case. (*Id.* at 6-7.) The '292 patent is entitled "Semiconductor Structures Employing Strained Material Layers with Defined Impurity Gradients and Methods for Fabricating Same." ('292 patent, attached to D.I. 1 as Ex. A.) It is directed to fabricating "semiconductor structures and field effect transistors ... incorporating strained material layers and controlled impurity diffusion gradients." (*Id.* at col. 1, lines 17-20.) The '371 patent is entitled "Methods of Fabricating Semiconductor Structures Having Epitaxially Grown Source and Drain Elements. ('371 patent, attached to D.I. 1 of C.A. No. 05-682-KAJ as Ex. A.) It relates to "methods for fabricating semiconductor devices having substantially facetless raised source and drain elements." (*Id.* at col. 1, lines 16-18.) I do not pretend to have a grasp of the science of semiconductor fabrication, though the parties will no doubt be struggling valiantly to bring me up the learning curve as this case progresses. This much is discernable at this point, however: the technology is closely enough related that the same Intel devices are accused of infringing both patents and AmberWave itself chose to treat the inventions as related by making them the subject of the same

infringement discussion last May and the same cease-and-desist letter in the wake of that discussion. (*See* D.I. 31 at Ex. C.)

**Discussion**

Rule 15(d) of the Federal Rules of Civil Procedure provides that, "upon reasonable notice and upon such terms as are just," a party may be permitted "to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The application of that rule is within the "broad discretion" of the court. *Medeva Pharma Ltd. v. Am. Home Prod. Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001). "Leave to supplement should be granted if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties." *Id.*

Intel, of course, argues that its proposed supplementation meets that standard and should be allowed. Rather than address that standard, however, AmberWave argues that I should defer ruling until Intel files a motion to transfer in the Eastern District of Texas. AmberWave reasons that its '371 infringement action was filed before Intel's '371 non-infringement action was filed in this court. According to AmberWave, its infringement action is therefore the first filed action for purposes of determining which court should have priority in deciding where the dispute is to be tried. (D.I. 39 at 6.) That argument ignores the persuasive analysis already undertaken by the court in Texas in the related '632 litigation.

Judge Leonard Davis observed in transferring the '632 litigation from the Eastern District of Texas to this court that the '632 patent[1] and the '272 patent do not raise identical issues, "but the subject matter is closely related." (Transfer Order at 3.) He concluded that the cases involved "closely related questions and subject matter such that their core issues substantially overlap." (*Id.*) His conclusions in that regard appear to apply with even greater strength to the technology involved in the '371 patent and the '272 patent. While AmberWave argues that its infringement analysis will not overlap in presenting proof regarding the two patents and the infringing devices, only the narrowest and most artificial view of the issues could support that assertion. The more sensible view must acknowledge that, at a minimum, presentations on infringement for both the '292 and the '371 patents will require a judge, on the summary judgment motions that are sure to be filed, and a jury, at any trial of the case, to become familiar with the same field of art, the same fundamental science and technology associated with methods of semiconductor fabrication, the same allegedly infringing devices, and, in any damages analysis, the same pricing, sales, and related market data. Moreover, because of AmberWave's assertions of willfulness (see D.I. 11 at ¶ 24; D.I. 39 at Ex. I, ¶ 21), it is highly likely that the same or substantially overlapping operative facts regarding Intel's decision-making and AmberWave's negotiations with Intel will also be at issue with regard to both patents. In short, as Judge Davis concluded in the related '632 litigation, there is substantial overlap of core issues with respect to the alleged infringement of both the '371 and the '292 patents.

---

[1] "The '632 patent teaches a method of constructing inverters and other circuits using strained semiconductor transistors." (Transfer Order at 1.)

That conclusion means that the present case, which preceded AmberWave's filing on the '371 patent in Texas by approximately four months is the first-filed action. AmberWave seeks to avoid that consequence by arguing that, even if the cases overlap, this cannot be the first-filed action because the proposed supplementation here cannot relate back to the original filing date of the complaint. According to AmberWave, the '499 application could not serve as the basis of any claim until it became the '371 patent on September 20th, and therefore it cannot be a claim that relates back to the original May filing date in this case.

As authority, AmberWave relies on *GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479 (Fed. Cir. 1996), in which the Federal Circuit observed that an issued patent is a prerequisite to subject matter jurisdiction in a patent dispute. *See id.* at 483 ("If there is no issued patent, 'no controversy under the patent laws exists, upon which [the accused infringer] can bring an action for declaratory judgment.'" (quoting *Muskegon Piston Ring Co. v. Olsen,* 307 F.2d 85, 89 (6th Cir. 1962), *cert. denied,* 371 U.S. 952, 83 S.Ct. 508, 9 L.Ed.2d 500 (1963)). That basic ruling does not, however, stretch to fit the circumstances here, as AmberWave would like. *GAF* does not hold that a case in which subject matter jurisdiction already exists cannot be supplemented by adding a dispute over a later-issued patent, nor does it hold that, when such supplementation occurs, relation back to the original filing date is inappropriate for purposes of determining which of two competing suits should go forward. AmberWave barely takes a pass at distinguishing cases cited by Intel on this issue,[2] saying simply

---

[2]Those cases include, for example, *Ramsey Group, Inc. v. EGS Intern., Inc.*, 208 F.R.D. 559, 563 (W.D.N.C. 2002) (determining to allow supplementation of complaint to

6

that they are "unpersuasive" because they did not address the argument that AmberWave is pressing. (D.I. 39 at 13.) I disagree, and while I do not need to resolve the question of whether relation back would be appropriate in other circumstances, I am persuaded that, at least for purposes of determining the priority of litigation between this court and the Eastern District of Texas in this case, it is appropriate to consider this the first-filed action.

By AmberWave's own reasoning (D.I. 39 at 6), the court with the first-filed action should determine where the parties' dispute over the '371 patent should be resolved. For the reasons outlined, I have decided that this court is the more appropriate forum. AmberWave has done nothing to rebut Intel's showing (D.I. 31 at 5-9) that supplementation "will not cause undue prejudice or delay and will not prejudice the rights of any parties." *Medeva Pharma*, 201 F.R.D. at 104. I will already be dealing with the '292 and the '632 patents. It makes no sense to burden the Eastern District of Texas with this third and latest version of the substantially overlapping disputes between the parties. *See EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) ("The first-filed rule encourages sound judicial administration ... ."), *aff'd*, 493 U.S. 182 (1990).

---

add a claim on a later issued patent and noting "the supplemental amended complaint relates back to the date of filing of the original complaint"), and *Cosden Oil & Chem. Co. v. Foster Grant Co., Inc.*, 432 F.Supp. 956, 960 (D. Del. 1977) (declaratory judgment plaintiff was "entitled to add to its original complaint a claim for declaration of invalidity and noninfringement of [a later issued patent]").

**Conclusion**

Accordingly, it is hereby ORDERED that (1) Intel's Motion (D.I. 30) is GRANTED; (2) within three days of the date of this Order, Intel shall file its Supplemental Complaint as a separate document, with the attachments required by Local Rules 3.2 and 15.1; and (3) AmberWave shall file an answer or otherwise respond to the Supplemental Complaint within 10 days of that pleading being filed as a separate document.

UNITED STATES DISTRICT JUDGE

Wilmington, Delaware
November 29, 2005