# TAB 1

≈AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____Massachusetts_____

| Intel Corporation, Plaintiff, | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| AmberWave Systems Corporation, Defendant. | Case Number:[1] 05-301-KAJ (District of Delaware) |

TO: Brian Gaff
Edwards Angell Palmer & Dodge
101 Federal Street, Boston, MA 02110

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Edwards Angell Palmer & Dodge, 101 Federal Street Boston, MA 02110 | 12/9/2005 10:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 11/23/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeremy S. Pitcock, Attorney for Plaintiff and Counterclaimant Intel Corporation, Simpson Thacher & Bartlett LLP, 425 Lexington Ave., New York, NY 10017; 212-455-2676

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                    DATE                             SIGNATURE OF SERVER

                                         _____
                                         ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS
Index No. 05-301-KAJ

INTEL CORPORATION
, Plaintiff(s)

— against —

AMBERWAVE SYSTEMS CORPORATION
, Defendant(s)

State of Massachusetts )
) SS.:
County of Suffolk )

### AFFIDAVIT OF SERVICE

Jim Campbell being duly sworn, deposes and says
that he is over the age of 18 years; is not a party to this action and resides
within the State of Massachusetts. That on 11/23/2005 at 4:00 PM at:
    EDWARDS ANGELL PALMER & DODGE
    101 FEDERAL STREET
    BOSTON MA 02110
Deponent served the:

SUBPOENA IN A CIVIL CASE
upon BRIAN GAFF,
by delivering a true copy to:
David Johnson, Legal Assistant
who stated that they were authorized to accept service on behalf of:
BRIAN GAFF.

Within 20 days of such service, deponent enclosed a copy of same in a first
class postpaid envelope properly addressed to recipient at:
    BRIAN GAFF
    EDWARDS ANGELL PALMER & DODGE
    101 FEDERAL STREET
    BOSTON MA 02110
and deposited said envelope in an official depository under the exclusive
care and custody of the U.S. Postal Service within Massachusetts State. The
envelope bore the legend "PERSONAL & CONFIDENTIAL" and did not
indicate by return address or otherwise that the communication was from an
attorney or concerned an action against the recipient.

To the best of my knowledge, based on information and belief, the said
recipient at the time of service was not engaged in the military service
of the United States or Massachusetts. Recipient wore ordinary
civilian clothing and no military uniform.

Deponent describes the individual served as follows:
AGE: 35  HEIGHT: 5'10''  WEIGHT: 180   HAIR: BLACK   RACE: WHITE   SEX: MALE

$45.00 the authorized witness fee was tendered to the recipient.

                                        Jim Campbell          License #

SWORN TO BEFORE ME  11/29/05
                                        OUR DOC# 11705
MARIA BARROS                            Simpson Thacher & Bartlett LLP
Notary Public
Commonwealth of Massachusetts
My Commission Expires

TOTAL P.02