## YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | |
|---|---|
| BRUCE M. STARGATT<br>BEN T. CASTLE<br>SHELDON N. SANDLER<br>RICHARD A. LEVINE<br>RICHARD A. ZAPPA<br>FREDERICK W. IOBST<br>RICHARD H. MORSE<br>DAVID C. MCBRIDE<br>JOSEPH M. NICHOLSON<br>CRAIG A. KARSNITZ<br>BARRY M. WILLOUGHBY<br>JOSY W. INGERSOLL<br>ANTHONY G. FLYNN<br>JEROME K. GROSSMAN<br>EUGENE A. DIPRINZIO<br>JAMES L. PATTON, JR.<br>ROBERT L. THOMAS<br>WILLIAM D. JOHNSTON<br>TIMOTHY J. SNYDER<br>BRUCE L. SILVERSTEIN<br>WILLIAM W. BOWSER<br>LARRY J. TARABICOS<br>RICHARD A. DILIBERTO, JR.<br>MELANIE K. SHARP<br>CASSANDRA F. ROBERTS<br><br>RICHARD J.A. POPPER<br>TERESA A. CHEEK<br>NEILLI MULLEN WALSH<br>JANET Z. CHARLTON<br>ROBERT S. BRADY<br>JOEL A. WAITE<br>BRENT C. SHAFFER<br>DANIEL P. JOHNSON<br>CRAIG D. GREAR<br>TIMOTHY JAY HOUSEAL<br>BRENDAN LINEHAN SHANNON<br>MARTIN S. LESSNER<br>PAULINE K. MORGAN<br>C. BARR FLINN<br>NATALIE WOLF<br>LISA B. GOODMAN<br>JOHN W. SHAW<br>JAMES P. HUGHES, JR.<br>EDWIN J. HARRON<br>MICHAEL R. NESTOR<br>MAUREEN D. LUKE<br>ROLIN P. BISSELL<br>SCOTT A. HOLT<br>JOHN T. DORSEY<br>M. BLAKE CLEARY | THE BRANDYWINE BUILDING<br>1000 WEST STREET, 17TH FLOOR<br>WILMINGTON, DELAWARE 19801<br><br>P.O. BOX 391<br>WILMINGTON, DELAWARE 19899-0391<br><br>(302) 571-6600<br>(800) 253-2234 (DE ONLY)<br>FAX: (302) 571-1253<br><br>110 WEST PINE STREET<br>P.O. BOX 594<br>GEORGETOWN, DELAWARE 19947<br>(302) 856-3571<br>(800) 255-2234 (DE ONLY)<br>FAX: (302) 856-9338<br><br>WWW.YOUNGCONAWAY.COM<br><br>DIRECT DIAL: (302) 571-6689<br>DIRECT FAX: (302) 576-3334<br>jshaw@ycst.com |

ATHANASIOS E. AGELAKOPOULOS
LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
CURTIS J. CROWTHER
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
DANIELLE GIBBS
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JOHN J. PASCHETTO
ADAM W. POFF
SETH J. REIDENBERG
FRANCIS J. SCHANNE
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
JOHN E. TRACEY
MARGARET B. WHITEMAN
CHRISTIAN DOUGLAS WRIGHT
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN (NY ONLY)
KAREN L. PASCALE
PATRICIA A. WIDDOSS

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

December 13, 2005

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    <u>Intel v. AmberWave</u>, C.A. No. 05-301 (KAJ) – Interrogatory No. 9

Dear Judge Jordan:

      We write to seek the Court's assistance concerning a dispute over AmberWave Corporation's ("AmberWave") response to an interrogatory that has been propounded by Intel Corporation ("Intel"). We bring this matter to the Court's attention because it is closely related to the discovery issues being raised today by AmberWave, and we feel that resolving it together with those issues will better enable the parties to move this case forward expeditiously.

      On October 11, 2005, Intel propounded its Second Set of Interrogatories, which included, *inter alia*, Interrogatory No. 9: "Identify where AmberWave contends each element of each asserted claim is found within each accused product, including for each element that AmberWave claims is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each accused product that AmberWave claims performs the claimed invention." As is clear from the plain language of the request, Interrogatory No. 9 seeks an element-by-element analysis detailing how AmberWave contends each accused Intel product infringes the '292 patent. Interrogatory No. 9 seeks the same information that many district courts require plaintiffs, as a matter of course, to disclose at the preliminary stages of litigation. *See, e.g.*, Northern District of California Patent Local Rule 3-1 (requiring plaintiff to provide within ten days of the initial case management conference a "chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
December 13, 2005
Page 2

structure(s), act(s), or materials in the Accused Instrumentality that performs the claimed function").

