# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-301-KAJ |
| ) | |
| vs. ) | |
| ) | |
| AMBERWAVE SYSTEMS CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| AMBERWAVE SYSTEMS CORPORATION, ) | |
| ) | |
| Counterclaim-plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| INTEL CORPORATION ) | |
| ) | |
| Counterclaim-defendant. ) | |

**AMBERWAVE SYSTEMS CORPORATION'S RESPONSES TO INTEL'S
FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules for the District of Delaware, Defendant/Counterclaim-plaintiff AmberWave Systems Corporation ("AmberWave") hereby responds to Plaintiff/Counterclaim-defendant Intel Corporation's ("Intel") First Set of Interrogatories as follows:

**INTRODUCTION**

This response is made solely for the purpose of this action. The response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such interrogatory were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

1411609

## RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1**:

Identify each and every product manufactured, sold, or licensed by INTEL that AMBERWAVE contends infringes or has infringed the '292 PATENT.

**RESPONSE TO INTERROGATORY NO. 1**:

In addition to the General Objections, which are incorporated fully by reference herein, AmberWave objects to this interrogatory as overbroad and unduly burdensome. AmberWave objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any other applicable privilege or protection. AmberWave objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories. Additionally, AmberWave objects to this interrogatory as vague and ambiguous. For example, the term "licensed" is vague and ambiguous. Furthermore, AmberWave objects to this interrogatory insofar as the Court has not yet construed the claims of United States Patent No. 6,831,292 (the "'292 patent") and discovery is ongoing. AmberWave reserves the right to modify or supplement its responses as AmberWave receives additional information from Intel or third parties, as AmberWave locates additional information, or based on a ruling by the Court.

Subject to the foregoing, and the General Objections, AmberWave responds as follows:

AmberWave maintains that devices produced on Intel's 90-nanometer ("90-nm") fabrication processes infringe the '292 patent. AmberWave does not have access to products fabricated on Intel's 65-nanometer ("65-nm") fabrication process, and Intel has not made public all elements of the design of its 45-nanometer ("45-nm") fabrication process, but based on Intel published material, AmberWave understands that Intel will use a process of creating strain analogous to that used for the 90-nm fabrication process, and based on this understanding,

AmberWave maintains that devices produced on Intel's 65-nm and 45-nm fabrication processes infringe the '292 patent. It is AmberWave's present understanding that Intel migrates its fabrication processes to different product lines over the course of time, and therefore the commercial products which infringe by virtue of utilizing Intel's 90-nm, 65-nm, and 45-nm processes will continue to grow. AmberWave's claims of infringement, however, are not just directed at commercial products presently on sale. AmberWave seeks damages, injunctive relief, and any other relief that is available to it, against all methods and devices that infringe the '292 patent, regardless of whether those methods and devices are commercially available.

**INTERROGATORY NO. 2**:

Identify each and every product manufactured, sold, or licensed by AMBERWAVE that AMBERWAVE contends practices the invention patented by the '292 PATENT.

**RESPONSE TO INTERROGATORY NO. 2**:

In addition to the General Objections, which are incorporated fully by reference herein, AmberWave objects to this interrogatory as overbroad and unduly burdensome. AmberWave objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any other applicable privilege or protection. AmberWave objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories. AmberWave objects to this interrogatory because it is not limited by time. AmberWave will only respond as to events arising after the filing of the application that ultimately issued as the '292 patent. AmberWave objects to this interrogatory to the extent it calls for information that requires tests to be performed on AmberWave products; such a request is unduly burdensome on AmberWave. AmberWave objects to this interrogatory as vague and ambiguous. For example, the terms "licensed" and "invention patent by" are vague and ambiguous in the context of this