# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS

RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6689
DIRECT FAX: (302) 576-3334
jshaw@ycst.com

ATHANASIOS E. AGELAKOPOULOS
LISA A. ARMSTRONG
GREGORY J. BABCOCK
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
CURTIS J. CROWTHER
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
DANIELLE GIBBS
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JOHN J. PASCHETTO
ADAM W. POFF
SETH J. REIDENBERG
FRANCIS J. SCHANNE
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
JOHN E. TRACEY
MARGARET B. WHITEMAN
CHRISTIAN DOUGLAS WRIGHT
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN (NY ONLY)
KAREN L. PASCALE
PATRICIA A. WIDDOSS

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

December 14, 2005

**BY CM/ECF**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

   Re: <u>Intel Corp. v. AmberWave Sys. Corp., C.A. No. 05-301-KAJ</u>

Dear Judge Jordan:

  We write on behalf of Intel Corporation ("Intel") in response to AmberWave Corporation's ("AmberWave") December 13, 2005 letter to the Court. Intel has provided responses to Amber-Wave's interrogatories that are as complete as is reasonable based on Intel's current knowledge and as necessitated by AmberWave's refusal to provide even the barest description of its basis for accusing Intel of infringement. Moreover, AmberWave has failed to articulate any basis for why this Court should allow it to be given discovery into Intel's highly confidential projects to develop future products when AmberWave has not demonstrated any basis under Rule 11 to claim such projects infringe the '292 patent.

 A. **Intel's Responses to AmberWave's Interrogatory Responses**

  <u>**Interrogatory No. 1—Invalidity**</u>**:** Interrogatory No. 1 asks Intel to identify all (1) facts (2) documents and (3) persons knowledgeable that support or contradict its contention that the '292 patent is invalid. In response, Intel identified 333 prior art references that it alleged invalidated the '292 patent. Intel also identified the authors of the articles as well as the named inventors of the '292 patent as persons knowledgeable of the subject matter underlying Intel's invalidity position.

  Despite Intel's answer to the interrogatory, AmberWave complains that Intel's response is insufficient. As discussed in Intel's December 13, 2005 letter to this Court, AmberWave has refused to provide any information as to how it intends to read the claims of the '292 patent on Intel's products, despite the fact that it was obliged to have developed the analysis prior to filing its Counterclaims. AmberWave infringement analysis will provide Intel with some basic understanding of how AmberWave intends to construe the claim terms of the '292 patent. Intel cannot be more

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
December 14, 2005
Page 2

specific in its invalidity contentions until AmberWave provides such an infringement analysis because that analysis will reveal how broadly or narrowly AmberWave reads its claims.[1] Different prior art will be relevant depending on how AmberWave reads the claims. Accordingly, Intel will be able to identify with more precision which references invalidate the claims of the '292 patent once it learns how AmberWave contends Intel infringes the claims of the '292 patent. Intel will then supplement its interrogatory responses. If AmberWave had answered Intel's Interrogatory No. 9, we would not be having this dispute.

AmberWave's complaints concerning Intel's enablement and indefiniteness defense are equally unjustified. Both defenses necessarily require an analysis of how one skilled in the art would construe the claims of the invention. *See Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1254 (Fed. Cir. 2004) ("an enablement defense typically begins with a construction of the claims") (internal citation omitted). To date, Intel identified the named inventors as persons who would be knowledgeable, and we have informed AmberWave of our contentions as they have been developed to date. But because AmberWave has not identified how it is reading the claims, it is premature at this point to know which claims are not enabled or are indefinite. Intel will of course supplement its responses with additional information concerning other invalidity defenses as additional facts (much in the hands of AmberWave) become known.

**Interrogatories No. 4 and 6—Noninfringement:** Interrogatory No. 6 requests Intel identify the (1) facts; (2) documents; (3) persons knowledgeable that support or contradict Intel's contention that it does not infringe the '292 patent; and (4) claim constructions, including the identification of intrinsic and extrinsic evidence, for each term in each of the claims. As the patent holder, the burden is on AmberWave to prove infringement. *United Sweetener USA Inc. v. Nutrasweet Co.*, 760 F. Supp. 400, 417, 19 USPQ2d 1561, 1574 (D. Del. 1991) ("In a declaratory judgment action where the plaintiff pleads non-infringement, the patentee-defendant still has the burden of proving infringement."). Despite this, Intel listed in its response to Interrogatory No. 6 elements from the claims of the '292 patent that Intel simply cannot find in any of its devices. Intel understands that AmberWave is objecting to Intel's apparent failure to identify where in Intel's products these claim elements do *not* appear. Proving the negative is impossible. When Amber-Wave's articulates its infringement position – and describes where it contends the claims elements appear in the devices – Intel will be able to address the contentions specifically.

**Interrogatories 2, 3—Estoppel/Unclean Hands:** Interrogatories 2 and 3 requests Intel to identify all (1) facts; (2) documents; and (3) persons knowledgeable relating to Intel's defenses that AmberWave has unclean hands and that its counterclaims are barred in whole or in part under principles of equity, including laches, prosecution laches, waiver and/or estoppel. Intel has provided all the information it has to date. Upon further discovery, Intel will supplement its response and/or abandon them should it find that there is not sufficient evidence to support them.

---

[1] District courts in other jurisdictions require the plaintiffs to serve infringement contentions prior to the defendants' service of invalidity contentions. *See, e.g.*, N.D. Cal. Local Rules §§ 3.1, 3.3.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
December 14, 2005
Page 3

**B.    Production of Information Relating to Highly Confidential Future Products**

AmberWave argues that Intel should provide discovery relating to any hypothetical product that may conceivably infringe the '292 patent – whether or not it is or will ever be commercially available. Specifically, AmberWave asks this Court to require immediate production of information relating to the 65-nm and 45-nm node products. From the outset, Intel has agreed to provide discovery on commercially available products. Because the commercial availability of devices manufactured using the 65-nm process is imminent, Intel will supplement its responses to include the 65-nm products.

AmberWave, however, cannot explain its good faith basis for believing that the 45-nm products infringe the '292 patent. In its responses to Intel's Interrogatories, AmberWave says it has an "understanding" that Intel will use "a process of creating strain analogous [in the 45-nm devices] to that used for the 90-nm fabrication process." Yet, AmberWave has not disclosed how it contends the 90-nm process infringes the '292 patent, let alone how the 45-nm process which is still in development purportedly infringes. Moreover, AmberWave's does not intend to stop with the 45-nm process. *See* AmberWave Interrogatory Response No. 1 ("It is AmberWave's present understanding that Intel migrates its fabrication processes to different product lines over the course of time, and therefore the commercial products which infringe by utilizing Intel's 90-nm, 65-nm, and 45-nm processes will continue to grow."). AmberWave is not entitled to seek discovery on Intel's highly confidential research and development unless it has a Rule 11 basis for claiming infringement, *cf. Micro Motion, Inc. v. Kane Steel Co., Inc.* 894 F.2d 1318, 1327 (Fed. Cir. 1990) (stating in dicta "[t]hat discovery might uncover evidence showing that a plaintiff has a legitimate claim does not justify the discovery request."), which it so far has failed to demonstrate.

Respectfully submitted,

John W. Shaw

JWS:prt
cc:   Clerk of the Court (by CM/ECF and hand delivery)
      Jack B. Blumenfeld, Esquire (by CM/ECF and hand delivery)
      Morgan Chu, Esquire (by e-mail)
      George M. Newcombe (by e-mail)