IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEL CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counterclaim-defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-301-KAJ |
| | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant/Counterclaim-plaintiff | ) | |

**AMBERWAVE'S ANSWER TO SUPPLEMENTAL
COMPLAINT AND AMENDED COUNTERCLAIM**

Defendant and Counterclaim-Plaintiff AmberWave Systems Corporation ("AmberWave") responds as follows to the Supplemental Complaint of Plaintiff and Counterclaim-Defendant Intel Corporation ("Intel").

1.  In response to paragraph 1, AmberWave admits that rules regarding jurisdiction are set forth in 28 U.S.C. §§ 1338(a), 2201, and 2202, which speak for themselves. Except as expressly admitted, AmberWave denies each and every allegation of paragraph 1.

2.  In response to paragraph 2, AmberWave admits that rules regarding venue are set forth in 28 U.S.C. §§ 1391(b) and (c), which speak for themselves, and that AmberWave is incorporated in Delaware.

3.  In response to paragraph 3, AmberWave admits, on information and belief, that Intel is a Delaware corporation with its principal place of business in Santa Clara, California, and that Intel is engaged in, among other things, the business of manufacturing computer microprocessors. Except as expressly admitted, AmberWave denies each and every allegation contained therein.

4.  AmberWave admits the allegations in paragraph 4.

5.  AmberWave admits the allegations of paragraph 5.

6.  In response to paragraph 6, AmberWave admits that Steven Frank, counsel for AmberWave, sent the letter attached to the Supplemental Complaint as Exhibit B to Paul Otellini, Intel's president, on May 9, 2005, and that that letter speaks for itself. Except as expressly admitted, AmberWave denies each and every allegation of paragraph 6.

7.  In response to paragraph 7, AmberWave admits that, before Mr. Frank sent his letter, the parties had been engaged in communications regarding United States Patent No. 6,831,292 and United States Patent Application Publication Nos. 2004/0161947 and 2004/0045499. Except as expressly admitted, AmberWave denies each and every allegation of paragraph 7.

8.  In response to paragraph 8, AmberWave admits that, on September 20, 2005, the patent application in United States Patent Application Publication 2004/0045499 issued as U.S. Patent No. 6,946,371 (the "'371 patent"), entitled "Methods of Fabricating Semiconductor Structures Having Epitaxially Grown Source and Drain Elements." AmberWave further admits that the '371 patent names Thomas A. Langdo and Anthony J. Lochtefeld as inventors and AmberWave as assignee. AmberWave further admits that the May 9, 2005 letter from Steven J. Frank speaks for itself. AmderWave further admits that the parties engaged in communications regarding United States Patent Application Publication No. 2004/0045499. Except as expressly admitted, AmberWave denies each and every allegation of paragraph 8.

9.  In response to paragraph 9, AmberWave admits that Intel had a reasonable apprehension of suit based on the '371 patent. Except as expressly admitted, AmberWave denies each and every allegation contained therein.

10. In response to paragraph 10, AmberWave denies each and every allegation contained therein.

11. In response to paragraph 11, AmberWave denies each and every allegation contained therein, and further denies that Intel is entitled to any relief whatsoever.

12. In response to paragraph 12, AmberWave incorporates herein by this reference paragraphs 1 through 11 as if set forth in full.

13. In response to paragraph 13, AmberWave denies each and every allegation contained therein.

14. In response to paragraph 14, AmberWave denies each and every allegation contained therein.

15. In response to paragraph 15, AmberWave denies each and every allegation contained therein.

16. In response to paragraph 16, AmberWave denies each and every allegation contained therein.

## COUNTERCLAIM

For its counterclaim, AmberWave alleges as follows:

### PARTIES AND JURISDICTION

17. This is an action for patent infringement arising under the United States Patent Act, U.S.C. § 101 *et seq.*

18. AmberWave is a Delaware corporation with its principal place of business in Salem, New Hampshire.

19. AmberWave is informed and believes, and thereon alleges, that Intel is a Delaware corporation with its principal place of business in Santa Clara, California.

