IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-301-KAJ |
| | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Counterdefendant. | ) | |

## INTEL'S REPLY TO AMENDED COUNTERCLAIM

Plaintiff and Counterdefendant Intel Corporation ("Intel"), by and through its undersigned counsel, replies as follows to the Answer to Supplemental Complaint and Amended Counterclaim of AmberWave Systems Corporation ("AmberWave") and requests a trial by jury on all issues so triable.

1-16. Paragraphs 1-16 of the Answer to Supplemental Complaint and Amended Counterclaim contain AmberWave's responses to the Supplemental Complaint filed by Intel on December 1, 2005 and therefore do not require a response from Intel. To the extent that any allegations in paragraphs 1 through 16 of the Answer to Supplemental Complaint and Amended Counterclaim require a responsive pleading, Intel denies those allegations.

## PARTIES AND JURISDICTION

17. Intel admits that AmberWave purports to state a counterclaim for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq.* Except as so admitted, Intel denies the allegations of paragraph 17 of the Answer to Supplemental Complaint and Amended Counterclaim.

18. Intel admits, on information and belief, that AmberWave is a Delaware corporation with its principal place of business in Salem, New Hampshire.

19. Intel admits that it is a Delaware corporation with its principal place of business in Santa Clara, California.

20. Intel admits that this Court has subject matter jurisdiction over the Amended Counterclaim under 28 U.S.C. §§ 1331 and 1338(a).

21. Intel admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391(c). Except as so admitted, Intel denies the allegations of paragraph 21 of the Answer to Supplemental Complaint and Amended Counterclaim.

## PATENTS IN SUIT

22. Intel admits that AmberWave purports to attach a copy of United States Patent No. 6,831,292 (the "'292 patent") to the Answer to Supplemental Complaint and Amended Counterclaim as Exhibit A, and it admits that the title of the '292 patent is "Semiconductor Structures Employing Strained Material Layers With Defined Impurity Gradients And Methods For Fabricating Same." Intel denies that the '292 patent was duly and legally issued on December 14, 2004. Intel denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Answer to Supplemental Complaint and Amended Counterclaim and therefore denies those allegations.

23. Intel admits that AmberWave purports to attach a copy of United States Patent No. 6,946,371 (the "'371 patent") to the Answer to Supplemental Complaint and Amended Counterclaim as Exhibit B, and it admits that the title of the '371 patent is "Methods of Fabricating Semiconductor Structures Having Epitaxially Grown Source and Drain Elements." Intel denies that the '371 patent was duly and legally issued on September 20, 2005. Intel denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Answer to Supplemental Complaint and Amended Counterclaim and therefore denies those allegations.

## FIRST CLAIM FOR RELIEF

24. Paragraph 24 repeats and realleges the allegations of paragraphs 17 through 23 of the Answer to Supplemental Complaint and Amended Counterclaim, and Intel therefore incorporates by reference its responses to paragraphs 17 through 23 of the Answer to Supplemental Complaint and Amended Counterclaim as if fully set forth herein.

25. Intel denies the allegations in paragraph 25 of the Answer to Supplemental Complaint and Amended Counterclaim.

26. Intel denies the allegations in paragraph 26 of the Answer to Supplemental Complaint and Amended Counterclaim.

27. Intel denies the allegations in paragraph 27 of the Answer to Supplemental Complaint and Amended Counterclaim.

28. Intel denies the allegations in paragraph 28 of the Answer to Supplemental Complaint and Amended Counterclaim.

## SECOND CLAIM FOR RELIEF

29. Paragraph 29 repeats and realleges the allegations of paragraphs 17 through 28 of the Answer to Supplemental Complaint and Amended Counterclaim, and Intel therefore incorporates by reference its responses to paragraphs 17 through 28 of the Answer to Supplemental Complaint and Amended Counterclaim as if fully set forth herein.

30. Intel admits that the case captioned *AmberWave Systems Corporation v. Intel Corporation*, 2-05cv-449-TJW is currently pending in the Eastern District of Texas, and that it includes a claim against Intel for infringement of the '371 patent. Intel denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Answer to Supplemental Complaint and Amended Counterclaim and therefore denies those allegations.

31. Intel denies the allegations in paragraph 31 of the Answer to Supplemental Complaint and Amended Counterclaim.

32. Intel denies the allegations in paragraph 32 of the Answer to Supplemental Complaint and Amended Counterclaim.

33. Intel denies the allegations in paragraph 33 of the Answer to Supplemental Complaint and Amended Counterclaim.

34. Intel denies the allegations in paragraph 34 of the Answer to Supplemental Complaint and Amended Counterclaim.

## FIRST DEFENSE

The Amended Counterclaim fails to state a claim for which relief can be granted against Intel.

## SECOND DEFENSE

The '292 and '371 patents are invalid for failure to meet one or more of the conditions for patentability set forth in Title 35 of U.S.C. §§ 101, *et seq*, including but not limited to: invalidity due to prior art and failure to meet the enablement and/or written description requirements.

## THIRD DEFENSE

AmberWave has committed inequitable conduct and comes to this Court with unclean hands, and it therefore should be barred from recovering the relief sought or any relief whatsoever against Intel.

## PRAYER FOR RELIEF

WHEREFORE, Intel respectfully requests judgment granting the following relief:

1. That AmberWave take nothing by its Amended Counterclaim;

2. That the Court dismiss AmberWave's Amended Counterclaim with prejudice;

3. That the Court award Intel attorneys' fees and expenses against AmberWave and deny that AmberWave's Amended Counterclaim is exceptional under 35 U.S.C. § 285; and

4. That the Court award Intel such other and additional relief as it deems just and proper.

Dated: January 4, 2006

Respectfully submitted,

By /s/ Karen E. Keller
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
YOUNG CONWAY STARGATT &
TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com

George M. Newcombe (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
3330 Hillview Avenue
Palo Alto, CA 94304
(650) 251-5000

Attorneys for Plaintiff and Counterdefendant
Intel Corporation

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on January 4, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347

I further certify that on January 4, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY ELECTRONIC MAIL**

>David Gindler, Esquire
>Irell & Manella LLP
>1800 Avenue of the Stars, Suite 900
>Los Angeles, CA 90067


YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com
*Attorneys for Plaintiff Intel Corporation*