IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTEL CORPORATION, ) <br> ) <br> Defendant. ) | Civil Action No. 05-301-KAJ <br> (Consolidated) <br><br> **DEMAND FOR JURY TRIAL** |

## INTEL CORPORATION'S ANSWER TO AMBERWAVE'S AMENDED AND CONSOLIDATED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Intel Corporation ("Intel"), by and through its undersigned attorneys, demands a trial by jury on all issues so triable and responds to the Amended and Consolidated Complaint for Patent Infringement of AmberWave Corporation ("AmberWave") as follows:

### INTRODUCTION

1. Intel admits that it has for years improved the performance of its microprocessors using many methods. Intel denies knowledge or information sufficient to form a belief as to whether AmberWave is a small technology and engineering firm founded by a university professor and one of his former students. Except as so admitted, Intel denies the allegations of paragraph 1 of the Amended and Consolidated Complaint.

### PARTIES AND JURISDICTION

2. Intel admits that AmberWave purports to bring an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq*. Except as so admitted, Intel denies the allegations of paragraph 2 of the Amended and Consolidated Complaint

3. Intel admits, on information and belief, that AmberWave is a Delaware corporation with its principle place of business in Salem, New Hampshire.

4. Intel admits that it is a Delaware corporation and that it has various business facilities located throughout the United States.

5. Intel admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and that venue is proper in this District under 28 U.S.C. § 1391. Except as so admitted, Intel denies the allegations of paragraph 8 of the Amended and Consolidated Complaint.

## THE PATENTS IN SUIT

6. Intel admits that AmberWave purports to attach a copy of United States Patent No. 6,831,292 (the "'292 patent") to the Amended and Consolidated Complaint as Exhibit A. Intel admits that the title of the '292 patent is "Semiconductor Structures Employing Strained Material Layers With Defined Impurity Gradients And Methods For Fabricating Same." Intel denies that the '292 patent was duly and legally issued on December 14, 2004. Intel denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Amended and Consolidated Complaint and therefore denies those allegations.

7. Intel admits that AmberWave purports to attach a copy of United States Patent No. 6,881,632 (the "'632 patent") as Exhibit B to the Amended and Consolidated Complaint. Intel admits that the '632 patent is entitled "Method of Fabricating CMOS Inverter and Integrated Circuits Utilizing Strained Surface Channel MOSFETS". Intel denies that the '632 patent was duly and legally issued on April 19, 2005. Intel denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Amended and Consolidated Complaint.

8. Intel admits that AmberWave purports to attach a copy of United States Patent No. 6,946,371 (the "'371 patent") as Exhibit C to the Amended and Consolidated Complaint. Intel admits that the title of the '371 patent is "Methods of Fabricating Semiconductor Structures Having Epitaxially Grown Source and Drain Elements." Intel denies that the '371 patent was duly and legally issued on September 20, 2005. Intel denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Amended and Consolidated Complaint and therefore denies those allegations.

## CLAIMS FOR RELIEF

### COUNT I

9. Paragraph 9 repeats and realleges the allegations of paragraphs 1 through 8 of the Amended and Consolidated Complaint, and Intel therefore incorporates by reference its responses to paragraphs 1 through 8 of the Amended and Consolidated Complaint as if fully set forth herein.

10. Intel denies the allegations in paragraph 10 of the Amended and Consolidated Complaint.

11. Intel denies the allegations in paragraph 11 of the Amended and Consolidated Complaint.

12. Intel denies the allegations in paragraph 12 of the Amended and Consolidated Complaint.

13. Intel denies the allegations in paragraph 13 of the Amended and Consolidated Complaint.

## COUNT II

14. Paragraph 14 repeats and realleges the allegations of paragraphs 1 through 8 of the Amended and Consolidated Complaint, and Intel therefore incorporates by reference its responses to paragraphs 1 through 8 of the Amended and Consolidated Complaint as if fully set forth herein.

