# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

March 21, 2006

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 N. King Street
Wilmington, DE 19801

Re:  *AmberWave Systems Corp. v. Intel Corp.*, C.A. No. 05-301 (KAJ)

Dear Judge Jordan:

We write on behalf of AmberWave in connection with the telephone conference scheduled for 2:00 p.m. on March 23, 2006. The parties request the Court's assistance in resolving two outstanding issues regarding the protective order.

**A.    Participation In Reexamination**

The parties agree that any counsel of record who reviews Attorney's Eyes Only Technical Information ("AEO-Technical Information") generally cannot participate in patent prosecution, except in the event that the Patent Office agrees to conduct a reexamination of the patents in suit. Because litigation counsel will have extensive knowledge of prior art relating to the patents in suit, it is important to allow them to play a role in reexamination proceedings to ensure consistency of positions and to avoid requiring AmberWave's reexamination counsel to "reinvent the wheel." At a November 8 conference on the protective order, the Court ordered the parties to meet and confer on what role litigation counsel subject to the prosecution bar can play in a reexamination proceeding.

AmberWave proposes the following limits on participation in reexaminations by litigation counsel who review AEO Technical Information: (1) The reexamination must involve a patent in suit. (2) The reexamination cannot be filed by the party the counsel represents, or a third party acting at the request of the party. (3) All communications between litigation counsel and reexamination counsel must be in writing, and cannot be based on or include any reference to AEO-Technical Information. (4) The written communications must be preserved for review by a court-appointed discovery referee in case there is a question of improper disclosure of protected information. Ex. A, at 8-9.

Intel insists on three additional limitations. Intel requests that litigation counsel have no more than two written communications with reexamination counsel. Litigation counsel would

The Honorable Kent A. Jordan
March 21, 2006
Page 2

have to disclose all information it has on relevant prior art in an initial communication within 45 days of filing of the reexamination, which could be before PTO has even acted on the reexamination. Within 30 days thereafter, litigation counsel could send one other communication answering any questions reexamination counsel might have solely on the issues discussed in the first communication. Id., at 9-10.

Intel's proposal ignores that reexamination proceedings are an iterative process, just as is patent prosecution. First, the Patent Office declares the reexamination, and then invites the patentee to provide a response. Manual of Patent Examining Procedure § 2249 (8th ed., Aug. 2005 Rev.) ("MPEP"). After the patentee responds, the Patent Office issues a series of substantive office actions, to which the patentee must respond. MPEP §§ 2260, 2271-2272. These communications can span many months, and at each stage, the Patent Office can cite new prior art and present new arguments based on prior art. There can also be an appeal to an administrative board within the Patent Office. MPEP § 2273. In order to ensure consistency in positions, and to permit AmberWave to make the most persuasive case in support of its positions, litigation counsel and reexamination counsel must be able to communicate throughout the process.

Intel expects litigation counsel to transfer all of its knowledge regarding relevant prior art in a single communication at the outset of the reexamination. This is entirely unrealistic. The Patent Office may identify prior art of which litigation counsel is not even aware. Moreover, Intel has listed 285 references that it believes anticipate or make obvious one of the patents in this litigation. It is impractical to suggest that litigation counsel can provide a meaningful analysis of each of these references in a single communication.

Intel's second and third proposed limitations relate to the procedure for investigating non-compliance with the rules governing participation in reexamination. AmberWave agrees that, if Intel has a reason to believe that a litigation counsel subject to the prosecution bar has improperly disclosed technical information to reexamination counsel, Intel should be able to ask the Court to order review of the written communications between counsel. Intel, however, wants the Court to review the written communications of all AmberWave's litigation counsel with reexamination counsel, regardless of whether that litigation counsel is subject to a prosecution bar. Ex. A, at 10. That position is overbroad. Intel's interest is in protecting against the improper use of its AEO-Technical Information. A communication between reexamination counsel and litigation counsel who does not have access to AEO-Technical Information simply does not implicate this interest.

Intel's third proposed limitation is that the Court, rather than a neutral discovery referee (as AmberWave has proposed), would review written communications between litigation counsel and reexamination counsel, in the event Intel were to claim that it has reason to believe that AEO-Technical Information was disclosed to reexamination counsel. Ex. A, at 11. This limitation could have a chilling effect on candid exchanges between litigation counsel and reexamination counsel, because litigation counsel understandably will be concerned that these statements may influence the Court's perception of the case. For example, the Court may consider summary judgment motions or post-trial motions on the same issues that are contained in the privileged communications that Intel wants the right to request the Court to review.

B.   **Expansion of Prosecution Bar to Attorneys Who Do Not Review AEO-Technical Information**

In advance of the November 8 conference on the protective order, both Intel and AmberWave agreed to a prosecution bar that applied to litigation counsel who review AEO-Technical Information. Ex. B, at 7. Intel now insists that all attorneys who work on the litigation must be subject to the prosecution bar, even if they have not reviewed AEO-Technical Information. Ex. A, at 10. The purpose of a prosecution bar is to prevent the misuse of sensitive information obtained in a litigation. An attorney who does not have access to this sensitive information cannot misuse it and need not be subject to a prosecution bar. Indeed, this court has held that litigation counsel can avoid a prosecution bar by choosing not to view highly confidential information. *Commissariat a L'Energie Atomique v. Dell Computer Corp.*, C.A. No. 03-484-KAJ, 2004 U.S. Dist. LEXIS 12782, at *11 (D. Del. May 25, 2004) (Ex. C.). "This . . . strikes the proper balance between 'the goals of full disclosure of relevant information and reasonable protection against economic injury' that are implicated in patent infringement cases . . . ." *Id.*

This litigation has been pending for ten months. Until now, Intel has never suggested that the prosecution bar should apply to all litigation counsel. AmberWave has invested substantial resources in its current litigation team. AmberWave accepted that certain members of the team would require access to AEO-Technical Information, and therefore would be subject to the prosecution bar. It relied, however, on the uncontroversial proposition—never challenged by Intel until now—that members of the team who were unable to accept a prosecution bar could still have a role in the litigation, and therefore continued to invest their time in this case. For Intel to seek this unwarranted and unreasonable change in the rules works a significant hardship on AmberWave.

Intel's proposed modifications to the protective order prevent AmberWave's litigation counsel from playing a meaningful role in a reexamination of a patent in suit, even if that reexamination is initiated by Intel. Intel wants to reserve for itself the right to use reexamination as a way of moving the parties' dispute out of this Court and into the Patent Office, while at the same time using the protective order to limit litigation counsel's role in those reexamination proceedings. That position is unfair and should be rejected by this Court.

Respectfully,

*Jack B. Blumenfeld (#1014)*

Jack B. Blumenfeld

cc:   Dr. Peter T. Dalleo, Clerk (By Hand)
      Josy W. Ingersoll, Esquire (By Hand)
      George M. Newcombe, Esquire (By Fax)
      David I. Gindler, Esquire (By Fax)

Attachments