Exhibit B

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS

RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY

ATHANASIOS E. AGELAKOPOULOS
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
CURTIS J. CROWTHER
MARGARET M. DIBIANCA
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
DANIELLE GIBBS
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JOHN J. PASCHETTO
ADAM W. POFF
SETH J. REIDENBERG
FRANCIS J. SCHANNE
MICHELE SHERRETTA
MICHAEL P. STAFFORD
JOHN E. TRACEY
MARGARET B. WHITEMAN
CHRISTIAN DOUGLAS WRIGHT
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN (NY ONLY)
PATRICIA A. WIDDOSS

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6672
DIRECT FAX: (302) 576-3301
jingersoll@ycst.com

November 4, 2005

**BY E-FILING**

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street, Lockbox 10
Wilmington, DE 19801

RE:    _Intel v. AmberWave_, C.A. No. 05-301 (KAJ) – Protective Order Dispute

Dear Judge Jordan:

Plaintiff Intel Corporation ("Intel") respectfully seeks the Court's assistance in resolving an impasse the parties have reached after extensive negotiations on the form of the proposed protective order to be submitted to this Court in the above-captioned dispute between Intel and AmberWave Corporation ("AmberWave"). The form of the order proposed by Intel (attached hereto as Exhibit A, the "Intel Proposal") differs from the order proposed by AmberWave in three significant ways.[1]

- First, AmberWave's proposal will permit Independent Advisors[2] with access to Intel's Confidential Information -- Attorneys' Eyes Only Technical Material to prosecute patents and patent applications in the fields covered by Intel's highly confidential technical information if these experts/consultants are employees of not-for-profit educational or research institutions.

---

[1]    For the Court's convenience, Intel has attached as Exhibit B paragraph 6 of the Intel Proposal marked to show AmberWave's proposed changes. Conforming modifications are also required in the certificate which will be attached to the order.

[2]    Capitalized terms in this letter will be used as defined in the [Proposed] Protective Order.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Kent A. Jordan
November 4, 2005
Page 2

- Second, AmberWave's proposal will permit AmberWave's Counsel of Record with access to Intel's Confidential Information -- Attorneys' Eyes Only Technical Material to participate in preparing responses to Office Actions of the United States Patent and Trademark Office ("PTO") in reexaminations of the patents in suit.

For the reasons stated below, Intel believes that AmberWave's proposals are improper and present a grave risk to Intel of inadvertent disclosure or misuse of its highly confidential technical information.

<u>Issue 1.</u>    <u>AmberWave Seeks to Eviscerate the Patent Prosecution Bar by Excluding Certain Independent Advisors from Adhering to Its Strictures</u>

The patent prosecution bar proposed by both Intel will restrict people with access to highly confidential technical information from participating in the drafting of any language for any specification or any claim, or preparation of replies to Office Actions, submitted to the PTO (or any similar foreign agency), in the field of semiconductor fabrication or design,. Ex. A, ¶ 6(a)(A). AmberWave wants to exclude from this prosecution bar "Independent Advisors who work for a not-for-profit educational or research institution" and to permit them to participate freely in the prosecution of patents and patent applications. Ex. B, AmberWave's proposed changes as ¶ 6(a)(ii). There is no basis for such an exclusion.

"This court has routinely recognized the importance of protecting technical information, particularly in patent cases." *CEA v. Dell Computer Corp.*, C.A. No. 03-484-KAJ, Jordan, J., 2004 U.S. Dist. LEXIS 12782, at *6 (D. Del. May 25, 2004)[3] (citing *Motorola, Inc. v. Interdigital Tech. Corp.*, C.A. No. 93-488-LON, 1994 U.S. Dist. LEXIS 20714, at *6 (D. Del. Dec. 19, 1994)); *Safe Flight Instr. Corp. v. Sundstrand Data Control, Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988) ("Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information.").

