IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-301-KAJ |
| | ) | (consolidated) |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## REVISED SCHEDULING ORDER

This ___ day of April, 2006, the Court having conducted an additional Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on April 11, 2006 and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. The parties shall amend or supplement their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within two weeks of the date of this Order. The parties have conferred and agreed to an electronic discovery standard which is set forth in the letter attached hereto as Exhibit A and incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties shall be filed on or before July 7, 2006. All motions to amend or supplement the pleadings shall be filed on or before November 3, 2006.

    3.    <u>Discovery</u>.

        (a)    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 175 hours of taking testimony by deposition upon oral examination for fact witnesses. Each side may conduct 7 hours of testimony by deposition upon oral examination for each expert as to each report submitted by such expert.

        (b)    <u>Location of Depositions</u>. Any party representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        (c)    <u>Interrogatories</u>. Each party shall be limited to 75 interrogatories.

        (d)    <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before January 5, 2007. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        (e)    <u>Disclosure of Expert Testimony</u>. Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety days before the date of the completion of discovery, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party sixty days before the date for the completion of discovery. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for

dispositive motions set forth herein, unless otherwise ordered by the Court. The parties agree that draft reports prepared by disclosed experts shall not be discoverable.

   (f) <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed or summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

   4. <u>Application to Court for Protective Order</u>. The parties have conferred on the form of a protective order to govern the terms and conditions for the disclosure of confidential information in this action, but have been unable to reach agreement on the final form of the proposed order. The parties have scheduled a conference with the Court on May 3, 2006, to resolve the remaining disputes regarding the form of protective order.

  The proposed order will include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order

3

shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>Settlement Conference</u>. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. A mediation is currently scheduled for June 5, 2006 before United States Magistrate Judge Mary Pat Thynge.

7. <u>Interim Status Report</u>. On October 17, 2006, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. On October 24, 2006, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m. Plaintiffs counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing, the Technology - and Matters in Issue</u>. The parties shall provide the Court on September 19, 2006 at 9:30 a.m. an in-person tutorial on the technology at issue. The tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions. The parties should arrange for the tutorial to be recorded by a videographer.

10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before February 2, 2007. Answering briefs and supporting papers opposing case dispositive motions shall be served and filed on or before March 2, 2007. Reply briefs, if any, shall be served and filed on or before March 16, 2007.

11. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on January 5, 2007, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction</u>. The Joint Claim Construction Chart shall be submitted to the Court on February 2, 2007. Issues of claim construction shall be submitted to the Court by each party filing an opening brief on February 2, 2007 and a responsive brief on March 2, 2007.

13. <u>Hearing on Claim Construction</u>. Beginning at 2:00 p.m. on April 2, 2007, the Court will hear evidence and argument on claim construction and summary judgment.

14. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any nondispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference</u>. On July 19, 2007, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before June 19, 2007.

16. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days

before the final pretrial conference. That submission shall be accompanied by a computer diskette (in Wordperfect format) which contains the instructions, proposed voir dire, special verdicts and jury interrogatories.

       18.    <u>Trial</u>. This matter is scheduled for a 10-day jury trial from August 20-31, 2007. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case.

                                                                                     _____
                                                                                     United States District Judge

515630

# EXHIBIT A

Case 1:05-cv-00301-JJF-MPT   Document 108-2   Filed 04/28/2006   Page 8 of 11

Sɪᴍᴘsᴏɴ Tʜᴀᴄʜᴇʀ & Bᴀʀᴛʟᴇᴛᴛ LLP

425 Lᴇxɪɴɢᴛᴏɴ Aᴠᴇɴᴜᴇ
Nᴇᴡ Yᴏʀᴋ, N.Y. 10017-3954
(212) 455-2000

---

Fᴀᴄsɪᴍɪʟᴇ (212) 455-2502

**Dɪʀᴇᴄᴛ Dɪᴀʟ Nᴜᴍʙᴇʀ**
212-455-2377

**E-Mᴀɪʟ Aᴅᴅʀᴇss**
dlarocca@stblaw.com

<u>BY ELECTRONIC MAIL</u>              February 8, 2006

Re:   *Intel Corp. v. AmberWave Systems Corp.*, Civil Action
      No. 05-301-KAJ

Jason G. Sheasby, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276

Dear Jason:

     Pursuant to our conversation on February 7, I write to finalize our agreement regarding the e-discovery standards that will govern this proceeding. Please sign in the space provided below if this agreement is acceptable to your client. This agreement shall become effective upon the date of your signature below.

