# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

May 1, 2006

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 N. King Street
Wilmington, DE 19801

      Re:    *AmberWave Systems Corp. v. Intel Corp.*, C.A. No. 05-301 (KAJ)

Dear Judge Jordan:

      We write on behalf of AmberWave in connection with the telephone conference scheduled for 3:00 p.m. on May 3, 2006, to address the sufficiency of Intel's responses to AmberWave's contention interrogatories.

      In a December 13 letter to the Court, AmberWave addressed Intel's failure to provide facts to support its contentions regarding the '292 patent. (Ex. A.) On December 15, the Court ordered Intel to supplement its interrogatory responses to address AmberWave's concerns. (D.I. 70.) Intel's supplemental responses to the '292 patent interrogatories fail to provide much of the information that AmberWave sought. In addition, Intel's responses to AmberWave's '632 and '371 patent contention interrogatories contain the identical type of deficiencies that were the subject of the December 15 hearing. We discuss below the principal matters at issue.

      A.    <u>Non-infringement Issues:</u> Interrogatory Nos. 6 and 8 (C.A. No. 05-301) and Interrogatory No. 1 (C.A. No. 05-837) ask for the facts that support Intel's non-infringement contentions.

      1.    *'632 and '371 patents*: To support its non-infringement contentions, Intel simply copied claim limitations from the independent claims of the patents and stated that "the accused infringing products do not meet at least one or more of [those] limitations." (Ex B at 7; Ex C at 6-7.) This is the identical—and improper—strategy that Intel used in its original non-infringement contentions for the '292 patent that were the subject of the December 15 hearing. (Ex. F at 50-51.) If Intel has facts that support its non-infringement

contentions, Intel should explain the specific reasons that the accused products do not purportedly meet these limitations.

        2.     *'292 patent*: In response to the Court's December 15 order, Intel served a supplemental response that suffers from many of the same deficiencies that were the subject of the previous hearing. Intel makes a series of broad assertions for why it does not infringe, but fails to provide any supporting facts. For example, it notes that "there are many impurities in the Intel substrate (including the channel region)," but fails to identify those impurities. (Ex. D at 67.) It also maintains that the "substrate itself [in the accused devices] is strained," without a full explanation of the differences in strain at the different portions of the substrate. (*Id.*)

        At the December 15 conference, Intel said that it needed an infringement claim chart from AmberWave before it could present non-infringement contentions. (D.I. 70 at 6-7.) AmberWave provided this claim chart on December 19. (Ex. E.) Nevertheless, Intel has not explained why each of the structures identified therein do not meet the limitations of the asserted claims.

        3.     *Dependent claims:* Intel has also refused to disclose its basis for maintaining that it does not infringe the asserted dependent claims. Instead, it has argued that its explanation for non-infringement of the asserted independent claims is sufficient. AmberWave is entitled to know if Intel has any additional defenses to the dependent claims.

        4.     *Documents:* Intel has failed to identify specifically the documents that support its noninfringement contentions. Instead, Intel has simply referred to them by general category: "other relevant documents also include various technical documents . . . relating to the design and fabrication of the accused infringing products." (*See, e.g.*, Ex. B at 7.) This is impermissible under Fed. R. Civ. P. 33(d).

        B.    <u>Invalidity Issues</u>: Interrogatory Nos. 1 and 11 (C.A. No. 05-301) and Interrogatory No. 4 (C.A. No. 05-837) asks for the facts that support Intel's invalidity contentions.

        1.     *'632 and '371 patents*: Intel's invalidity contentions for these two patents are almost identical. Intel sets out the legal standards for anticipation, obviousness, non-enablement and written description, and states that the two patents suffer from these deficiencies. (Ex. B at 12-26; Ex. C at 11-16.) Intel provides no facts to support these contentions. Instead, it cites a grab-bag of 180 allegedly invalidating references. Intel should identify the disclosures in these references that allegedly anticipate or render obvious the patents-in-suit, and should explain in detail its non-enablement and written description defenses.

        2.     *'292 patent*: Intel maintains that the '292 patent is invalid under 35 U.S.C. § 102(g) because Intel was first to invent the claims of that patent. (Ex. D at 57.) Intel, however, has failed to provide the facts that support this defense, for example, the conception and reduction to practice dates for its alleged earlier invention, an identification of

The Honorable Kent A. Jordan
May 1, 2006
Page 3

the documents that support these dates, and a claim chart comparing the asserted claims in suit to its evidence of alleged first invention.

      C.    <u>Unenforceability Issues</u>: Interrogatory No. 5 (C.A. No. 05-837) asks Intel to provide facts that support its defense that the '632 patent is unenforceable. Intel's response states that the inventors of the '632 patent were aware of and failed to disclose certain unspecified prior art. (Ex. C at 17.) Intel used the identical—and improper—language to support its '292 patent unenforceability contention. (Ex. F at 43.) At the December 15 conference, the Court ordered Intel to supplement its generic response. (D.I. 70 at 9-10.) If Intel has facts to support its contention that the '632 patent is unenforceable, it needs to provide them.

      D.    <u>Promised Supplementation</u>: AmberWave wrote to Intel on February 5 describing in detail the deficiencies in its '632 and '371 patent contention interrogatory responses. (Ex. G.) Intel explained that it could not supplement because of the purported insufficiency of AmberWave's infringement claim charts, which are attached as Exs. H and I. Intel, however, only identified one specific piece of information that was missing, which AmberWave provided. (Ex. J, L.)

Although Intel promised to supplement its contention interrogatories within ten days of receiving what it considers sufficient infringement claim charts, (Ex. K), it did not supplement its responses after receiving the specific information requested. (Ex. M) Instead, it ignored AmberWave for a month. Finally, on last Friday, April 28, Intel explained that it still considers AmberWave's interrogatory infringement claim charts deficient, but when asked again what specific information was missing, it was unable to provide any guidance. Rather, Intel proposed that no Intel supplementation occur until after AmberWave has reviewed Intel documents, taken depositions, and then further supplemented its own infringement contentions. (Ex. N.) Intel's position is inconsistent with the Court's scheduling order, which endorses the early use of contention interrogatories. (D.I. 25 at ¶3(d).) AmberWave needs to know the facts that support Intel's contentions.

      E.    <u>Conclusion</u>: Intel's responses to the '632 and '371 patent contention interrogatories are almost identical in form to the deficient '292 patent contention interrogatory responses that were the subject of the December 15 conference—deficiencies that, as discussed above, Intel has yet to cure. AmberWave should not have to seek the Court's intervention every time it serves a contention interrogatory.

                                       Respectfully,

                                       /s/ *Jack B. Blumenfeld*

                                       Jack B. Blumenfeld

cc:    Dr. Peter T. Dalleo, Clerk (By Hand)
        John W. Shaw, Esquire (By Hand)
        George M. Newcombe, Esquire (By Fax)
        David I. Gindler, Esquire (By Fax)