# EXHIBIT B

047008-0028-02056-PaloAlto.2095872.3          05/01/2006 11:44 AM

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-301-KAJ |
| ) | (Consolidated) |
| v. ) | |
| ) | |
| INTEL CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-identified action, through their respective counsel, that protection of designated information produced during discovery in this action is warranted because Plaintiff AmberWave Systems Corporation ("AmberWave") and Defendant Intel Corporation ("Intel") each possesses, controls, or has in its custody certain non-public information that it considers to be highly confidential, the public disclosure of which would present the prospect of competitive harm, and the volume of this non-public information is such that an advance review and designation by the Court would be impractical, and therefore the terms and conditions of this Stipulation and Protective Order ("Protective Order") shall govern the disclosure of information by the parties in this action.

Pursuant to Federal Rule of Civil Procedure 26(c) and upon stipulation of the parties, IT IS HEREBY ORDERED AS FOLLOWS:

1.      This Order shall apply to all information produced or disclosed by any party or non-party in whatever form, including, but not limited to, documents, things, discovery responses, depositions, testimony or other papers produced, filed, or served by a party in this action ("Information").

2.      Any Information disclosed in the above-captioned matter by a party or non-party (the "Producing Party") that the Producing Party reasonably and in good faith believes to constitute a trade secret or other confidential research, development, or commercial information may be designated as "Confidential Information" or "Confidential Information -- Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material" by the Producing

Party in the manner set forth herein. "Confidential Information" is defined as information that has not been made public and that the Producing Party reasonably and in good faith believes would cause competitive harm to the Producing Party if publicly known. "Confidential Information -- Attorneys' Eyes Only Business Material" is defined as confidential business and commercial information that has not been made public and the Producing Party reasonably and in good faith believes would cause the Producing Party to suffer substantial competitive harm if publicly known or known by agents or employees of the parties who would have access under this Order to Confidential Information. "Confidential Information -- Attorneys' Eyes Only Technical Material" is defined as confidential technical information that has not been made public and the Producing Party reasonably and in good faith believes would cause the Producing Party to suffer substantial competitive harm if publicly known or known by agents or employees of the parties who would have access under this Order to Confidential Information.

3.     Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, and/or Confidential Information -- Attorneys' Eyes Only Technical Material disclosed to a party (the "Receiving Party") in the course of this matter:  (a) may be used by the Receiving Party solely in connection with any litigations involving AmberWave and Intel, and for no other purpose; and (b) shall in any event not be disclosed by the Receiving Party to anyone, including officers, employees or agents of the Receiving Party, except in compliance with the terms hereof.

4.     Subject to the other terms of this Protective Order, information designated "Confidential Information -- Attorneys' Eyes Only Business Material" or

2

"Confidential Information -- Attorneys' Eyes Only Technical Material" may be made available by a Receiving Party only to the following persons:

    a.  outside attorneys of record herein for the Receiving Party and other legal, clerical and administrative personnel, such as attorneys, paralegals and secretaries employed by and working under the supervision of the outside attorneys of record in connection with this matter or other litigation involving Intel and AmberWave (collectively, the "Counsel of Record") ;

    b.  two Receiving-Party employees who will not, during the litigation and, until one year after the entry of a final non-appealable or non-appealed judgment or the complete settlement of all claims against all parties in this matter, direct, contribute to, or give advice about, research, development, sales or marketing strategies relating to or concerning semiconductor device fabrication or design based in whole or in part on information learned from the Disclosing Party's materials;

    c.  subject to the requirements of subparagraph 6(c) below, persons who have been retained by the Receiving Party or its Counsel of Record specifically to provide expert testimony or confidential consulting services in this matter or other litigation involving Intel and AmberWave (collectively referred to as "Independent Advisors"), and persons employed by any Independent Advisor, when working under the

supervision of such an Independent Advisor in connection with this matter or other litigation involving Intel and AmberWave;

    d.  deposition or trial witnesses, during deposition or during trial testimony, who:

        (i) have prior knowledge of the designated Information, or who the examining attorney has a good faith basis to believe have prior knowledge of the designated Information; or

