# EXHIBIT C



DLA Piper Rudnick Gray Cary US LLP
401 B Street
Suite 1700
San Diego, California 92101-4297
T 619.699.4787
F 619.699.2701
W www.dlapiper.com

March 7, 2006

*Via Federal Express*

Honorable Charles E. Bullock
Office of the Administrative Law Judges
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436

Re:   *In the Matter of Certain Personal Computers, Monitors and Components Thereof*
      **U.S. International Trade Commission Investigation No. 337-TA-547**

Dear Judge Bullock:

Our law firm represents complainants Hewlett-Packard Company and Hewlett-Packard Development Company (collectively, "HP") in the above investigation. Pursuant to paragraph 12 of Order No. 1 (August 10, 2005), I am regretfully writing to advise the Court and the parties of an unauthorized disclosure of Confidential Business Information that I first learned of on March 6, 2006.

Throughout the last month, third parties ATI Technologies, Inc. ("ATI"), Intel Corporation ("Intel"), and Advanced Micro Devices, Inc. ("AMD") have produced documents designated as Confidential Business Information in response to subpoenas issued by the Court at HP's request. A number of these documents were placed on secure, password-protected websites for review by technical advisers Donald Alpert and Robert Colwell. Dr. Alpert and Dr. Colwell previously submitted letters to the Commission indicating their willingness to abide by the Protective Order entered in this investigation on October 14, 2005 and November 14, 2005, respectively. However, due to a miscommunication between lawyers in our law firm, third parties ATI, Intel and AMD were not provided notice of our intent to share these documents with Dr. Alpert and Dr. Colwell prior to the disclosure. The fault for the disclosure is ours, not HP's. I spoke with counsel for ATI, Intel and AMD regarding the facts related to the disclosure today before sending this letter. The specific facts related to the disclosure are as follows:

**Serving clients globally**



**PIPER RUDNICK**
**GRAY CARY**

Honorable Charles E. Bullock
March 7, 2006
Page Two

- **ATI:** On February 7, 2006, ATI produced 1,265 pages in response to HP's subpoena. Between February 9 and February 20, the ATI documents were placed on secure, password-protected websites for review by Dr. Alpert and Dr. Colwell. On February 15, counsel for HP advised counsel for ATI of its intent to disclose the documents to its technical advisers, including Dr. Alpert and Dr. Colwell. On February 23, counsel for ATI requested additional information regarding Dr. Alpert's and Dr. Colwell's backgrounds. That same day, HP and Gateway entered into a binding term sheet to resolve the pending litigation between the parties, and both Dr. Alpert and Dr. Colwell were instructed to perform no further work on this matter. On February 27, 2006, I advised counsel for ATI that third party discovery had been suspended and the materials would not be provided to any of HP's technical advisers. At that time, I was not aware that the ATI documents had already been placed on the secure, password-protected websites for review by Dr. Alpert and Dr. Colwell.

- **AMD:** On February 21, AMD produced 478 pages in response to HP's subpoena. That same day, the AMD documents were placed on a secure, password-protected website for review by Dr. Alpert. On February 23, HP and Gateway entered into a binding term sheet to resolve the litigation between the parties and Dr. Alpert was instructed to perform no further work on this matter.

- **Intel:** On February 16, Intel produced 3,300 pages in response to HP's subpoena. On February 21, two Intel documents (bearing bates ranges HPC000722-997) were placed on a secure, password-protected website for review by Dr. Alpert. On February 23, HP and Gateway entered into a binding term sheet to resolve the litigation between the parties and Dr. Alpert was instructed to perform no further work on this matter.

Since learning of the disclosure yesterday, our law firm has made every effort to ensure that no further disclosure of CBI is made to Dr. Alpert or Dr. Colwell. Yesterday afternoon our attorneys removed all the documents from the secure, password-protected websites. We also called Dr. Alpert and Dr. Colwell to determine whether either had retained any copies of the documents or prepared any written work product (including notes) incorporating or referencing information from the documents. Dr. Colwell confirmed he has prepared no written work product incorporating or referencing information from any of the documents and has not retained any electronic or hard copies of any of the documents. Dr. Alpert also confirmed he has prepared no written work product incorporating or referencing information from the documents. Dr. Alpert is currently traveling but has indicated he will destroy any copies of the documents (to the extent any exist) without any further review as soon as he returns to his home office this week. We will ensure that he does so. Dr. Alpert and Dr. Colwell have also confirmed that they did not share the documents or any information contained therein with anyone else. Further, no one aside from Dr. Alpert, Dr. Colwell, and DLA Piper attorneys authorized to view CBI produced in this investigation (including necessary support personnel) had access to the secure, password-protected websites. No disclosure of this information has been made to any HP employees.



