# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JACK B. BLUMENFELD
302 351 9291
302 425 3012 FAX
jblumenfeld@mnat.com

May 2, 2006

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 N. King Street
Wilmington, DE  19801

      Re:    <u>AmberWave Systems Corp. v. Intel Corp.</u>, C.A. No. 05-301 (KAJ)

Dear Judge Jordan:

      The parties have been unable to reach agreement on one element of the protective order relating to the provision of materials to prosecution counsel for inclusion in a patent information disclosure statement (commonly referred to as an "IDS").

      When prosecuting a patent, an attorney has the obligation to submit certain types of material, non-cumulative written information to the Patent Office. 37 C.F.R. § 1.56. This is ordinarily done in an IDS. The Patent Office contemplates that information developed in litigation may be an appropriate candidate for inclusion in an IDS. "Such information might arise during litigation in, for example, pleadings, admissions, discovery including interrogatories, depositions, and other documents and testimony." Manual of Patent Examining Procedure (MPEP) § 2001.06(c).[1]

      Before the March 23 conference with the Court, the parties negotiated whether an exception to the prosecution bar would exist for provision of material for an IDS. Intel eventually agreed that litigation counsel would be allowed to provide "material for inclusion in an information disclosure statement," without any requirement that it know the identity of the materials. (Exs. A, B.) Intel has now decided that it will no longer abide by its agreement. In an effort to address Intel's concerns, AmberWave has clarified what materials litigation counsel can

---

[1] The MPEP, published by the United States Patent and Trademark Office, is the manual used by patent examiners to conduct prosecutions.

The Honorable Kent A. Jordan
May 2, 2006
Page 2

submit to prosecution counsel. (Ex. B.) Those materials must satisfy two requirements: (1) they cannot contain any of Intel's confidential information; (2) they must be either a printed publication, a document served or filed in the litigation, or a deposition transcript. These strictures prevent any risk that litigation counsel will be able to provide improper information to patent prosecutors. Indeed, AmberWave has agreed to delay by twenty-one days its disclosure to prosecution counsel of any material generated in the litigation to allow Intel time to designate it as confidential.[2] The result of these provisions is that only documents that Intel has decided contain no confidential information can be provided to prosecution counsel

       This is not sufficient for Intel. Intel also wants to be able to track what non-confidential materials (from the universe of allowed materials) AmberWave selects to provide to prosecution counsel. (Ex. B.) This request blatantly invades the attorney-client privilege. When litigation counsel provides material for possible inclusion in an IDS, it is seeking legal advice from prosecution counsel on behalf of its client—a determination of what information is material and needs to be disclosed, and how this information impacts the patentability of applications. Although the underlying materials presented to prosecution counsel may not themselves be privileged, the selection of what materials a party feels should be considered by its prosecution counsel is privileged. *In re Spalding Sports Worldwide, Inc.*, 203 F. 3d 800, 805-806 (Fed. Cir. 2000) (because a submission of technical information and prior art to prosecution counsel "was prepared and submitted primarily for the purpose of obtaining legal advice of patentability and legal services in preparing a patent application, we conclude that it is privileged in its entirety."); *McCook Metals L.L.C. v. Alcoa Inc.*, 192 F.RD. 242, 252-253 (N.D. Ill. 2000) (accord).

       The end result of Intel's proposal is that it will be able to track what information litigation counsel considers material—*i.e.*, knowledge developed by counsel during the litigation and thus subject to attorney work-product protection. In addition, prosecution counsel may well conclude that not all materials provided by litigation counsel are material, allowing Intel to track the decision-making of prosecution counsel. This is unacceptable given that the patent applications in which disclosures will be made are ones that, when issued, Intel may well infringe. Case law cited in Intel's letter brief makes clear that attorney work-product opinion is subject to the highest possible protection. *In re Cendant Corporation Securities Litigation*, 343 F. 3d 658, 664 (3rd Cir. 2003) ("'mental impressions . . . of an attorney . . . concerning the litigation' . . . [are] generally afforded near absolute protection from discovery."). Of course, what Intel fails to cite is any case suggesting that an inchoate concern about violation of a protective order can justify systematic intrusion into litigation counsel opinions and violation of the attorney-client privilege.

---

[2]     AmberWave requests that the twenty-one day period run from the delivery of an official version of a transcript, not from the date corrections are due on the transcript. Intel has refused to agree to this, allowing it to unreasonably prolong the date on which potentially important material can be provided to the PTO.

The Honorable Kent A. Jordan
May 2, 2006
Page 3

      There is no ambiguity as to the types of materials that litigation counsel can disclose to prosecution counsel for inclusion in an IDS. They all must be approved by Intel as containing only non-confidential information. Intel's request to review the list of non-confidential materials provided to prosecution counsel is premised on the proposition that the only guard against inadvertent release of confidential information is to invade the attorney-client privilege and work-product doctrine. Of course, there are far less intrusive means of guarding against any improper disclosure. For example, the court could appoint a special master to review the materials sent to prosecution counsel. Intel has not proposed this alternative procedure because it simply wants a window into attorney-client communications and attorney work product in order to prepare defenses to pending applications and the patents-in-suit.

      Intel has offered to stipulate that its review of the information provided to prosecution counsel will not constitute a waiver of privilege. This completely misses the point. AmberWave does not want Intel to access information that is protected by the attorney-client privilege and the work-product doctrine. The fact that Intel will agree not to use this information to justify a broader waiver of these protections is irrelevant.

      Respectfully,

      */s/ Jack B. Blumenfeld*

      Jack B. Blumenfeld

cc:    Dr. Peter T. Dalleo, Clerk (By Hand)
       John W. Shaw, Esquire (By Hand)
       George M. Newcombe, Esquire (By Fax)
       David I. Gindler, Esquire (By Fax)