# EXHIBIT A

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

MONTÉ T. SQUIRE
DIRECT DIAL:  302-571-6713
DIRECT FAX:   302-576-3515
msquire@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

March 21, 2006

**By E-Filing**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

> Re: *Intel Corporation v. AmberWave Systems Corporation*
> Civil Action No. 05-301-KAJ Consol.

Dear Judge Jordan:

Intel Corporation ("Intel") respectfully seeks the Court's assistance in resolving an impasse concerning the form of the proposed protective order in the above-captioned dispute between Intel and AmberWave Systems Inc. ("AmberWave").  The parties have been unable to reach agreement on two issues, each of which involves Intel's concern that Amberwave should not be allowed to use confidential Intel information learned in the litigation against Intel in proceedings before the Patent and Trademark Office (PTO).

**Issue 1:      AmberWave's Counsel of Record should not be permitted to prosecute patents in the field of semiconductor device fabrication and/or design.**

AmberWave proposes that its Counsel of Record[1] enjoy the unfettered right to prosecute patents in the field of semiconductor device fabrication and design so long as such individuals do not personally review Intel's confidential materials.  *See* "Confidentiality Stipulation and [Proposed] Order" at Exhibit B, showing AmberWave's proposed language limiting the prosecution bar in subparagraph 6(a) to Counsel of Record who have "reviewed" confidential information.

This prospect deeply concerns Intel – for good reason.  AmberWave is actively and aggressively filing patents and amending pending patent claims that AmberWave intends to read on Intel's products.  One does not need to look far for proof of this.  AmberWave has accused Intel of infringing U.S. Patent Application No. 10/774,890 (the "'890 Application").  *See* AmberWave's letter dated May 10, 2005 to Intel's Chief Executive Officer, attached as Exhibit C.  Indeed, on February 10, 2006, AmberWave served Intel with discovery requests which sought, *inter alia*, "all documents [] that support or contradict . . . any Intel contention that

---

[1]      "Counsel of Record" is defined in subparagraph 4(a) of Intel's "Confidentiality Stipulation and [Proposed] Order," attached as Exhibit A.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-301-KAJ |
| v. | ) | (Consolidated) |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Producing Party shall submit the matter to the Court at the same time as its challenge under subparagraph 6(c)(ii)(A). No disclosure of any information designated as Confidential Information -- Attorneys' Eyes Only Technical Material shall be made to such Independent Advisor until the matter is resolved by written agreement between the parties hereto or by the Court.

d.    Categories 4(d)-(f), or as otherwise approved by this Court or by the Producing Party. No additional restrictions.

7.    For the purposes of this Protective Order:

a. "substantively involved in the prosecution of patents or patent applications" means participation in the drafting of any language that appears in any specification or any claim in a patent application, or preparation of replies to Office Actions, submitted to the United States Patent and Trademark Office or any foreign agency responsible for issuing patents, <u>but shall not mean the provision of material for inclusion in an information disclosure statement to the United States Patent and Trademark Office or any foreign agency responsible for issuing patents;</u> and

b. "patents or patent applications related to semiconductor device fabrication and design" does not include patent applications or

16

# EXHIBIT B

### Intel and AmberWave March 21 Agreed Language

Substantively involved in the prosecution of patents or patent applications . . . shall not

mean the provision of material for inclusion in an information disclosure statement to the

united States Patent and Trademark Office or any foreign agency responsible for issuing

patents.

### AmberWave's Proposal

For the avoidance of doubt, Counsel of Record for the Receiving Party shall be permitted to

submit materials to the Receiving Party's patent prosecution counsel for potential inclusion

in a patent information disclosure statement, so long as the material: (1) does not contain

any Confidential Information of the Producing Party; and (2) is a publication, a document

that has been served or filed in this action, or a deposition transcript generated in this action.

Counsel of Record for the Receiving Party shall not provide copies of any of the materials

described in the preceding sentence until, at least 21 days following the filing or service of

such documents or, in the case of deposition transcripts, the delivery of the final deposition

transcript (but before any corrections are made by the deponent).  The Receiving Party's

prosecution counsel shall not be permitted to receive any material identified in this

subparagraph that is the subject of a dispute about its proper designation until such time as

the Court resolves any dispute regarding the proper designation of such materials.

### Intel's Additional Limitation

Counsel of Record for the Receiving Party shall provide Counsel of Record for the

Producing Party with a complete set of all correspondence, information and/or materials

submitted to prosecution counsel for the Receiving Party pursuant to this subparagraph 7(c).

The parties agree and stipulate that neither Counsel of Record of the Receiving Party nor the

Receiving Party shall be deemed to have waived any claim of privilege to which either is

entitled in this action by providing the correspondence, information and/or material required to be provided to Counsel of Record of the Producing Party pursuant to the preceding sentence.