IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 05-301-KAJ (Consolidated) |
| vs. | ) ) ) | **DEMAND FOR JURY TRIAL** |
| INTEL CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF AMBERWAVE SYSTEMS CORPORATION'S OPENING BRIEF
IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

                Jack B. Blumenfeld (#1014)
                Leslie A. Polizoti (#4299)
                MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                1201 N. Market Street
                P.O. Box 1347
                Wilmington, DE  19899
                (302) 658-9200
                  Attorneys for Plaintiff
                  AmberWave Systems Corporation

OF COUNSEL:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010


June 27, 2006

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| NATURE AND STAGE OF THE PROCEEDING | 1 |
| SUMMARY OF ARGUMENT | 1 |
| FACTUAL BACKGROUND | 2 |
|     I.    TECHNICAL BACKGROUND | 2 |
|     II.   PROCEDURAL BACKGROUND | 4 |
| ARGUMENT | 4 |
|     I.    UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(A), LEAVE TO AMEND SHALL BE FREELY GIVEN | 4 |
|     II.   AMBERWAVE HAS NOT UNDULY DELAYED IN SEEKING LEAVE TO AMEND | 5 |
|     III.  INTEL WOULD NOT SUFFER UNDUE PREJUDICE | 6 |
|     IV.  AMBERWAVE HAS NOT SOUGHT LEAVE TO AMEND IN BAD FAITH | 7 |
| CONCLUSION | 8 |

## TABLE OF CITATIONS

Page(s)

Cases

*CenterForce Techs., Inc. v. Austin Logistics, Inc.*,
    No. 99-243 MMS, 2000 WL 652943 (D. Del. March 10, 2000)    5, 6, 8

*E.I. duPont de Nemours & Co. v. Phillips Petroleum Co.*,
    621 F. Supp. 310 (D. Del. 1985)    5

*Foman v. Davis*,
    371 U.S. 178 (1962)    4

*Micron Tech., Inc. v. Rambus Inc.*,
    409 F. Supp. 2d 552 (D. Del. 2006)    5, 6, 7

*Trueposition, Inc. v. Allen Telecom, Inc.*,
    No. 01-823 GMS, 2002 WL 1558531 (D. Del. July 16, 2002)    4, 5, 7, 8

Rules

Fed. R. Civ. P. 15(a) (2006)    1

## NATURE AND STAGE OF THE PROCEEDING

The parties are engaged in a consolidated proceeding in which AmberWave is suing Intel for infringement of U.S. Patent Nos. 6,831,292 (the "'292 patent"), 6,881,632 (the "'632 patent") and 6,946,371 (the "'371 patent"). AmberWave now seeks to amend its complaint to add a fourth patent, U.S. Patent No. 5,158,907 (the "'907 patent"), which AmberWave very recently acquired the right to assert against Intel. (Sheasby Decl. at ¶ 3 & Exs. A, B.)[1] AmberWave brings this motion for leave to amend its complaint well in advance of the November 3, 2006 deadline set by the Court to move to amend or supplement the pleadings in this case. (D.I. 118.) Moreover, the area of technology of the '907 patent is the same as that of the '292, '632, and '371 patents already in suit. The products that AmberWave accuses of infringing the '907 patent are a subset of those accused of infringing the '292, '632, and '371 patents.

## SUMMARY OF ARGUMENT

AmberWave seeks leave to amend its complaint to assert an additional patent against Intel. AmberWave very recently obtained ownership rights to assert this patent. Under Fed. R. Civ. P. 15(a), leave to amend should be freely granted.

1.  AmberWave has not unduly delayed in seeking leave to amend its complaint to add the '907 patent. Indeed, AmberWave sought leave to amend immediately after acquiring the right to assert the '907 patent against Intel. Furthermore, AmberWave has moved

---

[1] The Declaration of Jason G. Sheasby in Support of Plaintiff AmberWave Systems Corporation's Motion for Leave to Amend Its Complaint is being filed with this brief. Citations to this Declaration are abbreviated as "Sheasby Decl."

to amend its complaint approximately five months before the Court's November 3, 2006 deadline for doing so.

