IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 05-301-KAJ (Consolidated) |
| vs. | ) ) | |
| INTEL CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF AMBERWAVE SYSTEMS CORPORATION'S NOTICE OF WITHDRAWAL OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

On June 27, 2006, AmberWave sought leave from the Court to amend its complaint in the above-captioned action to add a claim for infringement by Intel of United States Patent No. 5,158,907 (the "'907 patent"). (D.I. 126.) Intel has not yet filed an opposition to this motion. By this paper, AmberWave withdraws its motion to amend. AmberWave no longer seeks leave to amend its complaint to add the '907 patent. AmberWave takes this step based on the following actions by Intel:

First, Intel has informed AmberWave that it does not believe that the '907 patent should be a part of the consolidated action, among other reasons, because AmberWave allegedly unduly delayed in seeking to add the '907 patent, because adding the '907 patent to the consolidated action would prejudice Intel, and because the '907 patent "is almost completely unrelated to the patents in suit."

Second, on July 11, Intel filed an improper declaratory judgment action on AmberWave's United States Patent No. 7,074,655 (the "'655 patent"),[1] making it clear that Intel no longer believes all patent infringement actions between the parties should be a part of the consolidated

---

[1] *Intel Corp. v. AmberWave Systems Corp.*, 06-429 (D. Delaware).

action. On July 8, AmberWave sent a letter to Intel asking whether Intel would oppose a motion to amend to add the '655 patent to the consolidated action when the '655 patent issued. On the morning of July 11, the day the '655 patent issued, lead counsel for Intel informed counsel for AmberWave that he would "respond . . . shortly" to AmberWave's request to meet and confer on the motion to amend. Instead of responding, Intel surreptitiously filed the declaratory judgment action. In explaining its conduct, Intel stated that the '655 patent "should proceed as a separate action . . . with its own scheduling order and trial date[,]" making it clear that Intel believes that there are no benefits to coordinating new patent lawsuits with the consolidated action.

Concurrently with this withdrawal of AmberWave's motion to amend the consolidated action to add the '907 patent, AmberWave has filed a complaint for patent infringement in the Lufkin Division of the Eastern District of Texas alleging that Intel has and continues to infringe the '907 patent. The '907 patent expires in August 2010. AmberWave believes that one of the reasons that Intel sought to avoid adding the '907 patent to the consolidated action was to delay its adjudication as long as possible. A suit in the Lufkin Division in the Eastern District of Texas gives AmberWave the opportunity to obtain a prompt adjudication of its rights under the '907 patent, which is critical given the limited term left on the patent.

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                /s/ Karen Jacobs Louden (#2881)
                Jack B. Blumenfeld (# 1014)
                Karen Jacobs Louden (#2881)
                kjl@efiling
                Leslie A. Polizoti (#4299)
                1201 N. Market Street
                P.O. Box 1347
                Wilmington, DE 19899
                (302) 658-9200
                Attorneys for Plaintiff
                AmberWave Systems Corporation

Of Counsel:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
Tel: (310) 277-1010


July 12, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2006 I electronically filed Plaintiff AmberWave Systems Corporation's Revised Motion for Leave to Amend its Complaint with the Clerk of the Court using CM/ECF, which will send notification of such filing to Josy W. Ingersoll and John W. Shaw.

I further certify that I caused copies of the foregoing document to be served on July 12, 2006 upon the following in the manner indicated:

**BY HAND**

Josy W. Ingersoll
John W. Shaw
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

**BY EMAIL AND FEDERAL EXPRESS**

George M. Newcombe
Jeffrey E. Ostrow
Patrick E. King
Simpson Thacher & Bartlett LLP
2550 Hanover Street
Palo Alto, CA  94304

*/s/  Karen Jacobs Louden*
Karen Jacobs Louden (#2881)
klouden@mnat.com