IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | C.A. No. 05-301-KAJ (consolidated) |
| INTEL CORPORATION, | ) ) | |
| Defendant | ) ) | |

## AMBERWAVE SYSTEMS CORPORATION'S
## FIRST RULE 30(b)(6) DEPOSITION NOTICE

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiff AmberWave Systems Corporation will take the deposition of defendant Intel Corporation on July 21, 2006, beginning at 9:00 a.m. and continuing from day-to-day thereafter (excluding Saturdays, Sundays, and holidays) until completed. The deposition shall take place at the offices of Morris, Nichols, Arsht & Tunnell LLP, Chase Manhattan Centre, 18th Floor, 1201 North Market Street, Wilmington, Delaware 19899. The deposition may be recorded by any means permitted under the Federal Rules of Civil Procedure, including videotaping and stenographic recording.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Intel shall designate one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf as to all matters known or reasonably available to the company with respect to each of the subjects set forth below. Intel is requested to identify each person so designated and to set forth the matters on which that person will testify on or before July 19, 2006.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to the requests listed below:

1.     "INTEL" shall mean Intel Corporation, any subsidiary, division, or subdivision thereof, and any of officers, directors, agents, servants, employees, attorneys, or representatives of any of the foregoing.

2.     "AMBERWAVE" shall mean AmberWave Systems Corporation.

3.     "COMMUNICATION" shall mean any transmission or exchange of information, whether orally or in writing, including without limitation any conversation or discussion by means of letter, note, memorandum, inter-office correspondence, telephone, telegraph, telex, telecopies, cable communicating data processors, electronic mail, or some other electronic or other medium.

4.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.     The singular shall include the plural and vice versa, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

6.     The past tense shall include the present tense and vice versa, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

## SUBJECTS OF TESTIMONY

1.     COMMUNICATIONS by INTEL, or any third party acting at the request of or on behalf of  INTEL, with the United States Patent and Trademark Office ("PTO") concerning AMBERWAVE's United States Patent Application No. 10/854,556, excluding written COMMUNICATIONS that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

2.     COMMUNICATIONS by INTEL, or any third party acting at the request of or on behalf INTEL, with the PTO concerning AMBERWAVE's United States Patent Application No. 10/953,260, excluding written COMMUNICATIONS that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

3.     Communications by INTEL, or any third party acting at the request of or on behalf of INTEL, with the PTO concerning AMBERWAVE, excluding written COMMUNICATIONS that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

4.     The individuals who had COMMUNICATIONS with the PTO concerning the foregoing Topic Nos. 1-3.

5.     COMMUNICATIONS between INTEL, and any third party, concerning the foregoing topics 1-3, or the patent applications listed in topics 1-2.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
  *Attorneys for AmberWave Systems Corporation*

OF COUNSEL:

Morgan Chu
David I. Gindler
Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067


July 14, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2006 I electronically filed AmberWave Systems Corporation's First Rule 30(b)(6) Deposition Notice with the Clerk of the Court using CM/ECF, which will send notification of such filing to Josy W. Ingersoll and John W. Shaw.

I further certify that I caused copies of the foregoing document to be served on July 14, 2006 upon the following in the manner indicated:

### BY HAND & EMAIL

Josy W. Ingersoll
John W. Shaw
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

### BY FACSIMILE & EMAIL

George M. Newcombe
Jeffrey E. Ostrow
Patrick E. King
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com