IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Case No. 05-301-KAJ<br>(Consolidated) |

## <u>NOTICE OF SUBPOENA</u>

PLEASE TAKE NOTICE that the attached subpoena has been served on Agere Systems Inc.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Karen E. Keller*

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6672
kkeller@ycst.com

Attorneys for Intel Corporation

OF COUNSEL

George M. Newcombe
Patrick E. King
Simpson Thacher & Bartlett LLP
2550 Hanover Street
Palo Alto, CA 94304
(650) 251-5030

Dated: July 21, 2006

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

_____ EASTERN _____    DISTRICT OF    _____ PENNSYLVANIA _____

AmberWave Systems Corp.

**V.**

Intel Corp.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  05-301-KAJ (consolidated)
District of Delaware

TO:    Agere Systems Inc.
       1110 American Parkway NE
       Allentown, PA 18109-9138

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Patrick E. King, Simpson Thacher & Bartlett LLP, 2550 Hanover St., Palo Alto, CA 94304 | August 8, 2006 at 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)          Attorney for Defendant | DATE   July 19, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeffrey E. Ostrow
Simpson Thacher & Bartlett LLP, 2550 Hanover St., Palo Alto, CA 94304; (650) 251-5030

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]  If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | July 19, 2006 | Agere Systems Inc.<br>1110 American Parkway NE<br>Allentown, PA 18109-9138 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jean F. Rankin, Esq.<br>General Counsel, Agere Systems Inc. | Federal Express and Facsimile |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Patrick E. King | Associate |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____July 19, 2006____
                    DATE

SIGNATURE OF SERVER

Simpson Thacher & Bartlett LLP

ADDRESS OF SERVER

2550 Hanover St., Palo Alto, CA 94304

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### DEFINITIONS

A.      As used herein, the words "AGERE", "YOU," "YOUR," or "YOURSELF" shall mean or refer to Agere Systems Inc. and all of its parents, related entities, entities or persons controlled by it, predecessors or successors in interest, subsidiaries, affiliates, former and present executives, officers, directors, employees or agents and any person acting or purporting to act on its behalf.

B.      As used herein, the word "AMBERWAVE" shall mean or refer to AmberWave Systems Corporation and all of its parents, related entities, entities or persons controlled by it, predecessors or successors in interest, subsidiaries, affiliates, former and present executives, officers, directors, employees or agents and any person acting or purporting to act on its behalf.

C.      As used herein, the word "INTEL" shall mean or refer to Intel Corporation and all of its parents, related entities, entities or persons controlled by it, predecessors or successors in interest, subsidiaries, affiliates, former and present executives, officers, directors, employees or agents and any person acting or purporting to act on its behalf.

D.      As used herein, the phrase "AGERE/AMBERWAVE LICENSE AGREEMENT" shall be defined as the licensing agreement by and between AMBERWAVE and AGERE dated April 23, 2003, as modified and/or amended.

E.      As used herein, the phrase "AGERE PATENTS" shall be defined as any patent assigned to Agere Systems Inc.

F.      The phrase "'907 PATENT" means United States Patent No. 5,158,907 entitled "*Method For Making Semiconductor Devices With Low Dislocation Defects*."

G.    As used herein, the term "DOCUMENT" shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rules of Evidence Rule 1001 or "document" as used in Federal Rules of Civil Procedure Rule 34. Every draft or non-identical copy of a document is a separate document as that term is used herein.

H.    As used herein, the term "RELATING TO" and "RELATE TO" shall mean having any connection, relation, or reference to and include, by way of example and without limitation, discussing, identifying, containing, showing, evidencing, describing, reflecting, dealing with, regarding, pertaining to, analyzing, evaluating, estimating, constituting, comprising, studying, surveying, projecting, recording, summarizing, assessing, criticizing, reporting, commenting on, referring to in any way, either directly or indirectly, or otherwise involving, in whole or in part.

I.    The term "PERSON" means any natural PERSON, company, corporation, partnership, firm, association, government agency or other organization cognizable at law, and its agents, representatives and employees.

J.    The term "COMMUNICATION" means any transmission of information from one PERSON or entity to another, including without limitation any of the following: (a) any letter, memorandum, or other DOCUMENT; (b) any electronic mail message; (c) any telephone call between two or more PERSONS, whether or not such call was by chance or

prearranged, formal or informal; and (d) any conversation or meeting between two or more PERSONS, whether or not such contact was by chance or prearranged, formal or informal.

