MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

LESLIE A. POLIZOTI
302 351 9415
302 425 3084 FAX
lpolizoti@mnat.com

August 23, 2006

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

    Re: <u>AmberWave Systems Corp. v. Intel Corp., C.A. No. 05-301-KAJ (consolidated)</u>

Dear Judge Jordan:

    We write on behalf of AmberWave Systems Corp. ("AmberWave") concerning the discovery teleconference set for August 25, 2006 at 2:00 p.m.

    AmberWave has served a Rule 30(b)(6) deposition notice (Exh. 1) and a request for production of documents (Exh. 2) that seek information relating to any communications that Intel Corp. ("Intel") may have had with the United States Patent and Trademark Office (the "PTO") concerning AmberWave and two of AmberWave's pending patent applications (specifically, United States Patent Application Nos. 10/854,556 and 10/953,260 (the "'556 and '260 applications," respectively)).

    AmberWave has asserted in this case that Intel has infringed U.S. Patent Nos. 6,831,292, 6,881,632 and 6,946,371 (the "'292, '632, and '371 patents," respectively or the "Patents in Suit," collectively). The '292 and '632 patents relate generally to strained silicon, and the '371 patent relates to transistors with silicon germanium in the source and drain regions. The '260 application is a continuation of the '632 patent, sharing the same specification. The '556 application relates to techniques for designing transistors with silicon germanium semiconductor material, which can be used to create strained silicon.

    The '556 and '260 applications were allowed by the PTO and were ready to issue. Within a span of days, however, the PTO withdrew both applications from issuance, a very unusual occurrence. AmberWave has, for many months, asked Intel to confirm whether it has had communications with the PTO regarding these applications. Intel refused. As a result,

The Honorable Kent A. Jordan
August 23, 2006
Page 2

AmberWave served the discovery that is the subject of this dispute. AmberWave believes that Intel had communications with the PTO regarding these applications, which influenced the PTO to withdraw them from allowance.

Intel has refused to appear for the 30(b)(6) deposition or to produce any documents, arguing that the information sought is not relevant to this litigation (Exhs. 3 and 4). The parties have met and conferred regarding Intel's objections and have been unable to resolve this dispute without the Court's assistance.

Communications by Intel with the PTO regarding AmberWave and the '556 and '260 applications are relevant to this litigation for at least the following reasons:

- The '260 application is a continuation of the '632 patent in suit. It shares the identical specification and technology disclosure. Statements by Intel to the PTO regarding the applicability of any prior art to the '260 application or the patentability of the inventions of that application are therefore relevant to Intel's contentions regarding the '632 patent.

- The '292 and '632 patents relate generally to strained silicon technology, and the '371 patent relates generally to transistors with silicon germanium in their source and drain regions. The '556 application is directed to similar subject matter as the Patents in Suit. Statements by Intel to the PTO regarding the applicability of any prior art to the '556 application or the patentability of the inventions of that application may therefore be relevant to Intel's contentions regarding the Patents in Suit. By way of example, one of the references that formed the basis upon which the PTO withdrew the '556 application from allowance was a patent assigned to Intel – United States Patent No. 6,235,568 (the "'568 patent"). The '568 patent is one of the central pieces of prior art upon which Intel is relying to support its allegation that the '371 patent is invalid. Any Intel statements regarding the '568 patent may be relevant to Intel's contentions regarding the '371 patent.

- Intel's communications with the PTO regarding AmberWave and AmberWave's patent applications are neither confidential nor privileged. Intel has not argued to the contrary.

AmberWave respectfully requests that the Court issue an order requiring Intel to provide discovery on the aforementioned topics.

The Honorable Kent A. Jordan
August 23, 2006
Page 3

      We thank the Court for its attention in this matter.

                          Respectfully,

                          */s/ Leslie A. Polizoti (#4299)*

                          Leslie A. Polizoti

cc:    Dr. Peter T. Dalleo, Clerk (By Hand)
        John W. Shaw, Esquire (By Hand)
        George M. Newcombe, Esquire (By Fax)
        David I. Gindler, Esquire (By Fax)