# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | C.A. No. 05-301-KAJ (consolidated) |
| INTEL CORPORATION, | ) ) | |
| Defendant | ) ) | |

**AMBERWAVE SYSTEMS CORPORATION'S**
**FIRST RULE 30(b)(6) DEPOSITION NOTICE**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiff AmberWave Systems Corporation will take the deposition of defendant Intel Corporation on July 21, 2006, beginning at 9:00 a.m. and continuing from day-to-day thereafter (excluding Saturdays, Sundays, and holidays) until completed. The deposition shall take place at the offices of Morris, Nichols, Arsht & Tunnell LLP, Chase Manhattan Centre, 18th Floor, 1201 North Market Street, Wilmington, Delaware 19899. The deposition may be recorded by any means permitted under the Federal Rules of Civil Procedure, including videotaping and stenographic recording.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Intel shall designate one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf as to all matters known or reasonably available to the company with respect to each of the subjects set forth below. Intel is requested to identify each person so designated and to set forth the matters on which that person will testify on or before July 19, 2006.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to the requests listed below:

1.     "INTEL" shall mean Intel Corporation, any subsidiary, division, or subdivision thereof, and any of officers, directors, agents, servants, employees, attorneys, or representatives of any of the foregoing.

2.     "AMBERWAVE" shall mean AmberWave Systems Corporation.

3.     "COMMUNICATION" shall mean any transmission or exchange of information, whether orally or in writing, including without limitation any conversation or discussion by means of letter, note, memorandum, inter-office correspondence, telephone, telegraph, telex, telecopies, cable communicating data processors, electronic mail, or some other electronic or other medium.

4.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.     The singular shall include the plural and vice versa, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

6.     The past tense shall include the present tense and vice versa, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

## SUBJECTS OF TESTIMONY

1.    COMMUNICATIONS by INTEL, or any third party acting at the request of or on behalf of  INTEL, with the United States Patent and Trademark Office ("PTO") concerning AMBERWAVE's United States Patent Application No. 10/854,556, excluding written COMMUNICATIONS that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

2.    COMMUNICATIONS by INTEL, or any third party acting at the request of or on behalf INTEL, with the PTO concerning AMBERWAVE's United States Patent Application No. 10/953,260, excluding written COMMUNICATIONS that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

3.    Communications by INTEL, or any third party acting at the request of or on behalf of INTEL, with the PTO concerning AMBERWAVE, excluding written COMMUNICATIONS that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

4.    The individuals who had COMMUNICATIONS with the PTO concerning the foregoing Topic Nos. 1-3.

5.    COMMUNICATIONS between INTEL, and any third party, concerning the foregoing topics 1-3, or the patent applications listed in topics 1-2.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
*Attorneys for AmberWave Systems Corporation*

OF COUNSEL:

Morgan Chu
David I. Gindler
Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067

July 14, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2006 I electronically filed AmberWave Systems Corporation's First Rule 30(b)(6) Deposition Notice with the Clerk of the Court using CM/ECF, which will send notification of such filing to Josy W. Ingersoll and John W. Shaw.

I further certify that I caused copies of the foregoing document to be served on July 14, 2006 upon the following in the manner indicated:

### BY HAND & EMAIL

Josy W. Ingersoll
John W. Shaw
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

### BY FACSIMILE & EMAIL

George M. Newcombe
Jeffrey E. Ostrow
Patrick E. King
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AMBERWAVE SYSTEMS CORPORATION, )     Civil Action No. 05-301-KAJ
                                   )     (consolidated)
         Plaintiff,           )
                                     )
      vs.                            )
                                     )
INTEL CORPORATION,             )
                                     )
         Defendant.        )

## AMBERWAVE'S FOURTH SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff AmberWave Systems Corporation requests that Defendant Intel Corporation respond to this request and produce the following documents at the offices of Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067, within thirty (30) days after the date of service hereof.

## DEFINITIONS

1.      "AMBERWAVE" shall mean AmberWave Systems Corporation and any present or former parent, subsidiary, division, subdivision, affiliated company, licensee, predecessor, or successor of AmberWave Systems Corporation, and any of its or their present or former officers, directors, agents, advertising agents, servants, employees, attorneys, representatives, and those persons or corporations in active concert or participation with, or acting or purporting to act on its (or their) behalf.

2.      "INTEL" shall mean Intel Corporation, and any present or former parent, subsidiary, division, subdivision, affiliated company, licensee, predecessor, or successor of Intel Corporation, and any of its or their present or former officers, directors, agents, advertising agents, servants, employees, attorneys, representatives, and those persons or corporations in active concert or participation with, or acting or purporting to act on its (or their) behalf.

3.     "THIRD PARTY" shall mean natural persons, corporations or any other form of business entity including, but not limited to, partnerships, firms, ventures and associations, and shall further include, without limitation, divisions, branches, departments, subsidiaries, directors, officers, owners, members, employees, agents, representatives, attorneys or anyone else purporting to act on the behalf of the person or entity.

4.     "DOCUMENT" and "DOCUMENTS" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Rule 1001 of the Federal Rules of Evidence or "document" as used in Rule 34 of the Federal Rules of Civil Procedure.   Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

5.     "RELATING TO" and "RELATE TO" shall mean having any connection, relation, or reference to and include, by way of example and without limitation, discussing, identifying, containing, showing, evidencing, describing, reflecting, dealing with, regarding, pertaining to, analyzing, evaluating, estimating, constituting, comprising, studying, surveying, projecting, recording, summarizing, assessing, criticizing, reporting, commenting on, referring to in any way, either directly or indirectly, or otherwise involving, in whole or in part. DOCUMENTS and COMMUNICATIONS "relating to" or that "relate(s) to" the subject matter specified in a Document Request include, without limitation, DOCUMENTS and COMMUNICATIONS underlying or supporting, or utilized in the preparation of, any DOCUMENTS or COMMUNICATIONS responsive to each Document Request.

