# YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | | | | |
|---|---|---|---|---|
| BEN T. CASTLE | NEILLI MULLEN WALSH | THE BRANDYWINE BUILDING | LISA A. ARMSTRONG | TIMOTHY E. LENGKEEK |
| SHELDON N. SANDLER | JANET Z. CHARLTON | 1000 WEST STREET, 17TH FLOOR | GREGORY J. BABCOCK | ANDREW A. LUNDGREN |
| RICHARD A. LEVINE | ROBERT S. BRADY | WILMINGTON, DELAWARE 19801 | JOSEPH M. BARRY | MATTHEW B. LUNN |
| RICHARD A. ZAPPA | JOEL A. WAITE | | SEAN M. BEACH | JOSEPH A. MALFITANO |
| FREDERICK W. IOBST | BRENT C. SHAFFER | P.O. BOX 391 | DONALD J. BOWMAN, JR. | ADRIA B. MARTINELLI |
| RICHARD H. MORSE | DANIEL P. JOHNSON | WILMINGTON, DELAWARE 19899-0391 | TIMOTHY P. CAIRNS | MICHAEL W. MCDERMOTT |
| DAVID C. MCBRIDE | CRAIG D. GREAR | | KARA HAMMOND COYLE | MARIBETH L. MINELLA |
| JOSEPH M. NICHOLSON | TIMOTHY JAY HOUSEAL | (302) 571-6600 | MARGARET M. DIBIANCA | EDMON L. MORTON |
| CRAIG A. KARSNITZ | MARTIN S. LESSNER | (800) 253-2234 (DE ONLY) | MARY F. DUGAN | D. FON MUTTAMARA-WALKER |
| BARRY M. WILLOUGHBY | PAULINE K. MORGAN | FAX: (302) 571-1253 | ERIN EDWARDS | JENNIFER R. NOEL |
| JOSY W. INGERSOLL | C. BARR FLINN | | KENNETH J. ENOS | ADAM W. POFF |
| ANTHONY G. FLYNN | NATALIE WOLF | | IAN S. FREDERICKS | SETH J. REIDENBERG |
| JEROME K. GROSSMAN | LISA B. GOODMAN | 110 WEST PINE STREET | JAMES J. GALLAGHER | SARA BETH A. REYBURN |
| EUGENE A. DIPRINZIO | JOHN W. SHAW | P.O. BOX 594 | SEAN T. GREECHER | KRISTEN R. SALVATORE (PA ONLY) |
| JAMES L. PATTON, JR. | JAMES P. HUGHES, JR. | GEORGETOWN, DELAWARE 19947 | STEPHANIE L. HANSEN | MICHELE SHERRETTA |
| ROBERT L. THOMAS | EDWIN J. HARRON | (302) 856-3571 | DAWN M. JONES | MONTÉ T. SQUIRE |
| WILLIAM D. JOHNSTON | MICHAEL R. NESTOR | (800) 255-2234 (DE ONLY) | RICHARD S. JULIE | MICHAEL P. STAFFORD |
| TIMOTHY J. SNYDER | MAUREEN D. LUKE | FAX: (302) 856-9338 | KAREN E. KELLER | CHAD S.C. STOVER (SC ONLY) |
| BRUCE L. SILVERSTEIN | ROLIN P. BISSELL | | JENNIFER M. KINKUS | JOHN E. TRACEY |
| WILLIAM W. BOWSER | SCOTT A. HOLT | WWW.YOUNGCONAWAY.COM | EDWARD J. KOSMOWSKI | MARGARET B. WHITEMAN |
| LARRY J. TARABICOS | JOHN T. DORSEY | | JOHN C. KUFFEL | SHARON M. ZIEG |
| RICHARD A. DILIBERTO, JR. | M. BLAKE CLEARY | DIRECT DIAL: (302) 571-6689 | KAREN LANTZ | |
| MELANIE K. SHARP | CHRISTIAN DOUGLAS WRIGHT | DIRECT FAX: (302) 576-3334 | | |
| CASSANDRA F. ROBERTS | DANIELLE GIBBS | jshaw@ycst.com | SPECIAL COUNSEL | SENIOR COUNSEL |
| RICHARD J.A. POPPER | JOHN J. PASCHETTO | | JOHN D. MCLAUGHLIN, JR. | CURTIS J. CROWTHER |
| TERESA A. CHEEK | NORMAN M. POWELL | | ELENA C. NORMAN | |
| | | | KAREN L. PASCALE | OF COUNSEL |
| | | | PATRICIA A. WIDDOSS | BRUCE M. STARGATT |
| | | | | STUART B. YOUNG |
| | | | | EDWARD B. MAXWELL, 2ND |

August 24, 2006

**BY CM/ECF AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court
844 North King Street
Wilmington, DE 19801

> RE:   <u>AmberWave v. Intel</u>, C.A. No. 05-301 (KAJ) (consolidated)

Dear Judge Jordan:

      Intel Corporation ("Intel") respectfully submits this letter opposing the request by AmberWave Systems Inc. ("AmberWave") for discovery on communications about patents and patent applications not in suit.

      The actions currently pending before this Court involve only four of AmberWave's portfolio of more than 130 patents and patent applications. AmberWave's Rule 30(b)(6) deposition notice and the Fourth Set of Requests for Production of Documents (collectively, the "Discovery Requests") do not relate to the patents-in-suit but rather to two of those pending applications and communications between Intel and the PTO generally. Purportedly to find out why the Patent Office withdrew its allowance of those two applications, AmberWave improperly seeks to invoke the discovery processes of this Court to collect information relating to Intel's activities before the PTO and to inject this Court into all of AmberWave's pending PTO proceedings. Not only is this discovery irrelevant to any issue concerning the four patents currently before this Court, it is wholly unnecessary.

