# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | C.A. No. 05-301-KAJ (consolidated) |
| INTEL CORPORATION, | ) ) | |
| Defendant | ) ) | |

**AMBERWAVE SYSTEMS CORPORATION'S**
**FIRST RULE 30(b)(6) DEPOSITION NOTICE**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiff AmberWave Systems Corporation will take the deposition of defendant Intel Corporation on July 21, 2006, beginning at 9:00 a.m. and continuing from day-to-day thereafter (excluding Saturdays, Sundays, and holidays) until completed. The deposition shall take place at the offices of Morris, Nichols, Arsht & Tunnell LLP, Chase Manhattan Centre, 18th Floor, 1201 North Market Street, Wilmington, Delaware 19899. The deposition may be recorded by any means permitted under the Federal Rules of Civil Procedure, including videotaping and stenographic recording.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Intel shall designate one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf as to all matters known or reasonably available to the company with respect to each of the subjects set forth below. Intel is requested to identify each person so designated and to set forth the matters on which that person will testify on or before July 19, 2006.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to the requests listed below:

1.    "INTEL" shall mean Intel Corporation, any subsidiary, division, or subdivision thereof, and any of officers, directors, agents, servants, employees, attorneys, or representatives of any of the foregoing.

2.    "AMBERWAVE" shall mean AmberWave Systems Corporation.

3.    "COMMUNICATION" shall mean any transmission or exchange of information, whether orally or in writing, including without limitation any conversation or discussion by means of letter, note, memorandum, inter-office correspondence, telephone, telegraph, telex, telecopies, cable communicating data processors, electronic mail, or some other electronic or other medium.

4.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.    The singular shall include the plural and vice versa, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

6.    The past tense shall include the present tense and vice versa, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

- 2 -

## SUBJECTS OF TESTIMONY

1.    COMMUNICATIONS by INTEL, or any third party acting at the request of or on behalf of  INTEL, with the United States Patent and Trademark Office ("PTO") concerning AMBERWAVE's United States Patent Application No. 10/854,556, excluding written COMMUNICATIONS that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

2.    COMMUNICATIONS by INTEL, or any third party acting at the request of or on behalf INTEL, with the PTO concerning AMBERWAVE's United States Patent Application No. 10/953,260, excluding written COMMUNICATIONS that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

3.    Communications by INTEL, or any third party acting at the request of or on behalf of INTEL, with the PTO concerning AMBERWAVE, excluding written COMMUNICATIONS that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

4.    The individuals who had COMMUNICATIONS with the PTO concerning the foregoing Topic Nos. 1-3.

5.    COMMUNICATIONS between INTEL, and any third party, concerning the foregoing topics 1-3, or the patent applications listed in topics 1-2.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
  *Attorneys for AmberWave Systems Corporation*

OF COUNSEL:

Morgan Chu
David I. Gindler
Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067


July 14, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2006 I electronically filed AmberWave Systems Corporation's First Rule 30(b)(6) Deposition Notice with the Clerk of the Court using CM/ECF, which will send notification of such filing to Josy W. Ingersoll and John W. Shaw.

I further certify that I caused copies of the foregoing document to be served on July 14, 2006 upon the following in the manner indicated:

### BY HAND & EMAIL

Josy W. Ingersoll
John W. Shaw
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

### BY FACSIMILE & EMAIL

George M. Newcombe
Jeffrey E. Ostrow
Patrick E. King
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, ) | Civil Action No. 05-301-KAJ |
| ) | (consolidated) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| INTEL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## AMBERWAVE'S FOURTH SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff AmberWave Systems Corporation requests that Defendant Intel Corporation respond to this request and produce the following documents at the offices of Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067, within thirty (30) days after the date of service hereof.

### DEFINITIONS

1.    "AMBERWAVE" shall mean AmberWave Systems Corporation and any present or former parent, subsidiary, division, subdivision, affiliated company, licensee, predecessor, or successor of AmberWave Systems Corporation, and any of its or their present or former officers, directors, agents, advertising agents, servants, employees, attorneys, representatives, and those persons or corporations in active concert or participation with, or acting or purporting to act on its (or their) behalf.

2.    "INTEL" shall mean Intel Corporation, and any present or former parent, subsidiary, division, subdivision, affiliated company, licensee, predecessor, or successor of Intel Corporation, and any of its or their present or former officers, directors, agents, advertising agents, servants, employees, attorneys, representatives, and those persons or corporations in active concert or participation with, or acting or purporting to act on its (or their) behalf.

1538020

3.     "THIRD PARTY" shall mean natural persons, corporations or any other form of business entity including, but not limited to, partnerships, firms, ventures and associations, and shall further include, without limitation, divisions, branches, departments, subsidiaries, directors, officers, owners, members, employees, agents, representatives, attorneys or anyone else purporting to act on the behalf of the person or entity.

