# EXHIBIT A

SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE

NEW YORK, N.Y. 10017-3954

(212) 455-2000

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
212-455-2377

E-MAIL ADDRESS
dlarocca@stblaw.com

BY ELECTRONIC MAIL            February 8, 2006

Re: *Intel Corp. v. AmberWave Systems Corp.*, Civil Action No. 05-301-KAJ

Jason G. Sheasby, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276

Dear Jason:

Pursuant to our conversation on February 7, I write to finalize our agreement regarding the e-discovery standards that will govern this proceeding. Please sign in the space provided below if this agreement is acceptable to your client. This agreement shall become effective upon the date of your signature below.

**E-Discovery Standards Agreement:**

Applicability Of Agreement To Other Actions: This agreement shall apply to (A) all proceedings between Intel and AmberWave as of the effective date of this agreement and (B) all proceedings between Intel and AmberWave that (1) involve any of the products accused of infringement in any proceeding pending as of the effective date of this agreement between Intel and AmberWave, and (2) are filed before a final judgment by a trial court or a settlement of all claims in all proceedings pending as of the effective date of this agreement between Intel and AmberWave.

Default Standard No. 2: The parties agree to provide the disclosures called for in Default Standard No. 2. The parties exchanged disclosures on November 11, 2005. Intel supplemented its disclosures on January 17, 2006.

Default Standard No. 3: The parties agree to comply with Default Standard No 3.

Default Standard No. 4: The parties agree to comply with Default Standard No. 4.

Default Standard No. 5: Each party agrees to provide suggestions to the other party as to the method of searching (e.g., the location(s) and manner of search), and the words, terms, and phrases to be searched, two weeks after the effective date

LOS ANGELES      PALO ALTO      WASHINGTON, D.C.      HONG KONG      LONDON      TOKYO

SIMPSON THACHER & BARTLETT LLP

Jason G. Sheasby, Esq.                                -2-                                February 8, 2006

of this agreement. The parties shall attempt to reach agreement regarding the method of searching and the words, terms, and phrases to be searched with the assistance of the respective e-discovery liaisons, who shall have familiarity with the parties' respective systems. If the parties cannot agree, the party requesting the search must seek relief from the court. This agreement does not obligate any party to produce any document that is not responsive to a pending discovery request from the other party, or within the scope of the categories of documents specified in the parties' Federal Rule of Civil Procedure 26(a)(1) initial disclosures. The parties also shall reach agreement as to the timing and conditions of any additional searches that may become necessary in the normal course of discovery.

Default Standard No. 6: The parties agree to exchange electronic documents as unitized TIFF files. The producing party must preserve the integrity of the native electronic document's contents, i.e., the original formatting of the document, its meta data and, where applicable, its revision history. After initial production in image file format is complete, a party must demonstrate particularized need for production of electronic documents in their native format.

Default Standard No. 7: The parties agree that their obligations to segregate and preserve the integrity of relevant electronic documents shall be governed by the Federal Rules of Civil Procedure, with the following clarifications:

The parties have taken steps to ensure that the email of custodians identified under Default Standard No. 2 have not been permanently deleted in the ordinary course of business and that electronic documents maintained by the individual custodians have not been altered. The parties, through their counsel, will exchange written statements of compliance with these obligations within four business days of the effective date of this agreement.

As of the effective date of this agreement, the parties will no longer need to retain all emails and all electronic documents of custodians. Instead, the parties need only retain relevant emails and relevant electronic documents. Based on the parties' discussions to date, it appears that Intel and AmberWave may have different views regarding what constitutes relevant documents. It is both parties' responsibility to preserve all relevant documents, including electronic documents. Both parties reserve all of their rights and remedies in the event that the other party fails to retain emails and electronic documents on the ground that they are not relevant, and it is later determined that those documents were indeed relevant and should have been retained.

The parties shall provide notice as to the criteria used for spam and/or virus filtering of e-mail and attachments; emails and attachments filtered out by such systems shall be deemed non-responsive so long as the criteria underlying the filtering are reasonable.

SIMPSON THACHER & BARTLETT LLP

Jason G. Sheasby, Esq. -3- February 8, 2006

    Default Standard No. 8: The parties will comply with Default Standard No. 8.

    Default Standard No. 9: The parties will comply with Default Standard No. 9.

    Default Standard No. 10: The parties will comply with Default Standard No. 10.

    Please call me at 212-455-2377 with any questions.

               Sincerely,

               David LaRocca

Agreed to:

AMBERWAVE SYSTEMS CORPORATION

By: _____
    Jason Sheasby
    IRELL & MANELLA LLP
    1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067-4276

Dated: February 16, 2006