# TAB 1

Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION,<br>            Plaintiff,<br>v.<br>INTEL CORPORATION,<br>            Defendant. | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER: 05-301-KAJ (Consolidated)<br>(pending in the United States District Court for the District of Delaware) |

TO:  Eugene A. Fitzgerald
      c/o Irell & Manella LLP
      1800 Avenue of the Stars, Suite 900
      Los Angeles, CA 90067

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A hereto.

| PLACE<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017 | DATE AND TIME<br>October 2, 2006 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*<br>Kerry L. Konrad, Attorney for Defendant | DATE<br>September 11, 2006 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Kerry L. Konrad<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017 | For questions regarding this subpoena, contact:<br>Elaine Divelbliss (212) 455-2594. |

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
|  |  |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **EXHIBIT A**

## DEFINITIONS

A.  As used herein, the term "YOU," YOUR" refers to Eugene Fitzgerald, or any officer, agent, representative, servant, employee, attorney, or other person acting on behalf of Eugene Fitzgerald.

B.  The term "AMBERWAVE" means and includes AmberWave Systems Corporation and all of its parents, related entities, entities or persons controlled by it, predecessors or successors in interest, subsidiaries, affiliates, former and present executives, officers, directors, employees or agents and any person acting or purporting to act on its behalf.

C.  As used herein, the term "DOCUMENT and THINGS" shall have the broadest meaning permitted by Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any tangible recordation of information by any means and in any medium, including, but not limited to, information that is handwritten, typewritten, printed, recorded, filmed, stored on computer disks or electronic databases, e-mail and/or any other tangible recordation discoverable under the Federal Rules of Civil Procedure that are in your possession, custody, or control or to which you otherwise have access. The term "document" further includes, without limitation, the original, any draft, and any non-identical version or copy. Documents have self-stick removable notes shall be produced in a manner so that all material on both the note and the document is legible.

D.  As used herein, the term "'292 PATENT" means United States Patent No. 6,831,292, entitled *Semiconductor structures employing strained material layers with defined impurity gradients and methods for fabricating same*," filed September 20, 2002 and issued December 14, 2004.

E. As used herein, the term "'632 PATENT" means United States Patent No. 6,881,632, entitled *Method of fabricating CMOS inverter and integrated circuits utilizing strained surface channel MOSFETS*," filed July 1, 2003 and issued April 19, 2005.

F. As used herein, the term "RELATED PATENTS" and "RELATED PATENT APPLICATIONS" mean all parents of the '292 PATENT or the '632 PATENT and all patents and patent applications, including without limitation any provisional, continuation, continuation-in-part, divisional, reissue, or reexamination of the '292 PATENT or the '632 PATENT and any foreign counterpart patent or foreign counterpart patent application which claim priority to the '292 PATENT or the '632 PATENT or its parents or which disclose, describe, or claim all or part of the subject matter disclosed, described, or claimed in the '292 PATENT or the '632 PATENT.

G. As used herein, the term "PRIOR ART" means any knowledge, use, sale, act, activity, description, printed publication, or document that predates (actually or effectively) September 20, 2002 and RELATES TO or CONCERNS the field of technology of the '292 PATENT or the '632 PATENT or the alleged invention(s) described, disclosed, or claimed in the '292 PATENT or the '632 PATENT.

H. As used herein, the terms "RELATE TO" and "CONCERNING" mean constituting, describing, discussing, mentioning, evidencing, pertaining to, consisting of, referring, reflecting, or having any logical or factual connection with the matter discussed.

I. As used herein, the term "SRC" means and includes the Semiconductor Research Corporation and all related entities and programs and grants provided and/or administered thereby.

   J. As used herein, the term "MARCO" means and includes the Microelectronics Advanced Research Corporation and all related entities and programs and grants provided and/or administered thereby.

   K. The use of the singular form of any word includes the plural and vice versa.

   L. The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary in order to bring within the scope of the following requests all information which might otherwise be construed to be outside their scope.

   M. The term "including" is intended to be comprehensive and means "including, but not limited to"; the term "any" shall mean "any and all"; and the term "each" shall mean "each and every."

   N. Any pronoun shall be construed to refer to the masculine, feminine or neuter gender as in each case is most inclusive.

   O. PATENTED PRODUCTS shall mean any and all products that embody any of the alleged invention(s) disclosed, described, or claimed in the '292 PATENT and the '632 PATENT.

## INSTRUCTIONS

The following instructions are an integral part of this subpoena and apply to each and every document set forth herein:

1. Each request for DOCUMENTS and THINGS seeks production of the DOCUMENTS and THINGS in their entirety, without abbreviation or expurgation, including all attachments or affixed materials.