In the two months since Intel propounded Interrogatory No. 9, AmberWave has failed to make a good-faith effort to answer it. AmberWave contends that it responded to the interrogatory on November 21, 2005. The purported response incorporating by reference AmberWave's response to Interrogatory No. 4, which merely asserts that the Intel "products and processes . . . identified in AmberWave's response to Interrogatory No. 1" collectively infringe thirty-eight claims in the '292 patent. The response goes on to recite the language of each of the thirty-eight claims verbatim. It does not compare any Intel product to any of the thirty-eight claims to identify where each element of each asserted claim is found within each of Intel's products or processes, as requested by Interrogatory 9, nor does it set forth any specific theories of infringement. AmberWave's response to Interrogatory No. 1 is likewise devoid of any infringement analysis. It merely asserts, without further elaboration, that the devices produced using Intel's 90-nanometer, 65-nanometer, and 45-nanometer processes infringe the '292 patent.

Accordingly, Intel informed AmberWave during a December 1 meet-and-confer that it considered AmberWave's response wholly inadequate, and it requested that AmberWave provide a response to Interrogatory No. 9 by no later than December 12, 2006.[1] Although AmberWave eventually did agree to "supplement" its response, it refused to do so by December 12, and it has declined to propose any alternative dates. Intel is not asking for a supplemental response (*i.e.*, a response including information acquired after the interrogatory was served). *See* Fed. R. Civ. P. 26 (e). Rather, Intel is asking AmberWave to provide an appropriate response in the first instance, which AmberWave has failed to do in the two months since Interrogatory No. 9 was served.

More importantly, AmberWave's counsel should have already performed the analysis that Intel is requesting. The Federal Circuit has made it clear that "[b]efore filing counterclaims of patent infringement, Rule 11 . . . require[s] the law firm to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Engineering, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). Hence, before filing AmberWave's Answer and Counterclaim, its counsel was obligated to compare Intel's products to at least one claim in the '292 patent and to reasonably determine that the claim was infringed. Likewise, before AmberWave served its Objections and Responses to Intel's First Set of Interrogatories, AmberWave's counsel was obligated to compare each of the thirty-eight asserted claims to each of the accused Intel products identified in those responses. *See Antonius v. Spalding & Evenflo Co., Inc.*, 275 F.3d

---

[1] Intel asked that AmberWave provide its response to Interrogatory No. 9 by December 12 – two full months after the interrogatory was first propounded – in part so that Intel would be able to assess the sufficiency of the response in advance of the December 15 discovery teleconference with Your Honor.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
December 13, 2005
Page 3

1066, 1074 (Fed. Cir. 2002) (holding that an attorney's obligation under Rule 11 to conduct a proper pre-filing investigation "applies not only to the complaint but also to other papers filed in the case"). Accordingly, Intel is not requesting any information that AmberWave shouldn't already have at hand. There is no good reason why AmberWave cannot provide this information in response to an interrogatory that clearly and unambiguously requests it.

Now, nearly seven months after Intel first filed its complaint, five months after AmberWave brought a counterclaim for patent infringement, and two months after Intel served Interrogatory No. 9, Intel still has no idea how AmberWave or anyone else could read the claims of the '292 patent on any Intel product. Intel respectfully requests that the Court direct AmberWave to immediately provide a specific and complete response to Interrogatory No. 9. Once AmberWave reveals its specific theories of infringement, discovery in this case will become more focused and streamlined, the issues will narrow, and the case will proceed more quickly and efficiently. *See, e.g., Montecatini Edison v. Rexall Drug & Chem. Co.*, 288 F. Supp. 486, 490 (D. Del. 1968) ("It seems clear that were the plaintiff to tell the defendant what it contends, the terms, as used in its patent, meant, the ultimate trial of this lawsuit would be facilitated as well as all of the remaining pretrial procedures.").

Respectfully submitted,

John W. Shaw

JWS:prt

cc: Clerk of the Court (by e-filing and hand delivery)
Jack B. Blumenfeld, Esquire (by e-filing and hand delivery)
Morgan Chu, Esquire (by e-mail)
George M. Newcombe (by e-mail)
Patrick King, Esquire (by e-mail)