20. This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1331 and 1338(a).

21. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## PATENTS IN SUIT

22. United States Patent No. 6,831,292 (the "'292 patent"), entitled "Semiconductor Structures Employing Strained Material Layers With Defined Impurity Gradients And Methods For Fabricating Same," was duly and legally issued on December 14, 2004. AmberWave is the owner by assignment of all right, title and interest in and to the '292 patent. A true and correct copy of the '292 patent is attached hereto as Exhibit A.

23. United States Patent No. 6,946,371 (the "'371 patent"), entitled "Methods of Fabricating Semiconductor Structures Having Epitaxially Grown Source and Drain Elements," was duly and legally issued on September 20, 2005. AmberWave is the owner by assignment of all right, title and interest in and to the '371 patent. A true and correct copy of the '371 patent is attached hereto as Exhibit B.

## FIRST CLAIM FOR RELIEF

**(Infringement of United States Patent No. 6,831,292 by Intel)**

24. AmberWave incorporates herein by this reference paragraphs 17 through 23 as if set forth in full.

25. AmberWave is informed and believes, and thereon alleges, that in violation of 35 U.S.C. § 271, Intel has been and is currently directly infringing, contributorily infringing, and/or inducing infringement of the '292 patent by, among other things, making, using, offering to sell, selling and/or importing, without authority or license from AmberWave, certain semiconductor products.

26. AmberWave is informed and believes, and thereon alleges, that Intel's infringement of the '292 patent has been and continues to be willful.

27. Unless enjoined, Intel will continue to infringe the '292 patent, and AmberWave will suffer irreparable injury as a direct and proximate result of Intel's conduct.

28. AmberWave has been damaged by Intel's conduct, and until an injunction issues will continue to be damaged in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF

### (Infringement of United States Patent No. 6,946,371 by Intel)

29. AmberWave incorporates herein by this reference paragraphs 17 through 28 as if set forth in full.

30. Currently pending in the Eastern District of Texas is the case captioned *AmberWave Systems Corporation v. Intel Corporation*, 2-05cv-449-TJW. That case includes a claim against Intel for infringement of the '371 patent. In order to ensure compliance with Rule 13 of the Federal Rules of Civil Procedure, AmberWave is re-alleging this claim for infringement as a counterclaim in this action.

31. AmberWave is informed and believes, and thereon alleges, that in violation of 35 U.S.C. § 271, Intel has been and is currently directly infringing, contributorily infringing, and/or inducing infringement of the '371 patent by, among other things, making, using, offering to sell, selling and/or importing, without authority or license from AmberWave, certain semiconductor products.

32. AmberWave is informed and believes, and thereon alleges, that Intel's infringement of the '371 patent has been and continues to be willful.

33. Unless enjoined, Intel will continue to infringe the '371 patent, and AmberWave will suffer irreparable injury as a direct and proximate result of Intel's conduct.

34. AmberWave has been damaged by Intel's conduct, and until an injunction issues will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, AmberWave prays for relief as follows:

A. For a determination that Intel has infringed the patents in suit, and that Intel's infringement has been willful;

B. For an order preliminarily and permanently enjoining Intel, and its directors, officers, employees, attorneys, agents and all persons in active concert or participation with any of them from further acts of infringement of the patents in suit;

C. For damages resulting from infringement of the patents in suit by Intel in an amount to be determined at trial, and the trebling of such damages due to the willful nature of the infringement;

D. For an award of interest on damages;

E. For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs; and

F. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

AmberWave hereby demands a trial by jury on any issue triable of right by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (No. 1014)
Leslie A. Polizoti (No. 4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
  Attorneys for Defendant and Counterclaim
  Plaintiff AmberWave Systems Corporation

OF COUNSEL:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010

December 15, 2005

CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on December 15, 2005 I electronically filed AmberWave's Answer to Supplemental Complaint and Amended Counterclaim with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP

I also certify that copies were caused to be served on December 15, 2005 upon the following in the manner indicated:

**BY HAND**

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

**BY FEDERAL EXPRESS**

George M. Newcombe
Jefferey E. Ostrow
Patrick E. King
Simpson Thacher & Bartlett LLP
300 Hillview Avenue
Palo Alto, CA 94304

/s/   Jack B. Blumenfeld (#1014)
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

498002