15. Intel denies the allegations in paragraph 15 of the Amended and Consolidated Complaint.

16. Intel denies the allegations in paragraph 16 of the Amended and Consolidated Complaint.

17. Intel denies the allegations in paragraph 17 of the Amended and Consolidated Complaint.

18. Intel denies the allegations in paragraph 18 of the Amended and Consolidated Complaint.

## COUNT III

19. Paragraph 19 repeats and realleges the allegations of paragraphs 1 through 8 of the Amended and Consolidated Complaint, and Intel therefore incorporates by reference its responses to paragraphs 1 through 8 of the Amended and Consolidated Complaint as if fully set forth herein.

20. Intel denies the allegations in paragraph 20 of the Amended and Consolidated Complaint.

21. Intel denies the allegations in paragraph 21 of the Amended and Consolidated Complaint.

22.  Intel denies the allegations in paragraph 22 of the Amended and Consolidated Complaint.

23.  Intel denies the allegations in paragraph 23 of the Amended and Consolidated Complaint.

## FIRST DEFENSE
### (All Counts)

The Amended and Consolidated Complaint fails to state a claim for which relief can be granted against Intel.

## SECOND DEFENSE
### (All Counts)

The '292, '632, and '371 patents are all invalid for failure to meet one or more of the conditions for patentability set forth in Title 35 of U.S.C. §§ 101, *et seq*, including but not limited to: 35 U.S.C. §§ 102 and 103 and failure to meet the requirements of 35 U.S.C. § 112.

## THIRD DEFENSE
### (Count One)

AmberWave should be barred from recovering the relief sought or any relief whatsoever against Intel because it committed inequitable conduct during its prosecution of the '292 patent. The US Patent and Trademark Office ("PTO") granted the '292 patent based in part on the limitation that requires an "impurity gradient having a value substantially equal to zero in the distal zone." This same limitation appeared in a separate patent application that AmberWave prosecuted nearly a year before the '292 patent issued. During prosecution of the earlier application, the PTO rejected claims containing that limitation because they were anticipated by two §102(b) prior art references: U.S. Patent No. 5,777,364, and Rim *et al.*, *Fabrication and Analysis of Deep Submicron Strained-Si N-MOSFET's*, 47 IEEE Transactions on Electronic Devices 1406 (2000). Although it was represented by the same attorney, Brian Gaff, in both

proceedings, AmberWave did not disclose this material prior art to the PTO examiner during its prosecution of the '292 patent. AmberWave acted with deceptive intent in failing to disclose this prior art to the PTO, because the prior art would have lead the PTO to deny several of the claims in the '292 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Intel respectfully requests judgment granting the following relief:

1. That AmberWave take nothing by its Amended and Consolidated Complaint;

2. That the Court dismiss AmberWave's Amended and Consolidated Complaint with prejudice;

3. That the Court award Intel attorneys' fees and expenses against AmberWave and deny that AmberWave's Amended and Consolidated Complaint is exceptional under 35 U.S.C. § 285; and

4. That the Court award Intel such other and additional relief as it deems just and proper.

Respectfully Submitted,

By _____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
YOUNG CONWAY STARGATT &
TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Plaintiff and Counterdefendant
Intel Corporation*

Of Counsel:

George M. Newcombe (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
3330 Hillview Avenue
Palo Alto, CA 94304
(650) 251-5000


Dated: March 20, 2006

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on March 20, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347

I further certify that on March 20, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY ELECTRONIC MAIL AND FEDERAL EXPRESS**

>David Gindler, Esquire
>Christopher Vanderlaan, Esquire
>Jason Sheasby, Esquire
>Mary Ellen Donovan, Esquire
>Amir Naini, Esquire
>Irell & Manella LLP
>1800 Avenue of the Stars, Suite 900
>Los Angeles, CA 90067

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Monté T. Squire
_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Plaintiff Intel Corporation*

DB01:1855271.1                                                                                          062992.1002