One of the protections courts routinely impose is barring persons with access to highly confidential information from engaging in certain activities, including the prosecution of patents and patent applications in fields related to the subject matter of confidential information. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470

---

[3]    In *CEA*, plaintiff's patent prosecution attorneys were also part of the litigation team. *See CEA*, 2004 U.S. Dist. LEXIS 12782, at *4. Although the case did not specifically deal with Independent Advisors, the controlling case law derived from it applies to anyone who prosecutes patents and has access to highly confidential materials.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Kent A. Jordan
November 4, 2005
Page 3

(9th Cir. 1992); *Motorola,* 1994 U.S. Dist. LEXIS 20714, at **17-18. The reason for the
patent prosecution bar is obvious. With knowledge of the details of a company's products
and processes, a person could readily draft patent claims to "read on new products and new
directions where [a party] project[s] sales to be most critical." *Id.* at *11. There is also the
risk of inadvertent disclosure of confidential information if a person with access to that
information is allowed to prosecute patents in that field. Those "who receive highly
confidential technical information and then later prosecute patents" in the same field of
technology as the subject matter of the patent-in-suit "will have to distill and
compartmentalize the confidential knowledge they have gained." *CEA,* 2004 U.S. Dist.
LEXIS 12782, at * 8 (internal quotations omitted). "This creates a high risk of inadvertent
disclosure of highly confidential [technical] information." *Id.; Motorola,* 1994 U.S. Dist.
LEXIS 20714, at *10 ("The critical inquiry is whether the [person exposed to confidential
information] is in a position that creates a high risk of inadvertent disclosure.")

The risk addressed by the patent prosecution bar is not diminished if the
person with access to the highly confidential information happens to work for a university or
other not-for-profit institution. Universities are not only active in building up their patent
portfolios, but they are not shy about enforcing their patent rights against those they believe
infringe their patents.[4] *See, e.g., University of Colo. Found., Inc. v. American Cyanamid
Co.,* 196 F.3d 1366 (Fed. Cir. 1999). In addition, the risk of inadvertent disclosure remains
regardless of whether the recipient of the highly confidential information works for a
university or a not-for-profit institution.

Intel is aware of no case where a court has carved out a university or not-for-
profit exception to the patent prosecution bar. Such a precedent would be antithetical to the
purposes of a prosecution bar.[5] AmberWave's first proposed carve out should not be
adopted.

Issue 2.     **AmberWave Seeks to Eviscerate the Prosecution Bar by Permitting
             Its Counsel of Record to Prepare Responses to PTO Office Actions in
             Reexaminations**

As stated, both parties agree that the prosecution bar should prohibit: (i)
"participation in the drafting of any language that appears in any specification or any claim
in a patent application," or (ii) "preparation of replies to Office Actions, submitted to the
United States Patent and Trademark Office or any foreign agency responsible for issuing

---

[4]     AmberWave, with numerous patents and pending patents in the field of semiconductor fabrication and
        design, has argued to this Court that they were founded by an MIT professor and his students.

[5]     Whatever impact the prosecution bar language that Intel proposes may have on a party's ability to
        retain an expert applies equally to both parties.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
November 4, 2005
Page 4

patents." Ex. A, ¶ 6(a)(A).  AmberWave, however, wants to create an exception that will permit Counsel of Record with access to all of Intel's most confidential information to be able to assist in the preparation of responses to PTO Office Actions in a reexamination of any of the Patents in Suit. Ex. B, AmberWave's proposed changes as ¶ 6(a)(i).

Courts have, again, routinely prohibited counsel with access to highly confidential technical information from participating in patent prosecution proceedings. *See Motorola*, 1994 U.S. Dist. Lexis, at **11-13 (questioning the ability of litigation counsel to separate information learned from confidential documents from his own ideas with respect to prosecuting patents related to litigation).  It is better to deny access to the highly confidential information in the first instance, than to place an attorney in an untenable position. *See Brown Bag Software*, 960 F.2d at 1471 (exposure to a competitor's confidential information will unavoidably place attorney "'in the untenable position' of having to either refuse his [or her] ... advice on competitive marketing decisions lest he improperly or indirectly reveal" confidential information).  We are aware of no case that has carved out an exception to permit litigation counsel with access to highly confidential technical information to participate in preparing responses to PTO Office Actions in reexamination proceedings.