**E-Discovery Standards Agreement:**

     <u>Applicability Of Agreement To Other Actions</u>: This agreement shall apply to (A) all proceedings between Intel and AmberWave as of the effective date of this agreement and (B) all proceedings between Intel and AmberWave that (1) involve any of the products accused of infringement in any proceeding pending as of the effective date of this agreement between Intel and AmberWave, and (2) are filed before a final judgment by a trial court or a settlement of all claims in all proceedings pending as of the effective date of this agreement between Intel and AmberWave.

     <u>Default Standard No. 2</u>: The parties agree to provide the disclosures called for in Default Standard No. 2. The parties exchanged disclosures on November 11, 2005. Intel supplemented its disclosures on January 17, 2006.

     <u>Default Standard No. 3</u>: The parties agree to comply with Default Standard No 3.

     <u>Default Standard No. 4</u>: The parties agree to comply with Default Standard No. 4.

     <u>Default Standard No. 5</u>: Each party agrees to provide suggestions to the other party as to the method of searching (e.g., the location(s) and manner of search), and the words, terms, and phrases to be searched, two weeks after the effective date

Lᴏs Aɴɢᴇʟᴇs    Pᴀʟᴏ Aʟᴛᴏ    Wᴀsʜɪɴɢᴛᴏɴ, D.C.    Hᴏɴɢ Kᴏɴɢ    Lᴏɴᴅᴏɴ    Tᴏᴋʏᴏ

SIMPSON THACHER & BARTLETT LLP

Jason G. Sheasby, Esq.                -2-                February 8, 2006

of this agreement. The parties shall attempt to reach agreement regarding the method of searching and the words, terms, and phrases to be searched with the assistance of the respective e-discovery liaisons, who shall have familiarity with the parties' respective systems. If the parties cannot agree, the party requesting the search must seek relief from the court. This agreement does not obligate any party to produce any document that is not responsive to a pending discovery request from the other party, or within the scope of the categories of documents specified in the parties' Federal Rule of Civil Procedure 26(a)(1) initial disclosures. The parties also shall reach agreement as to the timing and conditions of any additional searches that may become necessary in the normal course of discovery.

Default Standard No. 6: The parties agree to exchange electronic documents as unitized TIFF files. The producing party must preserve the integrity of the native electronic document's contents, i.e., the original formatting of the document, its meta data and, where applicable, its revision history. After initial production in image file format is complete, a party must demonstrate particularized need for production of electronic documents in their native format.

Default Standard No. 7: The parties agree that their obligations to segregate and preserve the integrity of relevant electronic documents shall be governed by the Federal Rules of Civil Procedure, with the following clarifications:

The parties have taken steps to ensure that the email of custodians identified under Default Standard No. 2 have not been permanently deleted in the ordinary course of business and that electronic documents maintained by the individual custodians have not been altered. The parties, through their counsel, will exchange written statements of compliance with these obligations within four business days of the effective date of this agreement.

As of the effective date of this agreement, the parties will no longer need to retain all emails and all electronic documents of custodians. Instead, the parties need only retain relevant emails and relevant electronic documents. Based on the parties' discussions to date, it appears that Intel and AmberWave may have different views regarding what constitutes relevant documents. It is both parties' responsibility to preserve all relevant documents, including electronic documents. Both parties reserve all of their rights and remedies in the event that the other party fails to retain emails and electronic documents on the ground that they are not relevant, and it is later determined that those documents were indeed relevant and should have been retained.

The parties shall provide notice as to the criteria used for spam and/or virus filtering of e-mail and attachments; emails and attachments filtered out by such systems shall be deemed non-responsive so long as the criteria underlying the filtering are reasonable.

SIMPSON THACHER & BARTLETT LLP

Jason G. Sheasby, Esq. -3- February 8, 2006

        Default Standard No. 8: The parties will comply with Default Standard No. 8.

        Default Standard No. 9: The parties will comply with Default Standard No. 9.

        Default Standard No. 10: The parties will comply with Default Standard No. 10.

        Please call me at 212-455-2377 with any questions.

Sincerely,

David LaRocca

Agreed to:

AMBERWAVE SYSTEMS CORPORATION

By: _____
Jason Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276

Dated: February 16, 2006