        (ii) authored or received the document containing the designated Information, or who the examining attorney has a good faith basis to believe authored or received the document containing the designated Information; or

        (iii) is a present director, officer, employee, and/or agent of the Producing Party; or

        (iv) is an Independent Advisor of the Producing Party;

and the attorneys representing these witnesses to the extent they are not Counsel of Record for Intel or AmberWave;

    e.  the Court and its employees, and any other court presiding over a litigation involving Intel and AmberWave, and its employees;

4

f.  court reporters, stenographers, or videographers, or other persons preparing transcripts of testimony under the supervision of a court reporter, stenographer, or videographer;

g.  persons who have been retained by the Receiving Party or its Counsel of Record specifically to consult with regard to jury- or trial-related matters, including the composition of the jury in this matter or other litigation involving Intel and AmberWave (collectively referred to as "Trial Consultants"), and persons employed by them, when working under the supervision of such a Trial Consultant in connection with this matter or other litigation involving Intel and AmberWave; provided that this provision explicitly excludes any person engaged by a Receiving Party or any Counsel of Record or Trial Consultant for a Receiving Party to participate in any mock-trial exercises who is a current or former employee of, or individual who has provided consulting services to, any company that designs or manufacturers microprocessors or wafers for microprocessors;

h.  persons who have been retained by the Receiving Party or its Counsel of Record specifically to prepare demonstrative or other exhibits for deposition, trial or other court proceedings in this matter or other litigation involving Intel and AmberWave (collectively referred to as "Graphic Designers"), and persons employed by them, when working under the supervision of such a Graphic Designer in connection with this matter or other litigation involving Intel and AmberWave; and

5

i.   persons who have been retained by the Receiving Party or its

Counsel of Record to provide litigation support services, such as

document imaging, coding, copying, and management, in this matter or

other litigation involving Intel and AmberWave (collectively referred to as

"Litigation Support Vendors"), and persons employed by them, when

working under the supervision of such a Litigation Support Vendor in

connection with this matter or other litigation involving Intel and

AmberWave; and

j.   any other person upon such terms and conditions as the parties

may agree or as the Court hereafter by order direct;

provided that any Receiving Party employee authorized by this paragraph to receive

Confidential Information -- Attorneys' Eyes Only Business Material or Confidential

Information -- Attorneys' Eyes Only Technical Material and to whom Confidential

Information -- Attorneys' Eyes Only Business Material or Confidential Information --

Attorneys' Eyes Only Technical Material is disclosed shall, prior to any such disclosure,

execute a Certificate in the form annexed hereto as Exhibit A.  Such Certificates shall be

retained by Counsel of Record for the Receiving Party, and shall be made available to

Counsel of Record for the Producing Party upon a showing that the Producing Party has a

good faith and objectively reasonable belief that the terms of this Protective Order have

not been observed.

5.   Subject to the other terms of this Order, information designated

"Confidential Information" (as opposed to information designated "Confidential

Information -- Attorneys' Eyes Only Business Material" or "Confidential Information --

6

Attorneys' Eyes Only Technical Material") may be made available by a Receiving Party

only to those persons described in Paragraph 4 above and to: (a) Receiving Party officers,

directors, and employees whose assistance is needed by Counsel of Record for engaging

in this litigation, or any other litigation involving Intel and AmberWave, including but

not limited to any mediation or settlement conferences, or settlement discussions; and

(b) the Receiving Party's outside counsel other than Counsel of Record whose assistance

is needed by the Receiving Party for engaging in this litigation or any other litigation

involving Intel and AmberWave, including but not limited to any mediation or settlement

conferences, or settlement discussions; provided that any person in subparagraph (a) or

(b) of this paragraph to whom Confidential Information is disclosed shall, prior to any

such disclosure, execute a Certificate in the form annexed hereto as Exhibit A.  Such

Certificates shall be retained by Counsel of Record for the Receiving Party, and shall be

made available to Counsel of Record for the Producing Party upon a showing that the

Producing Party has a good faith and objectively reasonable belief that the terms of the

Protective Order have not been observed.