Honorable Charles E. Bullock
March 7, 2006
Page Three

Our law firm has represented a number of parties in several matters before the Commission and we understand the importance of strict compliance with the Protective Orders entered in these investigations. We take this matter very seriously and have made every effort to prevent any further unauthorized disclosure of confidential business information.

Very truly yours,

**DLA Piper Rudnick Gray Cary US LLP**

Richard T. Mulloy
Attorney
*richard.mulloy@dlapiper.com*

Admitted to practice in California

cc:    Stewart Mesher, Esq. (counsel for AMD)
       Catherine Rajwani, Esq. (counsel for ATI)
       Garland Stephens, Esq. (counsel for Intel)
       Anne Goalwin, Esq. (counsel for OUII)
       Andrew Thomases, Esq. (counsel for Respondents)

SD\1658400.1
327492-86

# EXHIBIT D

Case 1:05-cv-00301-JJF-MPT    Document 110-4    Filed 05/01/2006    Page 5 of 13

under the supervision of such a Graphic Designer in connection with this matter or other litigation involving Intel and AmberWave; and

    i.   persons who have been retained by the Receiving Party or its Counsel of Record to provide litigation support services, such as document imaging, coding, copying, and management, in this matter or other litigation involving Intel and AmberWave (collectively referred to as "Litigation Support Vendors"), and persons employed by them, when working under the supervision of such a Litigation Support Vendor in connection with this matter or other litigation involving Intel and AmberWave; and

    j.   any other person upon such terms and conditions as the parties may agree or as the Court hereafter by order direct;

provided that any Receiving Party employee authorized by this paragraph to receive Confidential Information -- Attorneys' Eyes Only Business Material or Confidential Information -- Attorneys' Eyes Only Technical Material and to whom Confidential Information -- Attorneys' Eyes Only Business Material or Confidential Information -- Attorneys' Eyes Only Technical Material is disclosed shall, prior to any such disclosure, execute a Certificate in the form annexed hereto as Exhibit A. Such Certificates shall be retained by Counsel of Record for the Receiving Party, and shall be made available to Counsel of Record for the Producing Party upon a showing that the Producing Party has a

provision of this Protective Order, the disclosure of Confidential Information -- Attorneys' Eyes Only Technical Material to the persons listed in Paragraph 4 shall be subject to the following limitations:

a. Category 4(a), (b) and (g)-(i): An individual in these categories shall be permitted to review Confidential Information -- Attorneys' Eyes Only Technical Material only if such an individual is not substantively involved in the prosecution of patents or patent applications related to semiconductor device fabrication and/or design until one year after (1) the entry of a final non-appealable or non-appealed judgment or (2) ~~the complete settlement of all claims against all parties in this matter~~

b. ~~Categories 4(b) and (g)-(i). An individual in these categories shall be permitted to review Confidential Information -- Attorneys' Eyes Only Technical Material only if that person is not substantively involved in the prosecution of patents or patent applications related to semiconductor device fabrication and/or design until one year after (i) the entry of a final non-appealable or non-appealed judgment or (ii)~~ the complete settlement of all claims against all parties in this matter.

c. Category 4(c):
   (i) Designation of an Independent Advisor: Prior to providing access to Confidential Information -- Attorneys' Eyes Only Technical Material to any individual in Category 4(c), the Receiving Party seeking to disclose such Confidential Information -- Attorneys' Eyes Only Technical Material shall disclose in writing the following information to the Producing Party:

   (A) the name of the Independent Advisor;

   (B) the present employer and title of the Independent Advisor;

8

Material shall be made to such Independent Advisor until the matter is resolved by written agreement between the parties hereto or by the Court.

 d. Categories 4(d)-(f), or as otherwise approved by this Court or by the Producing Party. No additional restrictions.

 7. For the purposes of this Protective Order:

  a. "substantively involved in the prosecution of patents or patent applications" means participation in the drafting of any language that appears in any specification or any claim in a patent application, or preparation of replies to Office Actions, submitted to the United States Patent and Trademark Office or any foreign agency responsible for issuing patents~~.~~;

~~and~~

  b. "patents or patent applications related to semiconductor device fabrication and design" does not include patent applications or patents relating to apparatuses and tools used solely in the process of semiconductor device fabrication or design~~.~~; and

  c. For the avoidance of doubt, Counsel of Record for the ~~receiving party~~Receiving Party shall be permitted to submit materials to the ~~receiving party~~Receiving Party's patent prosecution counsel for potential inclusion in a patent information disclosure statement, ~~as~~so long as the material: (1)