2. Intel would not suffer undue prejudice—or really any prejudice—if the Court were to grant AmberWave's motion to amend its complaint to include the '907 patent. The discovery cut-off date in this case is January 5, 2007, the deadline to file dispositive motions is February 2, 2007, and the trial date is August 20, 2007. All of these deadlines would provide Intel with more than ample time to conduct discovery relating to the '907 patent and to fully formulate its defenses, leaving the schedule set by the Court unaffected. Moreover, the '907 patent involves the same area of technology as the patents already in suit and implicates the same Intel method used to fabricate transistors that is already accused of infringement in this suit. Given this overlap, the parties and the Court would benefit from the efficient resolution of all infringement and damages issues relating to Intel's accused products in one forum and in a single proceeding.

3. AmberWave has not sought leave to amend its complaint in bad faith or with dilatory motive. AmberWave moved to amend as soon as it had the right to assert the '907 patent and well before the Court's deadline to amend.

**FACTUAL BACKGROUND**

**I.     TECHNICAL BACKGROUND**

AmberWave's founder, Professor Gene Fitzgerald, is a pioneer in the field of strained semiconductor materials. "Straining" involves altering the spacing of atoms in semiconductor material. When material such as silicon is "strained," the speed at which electric current moves through the silicon can increase. First at Bell Laboratories, and now at MIT, Dr. Fitzgerald has worked to develop techniques for the practical application of strained

semiconductor materials. He founded AmberWave with his students to commercialize this technology.

The '907 patent, entitled "Method for Making Semiconductor Devices with Low Dislocation Defects," represents the fruits of some of Dr. Fitzgerald's research at Bell Laboratories. It teaches, among other things, techniques for depositing semiconductor materials in a manner that reduces defects. (*See, e.g.,* Sheasby Decl. Ex. A at 1:5-12.)

The '907 patent applies to the same fabrication method already at issue in this lawsuit by virtue of the three existing patents in suit, and will not add any new accused products to the suit. AmberWave is informed that Intel's strained-silicon fabrication is used in at least two different types of semiconductor products—microprocessors and dual-core chips. For the three patents already in suit (the '292, '371, and '632 patents), AmberWave accuses both types of semiconductor products of infringement when made using Intel's strained-silicon fabrication method. For the '907 patent which is the subject of this motion to amend, AmberWave accuses the same Intel strained-silicon fabrication method of infringing, when used in at least Intel's dual core products.

After multiple rounds of corporate spin-offs, a number of patents that resulted from Dr. Fitzgerald's work at Bell Laboratories in the field of strained semiconductor materials (including the '907 patent) ultimately ended up with Agere Systems, Inc. ("Agere"). AmberWave received a license to these patents in 2003. (*See* Sheasby Decl. at ¶ 3 & Ex. B.) AmberWave received ownership rights to assert the '907 patent against Intel on June 26, 2006. (*Id.*)

4.

II. **PROCEDURAL BACKGROUND**

On February 27, 2006, AmberWave filed its Amended and Consolidated Complaint for Patent Infringement, which included claims for infringement against Intel based on the '292 patent, the '632 patent, and the '371 patent. (D.I. 87.) On May 10, 2006, the Court issued a Revised Scheduling Order, giving the parties until November 3, 2006, to seek leave to amend the pleadings. (D.I. 118.) The Court also set January 5, 2007 as the discovery cut-off date, designated February 2, 2007 as the deadline to file dispositive motions, and scheduled trial of this action for August 20-31, 2007. (*Id.*)

**ARGUMENT**

I. **UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(A), LEAVE TO AMEND SHALL BE FREELY GIVEN**

Federal Rule of Civil Procedure 15(a), which provides for leave to amend a pleading, states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a) (2006). *Foman v. Davis*, 371 U.S. 178 (1962), the U.S. Supreme Court's foundational decision on this issue, holds that absent a sufficient reason, "the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.