      K.     The use of the singular form of any word includes the plural and vice versa.

      L.     The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary in order to bring within the scope of the following requests all information which might otherwise be construed to be outside their scope.

      M.     The term "including" is intended to be comprehensive and means "including, but not limited to"; the term "any" shall mean "any and all" and the term "each" shall mean "each and every."

      N.     Any pronoun shall be construed to refer to the masculine, feminine or neuter gender as in each case is most inclusive.

## INSTRUCTIONS

      The following instructions are an integral part of this subpoena and apply to each and every document set forth herein:

      1.     Each request for DOCUMENTS and THINGS seeks production of the DOCUMENTS and THINGS in their entirety, without abbreviation or expurgation, including all attachments or affixed materials.

      2.     If any DOCUMENT or THING covered by this Request for Production of Documents and Things is withheld in whole or in part by reason of a claim of privilege or any other claim of immunity from discovery, then at the time the DOCUMENT or THING requested is to be produced, a list is to be furnished identifying any such DOCUMENT or THING withheld, together with the following information as to each such DOCUMENT: (1)

the date of each DOCUMENT or THING; (2) the name and job title of each author, writer or

sender of the DOCUMENT; (3) the name and job title of each recipient, addressee or other

PERSON to whom the original or any copy of the DOCUMENT was sent or furnished; (4)

the title of the DOCUMENT; (5) the general subject matter of the DOCUMENT or THING;

(6) the basis for the claim of privilege or immunity from discovery; and (7) the Document

Request to which such DOCUMENT or THING is responsive.

   3. All DOCUMENTS maintained by AGERE in an electronic format should

be produced in their native electronic format, the Concordance/IPRO format, or another

format that allows the DOCUMENTS to be loaded onto a computer and electronically

searched.

   4. If AGERE knows of the existence, past or present, of any DOCUMENT or

THING described in the following requests, but is unable to produce such DOCUMENT or

THING because it is not presently in AGERE's possession, custody or control, please

identify each and every such DOCUMENT or THING, state that it is not presently in

AGERE's possession, custody or control and state what disposition was made of it, by

whom, the date(s) or approximate date(s) on which such disposition was made, why such

disposition was made and identify the PERSON(s) who now has or may have possession,

custody or control of the DOCUMENT or THING.

   5. If any DOCUMENT or THING described in the following requests has

been modified or altered in any way, in whole or in part, please identify each such

DOCUMENT or THING, state how the DOCUMENT or THING was modified or altered,

the PERSON who modified or altered it and why the DOCUMENT or THING was modified

or altered.

## DOCUMENTS REQUESTED

1.    All DOCUMENTS exchanged between AMBERWAVE and YOU RELATING TO INTEL.

2.    All DOCUMENTS RELATED TO any COMMUNICATIONS between AMBERWAVE and YOU RELATING TO INTEL.

3.    All DOCUMENTS exchanged between AMBERWAVE and YOU RELATING TO the '907 PATENT.

4.    All DOCUMENTS RELATED TO any COMMUNICATIONS between AMBERWAVE and YOU RELATING TO the '907 PATENT.

5.    All DOCUMENTS exchanged between AMBERWAVE and YOU RELATING TO any of the AGERE PATENTS other than the '907 PATENT.

6.    All DOCUMENTS RELATED TO any COMMUNICATIONS between AMBERWAVE and YOU RELATING TO any of the AGERE PATENTS other than the '907 PATENT.

7.    All DOCUMENTS exchanged between AMBERWAVE and YOU RELATING TO the AGERE/AMBERWAVE LICENSE AGREEMENT, including all drafts of the AGERE/AMBERWAVE LICENSE AGREEMENT or any part thereof.

8.    All DOCUMENTS RELATED TO any COMMUNICATIONS between AMBERWAVE and YOU RELATING TO the AGERE/AMBERWAVE LICENSE AGREEMENT.

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on July 21, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Leslie A. Polizoti, Esquire
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE  19899-1347

I further certify that on July 21, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY ELECTRONIC MAIL

> David I. Gindler, Esquire
> Christopher A. Vanderlaan, Esquire
> Jason G. Sheasby, Esquire
> Amir Naini, Esquire
> Irell & Manella LLP
> 1800 Avenue of the Stars, Suite 900
> Los Angeles, CA  90067

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Karen E. Keller*

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
kkeller@ycst.com
*Attorneys for Defendant Intel Corporation*