6.     "COMMUNICATION" shall mean any transmission or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation or discussion by means of letter, note, memorandum, inter-office correspondence,

telephone, telegraph, telex, telecopies, cable communicating data processors, e-mail, or some other electronic or other medium.

## INSTRUCTIONS

1.    Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of these demands any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine include the feminine and vice versa.

2.    You are to supplement your responses to this request as the need arises pursuant to Rule 26 of the Federal Rules of Civil Procedure.

3.    If any privilege or immunity from discovery is claimed with respect to any responsive DOCUMENT, the production of which would otherwise be required by this request for DOCUMENTS, state for each:

    (a)    the type of DOCUMENT or COMMUNICATION;

    (b)    the exact name and title of the DOCUMENT;

    (c)    the date(s) of the DOCUMENT or COMMUNICATION;

    (d)    the person(s) who prepared the DOCUMENT or initiated the COMMUNICATION;

    (e)    all persons who received the DOCUMENT or the COMMUNICATION;

    (f)    the reason for non-production of the DOCUMENT or COMMUNICATION or the claim of privilege; and

    (g)    the subject matter of the DOCUMENT or COMMUNICATION.

4.    The DOCUMENTS produced pursuant to these demands must be produced in the same form and in the same order in which they were maintained in the ordinary course of business.    DOCUMENTS are to be produced in the boxes, file folders, bindings or other

- 3 -

containers in which the DOCUMENTS are found.  The title, labels or other descriptions of the boxes, file folders, binders or other containers are to be left intact.

5.     If a copy of a requested DOCUMENT contains comments, markings, or notations not found on a prior or subsequent version, please consider the copy and any prior or subsequent versions as separate DOCUMENTS and produce all of them.

6.     If requested DOCUMENTS are known to have been destroyed, those DOCUMENTS or class of DOCUMENTS are to be identified as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom the requested DOCUMENT was distributed, shown, or explained, date of destruction, person authorizing destruction, and persons destroying the DOCUMENTS.

7.     If a DOCUMENT is responsive to a request for production and is in your control, but is not in your possession or custody, identify the person or persons with possession or custody.

8.     If any DOCUMENT was, but no longer is in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made and why.

9.     For purposes of these requests, a DOCUMENT is deemed to be in your control if any of your directors, shareholders, officers, agents, attorneys, representatives or employees have actual physical possession of the DOCUMENT or a copy thereof or if you have the right to secure the DOCUMENT or a copy thereof from another person or public or private entity having actual physical possession thereof.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 231:

All DOCUMENTS RELATING TO COMMUNICATIONS by INTEL, or any THIRD PARTY acting at the request of or on behalf of INTEL, with the United States Patent and Trademark Office ("PTO") concerning AMBERWAVE's United States Patent Application No. 10/854,556, excluding written COMMUNICATIONS that are part of the public record by reason

1538020                                    - 4 -

of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

**REQUEST NO. 232**:

All DOCUMENTS RELATING TO COMMUNICATIONS by INTEL, or any THIRD PARTY acting at the request of or on behalf INTEL, with the PTO concerning AMBERWAVE's United States Patent Application No. 10/953,260, excluding written COMMUNICATIONS that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

**REQUEST NO. 233**:

All DOCUMENTS RELATING TO COMMUNICATIONS by INTEL, or any THIRD PARTY acting at the request of or on behalf of INTEL, with the PTO concerning AMBERWAVE, excluding written COMMUNICATIONS that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

**REQUEST NO. 234**:

ALL DOCUMENTS RELATING TO COMMUNICATIONS between INTEL, and any THIRD PARTY acting at the request of or on behalf of Intel before the PTO, concerning AMBERWAVE's United States Patent Application No. 10/854,556.

**REQUEST NO. 235**:

ALL DOCUMENTS RELATING TO COMMUNICATIONS between INTEL, and any THIRD PARTY acting at the request of or on behalf of Intel before the PTO, concerning AMBERWAVE's United States Patent Application No. 10/953,260.

**REQUEST NO. 236**:

ALL DOCUMENTS RELATING TO COMMUNICATIONS between INTEL, and any THIRD PARTY acting at the request of or on behalf of Intel before the PTO, concerning AMBERWAVE.

**REQUEST NO. 237**:

ALL DOCUMENTS RELATING TO COMMUNICATIONS between INTEL, and any THIRD PARTY, concerning AMBERWAVE's United States Patent Application No. 10/854,556.

**REQUEST NO. 238**:

ALL DOCUMENTS RELATING TO COMMUNICATIONS between INTEL, and any THIRD PARTY, concerning AMBERWAVE's United States Patent Application No. 10/953,260.

**REQUEST NO. 239**:

ALL DOCUMENTS RELATING COMMUNICATIONS between INTEL, and any THIRD PARTY, concerning AMBERWAVE.

Respectfully submitted,

Morgan Chu
David I. Gindler
Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel: (310) 277-1010

Jack B. Blumenfeld (No. 1014)
Leslie A. Polizoti (No. 4299)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel: (302) 658-9200

Attorneys for Plaintiff
AmberWave Systems Corporation

Dated: July 18, 2006

1538020

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On July 18, 2006, I served the foregoing document described as **AMBERWAVE'S FOURTH SET OF REQUESTS FOR PRODUCTION** on each interested party, as stated on the attached service list.