      AmberWave has full access on an *ex parte* basis to the PTO Examiners assigned to AmberWave's pending patent applications. Moreover, the latest Office Actions issued by the PTO in these two cases indicate that the applications were withdrawn from issuance because the

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
August 24, 2006
Page 2

PTO had discovered additional prior art that anticipates and/or renders obvious the previously-allowed applications. If AmberWave wants to know additional details as to why the PTO Examiners decided to withdraw these notices of allowance, it can simply ask them. There is absolutely no need to inject this Court into such collateral issues and no need to bog down discovery over unrelated and unresolved PTO proceedings.

AmberWave's proposed discovery is not, as its letter intimates, limited to the two patent applications rejected by the PTO. AmberWave's Discovery Requests are much broader. AmberWave seeks to depose Intel regarding all "[c]ommunications by Intel . . . with the PTO concerning AmberWave. . . ." Rule 30(b)(6) Deposition Notice, attached as Exhibit A, at p. 3. AmberWave demands that Intel produce "all documents relating to communications by Intel . . . with the PTO concerning AmberWave. . . ." AmberWave's Fourth Set of Requests for Production, attached as Exhibit B, at p. 5. These broad requests are in no way limited to the rejected applications and AmberWave does not even try to justify their relevance. Yet the relief that AmberWave seeks is "an order requiring Intel to provide discovery on the aforementioned topics" – without limitation. AmberWave's requests for such broad discovery should be denied for that reason alone.

Even AmberWave's after-the-fact rationalization for more limited discovery (relating only to the two applications) demonstrates the purely speculative nature of any claim of relevance to the four specific patents at issue in the cases pending before this Court. AmberWave argues that statements Intel *might have* made to the PTO "regarding the applicability of any prior art" to the two applications or "the patentability of the inventions" of those applications *might be* inconsistent with contentions Intel is making in this suit and, thus, *may possibly* be relevant. AmberWave, however, makes no showing that the claim language in the rejected applications is similar to the claims in the patents-in-suit and, thus, no showing that that AmberWave has any need to know what Intel might have said about the prior art. That is simply not a sufficient showing of necessity to justify discovery that on its face is unrelated to the patents at issue in this proceeding. *Cf. Standard Chlorine of Del., Inc., v. Sinibaldi*, 821 F. Supp. 232, 258 (D. Del. 1992) ("[T]he parties moving to compel discovery of these documents, have failed to fulfill their burden of showing the permissibility and relevance of these extremely broad discovery requests.").

Moreover, consider where such discovery would lead. The same rationale AmberWave puts forward would justify Intel seeking discovery of every contact that AmberWave may have had with the PTO concerning its entire portfolio of patents and patent applications of broadly related technology in the hope that somewhere in those proceedings AmberWave may have said something that may possibly be relevant to this action. The burden and expense such discovery would impose on the parties, and on the Court in ruling on numerous discovery disputes that would likely flow from it, outweighs whatever speculative benefit such

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Kent A. Jordan
August 24, 2006
Page 3

discovery might peripherally provide in developing the claims and defenses of the parties to the action. *See* Fed.R.Civ.P. 26(b)(2)(iii).[1]

In addition, the requested discovery presents a potentially pernicious circumvention of the PTO's ability to control its own proceedings and, in particular, the confidentiality of its communications with inventors. By statute, the PTO is obligated to protect the confidentiality of certain communications by act of Congress. *See* 35 U.S.C. § 122 (confidential status of applications); *see also* 37 C.F.R. § 1.14 (patent applications preserved in confidence). In balancing the "competing policy and litigation risks" that arise when one party seeks to intrude on the confidential processes of the PTO, *Ideal Toy Corp. v. Tyco Industries, Inc.*, 478 F. Supp. 1191, 1193 (D. Del. 1979), courts have imposed a heightened relevancy standard. *See Fischer Imaging Corp. v. Lorad Corp.*, 148 F.R.D. 273, 274 (D. Col. 1993) ("the courts have uniformly recognized that a heightened relevancy standard must be applied to patent applications and materials related thereto"). Here, AmberWave fails to show that the information it seeks is relevant by *any* standard.

For the foregoing reasons, Intel respectfully submits that the Court should deny AmberWave's request to conduct discovery concerning Intel's communications with the PTO and/or any documents related to such communications.

Respectfully submitted,

John W. Shaw (No. 3362)

cc: Peter T. Dalleo, Clerk (By CM/ECF)
    Jack B. Blumenfeld (By Hand Delivery and CM/ECF)

Attachments

---

[1] Nor is this the first time AmberWave has pursued discovery unrelated to the patents asserted in this action. AmberWave previously subpoenaed third party Agere Systems, Inc. for all documents relating to nine foreign and U.S. patents owned by Agere. AmberWave's Notice of Subpoena to Agere Systems, Inc., attached as Exhibit C. AmberWave recently sued Intel in Texas on one of the patents identified in the subpoena, U.S. Patent No. 5,158,907. This past Monday, Intel filed a motion to transfer that case to this Court under the first-to-file rule. *See* Motion to Transfer Texas Action to this Court, attached as Exhibit D.