4.     "DOCUMENT" and "DOCUMENTS" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Rule 1001 of the Federal Rules of Evidence or "document" as used in Rule 34 of the Federal Rules of Civil Procedure.     Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

5.     "RELATING TO" and "RELATE TO" shall mean having any connection, relation, or reference to and include, by way of example and without limitation, discussing, identifying, containing, showing, evidencing, describing, reflecting, dealing with, regarding, pertaining to, analyzing, evaluating, estimating, constituting, comprising, studying, surveying, projecting, recording, summarizing, assessing, criticizing, reporting, commenting on, referring to in any way, either directly or indirectly, or otherwise involving, in whole or in part. DOCUMENTS and COMMUNICATIONS "relating to" or that "relate(s) to" the subject matter specified in a Document Request include, without limitation, DOCUMENTS and COMMUNICATIONS underlying or supporting, or utilized in the preparation of, any DOCUMENTS or COMMUNICATIONS responsive to each Document Request.

6.     "COMMUNICATION" shall mean any transmission or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation or discussion by means of letter, note, memorandum, inter-office correspondence,

telephone, telegraph, telex, telecopies, cable communicating data processors, e-mail, or some other electronic or other medium.

## INSTRUCTIONS

1.    Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of these demands any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine include the feminine and vice versa.

2.    You are to supplement your responses to this request as the need arises pursuant to Rule 26 of the Federal Rules of Civil Procedure.

3.    If any privilege or immunity from discovery is claimed with respect to any responsive DOCUMENT, the production of which would otherwise be required by this request for DOCUMENTS, state for each:

(a)    the type of DOCUMENT or COMMUNICATION;

(b)    the exact name and title of the DOCUMENT;

(c)    the date(s) of the DOCUMENT or COMMUNICATION;

(d)    the person(s) who prepared the DOCUMENT or initiated the COMMUNICATION;

(e)    all persons who received the DOCUMENT or the COMMUNICATION;

(f)    the reason for non-production of the DOCUMENT or COMMUNICATION or the claim of privilege; and

(g)    the subject matter of the DOCUMENT or COMMUNICATION.

4.    The DOCUMENTS produced pursuant to these demands must be produced in the same form and in the same order in which they were maintained in the ordinary course of business. DOCUMENTS are to be produced in the boxes, file folders, bindings or other

1538020                                    -3-

containers in which the DOCUMENTS are found. The title, labels or other descriptions of the boxes, file folders, binders or other containers are to be left intact.

5.    If a copy of a requested DOCUMENT contains comments, markings, or notations not found on a prior or subsequent version, please consider the copy and any prior or subsequent versions as separate DOCUMENTS and produce all of them.

6.    If requested DOCUMENTS are known to have been destroyed, those DOCUMENTS or class of DOCUMENTS are to be identified as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom the requested DOCUMENT was distributed, shown, or explained, date of destruction, person authorizing destruction, and persons destroying the DOCUMENTS.

7.    If a DOCUMENT is responsive to a request for production and is in your control, but is not in your possession or custody, identify the person or persons with possession or custody.

8.    If any DOCUMENT was, but no longer is in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made and why.

9.    For purposes of these requests, a DOCUMENT is deemed to be in your control if any of your directors, shareholders, officers, agents, attorneys, representatives or employees have actual physical possession of the DOCUMENT or a copy thereof or if you have the right to secure the DOCUMENT or a copy thereof from another person or public or private entity having actual physical possession thereof.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 231:**

All DOCUMENTS RELATING TO COMMUNICATIONS by INTEL, or any THIRD PARTY acting at the request of or on behalf of INTEL, with the United States Patent and Trademark Office ("PTO") concerning AMBERWAVE's United States Patent Application No. 10/854,556, excluding written COMMUNICATIONS that are part of the public record by reason

of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

**REQUEST NO. 232:**

All DOCUMENTS RELATING TO COMMUNICATIONS by INTEL, or any THIRD PARTY acting at the request of or on behalf INTEL, with the PTO concerning AMBERWAVE's United States Patent Application No. 10/953,260, excluding written COMMUNICATIONS that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

**REQUEST NO. 233:**

All DOCUMENTS RELATING TO COMMUNICATIONS by INTEL, or any THIRD PARTY acting at the request of or on behalf of INTEL, with the PTO concerning AMBERWAVE, excluding written COMMUNICATIONS that are part of the public record by reason of being submitted in a paper filed with the PTO in a publicly accessible prosecution file wrapper.

**REQUEST NO. 234:**

ALL DOCUMENTS RELATING TO COMMUNICATIONS between INTEL, and any THIRD PARTY acting at the request of or on behalf of Intel before the PTO, concerning AMBERWAVE's United States Patent Application No. 10/854,556.

**REQUEST NO. 235:**

ALL DOCUMENTS RELATING TO COMMUNICATIONS between INTEL, and any THIRD PARTY acting at the request of or on behalf of Intel before the PTO, concerning AMBERWAVE's United States Patent Application No. 10/953,260.

**REQUEST NO. 236:**

ALL DOCUMENTS RELATING TO COMMUNICATIONS between INTEL, and any THIRD PARTY acting at the request of or on behalf of Intel before the PTO, concerning AMBERWAVE.