2. If any DOCUMENT or THING covered by this Request for Production of Documents and Things is withheld in whole or in part by reason of a claim of privilege or any other claim of immunity from discovery, then at the time the DOCUMENT or THING requested is to be produced, a list is to be furnished identifying any such DOCUMENT or THING withheld, together with the following information as to each such DOCUMENT: (1) the date of each DOCUMENT or THING; (2) the name and job title of each author, writer or sender of the DOCUMENT; (3) the name and job title of each recipient, addressee or other PERSON to whom the original or any copy of the DOCUMENT was sent or furnished; (4) the title of the DOCUMENT; (5) the general subject matter of the DOCUMENT or THING; (6) the basis for the claim of privilege or immunity from discovery; and (7) the Document Request to which such DOCUMENT or THING is responsive.

3. All DOCUMENTS maintained by YOU in an electronic format should be produced in their native electronic format, the Concordance/IPRO format, or another format that allows the DOCUMENTS to be loaded onto a computer and electronically searched.

4. If YOU know of the existence, past or present, of any DOCUMENT or THING described in the following requests, but is unable to produce such DOCUMENT or THING because it is not presently in your possession, custody or control, please identify each

and every such DOCUMENT or THING, state that it is not presently in your possession, custody or control and state what disposition was made of it, by whom, the date(s) or approximate date(s) on which such disposition was made, why such disposition was made and identify the PERSON(s) who now has or may have possession, custody or control of the DOCUMENT or THING.

        5.       If any DOCUMENT or THING described in the following requests has been modified or altered in any way, in whole or in part, please identify each such DOCUMENT or THING, state how the DOCUMENT or THING was modified or altered, the PERSON who modified or altered it and why the DOCUMENT or THING was modified or altered.

## DOCUMENTS AND THINGS REQUESTED

1. All DOCUMENTS and THINGS CONCERNING the '292 PATENT and the '632 PATENT.

2. All DOCUMENTS and THINGS CONCERNING all RELATED PATENTS or RELATED PATENT APPLICATIONS.

3. All DOCUMENTS and THINGS CONCERNING the preparation, filing and prosecution of all applications for the '292 PATENT and the '632 PATENT.

4. All DOCUMENTS and THINGS CONCERNING the preparation, filing and prosecution of all RELATED PATENTS or RELATED PATENT APPLICATIONS, the prosecution thereof, and the subject matter disclosed, described, or claimed therein.

5. All DOCUMENTS and THINGS CONCERNING the alleged invention(s) disclosed, described, or claimed in the '292 PATENT and the '632 PATENT.

6. All DOCUMENTS and THINGS CONCERNING the facts and circumstances surrounding the invention(s), including the work or research project that led to the alleged invention(s) disclosed, described, or claimed in the '292 PATENT and the '632 PATENT.

7. DOCUMENTS sufficient to identify all persons who participated or contributed to, in any way in, the research, design, development, implementation, testing, or evaluation of the alleged invention(s).

8. All DOCUMENTS sufficient to identify each and every product that resulted from the work or research project that led to the alleged invention(s) disclosed, described, or claimed in the '292 PATENT and the '632 PATENT.

9. DOCUMENTS sufficient to identify all persons who participated or contributed to, in any way in, the research, design, development, implementation, testing, or evaluation of any PATENTED PRODUCT.

10. All DOCUMENTS and THINGS CONCERNING research, development or testing of any PATENTED PRODUCT.

11. All DOCUMENTS and THINGS CONCERNING PRIOR ART, including without limitation all PRIOR ART and all documents and things which constitute, evince, comment on or analyze PRIOR ART.

12. All DOCUMENTS AND THINGS cited during prosecution of the application for the '292 PATENT and the '632 PATENT, or during prosecution of any RELATED PATENT or RELATED PATENT APPLICATION.

13. All DOCUMENTS and THINGS CONCERNING the conception, development, reduction to practice, diligence in the reduction to practice, best mode, modification or redesign of the alleged invention(s) described or claimed in the '292 PATENT and the '632 PATENT, including, without limitation, any notebooks, laboratory logs, or test data.

14. All DOCUMENTS and THINGS CONCERNING all modes or ways of practicing the subject matter of the '292 PATENT and the '632 PATENT known to you or the other named inventors of the '292 PATENT and the '632 PATENT at the time the application that led to the '292 PATENT and the '632 PATENT was filed.

15. All DOCUMENTS and THINGS CONCERNING the conception, design, development, manufacturing, testing or use by you, AMBERWAVE, or other named inventors of the '292 PATENT and the '632 PATENT, of any apparatus, method, or prototype incorporating

the alleged invention in the '292 PATENT and the '632 PATENT, including without limitation drawings, diagrams, circuits, schematics, notebooks, project reports, workbooks, lab notebooks, notes, and memoranda relating to the alleged invention.

16. All DOCUMENTS and THINGS sufficient to evidence the non-obviousness of the alleged invention or the subject matter claimed in the '292 PATENT and the '632 PATENT, including documents concerning commercial success of products that incorporate any claims of the '292 PATENT and the '632 PATENT, documents concerning the long-felt but unresolved needs which were purportedly resolved by the alleged invention in the '292 PATENT and the '632 PATENT, and documents evidencing the failure of others to conceive of or reduce to practice the alleged and claimed invention.