The same dangers exist for misuse of Intel's confidential information in PTO Office Actions as exists in any other form of patent prosecution.  Office actions usually consist of various rejections of the patent claims based on prior art or failure to comply with other requirements of the patent laws, and the responses to such office actions can greatly affect claim scope in much the same way that amending claims language can affect scope (which all parties agree would be improper for those who have had access to confidential information).  Permitting AmberWave's litigation counsel to assist in preparing replies to Office Actions ignores the real risk that their knowledge of Intel's highly confidential technical information will shape the advice given and, consequently, any amendments or new claims to be endorsed in such proceedings.  Again, there is no reason to carve out an exception.

AmberWave can rely on their patent prosecution counsels, who do not have access to Intel's highly confidential technical information, to defend its rights before the PTO in responding to Office Actions in reexaminations.  AmberWave's second proposed carve out should also be rejected.

For the foregoing reasons, Intel respectfully requests that the Court adopt the [Proposed] Protective Order submitted by Intel and decline to adopt AmberWave's proposed changes to paragraph 6 of the [Proposed] Protective Order.

Respectfully submitted,

Josy Ingersoll (#1088)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-301-KAJ |
| | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Counterdefendant. | ) | |
| | ) | |

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-identified action, through their respective counsel, that protection of designated information produced during discovery in this action is warranted because Plaintiff Intel Corporation ("Intel") and Defendant AmberWave Systems Corporation ("AmberWave") each possesses, controls, or has in its custody certain non-public information that it considers to be highly confidential, the public disclosure of which would present the prospect of competitive harm, and the volume of this non-public information is such that an advance review and designation by the Court would be impractical, and therefore the terms and conditions of this Stipulation and Protective Order ("Protective Order") shall govern the divulgence of information by the parties in this action.

Pursuant to Federal Rule of Civil Procedure 26(c) and upon stipulation of the parties, IT IS HEREBY ORDERED AS FOLLOWS:

1.    This Order shall apply to all information produced or disclosed by any party or non-party in whatever form, including, but not limited to, documents, things, discovery responses, depositions, testimony or other papers produced, filed, or served by a party in this action ("Information").

2.    Any Information disclosed in the above-captioned matter by a party or non-party (the "Producing Party") that the Producing Party reasonably and in good faith believes to constitute a trade secret or other confidential research, development, or commercial information may be designated as "Confidential Information" or "Confidential Information -- Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material" by the Producing

Party in the manner set forth herein. "Confidential Information" is defined as information that has not been made public and that the Producing Party reasonably and in good faith believes would cause competitive harm to the Producing Party if publicly known. "Confidential Information -- Attorneys' Eyes Only Business Material" is defined as confidential business and commercial information that has not been made public and the Producing Party reasonably and in good faith believes would cause the Producing Party to suffer substantial competitive harm if publicly known or known by agents or employees of the parties who would have access under this Order to Confidential Information. "Confidential Information -- Attorneys' Eyes Only Technical Material" is defined as confidential technical information that has not been made public and the Producing Party reasonably and in good faith believes would cause the Producing Party to suffer substantial competitive harm if publicly known or known by agents or employees of the parties who would have access under this Order to Confidential Information.

      3.     Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, and/or Confidential Information -- Attorneys' Eyes Only Technical Material disclosed to a party (the "Receiving Party") in the course of this matter: (a) may be used by the Receiving Party solely in connection with any litigations involving AmberWave and Intel, and for no other purpose; and (b) shall in any event not be disclosed by the Receiving Party to anyone, including officers, employees or agents of the Receiving Party, except in compliance with the terms hereof.

      4.     Subject to the other terms of this Protective Order, information designated "Confidential Information -- Attorneys' Eyes Only Business Material" or

"Confidential Information -- Attorneys' Eyes Only Technical Material" may be made available by a Receiving Party only to the following persons:

a.  outside attorneys of record herein for the Receiving Party and other legal, clerical and administrative personnel, such as attorneys, paralegals and secretaries employed by and working under the supervision of the outside attorneys of record in connection with this matter or other litigation involving Intel and AmberWave (collectively, the "Counsel of Record") ;

b.  two Receiving-Party employees who will not, during the litigation and, until one year after the entry of a final non-appealable or non-appealed judgment or the complete settlement of all claims against all parties in this matter, direct, contribute to, or give advice about, research, development, sales or marketing strategies relating to or concerning semiconductor fabrication or design based in whole or in part on information learned from the Disclosing Party's materials;

c.  persons who have been retained by the Receiving Party or its Counsel of Record specifically to provide expert testimony or confidential consulting services in this matter or other litigation involving Intel and AmberWave (collectively referred to as "Independent Advisors"), and persons employed by any Independent Advisor, when working under the supervision of such an Independent Advisor in connection with this matter or other litigation involving Intel and AmberWave;