      6.    Further Limitation on Disclosure of Confidential Information --

Attorneys' Eyes Only Technical Material:  Notwithstanding Paragraph 4 or any other

provision of this Protective Order, the disclosure of Confidential Information --

Attorneys' Eyes Only Technical Material to the persons listed in Paragraph 4 shall be

subject to the following limitations:

      a.   Category 4(a)-(b) and (g)-(i):  An individual in these categories

shall be permitted to review Confidential Information -- Attorneys' Eyes Only Technical

Material only if such an individual is not substantively involved in the prosecution of

7

patents or patent applications related to semiconductor device fabrication and/or design until one year after (1) the entry of a final non-appealable or non-appealed judgment or (2) the complete settlement of all claims against all parties in this matter.

    c.   Category 4(c):

    (i)  Designation of an Independent Advisor:  Prior to providing access to Confidential Information -- Attorneys' Eyes Only Technical Material to any individual in Category 4(c), the Receiving Party seeking to disclose such Confidential Information -- Attorneys' Eyes Only Technical Material shall disclose in writing the following information to the Producing Party:

    (A)    the name of the Independent Advisor;

    (B)    the present employer and title of the Independent Advisor;

    (C)    a list of every public or private organization with whom the Independent Advisor has had a professional relationship over the last five years that relates to the field of semiconductor device fabrication and/or design (allowing for the Independent Advisor to designate the information disclosed pursuant to this subparagraph with an appropriate level of confidentiality under this Protective Order);

    (D)    a description of the Independent Advisor's current research (allowing for the Independent Advisor to designate the information disclosed pursuant to this subparagraph with an appropriate level of confidentiality under this Protective Order);

    (E)    a description of the specific areas of research that the Independent Advisor has engaged in over the last three

8

years (allowing for the Independent Advisor to designate the information disclosed pursuant to this subparagraph with an appropriate level of confidentiality under this Protective Order);

(F)     a résumé (or similar document) describing prior work/employment and a list of each publication of the Independent Advisor that the Independent Advisor is aware of following a reasonable inquiry; and

(G)     a certificate in the form annexed hereto as Exhibit A, (excluding paragraph 6 of the form), signed by the Independent Advisor.  If the parties agree (per the procedure set out below) or if the Court orders that the Independent Advisor shall be subjected to some form of prosecution bar, the Independent Advisor shall file a supplemental certification in a form agreed to be the parties or specified by the Court.

(ii) Dispute Resolution with Respect to Independent Advisors:

(A)     Abiding by Protective Order:  Within ten business days of receipt by the Producing Party of all of the information required to be disclosed pursuant to subparagraph 6(c)(i), the Producing Party may object in writing to the Independent Advisor's receiving access to Confidential Information – Attorneys' Eyes Only Technical Material if it has a good faith and reasonable basis to believe that the Independent Advisor should not have access to

9

Confidential Information – Attorneys' Eyes Only Technical Material. The Producing Party shall provide an explanation of the good faith and reasonable basis for believing that the Independent Advisor should not have access to Confidential Information – Attorneys' Eyes Only Technical Material. Failure to object to an Independent Advisor or failure to provide an explanation of the good faith and reasonable basis for believing that the Independent Advisor should not have access to Confidential Information – Attorneys' Eyes Only Technical Material within ten business days of receipt by the Producing Party of all of the information required to be disclosed pursuant to subparagraph 6(c)(i) shall be deemed approval of the Independent Advisor. The Producing Party shall have no right to object to a disclosure of any Confidential Information -- Attorneys' Eyes Only Technical Material to an Independent Advisor if the objection and explanation is not made within ten business days of the disclosure in subparagraph 6(c)(i).