14

does not contain any Confidential Information of the ~~disclosing party~~<ins>Producing Party</ins>; and (2) is a publication, a document that has been served or filed in ~~a litigation~~<ins>this action</ins>, or a deposition transcript~~, but only so long as the disclosing party has had at least twenty-one days to review for the presence of Confidential Information.~~ <ins>generated in this action. Counsel of Record for the Receiving Party shall not provide copies of any of the materials described in the preceding sentence until, at least, 21 days following the filing or service of such documents or, in the case of deposition transcripts, the delivery of the final deposition transcript. The Receiving Party's prosecution counsel shall not be permitted to receive any material identified in this subparagraph that is the subject of a dispute about its proper designation until such time as the Court has resolves any dispute regarding the proper designation of such materials. Counsel of Record for the Receiving Party shall provide Counsel of Record for the Producing Party with a complete set of all correspondence, information and/or materials submitted to prosecution counsel for the Receiving Party pursuant to this subparagraph 7(c). The parties agree and stipulate that neither Counsel of Record of the Receiving Party nor the Receiving Party shall be deemed to have waived any claim of privilege to which either is entitled in this action by providing the</ins>

15

<u>correspondence, information and/or material required to be provided to Counsel of Record of the Producing Party pursuant to the preceding sentence.</u>

8. ~~Within one month of the~~<u>Upon</u> entry of this Order, any law firm of Counsel of Record shall prohibit members or employees of the firm who review Confidential Information ~~--~~ <u>--</u> Attorneys' Eyes Only Technical Material designated under this Protective Order from discussing such information with any person who is substantively involved in the prosecution of patents or patent applications related to semiconductor device fabrication and/or design until one year after: (i) the entry of a final non-appealable or non-appealed judgment or (ii) the complete settlement of all claims against all parties in this matter.

9. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to his or her client with respect to this action or any other litigation between AmberWave and Intel, and, in the course thereof, referring to or relying upon his examination of Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, or Confidential Information -- Attorneys' Eyes Only Technical Material; <u>provided</u>, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not make any disclosure of Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material, or Confidential Information -- Attorneys' Eyes Only Technical Material, except as permitted by this Protective Order.

16

Attorneys' Eyes Only Technical Material" so that the non-designating party may provide appropriately redacted copies of the transcript and exhibits to individuals not approved for access to such Information. If any portion of a deposition is designated as "Confidential Information" or "Confidential Information -- Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material," that portion of the deposition record, including any referenced exhibits if they are also "Confidential Information" or "Confidential Information – Attorneys' Eyes Only Business Material" or "Confidential Information -- Attorneys' Eyes Only Technical Material," shall be separated from the rest of the transcript, stamped with the designated degree of confidentiality, and treated pursuant to the terms of this Protective Order.

11. All documents and things which are produced for initial inspection prior to copying and delivery shall be deemed to be designated as Confidential Information, Confidential Information -- Attorneys' Eyes Only Business Material or Confidential Information -- Attorneys' Eyes Only Technical Material, ~~as decided by the producing party,~~ and shall be produced for inspection only by persons representing the Receiving Party who are entitled to review Information so designated. Within ten business days after the Receiving Party selects the documents it wishes to receive copies of, the Producing Party will designate the documents under the Protective Order and produce them.

21

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-301-KAJ |
| INTEL CORPORATION, | ) ) | (consolidated) |
| Defendant. | ) ) ) | |

**CONFIDENTIALITY AGREEMENT**

I, _____, declare and say that:

1. I live at_____. I am employed as _____[position] by _____ [name and address of employer].

2. I have been given a copy of the Confidentiality Stipulation and Protective Order ("Protective Order") entered in *AmberWave Systems Corporation v. Intel Corporation*, CA No. 05-301-KAJ (D. Del.) (consolidated), and I have read said Protective Order.

3. I hereby promise and agree to be bound by its terms, and promise and agree to maintain, pursuant thereto, the confidentiality of all information furnished to me which has been designated as such under the Protective Order. I understand that these promises are conditions precedent to my receipt of any such information.

30

4. I agree that I will not disclose or discuss such confidential material with anyone other than as consistent with terms of the Protective Order.

5. I understand that any disclosure or use of confidential material in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt.

6. If I ~~review~~receive Confidential Information -- Attorneys' Eyes Only Technical Material, I agree that I will not become substantively involved in the prosecution of patent applications or patents related to semiconductor fabrication and/or design, until one year after issuance of a final, non-appealable or non-appealed judgment in this case, or a settlement of all claims against all parties in this case, unless otherwise approved by this Court or by the Producing Party.

7. I hereby submit to the jurisdiction of the United States District Court for the District of Delaware, for the purpose of enforcing the terms of this Agreement and Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
Signature

_____
Name Typed or Printed

_____
Street Address

_____
City, State, Zip Code

31