Courts in this District have followed *Foman*'s instruction. *See, e.g., Trueposition, Inc. v. Allen Telecom, Inc.*, No. 01-823 GMS, 2002 WL 1558531, at *1 (D. Del. July 16, 2002) (citing *Foman*, 371 U.S. at 182) (Sheasby Decl. Ex. C). This Court recently explained that "'[s]ufficient reasons [to deny leave] include undue delay, bad faith or dilatory motive on the part of the movant, [and] undue prejudice to the opposing party . . . .'" *Micron Tech., Inc. v. Rambus Inc.*, 409 F. Supp. 2d 552, 558 (D. Del. 2006) (quoting *CenterForce Techs., Inc. v. Austin Logistics, Inc.*, No. 99-243 MMS, 2000 WL 652943, at *3 (D. Del. March 10, 2000) (Sheasby Decl. Ex. D)).

5.

## II. AMBERWAVE HAS NOT UNDULY DELAYED IN SEEKING LEAVE TO AMEND

AmberWave has not unduly delayed in seeking leave to amend its complaint. Indeed, AmberWave sought to add the '907 patent just after obtaining its ownership interest in the patent. Before receiving such rights on June 26, 2006, AmberWave could not assert the '907 patent against Intel. Given these facts, AmberWave did not unduly delay in seeking to assert the '907 patent against Intel. *See Micron*, 409 F. Supp. 2d at 558 (where patent holder sought to amend pleadings to add new patents which issued after the litigation began and after the court granted a stay of the action, court found that patent holder did not unduly delay in asserting patents); *cf. E.I. duPont de Nemours & Co. v. Phillips Petroleum Co.*, 621 F. Supp. 310, 315 (D. Del. 1985) (in granting patent holder's motion for leave to amend, court explained that a "delay of six months . . . cannot be characterized as 'undue'").

Furthermore, AmberWave sought to amend its complaint well before the deadline set by the Court. AmberWave's motion comes more than four months before the Court's deadline to move to amend or supplement the pleadings. *See Trueposition*, 2002 WL 1558531, at *2 (in granting plaintiff's motion to amend, court considered that plaintiff filed its motion within the court's deadline). In addition, discovery in this action will not end until January 5, 2007, dispositive motions are not due until February 2, 2007, and trial is more than a year away. As in *CenterForce Techs.*, 2000 WL 652943, where the court granted plaintiff CenterForce's motion to amend its complaint to include an additional patent, there is no undue delay when "fact discovery has yet to close and there have been no determinations on the merits." *Id.* at *5 n.4.

Finally, "[d]elay in [and] of itself will not serve as a basis for denying a motion to amend unless the defendant is prejudiced." *Id.* at *4. As discussed below, Intel would not be prejudiced by the grant of AmberWave's motion for leave to amend.

### III.  INTEL WOULD NOT SUFFER UNDUE PREJUDICE

Intel would not suffer undue prejudice if the Court were to allow AmberWave to amend its complaint to include the '907 patent. Because the '907 patent and the three existing patents in suit implicate the same Intel method of transistor fabrication, there would be substantial overlap in discovery between the patents.

This Court has recently allowed a patent holder to amend its pleadings in an analogous situation. In *Micron*, the patent holder sought to add patents involving technology similar to that of the patents already in suit and directed against the same products already in issue. 409 F. Supp. 2d at 558. In granting Rambus leave to amend and supplement its counterclaims to include four additional patents, this Court found no undue prejudice to the opposing party, Micron. *Id.* at 559. Although Micron argued that the need for additional discovery relative to the newly added patents would result in prejudice, the Court found, based on Rambus's representation that the additional patents related to the "same subject matter as the patents-in-suit" and because the infringement claims would be directed at products already in suit, that "Rambus rightly asserts . . . that there will be some overlap with already completed preparation, and the overlap will reduce any prejudice to Micron." *Id.* at 559 & n.2. Other decisions from this District have reached the same decision using the same logic. *See Trueposition*, 2002 WL 1558531, at *2 (given the overlapping technology between the existing and proposed patents, "it would be economically beneficial to the parties to resolve all issues in a single proceeding" and "judicial economy weighs in favor of granting [plaintiff's] motion to amend.")