> [X]    (BY FAX)  I caused the foregoing document to be served by facsimile transmission to each interested party at the facsimile machine telephone number shown above.

> [X]    (BY ELECTRONIC MAIL)  I caused the foregoing document to be served electronically by electronically mailing a true and correct copy through Irell & Manella LLP's electronic mail system to the e-mail address(es), as set forth above, and the transmission was reported as complete and no error was reported.

Executed on July 18, 2006, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

| Andrew D. Weiss | |
| --- | --- |
| (Type or print name) | (Signature) |

1538020                                    - 8 -

## PROOF OF SERVICE MAILING LIST

Via Facsimile & E-Mail:

George M. Newcombe, Esq.
Patrick E. King, Esq.
**Simpson Thacher and Bartlett LLP**
2550 Hanover Street
Palo Alto, California  94304

Facsimile No.: (650) 251-5002
E-mail: gnewcombe@stblaw.com
E-mail: pking@stblaw.com

Via E-Mail:

Nancy Anderson
**Simpson Thacher and Bartlett LLP**
2550 Hanover Street
Palo Alto, California  94304

E-mail: nanderson@stblaw.com

Josy Ingersoll, Esq.
John W. Shaw, Esq.
**Young Conaway Stargatt & Taylor, LLP**
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware  19899

Facsimile No.: (302) 576-3334
E-mail: jingersoll@ycst.com
E-mail: jshaw@ycst.com

David LaRocca, Esq,
**Simpson Thacher and Bartlett LLP**
425 Lexington Avenue
New York, NY  10017-39545

E-mail: dlarocca@stblaw.com

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-301-KAJ |
| | ) | (consolidated) |
| v. | ) | |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTEL CORPORATION'S OBJECTIONS TO AMBERWAVE'S FIRST RULE 30(b)(6) DEPOSITION NOTICE

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Intel Corporation ("Intel"), by their undersigned attorneys, make the following objection to AmberWave Systems Corporation's ("AmberWave") First Rule 30(b)(6) Deposition Notice to Intel (the "Notice"), and the specific subjects contained therein (the "Topics").

## GENERAL OBJECTIONS

Intel incorporates the following General Objections to the Notice of Rule 30(b)(6) Deposition into each and every response set forth below to the Topics contained in the Notice. Intel Corporation does not waive any of these General Objections in response to any specific 30(b)(6) deposition subject propounded. Any specific objection made by Intel Corporation in no respect limits or modifies the General Objections stated herein. Intel Corporation reserves the right to amend or supplement these objections as may be appropriate.

1.      Intel objects to the Notice and to each specific deposition subject contained therein to the extent that it purports to impose obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for

the District of Delaware. Any objections or responses to the Notice by Intel, including the disclosure of any documents, materials or information, are without prejudice to this objection.

   2.   Intel objects to the Notice and to each specific deposition subject contained therein to the extent that they are unduly burdensome, oppressive and/or vexatious.

   3.   Intel further objects to the Notice and to each specific deposition subject contained therein to the extent that they are vague, ambiguous, does not specify the information sought with sufficient particularity, or is not reasonably calculated to lead to the discovery of admissible evidence.

   4.   Intel objects to the Notice and to each specific deposition subject contained therein to the extent that they are overbroad, irrelevant, and/or purport to seek discovery unrelated to the claims or defenses asserted in the above-captioned action.

   5.   Intel objects to the Notice and to each specific deposition subject contained therein to the extent that they seek information that is publicly available, in the possession, custody or control of AmberWave or any person or entity other than Intel, and is equally accessible to AmberWave.

   6.   Intel objects to the Notice and to each specific deposition subject contained therein to the extent that they seek, implicate or could be construed as seeking or implicating identification or disclosure of information protected by the attorney-client privilege, the work-product doctrine and/or other judicially recognized protections or privileges. Any inadvertent disclosure of such information shall not be deemed a waiver of any applicable privilege.

   7.   Intel objects to the Notice and to each specific deposition subject

contained therein to the extent it seeks trade secrets or confidential, financial, or other proprietary information of Intel or third parties. Intel will not provide third party information without the third party's consent.

    8. Intel objects to the definition of "Intel" because it is vague, ambiguous, overbroad and unduly burdensome. The terms "subsidiary," "division," "subdivision," "officers," "directors," "agents," "servants," "employees," "attorneys," and "representatives" are vague, ambiguous, overbroad, unduly burdensome and seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to the term "attorneys" to the extent it calls for information that is privileged by virtue of the attorney-client privilege, the work-product doctrine and/or other judicially recognized protections or privileges.

    9. Intel objects to the definition of "AmberWave" because it is vague, ambiguous, overbroad and unduly burdensome.

    10. Intel objects to the definition of "Communication" because it is vague, ambiguous, overbroad and unduly burdensome.

    11. Intel objects to the Notice and to each specific deposition subject contained therein to the extent that the words and phrases used herein are vague, indefinite, ambiguous, overly broad, and misleading.

<u>**SPECIFIC OBJECTIONS**</u>

    The foregoing General Objections are incorporated in and made a part of each of the following responses. Each response is made without waiver or prejudice to these General Objections and Intel reserves the right to supplement its responses as appropriate.

**TOPIC NO. 1:**

          Communications by Intel, or any third party acting at the request of or on behalf of Intel, with the United States Patent and Trademark Office ("PTO") concerning AmberWave's United States Patent Application No. 10/854,556, excluding written communications that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

**RESPONSE TO TOPIC NO. 1:**

          In addition to the foregoing General Objections, which are incorporated fully by reference herein, Intel Corporation objects to the topic to the extent that it seeks discovery of information not relevant to the subject matter involved in the pending action or the properly asserted claims and defenses of any party. Intel additionally objects to the topic to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects to the topic because the terms "at the request of," "on behalf of," "concerning," and "prosecution file wrapper" are vague, ambiguous, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this topic as not appropriately date-restricted.