**REQUEST NO. 237:**

ALL DOCUMENTS RELATING TO COMMUNICATIONS between INTEL, and any THIRD PARTY, concerning AMBERWAVE's United States Patent Application No. 10/854,556.

**REQUEST NO. 238:**

ALL DOCUMENTS RELATING TO COMMUNICATIONS between INTEL, and any THIRD PARTY, concerning AMBERWAVE's United States Patent Application No. 10/953,260.

**REQUEST NO. 239:**

ALL DOCUMENTS RELATING COMMUNICATIONS between INTEL, and any THIRD PARTY, concerning AMBERWAVE.

Respectfully submitted,

Morgan Chu
David I. Gindler
Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel: (310) 277-1010

Jack B. Blumenfeld (No. 1014)
Leslie A. Polizoti (No. 4299)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel: (302) 658-9200

Attorneys for Plaintiff
AmberWave Systems Corporation

Dated: July 18, 2006

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On July 18, 2006, I served the foregoing document described as **AMBERWAVE'S FOURTH SET OF REQUESTS FOR PRODUCTION** on each interested party, as stated on the attached service list.

|X|      (BY FAX) I caused the foregoing document to be served by facsimile transmission to each interested party at the facsimile machine telephone number shown above.

|X|      (BY ELECTRONIC MAIL) I caused the foregoing document to be served electronically by electronically mailing a true and correct copy through Irell & Manella LLP's electronic mail system to the e-mail address(es), as set forth above, and the transmission was reported as complete and no error was reported.

Executed on July 18, 2006, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.


_____     _____
        Andrew D. Weiss
      (Type or print name)                (Signature)

## PROOF OF SERVICE MAILING LIST

Via Facsimile & E-Mail:

George M. Newcombe, Esq.
Patrick E. King, Esq.
**Simpson Thacher and Bartlett LLP**
2550 Hanover Street
Palo Alto, California  94304

Facsimile No.: (650) 251-5002
E-mail: gnewcombe@stblaw.com
E-mail: pking@stblaw.com

Via E-Mail:

Nancy Anderson
**Simpson Thacher and Bartlett LLP**
2550 Hanover Street
Palo Alto, California  94304

E-mail: nanderson@stblaw.com

Josy Ingersoll, Esq.
John W. Shaw, Esq.
**Young Conaway Stargatt & Taylor, LLP**
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware  19899

Facsimile No.: (302) 576-3334
E-mail: jingersoll@ycst.com
E-mail: jshaw@ycst.com

David LaRocca, Esq,
**Simpson Thacher and Bartlett LLP**
425 Lexington Avenue
New York, NY  10017-39545

E-mail: dlarocca@stblaw.com

1538020

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTEL CORPORATION, )
)
    Plaintiff/Counterclaim-defendant )
)
             v. )    Civil Action No. 05-301-KAJ
)
AMBERWAVE SYSTEMS )
CORPORATION, )
)
    Defendant/Counterclaim-plaintiff )

## NOTICE OF SUBPOENA TO AGERE SYSTEMS, INC.

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure Defendant and Counterclaim-plaintiff Amberwave Systems Corporation will serve the

attached subpoena duces tecum on Agere Systems, Inc.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Leslie A. Polizoti
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel: (302) 658-9200
lpolizoti@mnat.com
Attorneys for Defendant and Counterclaim Plaintiff
AmberWave Systems Corporation

OF COUNSEL:
Morgan Chu
David I. Gindler
Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel: (310) 277-1010

## CERTIFICATE OF SERVICE

I, Leslie A. Polizoti, hereby certify that on September 16, 2005 I electronically

filed the Notice of Subpoena to Agere Systems, Inc. with the Clerk of the Court using CM/ECF,

which will send notification of such filing(s) to the following:

> Josy W. Ingersoll (#1088)
> Young, Conaway, Stargatt & Taylor, LLP

I also certify that copies were caused to be served on September 16, 2005 upon

the following in the manner indicated:

### BY HAND

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

### BY FEDERAL EXPRESS

George M. Newcombe
Simpson Thacher & Bartlett LLP
300 Hillview Avenue
Palo Alto, CA 94304

/s/    Leslie A. Polizoti (#4299)
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
lpolizoti@mnat.com

454672

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

__Eastern__    DISTRICT OF __Pennsylvania__

Intel Corporation

### SUBPOENA IN A CIVIL CASE

v.