17. All DOCUMENTS and THINGS CONCERNING the first written description of the '292 PATENT and the '632 PATENT.

18. All DOCUMENTS authored by you CONCERNING the subject matter disclosed, described, or claimed in the '292 PATENT and the '632 PATENT.

19. All DOCUMENTS CONCERNING your former or current relationship with, employment by, ownership of, and interests in AMBERWAVE and its subsidiaries and divisions, and all predecessors, successors and assigns of the foregoing, and all officers, directors, employees, managing agents, consultants, attorneys and others under the control of any of the foregoing entities, and the termination of such relationship, employment, ownership, or interests.

20. All DOCUMENTS CONCERNING any invention assignment agreement between you and AMBERWAVE.

21. All DOCUMENTS CONCERNING any communication between YOU and AMBERWAVE.

22. All DOCUMENTS CONCERNING any communication between YOU and any entity that has invested in AMBERWAVE

23. All DOCUMENTS CONCERNING any finding, opinion, decision, ruling or order by any judicial or administrative body CONCERNING the validity or enforceability of the '292 PATENT, '632 PATENT, any RELATED PATENT, or any foreign counterpart thereof.

24. All DOCUMENTS CONCERNING YOUR curriculum vitae or resume.

25. All DOCUMENTS CONCERNING research grants or other research-related support received by YOU during the period December 4, 1999 through April 19, 2005.

26. All DOCUMENTS and THINGS maintained in connection with research grants or other research-related support received by YOU during the period December 4, 1999 through April 19, 2005.

27. All DOCUMENTS CONCERNING research grants or other support received by YOU from Intel Corporation.

28. All DOCUMENTS prepared in connection with research grants or other support received by YOU from Intel Corporation.

29. All DOCUMENTS CONCERNING research grants or other support received by YOU from SRC and/or MARCO.

30. All DOCUMENTS prepared in connection with research grants or other support received by YOU from SRC and/or MARCO.

31. All Massachusetts Institute of Technology ("MIT") Campus Technology Disclosure Forms submitted to the MIT Technology Licensing Office by YOU or on YOUR behalf.

32. All Lincoln Laboratory Technology Disclosure Forms submitted to the MIT Technology Licensing Office by YOU or on YOUR behalf.

33. All Conflict Avoidance Statements submitted to the MIT Technology Licensing Office, the MIT Office of Sponsored Programs or any other MIT office or department to which a Conflict Avoidance Statement would be submitted by YOU or on YOUR behalf RELATING TO YOUR involvement with AMBERWAVE.

34. All MIT Inventions and Proprietary Information Agreements submitted to the MIT Technology Licensing Office by YOU or on YOUR behalf.

35. All MIT Request for Statement of No Significant Use of MIT Facilities or Funds or Waiver of MIT Ownership Rights forms submitted to the MIT Technology Licensing Office by YOU or on YOUR behalf.

36. All DOCUMENTS CONCERNING any communication between YOU and the MIT Technology Licensing Office and/or MIT Office of Sponsored Programs concerning the '292 PATENT and the '632 PATENT.

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

Index No. 05-301-KAJ

AMBERWAVE SYSTEMS CORPORATION

, Plaintiff(s)

- against -

INTEL CORPORATION

, Defendant(s)

State of California    )
                       )  SS.:
County of Los Angeles  )

AFFIDAVIT OF SERVICE

Carlos H. Canas being duly sworn, deposes and says
that he is over the age of 18 years; is not a party to this action and resides
within the State of California. That on 09/11/2006 at 5:20 PM at:
    IRELL & MANELLA LLP
    1800 AVENUE OF THE STARS
    SUITE 900
    LOS ANGELES CA 90067

Deponent served the:

SUBPOENA IN A CIVIL CASE
upon JASON SHEASBY, ESQ., on behalf of EUGENE A. FITZGERALD
by delivering a true copy to recipient personally,
deponent knew the person so served to be the person described as said
recipient therein.

To the best of my knowledge, based on information and belief, the said
recipient at the time of service was not engaged in the military service
of the United States or California. Recipient wore ordinary
civilian clothing and no military uniform.

Deponent describes the individual served as follows:
AGE: 38   HEIGHT: 5'9''   WEIGHT: 185   HAIR: BLACK   RACE: WHITE   SEX: MALE

$40.00 the authorized witness fee was tendered to the recipient.

                                                                          4571
                                            Carlos H. Canas   License #

SWORN TO BEFORE ME

OUR DOC# 15431
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York NY 10017
212-455-2000
047008/002B

STEPHANIE ANN LOVELACE
Commission # 1673732
Notary Public - California
Los Angeles County
My Comm. Expires Jun 9, 2010