3

    d.  deposition or trial witnesses, who:

        (i) have prior knowledge of the designated Information, or who the examining attorney has a good faith basis to believe have prior knowledge of the designated Information; or

        (ii) authored or received the document containing the designated Information, or who the examining attorney has a good faith basis to believe authored or received the document containing the designated Information; or

        (iii) is a present director, officer, employee, and/or agent of the Producing Party; or

        (iv) is an Independent Advisor of the Producing Party;

and the attorneys representing these witnesses to the extent they are not Counsel of Record for Intel or AmberWave;

    e.  the Court and its employees, and any other court presiding over a litigation involving Intel and AmberWave, and its employees;

    f.  court reporters, stenographers, or videographers, or other persons preparing transcripts of testimony under the supervision of a court reporter, stenographer, or videographer;

    g.  persons who have been retained by the Receiving Party or its Counsel of Record specifically to consult with regard to jury- or trial-

related matters, including the composition of the jury in this matter or other litigation involving Intel and AmberWave (collectively referred to as "Trial Consultants"), and persons employed by them, when working under the supervision of such a Trial Consultant in connection with this matter or other litigation involving Intel and AmberWave; provided that this provision explicitly excludes any person engaged by a Receiving Party or any Counsel of Record or Trial Consultant for a Receiving Party to participate in any mock-trial exercises who is a current or former employee of, or individual who has provided consulting services to, any company that designs or manufacturers microprocessors or wafers for microprocessors;

h.   persons who have been retained by the Receiving Party or its Counsel of Record specifically to prepare demonstrative or other exhibits for deposition, trial or other court proceedings in this matter or other litigation involving Intel and AmberWave (collectively referred to as "Graphic Designers"), and persons employed by them, when working under the supervision of such a Graphic Designer in connection with this matter or other litigation involving Intel and AmberWave; and

i.   persons who have been retained by the Receiving Party or its Counsel of Record to provide litigation support services, such as document imaging, coding, copying, and management, in this matter or other litigation involving Intel and AmberWave (collectively referred to as "Litigation Support Vendors"), and persons employed by them, when

5

working under the supervision of such a Litigation Support Vendor in

connection with this matter or other litigation involving Intel and

AmberWave; and

       j.   any other person upon such terms and conditions as the parties

may agree or as the Court hereafter by order direct;

provided that any Receiving Party employee, Independent Advisor, or person described

in category 3(j) above authorized by this paragraph to receive Confidential Information --

Attorneys' Eyes Only Business Material or Confidential Information -- Attorneys' Eyes

Only Technical Material and to whom Confidential Information -- Attorneys' Eyes Only

Business Material or Confidential Information -- Attorneys' Eyes Only Technical

Material is disclosed shall, prior to any such disclosure, execute a Certificate in the form

annexed hereto as Exhibit A.  Such Certificates shall be retained by Counsel of Record

for the Receiving Party, and shall be made available to Counsel of Record for the

Producing Party upon a showing that the Producing Party has a good faith and objectively

reasonable belief that the terms of this Protective Order have not been observed.

       5.   Subject to the other terms of this Order, information designated

"Confidential Information" (as opposed to information designated "Confidential

Information -- Attorneys' Eyes Only Business Material" or "Confidential Information --

Attorneys' Eyes Only Technical Material") may be made available by a Receiving Party

only to those persons described in Paragraph 4 above and to: (a) Receiving Party officers,

directors, and employees whose assistance is needed by Counsel of Record for engaging

in this litigation, or any other litigation involving Intel and AmberWave, including but

not limited to any mediation or settlement conferences, or settlement discussions; and (b)

the Receiving Party's outside counsel other than Counsel of Record whose assistance is

needed by the Receiving Party for engaging in this litigation or any other litigation

involving Intel and AmberWave, including but not limited to any mediation or settlement

conferences, or settlement discussions; provided that any person in subparagraph (a) or

(b) of this paragraph to whom Confidential Information is disclosed shall, prior to any

such disclosure, execute a Certificate in the form annexed hereto as Exhibit A. Such

Certificates shall be retained by Counsel of Record for the Receiving Party, and shall be

made available to Counsel of Record for the Producing Party upon a showing that the

Producing Party has a good faith and objectively reasonable belief that the terms of the

Protective Order have not been observed.