If the Producing Party objects to the disclosure of Confidential Information -- Attorneys' Eyes Only Technical Material to an Independent Advisor, the Producing Party and Receiving Party shall, within five

10

business days from the date of the transmittal of the written notice of objection, confer and attempt to resolve the dispute. If the parties cannot resolve the dispute, then, within five business days following the meet and confer, the Producing Party may submit the matter to the Court, requesting that it be heard on an expedited basis, for an order that the Independent Advisor not be allowed access to Confidential Information -- Attorneys' Eyes Only Technical Material. No Confidential Information -- Attorneys' Eyes Only Technical Material shall be disclosed to the proposed Independent Advisor until the Court resolves such a motion. Failure to submit the matter to the Court within five business days following the meet and confer shall be deemed approval of the Independent Advisor. These time periods are not to restrict any party from moving for a court order earlier if the circumstances so require.

(B)     Prosecution Bar: Within ten business days of receipt by the Producing Party of all of the information required to be disclosed pursuant to subparagraph 6(c)(i), the Producing Party may object in writing to the Independent Advisor receiving access to Confidential Information -- Attorneys' Eyes Only Technical Material unless such Independent

11

Advisor is subject to a prosecution bar. The Producing Party must provide an explanation of the good faith and reasonable basis for believing that a prosecution bar is appropriate, and must specify what type of prosecution bar it seeks. The Producing Party shall have no right to object to a disclosure of any Confidential Information – Attorneys' Eyes Only Technical Material to an Independent Advisor without a prosecution bar if the foregoing explanation is not provided within ten business days of receipt by the Producing Party of all of the information required to be disclosed pursuant to subparagraph 6(c)(i).

If the Producing Party believes a prosecution bar is appropriate, the parties shall meet and confer within five business days of transmittal of the written statement specified in the previous paragraph with respect to whether a prosecution bar should apply to an Independent Advisor disclosed pursuant to this Protective Order and, if so, the appropriate scope of any such prosecution bar. If the parties are unable to agree as to whether a prosecution bar should apply to any such Independent Advisor, or as to the scope of a prosecution bar, the party who has retained the Independent Advisor shall promptly submit the matter to the Court for resolution, unless the Producing Party is

12

generally challenging the right of the expert to receive any

Confidential Information –Attorneys' Eyes Only Technical

Material under subparagraph 6(c)(ii)(A), in which case the

Producing Party shall submit the matter to the Court at the

same time as its challenge under subparagraph 6(c)(ii)(A).

No disclosure of any information designated as

Confidential Information -- Attorneys' Eyes Only

Technical Material shall be made to such Independent

Advisor until the matter is resolved by written agreement

between the parties hereto or by the Court.

    d.      Categories 4(d)-(f), or as otherwise approved by this Court or by the Producing Party.  No additional restrictions.

    7.      For the purposes of this Protective Order:

    a.  "substantively involved in the prosecution of patents or patent

applications" means participation in the drafting of any

language that appears in any specification or any claim in a

patent application, or preparation of replies to Office Actions,

submitted to the United States Patent and Trademark Office or

any foreign agency responsible for issuing patents;

    b.  "patents or patent applications related to semiconductor device

fabrication and design" does not include patent applications or

patents relating to apparatuses and tools used solely in the

process of semiconductor device fabrication or design; and

13

c.  For the avoidance of doubt, Counsel of Record for the
Receiving Party shall be permitted to submit materials to the
Receiving Party's patent prosecution counsel for potential
inclusion in a patent information disclosure statement, so long
as the material: (1) does not contain any Confidential
Information of the Producing Party; and (2) is a publication, a
document that has been served or filed in this action, or a
deposition transcript generated in this action.  Counsel of
Record for the Receiving Party shall not provide copies of any
of the materials described in the preceding sentence until, at
least, 21 days following the filing or service of such documents
or, in the case of deposition transcripts, the delivery of the final
deposition transcript. The Receiving Party's prosecution
counsel shall not be permitted to receive any material identified
in this subparagraph that is the subject of a dispute about its
proper designation until such time as the Court has resolves
any dispute regarding the proper designation of such materials.
Counsel of Record for the Receiving Party shall provide
Counsel of Record for the Producing Party with a complete set
of all correspondence, information and/or materials submitted
to prosecution counsel for the Receiving Party pursuant to this
subparagraph 7(c).  The parties agree and stipulate that neither
Counsel of Record of the Receiving Party nor the Receiving

Party shall be deemed to have waived any claim of privilege to which either is entitled in this action by providing the correspondence, information and/or material required to be provided to Counsel of Record of the Producing Party pursuant to the preceding sentence.