Here, as in *Micron* and *Trueposition*, the patent that AmberWave seeks to add relates to similar subject matter as the patents already in suit and is directed against some of the same Intel products, resulting in substantial overlap with the facts and arguments implicated by

the other patents. Such overlap only serves to diminish the force of any argument by Intel that it will suffer prejudice. And adding the '907 patent to this case would permit the parties and the Court to efficiently resolve this dispute in one forum and in one consolidated proceeding.

Finally, Intel cannot complain about prejudice due to the timing of AmberWave's motion to amend. In its Revised Scheduling Order, the Court set the discovery cut-off date as January 5, 2007, more than six months from now. This allows more than enough time for the parties to complete whatever additional discovery might be required for the '907 patent. *See Trueposition*, 2002 WL 1558531, at *2 (granting leave to amend, court explained that with five months of discovery remaining, "amendment of the complaint will not deprive [the defendant] Allen of the opportunity to present facts or evidence or otherwise prepare and present its case"). Moreover, the parties have until February 2, 2007 to file dispositive motions and until August 20, 2007 before the start of trial, leaving Intel ample time to formulate and investigate any defenses that it might have relative to the '907 patent.

### IV. AMBERWAVE HAS NOT SOUGHT LEAVE TO AMEND IN BAD FAITH

There is no basis for Intel to accuse AmberWave of bad faith or to contend that AmberWave's motion is brought with dilatory motive. AmberWave acquired the right to assert the '907 patent against Intel on June 26, 2006. (*See* Sheasby Decl. at ¶ 3 & Ex. B.) AmberWave then immediately sought to amend its complaint, well before the Court's November 3, 2006 deadline to move to amend the pleadings. *See Trueposition*, 2002 WL 1558531, at *2 (court explained that because plaintiff "filed its motion to amend in compliance with the May 31 deadline imposed by the court . . . , the court will not deny the motion to amend on the basis of bad faith"). Moreover, having promptly brought its motion for leave to amend and having done so with ample time such that no changes to the scheduling order are necessary, AmberWave has

not sought to delay or hinder the proceedings. *See CenterForce Techs.*, 2000 WL 652943, at *7 (because "there is no evidence to indicate that [the] motion to amend is simply a delaying tactic by CenterForce" and because CenterForce "argued that there is no need to change the current schedule, [and] that very little . . . additional discovery would be necessitated by the additional claims . . . ," the court concluded that CenterForce did not seek amendment in bad faith).

## CONCLUSION

For the foregoing reasons, AmberWave respectfully requests that the Court grant its motion for leave to amend its complaint to include the '907 patent.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


/s/ Jack B. Blumenfeld (#1014)
Jack B. Blumenfeld (No. 1014)
Leslie A. Polizoti (No. 4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  Attorneys for Plaintiff
  AmberWave Systems Corporation

OF COUNSEL

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010

June 27, 2006

## **CERTIFICATE OF SERVICE**

I, Jack B. Blumenfeld (#1014), hereby certify that on June 27, 2006 I electronically filed Plaintiff AmberWave Systems Corporation's Opening Brief in Support of Its Motion for Leave to Amend Its Complaint with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll (#1088)
> Young, Conaway, Stargatt & Taylor, LLP

I also certify that copies were caused to be served on June 27, 2006 upon the following and in the manner indicated:

### **BY HAND**

> Josy W. Ingersoll
> John W. Shaw
> YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899

### **BY EMAIL AND FEDERAL EXPRESS**

> George M. Newcombe
> Jeffrey E. Ostrow
> Patrick E. King
> SIMPSON THACHER & BARTLETT LLP
> 2550 Hanover Street
> Palo Alto, CA 94304

> /s/ Jack B. Blumenfeld (#1014)
> jblumenfeld@mnat.com