          Accordingly, Intel will not designate a witness to be examined about the subjects identified in Topic No. 1.

**TOPIC NO. 2:**

          Communications by Intel, or any third party acting at the request of or on behalf of Intel, with the PTO concerning AmberWave's United States Patent Application No. 10/953,260, excluding written communications that are part of the public record by reason of

being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

## RESPONSE TO TOPIC NO. 2:

In addition to the foregoing General Objections, which are incorporated fully by reference herein, Intel Corporation objects to the topic to the extent that it seeks discovery of information not relevant to the subject matter involved in the pending action or the properly asserted claims and defenses of any party. Intel additionally objects to the topic to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects to the topic because the terms "at the request of," "on behalf of," "concerning," and "prosecution file wrapper" are vague, ambiguous, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel additionally objects to this topic as not appropriately date-restricted.

Accordingly, Intel will not designate a witness to be examined about the subjects identified in Topic No. 2.

## TOPIC NO. 3:

Communications by Intel, or any third party acting at the request of or on behalf of Intel, with the PTO concerning AmberWave, excluding written communications that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

## RESPONSE TO TOPIC NO. 3:

In addition to the foregoing general objections, which are incorporated fully by reference herein, Intel Corporation objects to the request to the extent that it is overly broad, unduly burdensome, does not specify the information sought with sufficient particularity, and

seeks discovery of information not relevant to the subject matter involved in the pending action

or the properly asserted claims and defenses of any party. Intel additionally objects to the topic

to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

Intel further objects to the topic because the terms "at the request of," "on behalf of,"

"concerning," and "prosecution file wrapper" are vague, ambiguous, unduly burdensome and/or

seek information that is not reasonably calculated to lead to the discovery of information relevant

to the claims or defenses of any party. Intel additionally objects to this topic as not appropriately

date-restricted.

  Accordingly, Intel will not designate a witness to be examined about the subjects

identified in Topic No. 3.

## TOPIC NO. 4:

  The individuals who had communications with the PTO concerning the foregoing

Topics Nos. 1-3.

## RESPONSE TO TOPIC NO. 4:

  In addition to the foregoing general objections, which are incorporated fully by

reference herein, Intel Corporation objects to the request to the extent that it is overly broad,

unduly burdensome, does not specify the information sought with sufficient particularity, and

seeks discovery of information not relevant to the subject matter involved in the pending action

or the properly asserted claims and defenses of any party. Intel also incorporates fully by

reference herein the objections set forth to Topics Nos. 1-3. Intel additionally objects to the topic

to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

Intel further objects to the topic because the term "concerning" is vague, ambiguous, unduly

burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel additionally objects to this topic as not appropriately date-restricted.

Accordingly, Intel will not designate a witness to be examined about the subjects identified in Topic No. 4.

## TOPIC NO. 5:

Communications between Intel, and any third party, concerning the foregoing topics 1-3, or the patent applications listed in topics 1-2.

## RESPONSE TO TOPIC NO. 5:

In addition to the foregoing general objections, which are incorporated fully by reference herein, Intel Corporation objects to the request to the extent that it is overly broad, unduly burdensome, does not specify the information sought with sufficient particularity, and seeks discovery of information not relevant to the subject matter involved in the pending action or the properly asserted claims and defenses of any party. Intel also incorporates fully by reference herein the objections set forth to Topics Nos. 1-3. Intel additionally objects to the topic to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects to the topic to the extent it seeks information and/or materials which constitute work product and/or are protected by the attorney-client privilege and any other privileges and/or immunities. Intel additionally objects to the topic because the term "concerning" is vague, ambiguous, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this topic as not appropriately date-restricted.

Accordingly, Intel will not designate a witness to be examined about the subjects identified in Topic No. 5.

Dated: July 20, 2006

As to the Objections:

By: _____

Jeffrey E. Ostrow (admitted *pro hac vice*)
Patrick E. King (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304
(650) 251-5000

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
YOUNG CONAWAY STARGATT &
TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jingersoll@ycst.com

*Attorneys for Defendant*
*INTEL CORPORATION*

## CERTIFICATE OF SERVICE

I, Patrick E. King, hereby certify that on July 20, 2006, I caused to be served copies of

Intel's Objections to AmberWave's First Rule 30(b)(6) Deposition Notice on the following

counsel of record in the manner indicated:

### BY FEDERAL EXPRESS

Jason G. Sheasby, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Jack B. Blumenfeld, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street, P.O. Box 1347
Wilmington, DE 19899-1347

### BY ELECTRONIC MAIL

David I. Gindler, Esq.
Christopher A. Vanderlaan, Esq.
Jason G. Sheasby, Esq.
Amir Naini, Esq.
Irell & Manella LLP
dgindler@irell.com
cvanderlaan@irell.com
jsheasby@irell.com
anaini@irell.com

Jack B. Blumenfeld, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
jblumenfeld@mnat.com
lpolizoti@mnat.com

SIMPSON THACHER & BARTLETT LLP

Patrick E. King (admitted *pro hac vice*)
2550 Hanover Street
Palo Alto, California 94304
(650) 251-5000
pking@stblaw.com

*Attorney for Defendant Intel Corporation*

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-301-KAJ |
| | ) | (consolidated) |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## INTEL'S RESPONSES AND OBJECTIONS TO AMBERWAVE'S FOURTH SET OF

## REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Intel Corporation ("Intel"), through its attorneys Simpson Thacher & Bartlett LLP, hereby objects and responds to AmberWave's Fourth Set of Requests for Production ("Document Requests"), propounded on July 18, 2006 by Plaintiff AmberWave Systems Corporation ("AmberWave"), as follows:

## INTRODUCTION

Intel's responses are based solely on the documents, facts and contentions known and available to Intel at this time.  To the extent that Intel agrees to produce documents in its response, and has identified the responsive documents, Intel will make production on a reasonably convenient date to be agreed upon.  Intel has not completed its investigation of the facts and documents relating to this action and is still undergoing discovery in this action. Because Intel's investigation, research and analysis are ongoing in this case, it is very likely that additional documents, facts or contentions will be disclosed that will add meaning to already known documents, facts or contentions and/or possibly lead to additions or changes to these responses.  Intel reserves its right to amend, modify or supplement the objections and responses

stated herein. Intel further reserves the right to rely on any facts, documents or other evidence that are (i) subsequently discovered; (ii) subsequently determined to be relevant for any purpose; or (iii) subsequently determined to have been omitted from this production. Intel further reserves the right to rely on expert testimony. Documents related to expert testimony, if any, will be produced when expert discovery is exchanged according to the schedule set forth by the Court in its May 10, 2006 Revised Scheduling Order.

## GENERAL OBJECTIONS

Intel incorporates the following General Objections into each response set forth below to the specific requests contained in the Document Requests. Intel does not waive any of these General Objections in response to any specific document request propounded. Any specific objection made by Intel in no respect limits or modifies the General Objections stated herein.

1.     In responding to these Document Requests, Intel fully preserves:

      a.      all objections as to competency, relevancy, materiality and admissibility;

      b.      all rights to object on any grounds to the use of the responses herein or documents produced in any subsequent proceedings, including the trial of this or any actions;

      c.      all objections as to vagueness and ambiguity;

      d.      all rights to object on any grounds to any further document requests or other discovery requests involving or related to the subject matter of the Document Requests; and

      e.      all rights to make objections based upon the attorney-client privilege, the work product privilege and/or other judicially recognized protections or privileges with respect to all information and to each document protected by a privilege.

2.     Intel objects to the Document Requests, and to each individual request contained therein, to the extent they seek information that is not relevant to any Intel product that AmberWave has claimed infringes the patents in suit. Accordingly, for purposes of Intel's objections and responses to these Document Requests, "Accused Products" means the family of microprocessors manufactured on Intel's 90 nm process technology, 65 nm process technology,

and 45 nm process technology.

3.    Intel objects to the Document Requests, and to each individual request contained therein, to the extent they seek information that relates to technology that is not found in any of the Accused Products.

4.    Intel objects to the Document Requests, including the definitions and instructions contained therein, to the extent that they purport to impose on Intel an obligation greater than that provided for by the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure for the District of Delaware.

5.    Intel objects to the Document Requests, and to each individual request contained therein, to the extent that they are unduly burdensome, oppressive and/or vexatious.

6.    Intel objects to the Document Requests, and to each individual request contained therein, to the extent that they are vague, ambiguous or do not specify the information sought with sufficient particularity.

7.    Intel objects to the Document Requests, and to each individual request contained therein, to the extent they seek materials that are not "relevant to the claim or defense of any party" pursuant to Federal Rule of Civil Procedure 26(b)(1).

8.    Intel objects to the Document Requests, and to each individual request contained therein, to the extent that they seek documents and/or information that are publicly available, in the possession, custody or control of AmberWave or any person or entity other than Intel, and are equally accessible by AmberWave.

9.    Intel objects to the Document Requests, and to each individual request contained therein, to the extent that they implicate or could be construed as seeking or implicating identification or disclosure of information protected by the attorney-client privilege, the work-

product doctrine and/or other judicially recognized protections or privileges. Accordingly, where Intel has agreed to produce documents responsive to the Document Requests, Intel will produce only those documents that are non-privileged. In the event that Intel discloses any privileged information, its disclosure is inadvertent and will not constitute waiver of any privilege.

10.     Intel objects to the Document Requests, and to each individual request contained therein, to the extent that they seek the disclosure of information that reflects or discloses trade secrets, other confidential, financial or proprietary information of Intel, or personal information that is protected by constitutional, statutory, common law or privacy rights. Intel will produce relevant, non-privileged documents, if any, pursuant to the confidentiality provisions of the protective order entered by the Court on May 11, 2006 (the "Protective Order"). AmberWave must treat all documents produced and designated by Intel as "Confidential Information," "Confidential Information – Attorneys' Eyes Only Business Material," and/or "Confidential Information – Attorneys' Eyes Only Technical Material" in accordance with the terms of the Protective Order.

11.     Intel objects to the Document Requests, and to each individual request contained therein, to the extent they seek the production of a third party's confidential, trade secret or proprietary information. Intel will not produce such documents without the third party's consent.

12.     Intel objects to the Document Requests, and to each individual request contained therein, to the extent it calls for a legal conclusion by virtue of production. Requests of this nature are improper to the extent the identification of such documents constitutes a legal conclusion privileged under the attorney-client privilege, the work-product doctrine and/or other judicially recognized protection or privilege. Such requests are also improper to the extent

AmberWave seeks to elicit an admission from Intel, by virtue of Intel's production in response to this request, as to the meaning of the terms.

13.    Intel objects to each Document Request calling for Intel to identify "all" documents on the grounds that such requests are overbroad and unduly burdensome. Intel has used reasonable diligence to locate responsive information and documents, if any, based on inquiry of those persons who may reasonably be expected to possess responsive documents.