Amberwave Systems Corporation

Case Number: [1] 05-301-KAJ
(District of Delaware)

TO: Agere Systems, Inc.
    1110 American Parkway NE. Allentown, Pennsylvania 18109.   (610) 712 1000
    Att: Jean F. Rankin (General Counsel)

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Legal Beagles, Attn:  Craig Baker<br>2215 Arch Street, Philadelphia, PA 19103<br>Tel: (215) 751-0880 | September 30, 2005,<br>5:00 PM EST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | September 16 2005 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

Leslie Polizoti, Morris Nichols Arsht & Tunnell, 1201 N. Market St, Wilmington DE
(302) 658-9200

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | | PLACE |
|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.    "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rules of Evidence Rule 1001 or "document" as used in Federal Rules of Civil Procedure Rule 34. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

2.    "RELATING TO" and "RELATE TO" shall mean having any connection, relation, or reference to and include, by way of example and without limitation, discussing, identifying, containing, showing, evidencing, describing, reflecting, dealing with, regarding, pertaining to, analyzing, evaluating, estimating, constituting, comprising, studying, surveying, projecting, recording, summarizing, assessing, criticizing, reporting, commenting on, referring to in any way, either directly or indirectly, or otherwise involving, in whole or in part.

## REQUESTS

**REQUEST NO. 1:**

All DOCUMENTS RELATING TO the Patent License Agreement between Agere Systems Inc. and AmberWave Systems Corporation, dated April 23, 2003, as amended.

**REQUEST NO. 2:**

All DOCUMENTS RELATING TO: United States Patent Nos. 5,158,907, 5,221,413, 5,285,086, 5,308,444, 5,442,205; Japan Patent Nos. 2813080 and 2792785; France Patent No. 0469790; and Great Britain Patent No. 0469790.

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **AMBERWAVE SYSTEMS CORPORATION,** | § § § | |
| *Plaintiff,* | § § | Civil Action No. 9-06CV-157 [RHC] |
| v. | § § | **DEMAND FOR JURY TRIAL** |
| **INTEL CORPORATION,** | § § § | |
| *Defendant.* | § | |

## INTEL'S MOTION TO TRANSFER ACTION TO EARLIER-FILED LITIGATION PENDING IN THE DISTRICT OF DELAWARE

This is AmberWave's third attempt to sue Intel in the Eastern District of Texas on

claims that it should have brought before the Judge Kent Jordan in the District of Delaware.

AmberWave's first attempt was rejected by Judge Leonard Davis, who found that the case before

him shared core issues—the same parties, products, and technology—with an earlier-filed

Delaware litigation before Judge Jordan.  Applying the first-to-file rule, Judge Davis properly

transferred that case to Delaware.  AmberWave fared no better in its second attempt.  Judge

Jordan found that the action before him in Delaware and AmberWave's second Texas lawsuit

involved overlapping issues—the same parties, products, and technology—and held that the

overlapping disputes should be resolved before him in the First-Filed Action in Delaware.

Now, AmberWave is back in the Eastern District of Texas for a third time with

claims that involve *the same parties, products, and technology* that are before Judge Jordan in a

pair of earlier-filed cases involving four AmberWave patents.  Indeed, AmberWave recognized

these facts in a June 2006 motion to add the '907 patent to the ***First-Filed Action in Delaware***.

Intel indicated that it would oppose that motion because, at that time, AmberWave did not have

standing to assert the '907 patent as a result of fatal defects in a patent assignment document AmberWave hastily executed with Agere Systems, Inc. ("Agere") the day before bringing the motion to amend. Before Intel even had the chance to express fully and formally its position on the motion to amend in a responsive pleading, AmberWave seized on Intel's stated opposition to the motion as a pretext for withdrawing that motion and filing this lawsuit against Intel in the Eastern District of Texas. Intel's original objection to AmberWave's motion to amend was proven meritorious when AmberWave and Agere executed a second assignment of the '907 patent a month later.

The first-to-file rule requires that this action be transferred the District of Delaware. This time, it is **_undisputed_** that AmberWave's assertion of the '907 patent in this case will substantially overlap with the earlier-filed Delaware litigation and that it would be more efficient for Judge Jordan to resolve that claim: AmberWave certified to Judge Jordan in its motion to amend that this claim will "substantially overlap" with the other issues already in the Delaware litigation and that, "[g]iven this overlap, the parties and the [Delaware] Court would benefit from the efficient resolution of all infringement and damages issues...in one forum...." Intel agrees and respectfully requests that this action be transferred to the District of Delaware.

## FACTUAL BACKGROUND

### A.    Intel Files First In Delaware

Litigation between Intel Corporation ("Intel") and AmberWave Systems Corporation ("AmberWave") has been proceeding in the District of Delaware for more than one year. That litigation began on May 17, 2005 when Intel, in response to a formal notice of infringement from AmberWave, brought suit seeking a declaratory judgment that its products do not infringe U.S. Patent No. 6,831,292 (the "'292 Patent"). Declaration of Michael E. Jones

("JONES DECL."), Ex. A. AmberWave, which is a Delaware corporation, has never challenged

jurisdiction or venue in that lawsuit (the "First-Filed Action"). Instead, on July 15, 2005, it

asserted a counterclaim in the First-Filed Action accusing certain Intel microprocessors of

infringing the '292 Patent. JONES DECL., Ex. B.