      6.     Prosecution Bar:

      (a)     Notwithstanding any other provision of this Protective

Order, and unless otherwise ordered by the Court, Confidential Information -- Attorneys'

Eyes Only Technical Material shall be disclosed to a person designated in paragraph 4(a)-

(c) and 4(g)-(j) only if that person agrees not to be substantively involved in the

prosecution of patents or patent applications related to semiconductor fabrication or

design until one year after the entry of a final non-appealable or non-appealed judgment

or the complete settlement of all claims against all parties in this matter. For purposes of

this paragraph:

      A.     "Substantively involved in the prosecution of patents or patent

               applications" means participation in the drafting of any language

               that appears in any specification or any claim in a patent

               application, or preparation of replies to Office Actions, submitted

to the United States Patent and Trademark Office or any foreign

agency responsible for issuing patents.

B.    "Patents or patent applications related to semiconductor fabrication

and design" does not include patent applications or patents relating

to apparatuses and tools used in the process of semiconductor

fabrication or design.

(b)    Within one month of the entry of this Order, any law firm

involved in this litigation shall set up a formal ethical wall prohibiting those of their

members or employees who review Confidential Information -- Attorneys' Eyes Only

Technical Material designated under this Protective Order from discussing such

information with any person who is substantively involved in the prosecution of patents

or patent applications related to semiconductor fabrication or design until one year after

the entry of a final non-appealable or non-appealed judgment or the complete settlement

of all claims against all parties in this matter.

7.    Prior to providing access to Confidential Information, Confidential

Information -- Attorneys' Eyes Only Business Material, or Confidential Information --

Attorneys' Eyes Only Technical Material to Independent Advisors,

a.    the Receiving Party seeking to disclose Confidential

Information, Confidential Information -- Attorneys' Eyes Only Business

Material, or Confidential Information -- Attorneys' Eyes Only Technical

Material to an Independent Advisor shall disclose in writing the following

information to the Producing Party:

(i)     the name of the Independent Advisor;

(ii)    the present employer and title of the Independent Advisor;

(iii)   a résumé (or similar document) describing prior

        work/employment and publications of the Independent

        Advisor; and

(iv)    a certificate in the form annexed hereto as Exhibit A,

        signed by the Independent Advisor, that he or she has read

        this Protective Order and agrees to be bound by its terms.

b.  Within ten business days after transmittal of the information

described in subparagraph (a), the Producing Party may object in writing

to the Independent Advisor if it has a good faith and reasonable basis to

believe that the Independent Advisors would not abide by this Protective

Order, either intentionally or unintentionally.  The Producing Party must

provide an explanation of the good faith and reasonable basis for believing

that the Independent Advisor would not abide by this Protective Order.

Failure to object to an Independent Advisor or failure to provide an

explanation of the good faith and reasonable basis for believing that the

Independent Advisor would not abide by this Protective Order within ten

business days shall be deemed approval of the Independent Advisor.  The

Producing Party shall have no right to object to a disclosure of any

Confidential Information, Confidential Information -- Attorneys' Eyes

Only Business Material, or Confidential Information -- Attorneys' Eyes

Only Technical Material to an Independent Advisor if the objection and

9

explanation is not made within ten business days of the disclosure in subparagraph (a).

      c.  If the Producing Party objects to the disclosure of Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, or Confidential Information -- Attorneys' Eyes Only Technical Material to an Independent Advisor, the Producing Party and Receiving Party shall, within five business days from the date of the transmittal of the written notice of objection, confer and attempt to resolve the dispute. If the parties cannot resolve the dispute, then, within five business days following the meet and confer, the Producing Party must file a motion with the Court, requesting that it be heard on an expedited basis, for an order that the Independent Advisor not be allowed access to Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, or Confidential Information -- Attorneys' Eyes Only Technical Material. No Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, or Confidential Information -- Attorneys' Eyes Only Technical Material shall be disclosed to the proposed Independent Advisor until the Court resolves such a motion. Failure to make a motion to the Court within five business days following the meet and confer shall be deemed approval of the Independent Advisor. These time periods are not to restrict any party from moving for a court order earlier if the circumstances so require.