8.    Upon entry of this Order, any law firm of Counsel of Record shall prohibit members or employees of the firm who review Confidential Information -- Attorneys' Eyes Only Technical Material designated under this Protective Order from discussing such information with any person who is substantively involved in the prosecution of patents or patent applications related to semiconductor device fabrication and/or design until one year after: (i) the entry of a final non-appealable or non-appealed judgment or (ii) the complete settlement of all claims against all parties in this matter.

9.    Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to his or her client with respect to this action or any other litigation between AmberWave and Intel, and, in the course thereof, referring to or relying upon his examination of Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, or Confidential Information -- Attorneys' Eyes Only Technical Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not make any disclosure of Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, or Confidential Information -- Attorneys' Eyes Only Technical Material, except as permitted by this Protective Order.

15

10.    Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, and Confidential Information -- Attorneys' Eyes Only Technical Material shall be designated as follows:

a.    In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY BUSINESS MATERIAL" or "CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY TECHNICAL MATERIAL" on each page of any such document containing this Information at the time of production.

b.    In the case of information produced on electronic media, such as disks, CDs, tapes, etc., designation shall be made by placing the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY BUSINESS MATERIAL" or "CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY TECHNICAL MATERIAL" on the exterior of the disk, CD, tape, or other media, and such designation shall apply to all contents of the disk, CD, tape or other media; provided that the Producing Party shall make a good faith and reasonable effort to place on each page of each file included in such electronic media the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY BUSINESS MATERIAL" or

16

"CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY

TECHNICAL MATERIAL".

      c.     In the case of interrogatory answers or responses to

requests to admit, designation shall be made in the case of confidential

answers by placing the legend "CONFIDENTIAL INFORMATION" or

"CONFIDENTIAL INFORMATION -- ATTORNEYS' EYES ONLY

BUSINESS MATERIAL" or "CONFIDENTIAL INFORMATION --

ATTORNEYS' EYES ONLY TECHNICAL MATERIAL" on each page

of any answer containing this Information. Within five business days of a

request to produce a redacted version of an interrogatory answer or

response to requests to admit, the responding party shall transmit to the

propounding party a redacted version of the entire set of interrogatory

answers or responses to requests to admit that does not contain

Information designated under the Protective Order.

      d.     No document or other material shall be filed under seal

except pursuant to this Order. All applications, motions or other papers

submitted to the Court which contain Confidential Information,

Confidential Information -- Attorneys' Eyes Only Business Material, or

Confidential Information -- Attorneys' Eyes Only Technical Material shall

be filed in hard copy in sealed envelopes or other appropriate sealed

containers on which shall be endorsed the caption of this action, the title of

the document contained in the sealed envelope or other container, the

signature blocks of the filing party, and the legend "CONFIDENTIAL –

17

FILED UNDER SEAL" or its equivalent. The enclosed material shall be segregated by the Court and not publicly available. Within three business days from the date of a filing made under seal, Counsel of Record for the non-filing party shall deliver to Counsel of Record for the filing party written notice of the specific portions of the filed material that contain the non-filing party's "Confidential Information" or "Confidential Information -- Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material" so that Counsel of Record for the filing party may provide appropriately redacted copies of the filed document to the Court in accord with paragraph (G)(1) of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means dated February 8, 2005. To the extent the parties submit Information designated under this Protective Order in a litigation between them in another court, they shall meet and confer to adopt procedures for filing sealed documents that are consistent with that court's procedures.

   e. In the case of deposition testimony, Counsel of Record may invoke the provisions of this Protective Order by stating on the record during a deposition that testimony given at a specified portion of the deposition is designated "Confidential Information" or "Confidential Information -- Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material." Only individuals authorized under the terms of this Protective Order to receive