14.    Intel objects to the Document Requests, and to each individual request contained therein, because they seek documents without date restriction. Intel will produce relevant, non-privileged documents, if any, from the time period identified in the responses to individual requests.

15.    Intel objects to the definition of the term "AmberWave" because it is vague, ambiguous, overbroad and unduly burdensome and because requests made under said definition seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this definition to the extent it imposes a burden on Intel beyond the obligations contained in the Federal Rules of Civil Procedure and/or the Local Rules of Civil Practice and Procedure for the District of Delaware. Intel also objects to the definition of "AmberWave" because the terms "parent," "subsidiary," "division," "subdivision," affiliated company," "licensee," "predecessor," "successor," "officers," "directors," "agents," "advertising agents," "servants," "employees," "attorneys," and "representatives" are vague, ambiguous, overbroad, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to the term "persons or corporations in active concert or participation with, or acting or purporting to act on its (or their) behalf" because it is vague,

ambiguous, overbroad, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party.

16.     Intel objects to the definition of "Intel" because it is vague, ambiguous, overbroad and unduly burdensome (particularly with respect to the use of the word "former" and other references to any other parties or entities over whom Intel does not exercise control) and because requests made under said definition seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this definition to the extent it imposes a burden on Intel beyond the obligations contained in the Federal Rules of Civil Procedure and/or the Local Rules of Civil Practice and Procedure for the District of Delaware. Intel also objects to this definition to the extent it includes attorneys because it calls for information that is privileged, by virtue of the attorney-client privilege, the work-product doctrine and/or other judicially recognized protections or privileges. Intel also objects to the definition of "Intel" because the terms "parent," "subsidiary," "division," "subdivision," affiliated company," "licensee," "predecessor," "successor," "officers," "directors," "agents," "advertising agents," "servants," "employees," "attorneys," and "representatives" are vague, ambiguous, overbroad, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to the term "persons or corporations in active concert or participation with, or acting or purporting to act on its (or their) behalf" because it is vague, ambiguous, overbroad, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party.

17.     Intel objects to the definition of the term "Third Party" because it is vague, ambiguous, overbroad and unduly burdensome and because requests made under said definition

seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this definition to the extent it imposes a burden on Intel beyond the obligations contained in the Federal Rules of Civil Procedure and/or the Local Rules of Civil Practice and Procedure for the District of Delaware. Intel also objects to the definition of "Third Parties" because the terms "natural persons," "corporations," "any other form of business entity," "partnerships," "firms," "ventures," "associations," "divisions," "branches," "departments," "subsidiaries," "directors," "officers," "owners," "members," "employees," "agents," "representatives," and "attorneys" are vague, ambiguous, overbroad, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to the term "anyone else purporting to act on the behalf of a person or entity" because it is vague, ambiguous, overbroad, unduly burdensome and/or seeks information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party.

18.    Intel objects to the definition of "Document" and "Documents" because it is vague, ambiguous, overbroad and unduly burdensome and because requests made under said definition seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this definition to the extent it imposes a burden on Intel beyond the obligations contained in the Federal Rules of Civil Procedure and/or the Local Rules of Civil Practice and Procedure for the District of Delaware. Intel will make its responses in accordance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure for the District of Delaware.

19.     Intel objects to the definition of "Relating To" and "Relate To" because it is vague, ambiguous, overbroad and unduly burdensome and because requests made under said definition seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party.  Intel further objects to this definition because it imposes a burden on Intel beyond the obligations contained in the Federal Rules of Civil Procedure and/or the Local Rules of Civil Practice and Procedure for the District of Delaware.  Intel will make its responses in accordance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure for the District of Delaware.

20.     Intel objects to the definition of "Communication" because it is vague, ambiguous, overbroad and unduly burdensome and because requests made under said definition seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party.  Intel further objects to this definition to the extent it imposes a burden on Intel beyond the obligations contained in the Federal Rules of Civil Procedure and/or the Local Rules of Civil Practice and Procedure for the District of Delaware. Intel also objects to the definition of "Communication" because the terms "transmission," "exchange," "orally," "writing," "conversation," and "discussion" are vague, ambiguous, overbroad, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party.  Intel will make its responses in accordance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure for the District of Delaware.

21.     Intel objects to Instruction 3.  Intel will meet and confer with AmberWave to agree upon the contents of a log identifying documents withheld or redacted on the basis of privilege and the date on which such logs will be exchanged.

22.     Intel objects to Instruction 4 to the extent it seeks to impose a burden on Intel beyond the obligations contained in the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure for the District of Delaware. As such, this instruction is unduly burdensome and oppressive. Intel specifically objects to this request because the instruction calls for documents to be produced in the boxes, file folders, bindings or other containers in which the documents are found and that all titles, labels or other descriptions of the boxes, file folders or other containers be left intact. Intel will make its responses in accordance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure for the District of Delaware.

23.     Intel objects to Instruction 9 to the extent it seeks to impose a burden on Intel beyond the obligations contained in the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure for the District of Delaware. As such, this instruction is unduly burdensome and oppressive. Intel specifically objects because of the extremely broad nature of the instruction. Intel cannot be considered to be in control of documents held by, *inter alia*, shareholders, agents and/or representatives. Intel will make its responses in accordance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure for the District of Delaware.