### B.     AmberWave's First Texas Lawsuit Is Transferred To Delaware

Also on July 15, 2005, AmberWave instituted a separate infringement action

against Intel in the Eastern District of Texas (the "Texas I Action"). JONES DECL., Ex. C. In

the Texas I Action, AmberWave accused the same Intel devices of infringement that were the

subject of its counterclaim in the First-Filed Action. *Id.* Furthermore, while it asserted a

different patent against Intel in the Texas I Action – U.S. Patent No. 6,881,632 (the "'632

Patent") – both that patent and the patent in the First-Filed Action relate to the same field of art:

the design and fabrication of strained silicon transistors. *Id.* Shortly after AmberWave instituted

the Texas I Action, Intel moved before Judge Davis, requesting that the Texas I Action be

transferred to Delaware pursuant to the first-to-file rule. In an order dated November 1, 2005,

Judge Davis granted Intel's motion, holding:

> If this Court retains this action, there will be two complex and simultaneous
> actions between the same parties over related technologies and involving
> the same accused products. Consequently, justice and expediency do not
> outweigh application of the first-to-file rule. Accordingly, the Court applies
> the first-to-file rule and transfers the case to Judge Jordan's docket in the
> District of Delaware.

JONES DECL., Ex. D at 4.

### C.     AmberWave's Second Texas Action Is Dismissed

On the evening of September 19, 2005, the United States Patent and Trademark

Office issued U.S. Patent No. 6,946,371 (the "'371 Patent"). Hours later – at 5:50 in the

morning – AmberWave deposited a complaint in this Court's drop box. JONES DECL., Ex. E.

In that lawsuit (the "Texas II Action"), as in the earlier actions, AmberWave accused the same

Intel microprocessors of infringement. *Id.* Also as before, the '371 patent asserted in the Texas

II Action relates to the technological field of strained-silicon circuits and transistors. *Id.*

   As a consequence of AmberWave's second effort at forum shopping, Intel was

again forced to seek judicial relief. This time, Intel moved the Delaware court, pursuant to

Federal Rule of Civil Procedure 15(d), for leave to supplement its complaint in order to add a

claim for non-infringement of the '371 Patent. Intel argued that the additional claim should be

found to relate back to May 17, 2005, the date Intel originally filed suit in Delaware, making that

action indisputably first filed as to the parties' dispute concerning the '371 Patent. In a published

opinion dated November 29, 2005, Judge Jordan granted Intel's motion. In so doing, Judge

Jordan agreed with Judge Davis that it would be most efficient for the parties to litigate each of

their "substantially overlapping" disputes before him in the District of Delaware:

> In short, as Judge Davis concluded in the related '632 litigation, there is
> substantial overlap of core issues with respect to the alleged infringement
> of the '371 and the '292 patents. . . . It makes no sense to burden the
> Eastern District of Texas with this third and latest version of the
> substantially overlapping disputes between the parties.

*Intel Corp. v. AmberWave Sys. Corp*, 233 F.R.D. 416, 418-19 (D. Del. 2005); JONES DECL.,

Ex. F. Following Judge Jordan's ruling, the parties entered into a stipulation whereby

AmberWave agreed to dismiss its complaint in the Texas II Action and to file a consolidated

complaint as part of the First-Filed Action that asserted all three patents in dispute. JONES

DECL., Ex. G. On February 27, 2006, AmberWave filed a consolidated complaint in the First-

Filed Action, in which it asserted the '292, '632, and '371 patents against Intel. JONES DECL.,

Ex. H.

D.    **AmberWave's Pursuit of the '907 Patent in the First-Filed Action in Delaware**

AmberWave purports to have recently acquired the '907 patent from Agere. Compl. ¶ 2. Intel has had a cross-license with Agere and its predecessor (Lucent Technologies) that covers the '907 patent since 2000. In apparent anticipation of acquiring the '907 patent from Agere and asserting it against Intel, AmberWave invoked the subpoena powers of *the Delaware Court* in September 2005 to obtain documents from Agere relating to the '907 patent, including its cross-license with Intel. JONES DECL., Ex. P. AmberWave purported to acquire limited rights to the '907 patent from Agere in a first patent assignment document hastily executed on June 26, 2006.

A day later, AmberWave filed a motion to amend its complaint in the First-Filed Action in Delaware to add the '907 patent to the case ("Motion to Amend"). JONES DECL., Ex. I. In support of its Motion to Amend – a motion it filed subject to Fed. R. Civ. P. 11 – AmberWave represented that its assertion of the '907 patent involved similar subject matter, technology, and a subset of the same Intel products accused in the First-Filed Litigation before Judge Jordan. Hence, AmberWave notably certified that there was "substantial overlap" between its assertion of the '907 patent and the First-Filed Litigation, and that the "the parties and the Court would benefit from the efficient resolution of all infringement and damages issues relating to Intel's accused products" in one forum. *Id.* at 2.