8.    Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to his or her client with respect to this action or any other litigation involving AmberWave and Intel, and, in the course thereof, referring to or relying upon his examination of Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, or Confidential Information -- Attorneys' Eyes Only Technical Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not make any disclosure of Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, or Confidential Information -- Attorneys' Eyes Only Technical Material, except as permitted by this Protective Order.

9.    Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, and Confidential Information -- Attorneys' Eyes Only Technical Material shall be designated as follows:

a.    In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY BUSINESS MATERIAL" or "CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY TECHNICAL MATERIAL" on each page of any such document containing this Information at the time of production.

b.    In the case of information produced on electronic media, such as disks, CDs, tapes, etc., designation shall be made by placing the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL

11

INFORMATION -- ATTORNEYS' EYES ONLY BUSINESS MATERIAL" or "CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY TECHNICAL MATERIAL" on the exterior of the disk, CD, tape, or other media, and such designation shall apply to all contents of the disk, CD, tape or other media; provided that the Producing Party shall make a good faith and reasonable effort to place on each page of each file included in such electronic media the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY BUSINESS MATERIAL" or "CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY TECHNICAL MATERIAL".

      c.     In the case of interrogatory answers or responses to requests to admit, designation shall be made in the case of confidential answers by placing the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY BUSINESS MATERIAL" or "CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY TECHNICAL MATERIAL" on each page of any answer containing this Information.  Within five business days of a request to produce a redacted version of an interrogatory answer or response to requests to admit, the responding party shall transmit to the propounding party a redacted version of the entire set of interrogatory answers or responses to requests to admit that does not contain Information designated under the Protective Order.

d.    No document or other material shall be filed under seal except pursuant to this Order. All applications, motions or other papers submitted to the Court which contain Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, or Confidential Information -- Attorneys' Eyes Only Technical Material shall be filed in hard copy in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, the title of the document contained in the sealed envelope or other container, the signature blocks of the filing party, and the legend "CONFIDENTIAL -- FILED UNDER SEAL" or its equivalent. The enclosed material shall be segregated by the Court and not publicly available. Within three business days from the date of a filing made under seal, Counsel of Record for the non-filing party shall deliver to Counsel of Record for the filing party written notice of the specific portions of the filed material that contain the non-filing party's "Confidential Information" or "Confidential Information -- Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material" so that Counsel of Record for the filing party may provide appropriately redacted copies of the filed document to the Court in accord with paragraph (G)(1) of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means dated February 8, 2005. To the extent the parties submit Information designated under this Protective Order in a litigation between them in another court,

13

they shall meet and confer to adopt procedures for filing sealed documents that are consistent with that court's procedures.

e.    In the case of deposition testimony, Counsel of Record may invoke the provisions of this Protective Order by stating on the record during a deposition that testimony given at a specified portion of the deposition is designated "Confidential Information" or "Confidential Information -- Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material." Only individuals authorized under the terms of this Protective Order to receive "Confidential Information" or "Confidential Information -- Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material" information shall be present during portions of the deposition so designated. Within ten business days of receipt of the final deposition transcript, any Disclosing Party may modify the designation on a portion or portions of the deposition by giving written notice to all persons present at the deposition and Counsel of Record for all other parties. At the time of redesignation, those individuals subject to this Protective Order who are no longer entitled to access the redesignated portions of the transcript under the terms of the Protective Order shall destroy any copies of the redesignated portions within their possession, custody, or control. Any party may make a written request to produce a redacted version of a deposition transcript, in which case, within ten business days of the later of (i) the receipt of such request and (ii) receipt

14

of a final version of such transcript (excluding the time period for any corrections by the witness), Counsel of Record for the designating party shall deliver to Counsel of Record for the other parties (and, where applicable, the deponent) written notice of the specific page and line numbers and/or exhibit numbers that contain information designated "Confidential Information" or "Confidential Information -- Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material" so that the non-designating party may provide appropriately redacted copies of the transcript and exhibits to individuals not approved for access to such Information.  If any portion of a deposition is designated as "Confidential Information" or "Confidential Information -- Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material," that portion of the deposition record, including any referenced exhibits if they are also "Confidential Information" or "Confidential Information – Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material," shall be separated from the rest of the transcript, stamped with the designated degree of confidentiality, and treated pursuant to the terms of this Protective Order.