18

"Confidential Information" or "Confidential Information -- Attorneys'

Eyes Only Business Material" or "Confidential Information -- Attorneys'

Eyes Only Technical Material" information shall be present during

portions of the deposition so designated.  Within ten business days of

receipt of the final deposition transcript, any Disclosing Party may make

or modify a designation on a portion or portions of the deposition by

giving written notice to all persons present at the deposition and Counsel

of Record for all other parties.  At the time of redesignation, those

individuals subject to this Protective Order who are no longer entitled to

access the redesignated portions of the transcript under the terms of the

Protective Order shall destroy any copies of the redesignated portions

within their possession, custody, or control.  Any party may make a

written request to produce a redacted version of a deposition transcript, in

which case, within ten business days of the later of (i) the receipt of such

request and (ii) receipt of a final version of such transcript (excluding the

time period for any corrections by the witness), Counsel of Record for the

designating party shall deliver to Counsel of Record for the other parties

(and, where applicable, the deponent) written notice of the specific page

and line numbers and/or exhibit numbers that contain information

designated "Confidential Information" or "Confidential Information --

Attorneys' Eyes Only Business Material" or "Confidential Information --

Attorneys' Eyes Only Technical Material" so that the non-designating

party may provide appropriately redacted copies of the transcript and

19

exhibits to individuals not approved for access to such Information. If any portion of a deposition is designated as "Confidential Information" or "Confidential Information -- Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material," that portion of the deposition record, including any referenced exhibits if they are also "Confidential Information" or "Confidential Information – Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material," shall be separated from the rest of the transcript, stamped with the designated degree of confidentiality, and treated pursuant to the terms of this Protective Order.

11. All documents and things which are produced for initial inspection prior to copying and delivery shall be deemed to be designated as Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material or Confidential Information -- Attorneys' Eyes Only Technical Material and shall be produced for inspection only by persons representing the Receiving Party who are entitled to review Information so designated. Within ten business days after the Receiving Party selects the documents it wishes to receive copies of, the Producing Party will designate the documents under the Protective Order and produce them.

12. All documents and pleadings of any nature containing Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, and/or Confidential Information -- Attorneys' Eyes Only Technical Material, and all copies thereof, shall be maintained, by any person qualified to receive and to retain them under the terms of this Protective Order, in secure facilities and in a manner intended to

20

minimize any risk of the inadvertent disclosure thereof. In addition, the parties agree that materials marked "Confidential Information -- Attorneys' Eyes Only Technical Material" shall not be accessible over an internet connection, except that each Counsel of Record may maintain a document database available via a secure private network but only if the database is hosted on a secure computer located on the premises of the Counsel of Record and maintained under the exclusive control of the Counsel of Record. Such a document database shall be made accessible only to Counsel of Record and to its employees administering the database.

13.    Within sixty days of the earlier of the entry of a final non-appealable or non-appealed judgment in this action, or the complete settlement of all claims against all parties in this action, all written materials, other than attorney work product and attorney-client communications, containing Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, and/or Confidential Information -- Attorneys' Eyes Only Technical Material received by the Receiving Party subject to this Protective Order that are in the possession, custody or control of the Receiving Party or its agents shall be destroyed or turned over to Counsel of Record for the Producing Party at the election of the Producing Party. In addition to attorney-client communications, and attorney work product, Counsel of Record for the Receiving Party shall be entitled to retain a single archival copy of court papers, responses to interrogatories or requests for admission, correspondence, expert reports, deposition and trial transcripts, and exhibits that contain Information designated as "Confidential Information" or "Confidential Information -- Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material," provided that

21

Counsel of Record shall not disclose any such information except pursuant to the terms of this Protective Order, a separate written agreement with the Producing Party, or a court order. The provisions of this Protective Order restricting the communication and use of Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, and/or Confidential Information -- Attorneys' Eyes Only Technical Material continue to be binding after the entry of a final non-appealable or non-appealed judgment in this action, or the complete settlement of all claims against all parties in this action.