## SPECIFIC RESPONSES

## DOCUMENT REQUEST NO. 231:

All DOCUMENTS RELATING TO COMMUNICATIONS by INTEL, or any THIRD PARTY acting at the request of or on behalf of INTEL, with the United States Patent and Trademark Office ("PTO") concerning AMBERWAVE's United States Patent Application No. 10/854,556, excluding written COMMUNICATIONS that are part of the

public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

## RESPONSE TO DOCUMENT REQUEST NO. 231:

In addition to the foregoing General Objections, which are incorporated fully by reference herein, Intel objects to this request because it is vague, ambiguous, overbroad, unduly burdensome and/or seeks information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this request to the extent that it seeks discovery of information not relevant to the subject matter involved in the pending action or the properly asserted claims and defenses of any party. Intel additionally objects to this request because the terms "acting" "request of," "on behalf of," "concerning," "public record," submitted," "paper," "filed," "publicly accessible," and "prosecution file wrapper" are vague, ambiguous, overbroad, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this request to the extent that it seeks the disclosure of information that reflects or discloses trade secrets, other confidential, financial or proprietary information of Intel. Intel additionally objects to this request to the extent that it seeks production of a third party's confidential, trade secret or proprietary information. Intel further objects to this request to the extent it seeks information covered by the attorney-client privilege, the work-product doctrine and/or other judicially recognized protections or privileges. Intel additionally objects to this request as not appropriately date-restricted.

## DOCUMENT REQUEST NO. 232:

All DOCUMENTS RELATING TO COMMUNICATIONS by INTEL, or any THIRD PARTY acting at the request of or on behalf INTEL, with the PTO concerning AMBERWAVE's United States Patent Application No. 10/953,260, excluding written

**COMMUNICATIONS that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.**

**RESPONSE TO DOCUMENT REQUEST NO. 232:**

In addition to the foregoing General Objections, which are incorporated fully by reference herein, Intel objects to this request because it is vague, ambiguous, overbroad, unduly burdensome and/or seeks information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this request to the extent that it seeks discovery of information not relevant to the subject matter involved in the pending action or the properly asserted claims and defenses of any party. Intel additionally objects to this request because the terms "acting," "request of," "on behalf of," "concerning," "public record," "submitted," "paper," "filed," "publicly accessible," and "prosecution file wrapper" are vague, ambiguous, overbroad, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this request to the extent that it seeks the disclosure of information that reflects or discloses trade secrets, other confidential, financial or proprietary information of Intel. Intel additionally objects to this request to the extent that it seeks production of a third party's confidential, trade secret or proprietary information. Intel further objects to this request to the extent it seeks information covered by the attorney-client privilege, the work-product doctrine and/or other judicially recognized protections or privileges. Intel additionally objects to this request as not appropriately date-restricted.

**DOCUMENT REQUEST NO. 233:**

All DOCUMENTS RELATING TO COMMUNICATIONS by INTEL, or any THIRD PARTY acting at the request of or on behalf of INTEL, with the PTO concerning AMBERWAVE, excluding written COMMUNICATIONS that are part of the

**public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.**

## RESPONSE TO DOCUMENT REQUEST NO. 233:

In addition to the foregoing General Objections, which are incorporated fully by reference herein, Intel objects to this request because it is vague, ambiguous, overbroad, unduly burdensome and/or seeks information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this request to the extent that it seeks discovery of information not relevant to the subject matter involved in the pending action or the properly asserted claims and defenses of any party. Intel additionally objects to this request because the terms "acting," "request of," "on behalf of," "concerning," "public record," submitted," "paper," "filed," "publicly accessible," and "prosecution file wrapper" are vague, ambiguous, overbroad, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this request to the extent that it seeks the disclosure of information that reflects or discloses trade secrets, other confidential, financial or proprietary information of Intel. Intel additionally objects to this request to the extent that it seeks production of a third party's confidential, trade secret or proprietary information. Intel further objects to this request to the extent it seeks information covered by the attorney-client privilege, the work-product doctrine and/or other judicially recognized protections or privileges. Intel additionally objects to this request as not appropriately date-restricted.

## DOCUMENT REQUEST NO. 234:

All DOCUMENTS RELATING TO COMMUNICATIONS between INTEL, and any THIRD PARTY acting at the request of or on behalf of Intel before the PTO, concerning AMBERWAVE's United States Patent Application No. 10/854,556.

**RESPONSE TO DOCUMENT REQUEST NO. 234:**

        In addition to the foregoing General Objections, which are incorporated fully by reference herein, Intel objects to this request because it is vague, ambiguous, overbroad, unduly burdensome and/or seeks information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this request to the extent that it seeks discovery of information not relevant to the subject matter involved in the pending action or the properly asserted claims and defenses of any party. Intel additionally objects to this request because the terms "acting," "request of," "on behalf of," "before," and "concerning" are vague, ambiguous, overbroad, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this request to the extent that it seeks the disclosure of information that reflects or discloses trade secrets, other confidential, financial or proprietary information of Intel. Intel additionally objects to this request to the extent that it seeks production of a third party's confidential, trade secret or proprietary information. Intel further objects to this request to the extent it seeks information covered by the attorney-client privilege, the work-product doctrine and/or other judicially recognized protections or privileges. Intel additionally objects to this request as not appropriately date-restricted.

**DOCUMENT REQUEST NO. 235:**

        **All DOCUMENTS RELATING TO COMMUNICATIONS between INTEL, and any THIRD PARTY acting at the request of or on behalf of Intel before the PTO, concerning AMBERWAVE's United States Patent Application No. 10/953,260.**

**RESPONSE TO DOCUMENT REQUEST NO. 235:**

        In addition to the foregoing General Objections, which are incorporated fully by reference herein, Intel objects to this request because it is vague, ambiguous, overbroad, unduly

burdensome and/or seeks information that is not reasonably calculated to lead to the discovery of

information relevant to the claims or defenses of any party. Intel further objects to this request to

the extent that it seeks discovery of information not relevant to the subject matter involved in the

pending action or the properly asserted claims and defenses of any party. Intel additionally

objects to this request because the terms "acting," "request of," "on behalf of," "before," and

"concerning" are vague, ambiguous, overbroad, unduly burdensome and/or seek information that

is not reasonably calculated to lead to the discovery of information relevant to the claims or

defenses of any party. Intel further objects to this request to the extent that it seeks the disclosure

of information that reflects or discloses trade secrets, other confidential, financial or proprietary

information of Intel. Intel additionally objects to this request to the extent that it seeks

production of a third party's confidential, trade secret or proprietary information. Intel further

objects to this request to the extent it seeks information covered by the attorney-client privilege,

the work-product doctrine and/or other judicially recognized protections or privileges. Intel

additionally objects to this request as not appropriately date-restricted.