Intel informed AmberWave that it intended to oppose the Motion to Amend for reasons that were subsequently proven justified based on AmberWave's own conduct. For example, the first patent assignment between AmberWave and Agere purported to convey only limited rights in the '907 patent and therefore Intel maintained that AmberWave lacked standing to assert the '907 patent. Intel was proven correct when AmberWave obtained a second, broader

patent assignment from Agere a month later in which it purportedly acquired all "right, title, and interest in the '907 patent." Compl. ¶2  Indeed, AmberWave even dismissed its original complaint before this Court and immediately re-filed a second complaint after obtaining the second assignment because the issue of standing must be determined as of the date the action is initiated. JONES DECL., Ex. J.

After filing its Motion to Amend in the First-Filed Action to add a claim for infringement of the '907 Patent, AmberWave informed Intel that it intended to accuse Intel of infringing a fifth patent relating to strained-silicon technology: U.S. Patent No. 7,074,655 (the "'655 Patent"). On July 11, 2006, in response to these threats, Intel filed suit in the District of Delaware seeking a declaration of non-infringement as to the '655 Patent (the "'655 Action"). JONES DECL., Ex. K. In accordance with Delaware local rules, Intel filed a civil cover sheet case together with its complaint, by which it indicated that the '655 Action is related to the First-Filed Action. JONES DECL., Ex. L. As a result, the '655 Action was assigned to and is now before Judge Jordan so that Judge Jordan can determine the most efficient way to coordinate or consolidate the '655 Action with the First-Filed Action. JONES DECL. at ¶ 20. Intel was concerned that there was already too much work to be done in the First-Filed Action given the aggressive case schedule in Delaware (expert reports were due in three months). Intel was again proven correct when AmberWave subsequently requested a six-month extension to *all deadlines* in the First-Filed Action. JONES DECL., Ex. Q.

In the meantime, AmberWave withdrew its motion to add the '907 patent to the First-Filed Action and it initiated an action against Intel for infringement of the '907 patent (the "Texas III Action") – thereby bringing, *for the third time*, a claim against Intel in Texas that substantially overlaps with litigation before Judge Jordan. JONES DECL., Ex. M. In its notice

of withdrawal of the Motion to Amend, which it filed the same day it sued Intel in this Court, AmberWave purported to justify its conduct by mischaracterizing Intel's objections to its attempts to add the additional patents into the First-Filed Action. JONES DECL., Ex. N. But AmberWave's mischaracterizations are flat wrong. Intel filed the '655 Action in Delaware and designated it as a "related" case because it believes there are enormous benefits to coordinating all suits between Intel and AmberWave on related technology involving the same products. Intel has in fact consistently taken the position that efficiency requires that all related litigation proceed in one Court and before a single judge who can manage the cases and their related discovery, and ultimately decide how and when each claim will be tried. Whether, post-transfer, this case is consolidated with the First-Filed Action, consolidated with the related '655 Action, or disposed of in some other manner is a decision for Judge Jordan to make in his discretion.

## ARGUMENT

### I.    THE FIRST-TO-FILE RULE COMPELS TRANSFER OF THIS CASE

The first-to-file rule is grounded in principles of comity and the orderly administration of justice. "The federal courts long have recognized that the principle of comity requires federal district courts — courts of coordinate jurisdiction and equal rank — to exercise care to avoid interference with each other's affairs." *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985) (citations omitted). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* at 729. (citations omitted)  As applied by the Federal Circuit, the first-to-file rule provides that "the forum of the first-filed case [should be] favored, unless considerations of judicial and litigant

economy, and the just and effective disposition of disputes, require otherwise." *Genentech, Inc.*

*v Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).[1]

        Application of the first-to-file rule requires a three-part analysis:

1. As a threshold matter, a court must confirm that the case before it was filed later in
   time than an action pending in another district. *Genentech*, 998 F.2d at 937; *accord*
   *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997).

2. The court must then determine whether the earlier-filed case is likely to raise issues
   that substantially overlap with the later case. *Syntek*, 121 F.3d at 950-51.

3. If the issues are likely to substantially overlap, the court must transfer the later-filed
   action to the court in which the first-filed action is pending, unless it finds that it
   would be "unjust or inefficient" to do so. *Genentech*, 998 F.2d at 938; *accord Mann*
   *Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) (transfer required absent
   "compelling" reasons to favor later action).

After the action is transferred, it is the responsibility of the first-filed court to determine whether,

in the interests of fairness and efficiency, the later action "must be dismissed, stayed, or

transferred and consolidated." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir.

1997).

      1.    **The Delaware Litigation was Filed-First**

        This case was filed more than one year after the First-Filed Action was

commenced in Delaware in May 2005.   It was also brought weeks after Intel filed the '655

---

[1]     The law of the Federal Circuit governs application of the first-to-file rule in patent cases.
*Genentech*, 998 F.2d at 937.  (holding that rule "is important to national uniformity in
patent practice" and rejecting standard of regional circuit); *see also Elecs. for Imaging,*
*Inc. v. Coyle*, 394 F.3d 1341, 1347-48 (Fed. Cir. 2005) (following *Genentech* and
reviewing application of first-to-file rule).  Intel has cited authority from courts within the
Fifth Circuit to the extent it has been unable to find relevant Federal Circuit authority.