10.     All documents and things which are produced for initial inspection prior to copying and delivery shall be deemed to be designated as Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material or Confidential Information -- Attorneys' Eyes Only Technical Material and shall be

produced for inspection only by persons representing the Receiving Party who are entitled to review Information so designated. Within ten business days after the Receiving Party selects the documents it wishes to receive copies of, the Producing Party will designate the documents under the Protective Order and produce them.

11.    All documents and pleadings of any nature containing Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, and/or Confidential Information -- Attorneys' Eyes Only Technical Material, and all copies thereof, shall be maintained, by any person qualified to receive and to retain them under the terms of this Protective Order, in secure facilities and in a manner intended to minimize any risk of the inadvertent disclosure thereof.

12.    Within sixty days of the earlier of the entry of a final non-appealable or non-appealed judgment in this action, or the complete settlement of all claims against all parties in this action, all written materials, other than attorney work product and attorney-client communications, containing Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, and/or Confidential Information -- Attorneys' Eyes Only Technical Material received by the Receiving Party subject to this Protective Order that are in the possession, custody or control of the Receiving Party or its agents shall be destroyed or turned over to Counsel of Record for the Producing Party. In addition to attorney-client communications, and attorney work product, Counsel of Record for the Receiving Party shall be entitled to retain a single archival copy of court papers, responses to interrogatories or requests for admission, correspondence, expert reports, deposition and trial transcripts, and exhibits that contain Information designated as "Confidential Information" or "Confidential Information --

Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material," provided that Counsel of Record shall not disclose any such information except pursuant to the terms of this Protective Order, a separate written agreement with the Producing Party, or a court order. The provisions of this Protective Order restricting the communication and use of Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, and/or Confidential Information -- Attorneys' Eyes Only Technical Material continue to be binding after the entry of a final non-appealable or non-appealed judgment in this action, or the complete settlement of all claims against all parties in this action.

13.    If Counsel of Record for the Receiving Party at any time objects to the designation or continued treatment of certain Information as Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, and/or Confidential Information -- Attorneys' Eyes Only Technical Material by the Producing Party, he or she shall so notify Counsel of Record for the Producing Party in writing, and the parties shall then meet-and-confer within five business days from Counsel of Record for the Producing Party's receipt of the writing, in a good faith attempt to resolve the dispute. If Counsel of Record shall be unable to agree, it shall be the responsibility of the Receiving Party to move for an order requiring redesignation of the information in dispute. The burden of proving whether a redesignation should or should not occur shall be assigned according to applicable law. Until an order on such motion is obtained, the original designation by the Producing Party shall stand.

14.    Nothing herein shall be deemed to restrict in any way a Producing Party's use of its own Confidential Information, Confidential Information -- Attorneys'

17

Eyes Only Business Material, and/or Confidential Information -- Attorneys' Eyes Only Technical Material. The restrictions in this Protective Order shall not apply to any Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, or Confidential Information -- Attorneys' Eyes Only Technical Material that: (a) is lawfully received free of restriction from a third party who furnished the information other than through a breach of this Protective Order or other confidentiality obligation; or (b) is or becomes publicly available other than through a breach of this Protective Order or other confidentiality obligation. Further, nothing in this Protective Order shall affect the right of the Receiving Party to transmit to anyone information disclosed in this litigation that has not been designated Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, or Confidential Information -- Attorneys' Eyes Only Technical Material.

15.     Entering into this Protective Order, and agreeing to produce, producing, or receiving Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, and/or Confidential Information -- Attorneys' Eyes Only Technical Material or otherwise complying with the terms of this Protective Order shall not:

a.     Operate as or constitute an admission by any party that any particular Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, or Confidential Information -- Attorneys' Eyes Only Technical Material contains or reflects trade secrets, proprietary or commercially sensitive information or any other type of confidential matter;

18

b.      Require disclosure of information that is protected by the

attorney-client privilege, work product privilege, or any other applicable

privilege or immunity;

c.      Prevent the parties to this Protective Order from agreeing to

alter or waive the provisions or protections provided for herein with

respect to particular discovery material; or

d.      Oblige any party to produce documents, testimony, or other

material it considers privileged or not subject to discovery.