14.    If Counsel of Record for the Receiving Party at any time objects to the designation or continued treatment of certain Information as Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, and/or Confidential Information -- Attorneys' Eyes Only Technical Material by the Producing Party, it shall so notify Counsel of Record for the Producing Party in writing, and the parties shall then meet-and-confer within five business days from Counsel of Record for the Producing Party's receipt of the Information, in a good faith attempt to resolve the dispute. If Counsel of Record are unable to agree, it shall be the responsibility of the Receiving Party to move for an order requiring redesignation of the information in dispute. The burden of proving whether a redesignation should or should not occur shall be assigned according to applicable law. Until an order on such motion is obtained, the original designation by the Producing Party shall stand.

15.    Nothing herein shall be deemed to restrict in any way a Producing Party's use of its own Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, and/or Confidential Information -- Attorneys' Eyes Only Technical Material. The restrictions in this Protective Order shall not apply to any

22

Confidential Information, Confidential Information -- Attorneys' Eyes Only Business

Material, or Confidential Information -- Attorneys' Eyes Only Technical Material that:

(a) is lawfully received free of restriction from a third party who furnished the

information other than through a breach of this Protective Order or other confidentiality

obligation; or (b) is or becomes publicly available other than through a breach of this

Protective Order or other confidentiality obligation.  Further, nothing in this Protective

Order shall affect the right of the Receiving Party to transmit to anyone information

disclosed in this litigation that has not been designated Confidential Information,

Confidential Information -- Attorneys' Eyes Only Business Material, or Confidential

Information -- Attorneys' Eyes Only Technical Material.

        16.     Entering into this Protective Order, and agreeing to produce,

producing, or receiving Confidential Information, Confidential Information -- Attorneys'

Eyes Only Business Material, and/or Confidential Information -- Attorneys' Eyes Only

Technical Material or otherwise complying with the terms of this Protective Order shall

not:

        a.     Operate as or constitute an admission by any party that any

particular Confidential Information, Confidential Information --

Attorneys' Eyes Only Business Material, or Confidential Information --

Attorneys' Eyes Only Technical Material contains or reflects trade secrets,

proprietary or commercially sensitive information or any other type of

confidential matter;

b.     Require disclosure of information that is protected by the attorney-client privilege, work product privilege, or any other applicable privilege or immunity;

c.     Prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to particular discovery material; or

d.     Oblige any party to produce documents, testimony, or other material it considers privileged or not subject to discovery.

17.     Inadvertent disclosure of Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, or Confidential Information -- Attorneys' Eyes Only Technical Material without appropriate designation shall be without prejudice to any claim that such Information is confidential, if as soon as reasonably possible after the Producing Party becomes aware of any inappropriate designation, the Producing Party properly designates such material pursuant to the terms of this Protective Order.

18.     Inadvertent disclosure of Information shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such Information as within the attorney-client privilege or work product immunity or any other applicable privilege and requests return of such Information to the Producing Party. Upon request by the Producing Party, the Receiving Party immediately shall return all copies of such inadvertently produced document(s) and shall make no use whatsoever of

24

the inadvertently disclosed information irrespective of whether the Receiving Party agrees with the assertion of privilege. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a written challenge to the Court.

19.    This Protective Order and the procedures set forth herein shall not preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure, Federal Rules of Evidence or any other statute, rule or authority. Nothing herein shall preclude any party from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances; provided, however, that prior to such application, the parties involved shall make a good faith effort to resolve the matter by agreement.

20.    Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter. The designation of certain information pursuant to this Protective Order shall not, for that reason, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Information designated pursuant to this Protective Order as Confidential Information or Confidential Information -- Attorneys' Eyes Only Business Material or Confidential Information or Confidential Information -- Attorneys' Eyes Only Technical Material.