**DOCUMENT REQUEST NO. 236:**

**All DOCUMENTS RELATING TO COMMUNICATIONS between INTEL,
and any THIRD PARTY acting at the request of or on behalf of Intel before the PTO,
concerning AMBERWAVE.**

**RESPONSE TO DOCUMENT REQUEST NO. 236:**

In addition to the foregoing General Objections, which are incorporated fully by

reference herein, Intel objects to this request because it is vague, ambiguous, overbroad, unduly

burdensome and/or seeks information that is not reasonably calculated to lead to the discovery of

information relevant to the claims or defenses of any party. Intel further objects to this request to

the extent that it seeks discovery of information not relevant to the subject matter involved in the

pending action or the properly asserted claims and defenses of any party. Intel additionally objects to this request because the terms "acting," "request of," "on behalf of," "before," and "concerning" are vague, ambiguous, overbroad, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this request to the extent that it seeks the disclosure of information that reflects or discloses trade secrets, other confidential, financial or proprietary information of Intel. Intel additionally objects to this request to the extent that it seeks production of a third party's confidential, trade secret or proprietary information. Intel further objects to this request to the extent it seeks information covered by the attorney-client privilege, the work-product doctrine and/or other judicially recognized protections or privileges. Intel additionally objects to this request as not appropriately date-restricted.

## DOCUMENT REQUEST NO. 237:

All DOCUMENTS RELATING TO COMMUNICATIONS between INTEL, and any THIRD PARTY, concerning AMBERWAVE's United States Patent Application No. 10/854,556.

## RESPONSE TO DOCUMENT REQUEST NO. 237:

In addition to the foregoing General Objections, which are incorporated fully by reference herein, Intel objects to this request because it is vague, ambiguous, overbroad, unduly burdensome and/or seeks information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this request to the extent that it seeks discovery of information not relevant to the subject matter involved in the pending action or the properly asserted claims and defenses of any party. Intel additionally objects to this request because the term "concerning" is vague, ambiguous, overbroad, unduly

burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this request to the extent that it seeks the disclosure of information that reflects or discloses trade secrets, other confidential, financial or proprietary information of Intel. Intel additionally objects to this request to the extent that it seeks production of a third party's confidential, trade secret or proprietary information. Intel further objects to this request to the extent it seeks information covered by the attorney-client privilege, the work-product doctrine and/or other judicially recognized protections or privileges. Intel additionally objects to this request as not appropriately date-restricted.

## DOCUMENT REQUEST NO. 238:

All DOCUMENTS RELATING TO COMMUNICATIONS between INTEL, and any THIRD PARTY, concerning AMBERWAVE's United States Patent Application No. 10/953,260.

## RESPONSE TO DOCUMENT REQUEST NO. 238:

In addition to the foregoing General Objections, which are incorporated fully by reference herein, Intel objects to this request because it is vague, ambiguous, overbroad, unduly burdensome and/or seeks information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this request to the extent that it seeks discovery of information not relevant to the subject matter involved in the pending action or the properly asserted claims and defenses of any party. Intel additionally objects to this request because the term "concerning" is vague, ambiguous, overbroad, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to this request to

the extent that it seeks the disclosure of information that reflects or discloses trade secrets, other

confidential, financial or proprietary information of Intel. Intel additionally objects to this

request to the extent that it seeks production of a third party's confidential, trade secret or

proprietary information. Intel further objects to this request to the extent it seeks information

covered by the attorney-client privilege, the work-product doctrine and/or other judicially

recognized protections or privileges. Intel additionally objects to this request as not

appropriately date-restricted.

Dated: August 17, 2006

Respectfully Submitted,

By: _____

George M. Newcombe (admitted *pro hac vice*)
Patrick E. King (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304
(650) 251-5000

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT &
TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jingersoll@ycst.com

*Attorneys for Defendant Intel Corporation*

## CERTIFICATE OF SERVICE

I, Patrick E. King, hereby certify that on August 17, 2006, I caused to be served copies of Intel's Responses and Objections to AmberWave's Fourth Set of Requests for Production on the following counsel of record in the manner indicated:

### BY FEDERAL EXPRESS
Jason G. Sheasby, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Jack B. Blumenfeld, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street, P.O. Box 1347
Wilmington, DE 19899-1347

### BY ELECTRONIC MAIL
David I. Gindler, Esq.
Christopher A. Vanderlaan, Esq.
Jason G. Sheasby, Esq.
Amir Naini, Esq.
Irell & Manella LLP
dgindler@irell.com
cvanderlaan@irell.com
jsheasby@irell.com
anaini@irell.com

Jack B. Blumenfeld, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
jblumenfeld@mnat.com
lpolizoti@mnat.com

SIMPSON THACHER & BARTLETT LLP

Patrick E. King (admitted *pro hac vice*)
2550 Hanover Street
Palo Alto, California 94304
(650) 251-5000
pking@stblaw.com

*Attorney for Defendant Intel Corporation*