Action in Delaware. Accordingly, both litigations in Delaware are, in relation to this case, "first filed." The first-to-file rule therefore mandates transfer of this case to Judge Jordan's docket if it is likely to overlap substantially with either of those actions. *Mann*, 439 F.2d at 407.

### 2.    It Is Undisputed That The Cases Substantially Overlap

The "substantial overlap" test does not require a strict identity of subject matter. "[R]egardless of whether or not the suits . . . are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in . . . the jurisdiction first seized of the issues." *Id.* at 408 n.6; *see also Syntek*, 121 F.3d at 950 ("The rule does not, however, require that cases be identical."); *Rooster Prods. Int'l, Inc. v. Custom Leathercraft Mfg. Co., Inc.*, No. SA: 04-CA-864-XR, 2005 WL 357657, at *2 (W.D. Tex. Feb. 1, 2005) ("all that is required is that the two actions involve closely related questions or common subject matter, or that the core issues substantially overlap[]"). In fact, the rule does not require that the lawsuits will actually overlap substantially; the mere likelihood of overlapping issues requires transfer to the first-filed forum. *Mann*, 439 F.2d at 408.

Here, it is *undisputed* that there is substantial overlap between this action and the earlier-filed litigation in Delaware. In papers it submitted to the court in Delaware, just days before it initially filed suit in Texas on the '907 patent, AmberWave certified that the sole claim in this case will overlap substantially with the First-Filed Action:

> [T]he patent that AmberWave seeks to add [the '907 Patent] relates to similar subject matter as the patents already in suit and is directed against some of the same Intel products, *resulting in substantial overlap with the facts and arguments implicated by the other patents* . . . . Given this overlap, the parties and the Court would benefit from the efficient resolution of all infringement and damages issues relating to Intel's accused products *in one forum* and in a single proceeding.

JONES DECL., Ex. I at 6-7, 2. (emphasis added).

Intel agrees with AmberWave that the issues in this case will overlap substantially with the litigation pending before Judge Jordan. The cases before both courts involve the same two parties: Intel and AmberWave. As shown above, AmberWave is asserting the '907 patent against a subset of the same Intel products accused in the in the First-Filed Action. Furthermore, in AmberWave's own words, "the area of technology of the '907 Patent is the same as that of the '292, '632, and '371 patents" asserted in the First-Filed Action. JONES DECL., Ex. I at 1. Because of these substantially overlapping issues, there would be, as AmberWave concedes, a "substantial overlap in discovery" between the two courts if this case were not transferred. *Id.* at 6. Judge Jordan has already admonished AmberWave once for complicating the discovery process with its forum shopping in the Texas I Action:

> You guys [AmberWave] have created now a conflict that probably shouldn't have existed by suing the same party in another district. Now, maybe you got a good reason for that and it's just not something I'm aware of but it certainly does, on the face of it, create the potential for conflicting discovery rules and schedules and that is a problem. That is a real problem.

JONES DECL., Ex. O at 6:2-8. AmberWave's third foray into Texas has again created the potential for conflicting discovery rules and schedules.

When presented with this same venue question, Judges Davis and Jordan both concluded that the substantial overlap required transfer to Delaware. In support of his decision to transfer the Texas I Action, Judge Davis explained: "[I]f the Court retains this action, there will be two complex and simultaneous actions between the same parties over related technologies and involving the same accused products." JONES DECL., Ex. D at 4. In finding that the claim asserted in the Texas II Action should proceed before him, rather than in the Eastern District of Texas, Judge Jordan likewise ruled:

> [A]t a minimum, presentations on infringement for both the '292 and the '371 Patents will require a judge . . . to become familiar with the same field of art, the same fundamental science and technology associated with

10

> methods of semiconductor fabrication, the same allegedly infringing
> devices, and, in any damages analysis, the same pricing, sales, and related
> market data. . . . In short, as Judge Davis concluded in the related '632
> litigation, there is substantial overlap of core issues with respect to the
> alleged infringement of both the '371 and the '292 patents.

*Intel Corp. v. Amberwave Sys. Corp.*, 233 F.R.D. 416, 418 (D. Del. 2005); JONES DECL., Ex. F

Because of these prior rulings, Delaware is the center of the litigation between Intel and

AmberWave. As Judge Jordan previously noted: "I will already be dealing with the '292 and the

'632 patents. It makes no sense to burden the Eastern District of Texas with this third and latest

version of the substantially overlapping disputes between the parties." *Id.* at 419. Since those

words were written, two additional patents – the '371 and '655 – have been placed before Judge

Jordan. It therefore makes even less sense now to burden the Eastern District of Texas with this

fifth and latest "substantially overlapping" dispute between Intel and AmberWave.