16.      Inadvertent disclosure of Confidential Information, Confidential

Information -- Attorneys' Eyes Only Business Material, or Confidential Information --

Attorneys' Eyes Only Technical Material without appropriate designation shall be

without prejudice to any claim that such Information is confidential, if as soon as

reasonably possible after the Producing Party becomes aware of any inappropriate

designation, the Producing Party properly designates such material pursuant to the terms

of this Protective Order.

17.      Inadvertent disclosure of Information shall not constitute a waiver

of the attorney-client privilege or work product immunity or any other applicable

privilege if, as soon as reasonably possible after the Producing Party becomes aware of

any inadvertent or unintentional disclosure, the Producing Party designates any such

Information as within the attorney-client privilege or work product immunity or any other

applicable privilege and requests return of such Information to the Producing Party.

Upon request by the Producing Party, the Receiving Party immediately shall return all

copies of such inadvertently produced document(s) and shall make no use whatsoever of

19

the inadvertently disclosed information irrespective of whether the Receiving Party agrees with the assertion of privilege. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a written challenge to the Court.

18.    This Protective Order and the procedures set forth herein shall not preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure, Federal Rules of Evidence or any other statute, rule or authority. Nothing herein shall preclude any party from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances; provided, however, that prior to such application, the parties involved shall make a good faith effort to resolve the matter by agreement.

19.    Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter. The designation of certain information pursuant to this Protective Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Information designated pursuant to this Protective Order as Confidential Information or Confidential Information -- Attorneys' Eyes Only Business Material or Confidential Information or Confidential Information -- Attorneys' Eyes Only Technical Material.

20

20.     By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a subpoena or motion to disclose another party's Information designated Confidential Information or Confidential Information -- Attorneys' Eyes Only Business Material or Confidential Information or Confidential Information -- Attorneys' Eyes Only Technical Material under this Protective Order shall promptly notify that party of the subpoena or motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

21.     It is expressly contemplated and agreed that the terms of this Protective Order are applicable to Information submitted by a non-party and/or produced by a non-party in connection with this litigation, and that the parties will treat all Information of a non-party in accordance with the terms of this Protective Order.  In the case of third-party discovery, the Requesting Party shall inform the third party of and provide the third party with this Protective Order.

22.     Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery or testimony outside of the restrictions and procedures of the Federal Rules of Civil Procedure, District of Delaware Local Rules, and orders of this Court.

21

23.     This Court shall retain jurisdiction to enforce the terms of this Protective Order after final termination of this action.

24.     The parties agree that the terms of this Protective Order are intended to govern the production of all materials in each legal proceeding involving AmberWave and Intel.  To the extent a protective order is submitted in a separate proceeding involving AmberWave and Intel, the parties agree that the form of such protective order submitted will be substantially identical to this Protective Order and shall be modified only to the extent necessary to comply with any local rule, any regulation of the presiding court in such proceeding, or by the presiding court in such proceeding.  The parties shall meet and confer in good faith in order to resolve any disagreement on the form of the protective order to be submitted in any such separate proceeding.

IN WITNESS WHEREOF, the parties hereto caused this agreement to be duly executed as of the day and year written below.

Dated: October __, 2005

YOUNG CONWAY STARGATT & TAYLOR LLP

By: _____

JOSY W. INGERSOLL

SIMPSON THACHER & BARTLETT LLP

By: _____

JEFFREY E. OSTROW
Attorneys for Plaintiff and Counter-
Claim Defendant INTEL
CORPORATION

MORRIS, NICHOLS, ARSHT & TUNNEL

By: _____
    JACK B. BLUMENFELD

IRELL & MANELLA LLP

By: _____
    DAVID I. GINDLER

Attorneys for Defendant and Counter-
Claim Plaintiff AMBERWAVE
SYSTEMS CORPORATION

IT IS SO ORDERED.

_____, 2005

_____
HONORABLE KENT A. JORDAN, USDC

23