25

21.    By entering into this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a subpoena or motion to disclose another party's Information designated Confidential Information or Confidential Information -- Attorneys' Eyes Only Business Material or Confidential Information or Confidential Information -- Attorneys' Eyes Only Technical Material under this Protective Order shall promptly notify that party of the subpoena or motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

22.    It is expressly contemplated and agreed that the terms of this Protective Order are applicable to Information submitted by a non-party and/or produced by a non-party in connection with this litigation, and that the parties will treat all Information of a non-party in accordance with the terms of this Protective Order.  In the case of third-party discovery, the Requesting Party shall inform the third party of and provide the third party with this Protective Order.

23.    Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery or testimony outside of the restrictions and procedures of the Federal Rules of Civil Procedure, District of Delaware Local Rules, and orders of this Court.

24.    This Court shall retain jurisdiction to enforce the terms of this Protective Order after final termination of this action.

25.    The parties agree that the terms of this Protective Order are intended to govern the production of all materials in each legal proceeding ("Related Proceeding") involving AmberWave and Intel that: (1) involve any of the products accused of infringement in any proceeding pending between Intel and AmberWave as of the date of this Protective Order; and (2) are filed before the entry of a final non-appealable or non-appealed judgment or the complete settlement of all claims between Intel and AmberWave pending as of the effective date of this Protective Order. To the extent a protective order is submitted in a Related Proceeding, the parties agree that the form of such protective order submitted will be substantially identical to this Protective Order and shall be modified only to the extent necessary to comply with any local rule, any regulation of the presiding court in such Related Proceeding, or by the presiding court in such Related Proceeding. The parties shall meet and confer in good faith in order to resolve any disagreement on the form of the protective order to be submitted in the Related Proceeding.

IN WITNESS WHEREOF, the parties hereto caused this agreement to be duly executed as of the day and year written below.

Dated:  May __, 2006                      YOUNG CONWAY STARGATT & 
                                          TAYLOR LLP

                                          By: _____

                                              JOSY W. INGERSOLL (#1088)

                                          SIMPSON THACHER & BARTLETT LLP

                                          By: _____

27

JEFFREY E. OSTROW
Attorneys for Defendant INTEL
CORPORATION

MORRIS, NICHOLS, ARSHT &
TUNNELL

By: _____
    JACK B. BLUMENFELD (#1014)


IRELL & MANELLA LLP

By: _____
    DAVID I. GINDLER

Attorneys for Plaintiff AMBERWAVE
SYSTEMS CORPORATION


IT IS SO ORDERED.

_____, 2006
                    .

_____
HONORABLE KENT A. JORDAN, USDC

                        .

28

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-301-KAJ |
| | ) | (consolidated) |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CONFIDENTIALITY AGREEMENT**

I, _____, declare and say that:

      1.    I live at_____.  I am employed as _____[position] by _____ [name and address of employer].

      2.    I have been given a copy of the Confidentiality Stipulation and Protective Order ("Protective Order") entered in *AmberWave Systems Corporation v. Intel Corporation,* CA No. 05-301-KAJ (D. Del.) (consolidated) and I have read said Protective Order.

      3.    I hereby promise and agree to be bound by its terms, and promise and agree to maintain, pursuant thereto, the confidentiality of all information furnished to me which has been designated as such under the Protective Order.  I understand that these promises are conditions precedent to my receipt of any such information.

      4.    I agree that I will not disclose or discuss such confidential material with anyone other than as consistent with terms of the Protective Order.

29

5.     I understand that any disclosure or use of confidential material in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt.

6.     If I receive Confidential Information -- Attorneys' Eyes Only Technical Material, I agree that I will not become substantively involved in the prosecution of patent applications or patents related to semiconductor fabrication and/or design, until one year after issuance of a final, non-appealable or non-appealed judgment in this case, or a settlement of all claims against all parties in this case, unless otherwise approved by this Court or by the Producing Party.

7.     I hereby submit to the jurisdiction of the United States District Court for the District of Delaware, for the purpose of enforcing the terms of this Agreement and Protective Order.

I  declare under penalty of perjury that the foregoing is true and correct.

Dated: _____                     _____
                                          Signature

                                          _____
                                          Name Typed or Printed

                                          _____
                                          Street Address

                                          _____
                                          City. State, Zip Code

30