### 3. No Compelling Circumstances Justify Disregarding the First-To-File Rule

Once a case is deemed substantially similar to an earlier-filed action, it must be

transferred unless it would be "unjust or inefficient" to do so. *Genentech,* 998 F.2d at 938. In

deciding whether to disregard the first-to-file rule, the Federal Circuit considers the following

factors: (i) the convenience and availability of witnesses, (ii) the absence of jurisdiction over all

necessary parties, (iii) the possibility of consolidation with related litigation, and (iv) whether the

first-filed case involves the real parties in interest. *Elecs for Imaging, Inc. v. Coyle*, 394 F.3d

1341, 1347-48 (Fed. Cir. 2005). Courts may also consider whether the first-filed action can be

characterized as an instance of improper forum shopping. *Id.* None of these considerations

justifies disregarding the first-to-file rule in this case.

The convenience and availability of witnesses do not favor the Eastern District of

Texas. Intel is not aware of a single fact witnesses in the State of Texas. See Jones Dec. at ¶ 21.

It is unlikely that AmberWave, which is incorporated in Delaware and headquartered in New Hampshire, would have reason to call any Texas-based fact witnesses either. Indeed, the sole named inventor of the '907 patent (Eugene Fitzgerald) is, according to AmberWave's Complaint, a professor at MIT in Boston, Massachusetts. Compl. ¶ 1. Because Mr. Fitzgerald is also a named inventor on two of the patents being litigated in Delaware, he will likely be testifying in that forum regardless of the outcome here. Hence, Delaware, not Texas, is likely to be the more convenient forum for him and for any other common witnesses.

There are also no jurisdictional reasons to disregard the first-to-file rule. AmberWave, a Delaware corporation, has been actively pursuing related litigation in the District of Delaware for more than a year without contesting that court's jurisdiction. In fact, just days before it instituted this action, AmberWave sought leave to introduce a claim for infringement of the '907 patent in Delaware. AmberWave's voluntary and systematic participation in the Delaware litigation belie any claim that it is not subject to the jurisdiction of that court.

The third factor – the possibility of consolidation with related litigation – also provides no basis for declining Intel's transfer request. There are no related actions in the Eastern District of Texas. To the contrary, each of the claims that AmberWave previously brought in this district are being litigated in Delaware. Far from providing reason to deny Intel's request, this factor affirmatively supports transfer to Delaware.

Whether the first-filed case involves the real parties in interest – the fourth factor in the analysis – is neutral here for the simple reason that the same entities, Intel and AmberWave, are the only parties in both Delaware and Texas. Nor can Intel's decision to file suit in Delaware be characterized as an instance of improper forum shopping. Intel initially sought relief in the state in which both parties chose to incorporate. *See Stomp, Inc. v. Neato,*

*LLC*, 61 F. Supp. 2d 1074, 1082 (N.D. Cal. 1999) (company's decision to file declaratory suit in home state did not amount to forum shopping). Judge Davis, who addressed this precise issue in ruling on Intel's original transfer motion, recognized that Intel properly filed suit in Delaware when licensing discussions between the parties reached an impasse. JONES DECL., Ex. D at 4.

Finally, AmberWave's attempts to justify this case based on Intel's initial objection to the addition of the '907 patent to the First-Filed Action have no merit. As shown above, Intel's standing and scheduling concerns were ratified by AmberWave's subsequent actions: AmberWave obtained a second assignment of the '907 patent in an attempt to correct the standing defects identified by Intel, and AmberWave requested a six-month extension to all deadlines in the First-Filed Action.

In sum, there are *no* compelling circumstances to justify dividing the parties' substantially overlapping litigation between two separate courts. To the contrary, principles of equity, efficiency and judicial comity require that this case be transferred to Delaware. AmberWave has sued time and again in a forum that has no meaningful connection to the parties or their dispute. AmberWave filed this action despite affirmatively representing to Judge Jordan that this particular claim would be most efficiently litigated in Delaware, and despite having invoked the subpoena power of the Delaware Court to obtain the very documents upon which this lawsuit is based.

## CONCLUSION

For the foregoing reasons, Intel respectfully submits that the Court should grant Intel's motion to transfer this case to Judge Kent Jordan in the United States District Court for the District of Delaware.

Respectfully submitted,


By: */s John F. Bufe*
Michael Jones, Esq. – Attorney-In-Charge
State Bar No. 10929400
John F. Bufe
State Bar No. 03316930
Potter Minton
110 North College
500 Plaza Tower
Tyler, Texas 75702
Telephone:  (903) 597-8311
Facsimile:  (903) 593-0846
mikejones@potterminton.com
johnbufe@potterminton.com


OF COUNSEL:

George M. Newcombe
(CA Bar No. 202898)
gnewcombe@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, California 94304
Telephone:  (650) 251-5000
Facsimile:  (650) 251-5002

Attorneys for Defendant Intel Corporation

## CERTIFICATE OF CONFERENCE

The undersigned attorney for Intel conferred with Plaintiff's local counsel, Thad Heartfield, and certifies to the court that Plaintiff opposes the motion.

*/s/ John F. Bufe*

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 21, 2006. Any other counsel of record will be served by First Class mail on this same date.

*/s/ John F. Bufe* _____