# EXHIBIT D

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900

LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7175
awelss@irell.com

September 6, 2006

**VIA E-MAIL & U.S. MAIL**

Chris K. Ridder, Esq.
Simpson Thacher & Bartlett LLP
2550 Hanover Street
Palo Alto, California 94304

   Re:  <u>Amberwave Systems Corp. v. Intel Corp., CA 05-301 (consolidated)</u>

Dear Chris:

   I write in response to your letter dated August 30, 2006 designating portions of Intel's and AmberWave's interrogatory responses as Confidential Information. This letter shall constitute notification of AmberWave's objections to such designations pursuant to paragraph 14 of the Confidentiality Stipulation and Protective Order (the "Protective Order").

   The Protective Order defines "Confidential Information" as "information that has not been made public and that the Producing Party reasonably and in good faith believes would cause competitive harm to the Producing Party if publicly known." Protective Order at ¶ 2. The vast majority of the information that Intel has designated as Confidential Information in Intel's and AmberWave's interrogatory responses is publicly available and/or would not cause competitive harm to Intel if publicly known. Without limiting AmberWave objections to such designations, certain interrogatory responses are specifically discussed below.

**Intel's Responses to AmberWave's Interrogatory Nos. 1 and 11 (05-301 (D. Del.)) and Interrogatory No. 4 (05-837 (D. Del.))**

   These responses set forth Intel's invalidity contentions. Invalidity contentions based upon publicly available prior art cannot be confidential. If Intel continues to believe that portions of these responses should be designated as Confidential Information, please explain the basis for Intel's belief.

**Intel's Responses to AmberWave's Interrogatory Nos. 2 and 9 (05-301 (D. Del.)) and Interrogatory No. 5 (05-837 (D. Del.))**

   These responses set forth the facts supporting Intel's claims that AmberWave had unclean hands during the prosecution of the patents-in-suit. Intel's contentions are based on

1560104

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Chris K. Ridder, Esq.
September 6, 2006
Page 2

publicly available information and do not reference any Intel confidential information. If Intel continues to believe that portions of these responses should be designated as Confidential Information, please explain the basis for Intel's belief.

**Intel's Responses to AmberWave's Interrogatory Nos. 7 and 12 (05-301 (D. Del.)) and Interrogatory No. 2 (05-837 (D. Del.))**

These responses explain the basis for Intel's belief that it has not willfully infringed the patents-in-suit. Intel's only response is to repeat its allegations of invalidity, unenforceability and non-infringement. This information is contained in numerous public documents, including Intel's public pleadings in this case. If Intel continues to believe that portions of these responses should be designated as Confidential Information, please explain the basis for Intel's belief.

**Intel's Responses to AmberWave's Interrogatory Nos. 5, 6, 8 and 14 (05-301 (D. Del.)) and Interrogatory Nos. 1 and 7 (05-837 (D. Del.))**

These responses detail Intel's non-infringement contentions, and describe certain Intel products. Non-infringement contentions based on information that is publicly available may not be designated confidential. Similarly, product descriptions that have been released by Intel to the public are no longer Confidential Information. Please explain the basis for Intel's belief that Intel's substantive responses to these interrogatories should be redacted in their entirety.

**AmberWave's Responses to Intel's Interrogatory Nos. 4, 9, 14 and 17 (05-301 (D. Del.)) and Interrogatory Nos. 3 and 6 (05-837 (D. Del.))**

These responses set forth AmberWave's infringement contentions. As I informed you during our meet and confer call on August 7, much of the information contained in AmberWave's responses is based on publicly available information. Furthermore, because Intel did not designate any of AmberWave's previous interrogatory responses as confidential, the previous responses have already been disclosed to AmberWave's prosecution counsel. If Intel continues to believe that portions of these responses should be designated as Confidential Information, please explain the basis for Intel's belief.

**AmberWave's Responses to Intel's Interrogatory Nos. 5 and 16 (05-301 (D. Del.)) and Interrogatory No. 4 (05-837 (D. Del.))**

These responses relate to AmberWave's bases for its allegations that Intel has willfully infringed the patents-in-suit. With the exception of one clause, these responses are exactly the same as AmberWave's previous responses to these interrogatories. Because Intel did not designate the previous versions of AmberWave's responses as confidential, the previous responses have already been disclosed to AmberWave's prosecution counsel. If

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Chris K. Ridder, Esq.
September 6, 2006
Page 3

Intel continues to believe that these responses should be designated as Confidential Information, please explain the basis for Intel's belief.

**AmberWave's Response to Intel's Interrogatory No. 12 (05-301 (D. Del.))**

This response identifies the entities that own AmberWave. Please explain the basis for Intel's good faith belief that AmberWave information regarding its ownership should be designated Intel Confidential Information.

Pursuant to the Protective Order, AmberWave requests that Intel propose a date to meet and confer within the next five business days. Protective Order at ¶ 14. In addition to the matters detailed above, AmberWave would also like to address Intel's objection to the disclosure of the interrogatory answers pursuant to paragraph 8 of the Protective Order during the meet and confer teleconference. To facilitate an efficient and effective meet and confer, AmberWave would also appreciate a written response to this letter setting out Intel's position before our meet and confer.

I look forward to amicably resolving this matter with you.

Best Regards,

Andrew D. Weiss

ADW

1560104

# EXHIBIT E

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7143
oglza@irell.com

September 20, 2006

**VIA E-MAIL AND U.S. MAIL**

Chris K. Ridder, Esq.
Simpson Thacher & Bartlett LLP
2550 Hanover Street
Palo Alto, California 94304

>            Re:    <u>Amberwave Systems Corp. v. Intel Corp., CA 05-301 (consolidated)</u>

Dear Chris:

I write in response to your letters to Andrew Weiss dated September 11 and 15, 2006. This letter addresses two primary topics: (1) AmberWave's disclosure of non-confidential information to prosecution counsel and (2) Intel's designation of non-confidential information as "confidential."

As a preliminary matter, the disclosure of facts in this letter is not, and should not be construed as, a waiver of attorney-client privilege, attorney work product doctrine, or any other applicable protection. AmberWave expressly retains all applicable protections.

**AmberWave's Disclosure of Non-confidential Information to Prosecution Counsel**

Your September 11, 2006 letter makes serious allegations of improper behavior by AmberWave and its litigation counsel based on erroneous assumptions and blatant mischaracterizations. Its baseless arguments, inflammatory tone and rhetorical hyperbole attempt to trump up an issue where none exists and are further evidence that Intel has made no meaningful attempt to meet-and-confer on this issue. If you had bothered to meet-and-confer with us, before leveling these unfounded allegations, you would have learned, as we have told you, that absolutely no misconduct has occurred.

The seriousness of your allegations requires this clear and unequivocal response: <u>Neither AmberWave nor its litigation counsel has ever disclosed Intel confidential information to AmberWave's prosecution counsel, and neither AmberWave nor its litigation counsel has ever violated the Protective Order in this case.</u>

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Chris K. Ridder, Esq.
September 20, 2006
Page 2

The relevant facts are as follows:

- Prior to the entry of the Protective Order in this case (the "Protective Order"), Intel produced documents that it expressly designated as confidential under Local Rule 26.2. These documents were produced by Intel with clear awareness that the interim protective order provisions of Local Rule 26.2 would apply until such time as a final protective order was negotiated by the parties and signed by the Court. No confidential document or information from any confidential document was ever communicated by litigation counsel to prosecution counsel (or anyone else not entitled to see such information under the Protective Order).

- Intel responded to AmberWave's interrogatories on October 28, 2005, February 3, 2006, and March 15, 2006. In contrast to the documents designated by Intel as confidential, Intel did not designate these interrogatory responses as confidential. Indeed, many of these interrogatory responses were made publicly available in the court records, attached as exhibits to various discovery letters.

- As permitted by Local Rule 26.2, Irell & Manella sent the non-confidential interrogatory responses and other non-confidential documents to Goodwin Proctor LLP on December 27, 2005, and January 5, February 10, and March 22, 2006. None of these documents is confidential, and to date, none of these documents has been designated by Intel as "confidential." Here is a complete list of the documents (interrogatory responses are in bold type) sent:

| Document | Date/Recipient | Publicly available? | Designated Confidential by Intel? |
|---|---|---|---|
| Published articles listed in Intel Response & Objections to AmberWave's First Set of Interrogatories (05-301) | Sent 12/27/2005 to Natasha Us via FedEx | Yes | No |
| AmberWave's First Set of Interrogatories (05-837) | Sent 01/05/2006 to William Meunier | | No |
| AmberWave's First Set of Interrogatories (05-301) | | | No |

# IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Chris K. Ridder, Esq.
September 20, 2006
Page 3

| Document | Date/Recipient | Publicly available? | Designated Confidential by Intel? |
|---|---|---|---|
| **Intel's Responses and Objections to AmberWave's First Set of Interrogatories (05-301)** | | Yes; filed in 12/2005 | No |
| AmberWave's Second Set of Interrogatories (05-301) | | | No |
| AmberWave's Third Set of Interrogatories (05-301) | | | No |
| AmberWave's First Set of Request for Production (05-837) | | | No |
| AmberWave's First Set of Request for Production (05-301) | | | No |
| Intel's Responses and Objections to AmberWave's First Set of Requests for Production (05-301) | | | No |
| AmberWave's Second Set of Request for Production (05-301) | | | No |
| Intel's First Set of Interrogatories (05-837) | | | No |
| Intel's First Set of Interrogatories (05-301) | | | No |
| **AmberWave Systems Corp.'s Responses to Intel's First Set of Interrogatories (05-301)** | | Yes; filed in 12/2005 | No |
| **AmberWave Systems Corp.'s Supplemental Responses to Intel's First Set of Interrogatories (05-301)** | | | No |

1569654

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Chris K. Ridder, Esq.
September 20, 2006
Page 4

| Document | Date/Recipient | Publicly available? | Designated Confidential by Intel? |
|---|---|---|---|
| Intel's Second Set of Interrogatories (05-301) | | | No |
| **AmberWave Systems Corp.'s Responses to Intel's Second Set of Interrogatories (05-301)** | | | No |
| **AmberWave Systems Corp.'s Supplemental Responses to Intel's Interrogatory No. 9 (05-301)** | | Yes; filed in 12/2005 | No |
| Intel's Third Set of Interrogatories (05-301) | | | No |
| Intel's First Set of Requests for Production (05-837) | | | No |
| Intel's First Set of Requests for Production (05-301) | | | No |
| AmberWave Systems Corp.'s Responses to Intel's First Set of Requests for Production (05-301) | | | No |
| Intel's Second Set of Requests for Production (05-301) | | | No |
| **Intel's Responses and Objections to AmberWave's First Set of Interrogatories (05-837)** | Sent 02/10/2006 to Natasha Us | | No |
| **Intel's Amended Responses and Objections to AmberWave's First Set of Interrogatories (05-837)** | | Yes; filed in 5/2006 | No |
| **Intel's Responses and Objections to AmberWave's Second Set of Interrogatories (05-301)** | | Yes; filed in 5/2006 | No |

1569654

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Chris K. Ridder, Esq.
September 20, 2006
Page 5

| Document | Date/Recipient | Publicly available? | Designated Confidential by Intel? |
|---|---|---|---|
| **Intel's Responses and Objections to AmberWave's Third Set of Interrogatories (05-301)** | | | No |
| Intel's Responses and Objections to AmberWave's First Set of Requests for Production (05-837) | | | No |
| Intel's Responses and Objections to AmberWave's Second Set of Requests for Production (05-301) | | | No |
| Published articles cited in Intel's Responses and Objections to Interrogatory No. 11 from AmberWave's Second Set of Interrogatories | Sent between 02/13/2006 and 02/16/2006 to Natasha Us | Yes | No |
| **Intel's Responses and Objections to AmberWave's Fourth Set of Interrogatories (05-301)** | | | No |
| Intel's Answer to AmberWave's Amended and Consolidated Complaint for Patent Infringement (05-301 consolidated) | Sent 03/22/2006 to Natasha Us | Yes | No |
| AmberWave's Amended and Consolidated Complaint for Patent Infringement (05-301 consolidated) | | Yes | No |
| Redacted Copy of Intel's Second Amended Responses and Objections to AmberWave's First Set of Interrogatories (05-301 D. Del.) | Sent 9/15/2006 to Natasha Us | | No |

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Chris K. Ridder, Esq.
September 20, 2006
Page 6

| Document | Date/Recipient | Publicly available? | Designated Confidential by Intel? |
|---|---|---|---|
| Redacted Copy of Intel's Amended and Supplemented Responses and Objections to AmberWave's Second Set of Interrogatories (05-301 D. Del.) | | | No |
| Redacted Copy of Intel's Amended and Supplemented Responses and Objections to AmberWave's First Set of Interrogatories in Civil Action No. 05-837-KAJ (05-837 D. Del.) | | | No |

- On April 29, 2006, only six days before the final agreed-upon version of the Protective Order was filed with the Court, the parties added subparagraph 7(c) (at Intel's request), which requires the parties to provide notice of the intention to show information to prosecution counsel. An email by Patrick King, counsel for Intel, indicates that AmberWave first "agreed in principle" to the addition only the day before it was added.

Before the entry of the Protective Order, litigation counsel for AmberWave was, of course, free to provide non-confidential information to prosecution counsel without notice to Intel. Indeed, the disclosure of non-confidential information that might arise during litigation is a common practice during patent prosecution; it is even encouraged by the United States Patent and Trademark Office (the "PTO"). *See, e.g.*, Manual for Patent Examining Procedure (the "MPEP") at 2001.06(c). Consequently, AmberWave provided non-confidential information to prosecution counsel months before the entry of the Protective Order. In your September 11, 2006 letter, Intel complains that it has "no proof" of this timing, but the fact is that Intel had never previously asked for such proof. This is further evidence of Intel's failure to meet and confer with AmberWave.

Furthermore, the disclosure to prosecution counsel of non-confidential information is expressly permitted by the Protective Order, subject to the notice provision of subparagraph 7(c). All information disclosed by litigation counsel to prosecution counsel subsequent to the entry of the Protective Order complied with the notice provision of subparagraph 7(c), which went into effect on May 15, 2006. Moreover, providing documents to prosecution

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Chris K. Ridder, Esq.
September 20, 2006
Page 7

counsel is not discussing or otherwise being substantively involved in the prosecution of patents or patent applications under the prosecution bar.

Finally, your statement that "the record strongly suggests that AmberWave delayed the protective order negotiation process" is disingenuous. The negotiation of the Protective Order was prolonged by Intel's insistence on numerous special terms and Intel's proposal of at least 11 different versions of a proposed protective order.

Despite the fact that Intel has already scheduled a discovery hearing with the Court on this issue, in the interest of judicial economy, we propose to meet-and-confer with Intel on September 22 in the hope that you will be persuaded that Intel has nothing about which to complain to the Court (as amply demonstrated in this letter). We continue to believe that Intel jumped the gun in scheduling the hearing before it learned all of the facts.

**Intel's Abuse of the "Confidential Information" Designation**

We are further disappointed that you continue to refuse to address the concerns in Andrew Weiss' September 6, 2006 letter and the resulting September 13, 2006 meet-and-confer teleconference. As Intel is aware, paragraph 2 of the Protective Order sets forth the threshold requirements for information to be designated confidential; it requires Intel to show that the information is not public and that Intel "reasonably and in good faith believes [the information] would cause competitive harm to [Intel] if publicly known." Most (if not all) of Intel's designations do not satisfy this threshold requirement. For instance, Intel has designated its invalidity contentions as "Confidential Information" even though they are based entirely on publicly available information. Intel's abuse of confidentiality designations is highlighted by the fact that Intel continues to maintain that information about the ownership of AmberWave <u>disclosed by AmberWave in its interrogatory responses</u> somehow constitutes <u>Intel's</u> "Confidential Information." Intel has steadfastly refused to provide any basis for these designations.

Instead, Intel repeatedly cites two other paragraphs of the Protective Order as a justification for its designations: paragraph 7(c) of the Protective Order (with respect to all of the documents that AmberWave seeks to disclose to prosecution counsel); and paragraph 8 of the Protective Order (with respect to AmberWave's responses to Intel's interrogatories). These paragraphs, however, are irrelevant to Intel's compliance with paragraph 2 of the Protective Order:

- Paragraph 7(c) of the Protective Order has two functions: (1) to establish the procedure that AmberWave must follow before it provides documents to its prosecution counsel (a procedure which has been followed by AmberWave); and (2) to allow Intel to redesignate information before such information is produced to prosecution counsel. There is no provision in this paragraph that

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Chris K. Ridder, Esq.
September 20, 2006
Page 8

allows Intel to ignore the threshold requirements set forth in paragraph 2 of the Protective Order.

- Paragraph 8 of the Protective Order prevents litigation counsel who have reviewed information designated "Confidential Information—Attorneys' Eyes Only Technical Material" from discussing such information with prosecution counsel. As Andrew Weiss explained in his August 24, 2006 letter to Kerry Konrad, all of the information designated as confidential at that time would be redacted in the documents provided to prosecution counsel. Again, this paragraph does not contain a provision that allows Intel to forego the threshold requirements set forth in paragraph 2 of the Protective Order.

Paragraphs 7(c) and 8 of the Protective Order only apply to confidential information. Unless Intel provides an adequate basis for its confidentiality designations, these paragraphs do not apply.

Your letter also mischaracterizes the content of the September 13, 2006 meet-and-confer teleconference. Your letter states that you asked why AmberWave believed that it was necessary to disclose confidential arguments to prosecution counsel, but the question actually posed during the meet and confer was why AmberWave felt it necessary to disclose to prosecution counsel the information for which notice had been provided. It is not, and has never been, AmberWave's belief that confidential information should be disclosed to prosecution counsel. It is AmberWave's belief, however, that AmberWave's prosecution counsel is entitled to be informed of non-confidential information from this litigation. Paragraphs 7(c) and 8 of the Protective Order do not prevent such disclosure. And nothing in the Protective Order requires AmberWave to explain to Intel the reasons why prosecution counsel would be interested in such information.

Given the preceding facts, Intel should cancel the discovery hearing to avoid wasting Judge Jordan's time, and Intel should provide a basis for its confidentiality designations. If Intel now wants to meet-and-confer on the issue of AmberWave's disclosure of non-confidential information to prosecution counsel, or to engage in further meeting and conferring on its confidentiality designations, AmberWave proposes to conduct a meet-and-confer teleconference on September 22. Please let me know if this date is inconvenient for you.

Sincerely,

Alexander C.D. Giza

Alexander C.D. Giza

# EXHIBIT F

SIMPSON THACHER & BARTLETT LLP

2550 HANOVER STREET
PALO ALTO, CA 94304
(650) 251-5000

———

FACSIMILE (650) 251-5002

DIRECT DIAL NUMBER

(650) 251-5115

E-MAIL ADDRESS

pking@stblaw.com

VIA E-MAIL

March 27, 2006

Re:  *AmberWave Systems Corp v. Intel Corp.*
     Case No. 05-301-KAJ (consolidated)

Jason G. Sheasby, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276

Dear Jason:

In your letter of March 17, 2006, you state: "[N]o Irell & Manella employee *who has been exposed to information marked [AEO]* communicated with Goodwin Proctor concerning the February 17 amendment to Application No. 10/774,890." (Emphasis added.) During the teleconference with Judge Jordan on March 23, 2005, you informed the Court: "[N]o Irell attorney who had access to Intel's attorneys' eyes only confidential information participated in *the amendment of claims* in that application." (Emphasis added.)  Neither statement answers the specific question in our letters of February 28, 2006 and March 13, 2006:

> Did any attorney from Irell & Manella LLP representing
> Amberwave in this litigation have any communication of any
> kind – written, oral, electronic or otherwise – with any attorney
> at Goodwin Proctor LLP concerning the February 17
> amendment to Application No. 10/774,890?

Please answer this question.

Sincerely,

Patrick E. King

# EXHIBIT G

SIMPSON THACHER & BARTLETT LLP

2550 HANOVER STREET
PALO ALTO, CA 94304
(650) 251-5000
———
FACSIMILE (650) 251-5002

DIRECT DIAL NUMBER

(650) 251-5115

E-MAIL ADDRESS

pking@stblaw.com

VIA E-MAIL

April 20, 2006

Re:    *AmberWave Systems Corp v. Intel Corp.*
       Case No. 05-301-KAJ (consolidated)

Jason G. Sheasby, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276

Dear Jason:

I received your letter of April 18 purportedly responding to my letter of March 27, 2006.

I did not suggest that the two statements I quoted in my March 27 letter were incorrect or inconsistent.  I merely noted that neither statement answered the question: Did any attorney from Irell & Manella LLP representing AmberWave in this litigation have any communication of any kind—written, oral, electronic or otherwise—with any attorney at Goodwin Proctor LLP concerning the February 17 amendment to Application No. 10/774,890?

Your April 18 letter makes clear, you refuse to answer this question.

Sincerely,

Patrick E. King

NEW YORK        LOS ANGELES        WASHINGTON, D.C.        HONG KONG        LONDON        TOKYO

# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-301-KAJ |
| | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Counterdefendant. | ) | |

## INTEL'S FOURTH SET OF INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff and Counter-defendant Intel Corporation ("Intel") hereby requests that Defendant and Counter-plaintiff AmberWave Systems Corporation ("AmberWave") answer the following Interrogatories, in writing and under oath within thirty (30) days.

If, after answering the Interrogatories, AmberWave acquires additional knowledge or information called for by the Interrogatories, Intel requests that AmberWave serve upon Intel amended or supplemental responses in accordance with Fed. R. Civ. P. 26, no more than 30 days after AmberWave acquires such knowledge or information.

## INTERROGATORIES

### Interrogatory No. 19

        DESIGNATE WITH PARTICULARITY on a copy of the PMOS IMAGE attached hereto as Exhibit A where the following ELEMENTS of Claim 1 of the '292 PATENT are located: "substrate," "strained layer disposed on the substrate," "interface there between," "a distal zone away from the interface" and "an impurity gradient having a value substantially equal to zero in the distal zone." If AmberWave contends there is more than one "strained layer disposed on the substrate," please identify each such "strained layer." With respect to any "impurity gradient" referenced in Claim 1 of the 292 PATENT, DESIGNATE WITH PARTICULARITY (i) the location and orientation of the axis along which AMBERWAVE intends to measure the concentration of each and every "impurity" (including, but not limited to germanium) in order to identify an "impurity gradient," (ii) the beginning point and ending point for measurement of the gradient and (iii) state the concentration of each impurity at the beginning point, midpoint and ending point along the axis.

**Interrogatory No. 20**

DESIGNATE WITH PARTICULARITY on a copy of the PMOS IMAGE attached hereto as Exhibit A where the following ELEMENT of Claim 1 of the '371 PATENT is located: "a substantially facetless semiconductor region." If AmberWave contends there is more than one "substantially facetless semiconductor region," please identify each such region.

Respectfully submitted,

By _____

George M. Newcombe (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
3330 Hillview Avenue
Palo Alto, CA 94304
(650) 251-5000

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
YOUNG CONWAY STARGATT &
TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jingersoll@ycst.com

Attorneys for Plaintiff and Counterdefendant
Intel Corporation

6

**EXHIBIT A**



# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, ) | |
| ) | Civil Action No. 05-301-KAJ |
| Plaintiff, ) | (consolidated) |
| ) | |
| vs. ) | |
| ) | |
| INTEL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**AMBERWAVE SYSTEMS CORPORATION'S RESPONSES TO INTEL'S
FOURTH SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules

for the District of Delaware, Plaintiff AmberWave Systems Corporation ("AmberWave") hereby

responds to Defendant Intel Corporation's ("Intel") Fourth Set of Interrogatories as follows:

## INTRODUCTION

This response is made solely for the purpose of this action. The response is subject to all

objections as to competence, relevance, materiality, propriety and admissibility, and to any and

all other objections on any grounds that would require the exclusion of any statements contained

herein if such interrogatory were asked of, or statements contained herein were made by, a

witness present and testifying in court, all of which objections and grounds are expressly

reserved and may be interposed at the time of trial.

This response is being provided at the beginning of discovery in this case and necessarily

reflects only limited information that is available to AmberWave at this time. This response is

therefore given without prejudice to AmberWave's right to produce evidence of any

subsequently discovered fact or facts that it may later recall or discover. AmberWave further

reserves the right to change, amend or supplement any or all of the matters contained in this

response as additional facts are ascertained, analyses are made, research is completed and

contentions are made.

16.    AmberWave objects to the Fourth Set of Interrogatories and each interrogatory therein to the extent they call for trade secret, proprietary, or other confidential or competitively sensitive information of third parties. AmberWave will not provide any of this information without consent of the third party. AmberWave also reserves the right not to provide any of this information until an appropriate protective order is in place.

17.    AmberWave objects to the Fourth Set of Interrogatories and each interrogatory therein to the extent they call for information AmberWave does not have the legal authority to release. AmberWave will not disclose any of this information without approval.

18.    AmberWave expressly incorporates each of the foregoing General Objections into each specific response to the interrogatories set forth below as if set forth in full therein. An answer to an interrogatory shall not work as a waiver of any applicable specific or general objection to an interrogatory.

## RESPONSES TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 19:

DESIGNATE WITH PARTICULARITY on a copy of the PMOS IMAGE attached hereto as Exhibit A where the following ELEMENTS of Claim 1 of the '292 PATENT are located: "substrate," "strained layer disposed on the substrate," "interface there between," "a distal zone away from the interface" and "an impurity gradient having a value substantially equal to zero in the distal zone." If AmberWave contends there is more than one "strained layer disposed on the substrate," please identify each such "strained layer." With respect to any "impurity gradient" referenced in Claim 1 of the 292 PATENT, DESIGNATE WITH PARTICULARITY (i) the location and orientation of the axis along which AMBERWAVE intends to measure the concentration of each and every "impurity" (including, but not limited to germanium) in order to identify an "impurity gradient," (ii) the beginning point and ending point for measurement of the gradient and (iii) state the concentration of each impurity at the beginning point, midpoint and ending point along the axis.

**RESPONSE TO INTERROGATORY NO. 19**:

In addition to the General Objections, which are incorporated fully by reference herein, AmberWave objects to this interrogatory as overbroad and unduly burdensome. AmberWave objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any other applicable privilege or protection. AmberWave objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories. Additionally, AmberWave objects to this interrogatory as vague and ambiguous. For example, the request for the "location and orientation of the axis along which AMBERWAVE intends to measure the concentration of each and every 'impurity'," "the beginning point and ending point for measurement of the gradient," and "the concentration of each impurity at the beginning point, midpoint and ending point along the axis" are vague and ambiguous. Furthermore, AmberWave objects to this interrogatory insofar as the Court has not yet construed the claims of the '292 patent, and discovery is ongoing. AmberWave reserves the right to modify or supplement its responses as AmberWave receives additional information from Intel or third parties, as AmberWave locates additional information, or based on a ruling by the Court.

AmberWave objects to this interrogatory to the extent it calls for a legal conclusion. AmberWave further objects to this interrogatory as hypothetical in nature and not relevant to the claims in suit. Intel has not admitted that the image attached as Exhibit A to Intel's Fourth Set of Interrogatories reflects the accused products, nor identified it as alleged prior art. AmberWave objects to this interrogatory as incomplete and speculative because Intel has not provided AmberWave with sufficient data to provide the information requested in the interrogatory, including the information requested by the definitions of DESIGNATE WITH PARTICULARITY and ELEMENT. AmberWave objects to this interrogatory because the image attached as Exhibit A to Intel's Fourth Set of Interrogatories is clearly not identical to the Fig. 1 image of the paper attached as Exhibit B thereto, and AmberWave is not in a position to verify or determine the relationship, if any, between the two images. AmberWave further

objects to this interrogatory because it seeks expert analysis and testimony, and is premature in light of the Court's schedule for conducting expert discovery. AmberWave intends to provide expert analysis and testimony in accordance with the Court's schedule. AmberWave further objects to this interrogatory on the ground that it asks AmberWave to provide definitions of claim terms in the '292 patent. Intel has maintained that interrogatories seeking claim term definitions are premature.

Subject to the foregoing, and the General Objections, AmberWave responds as follows:

Assuming (without admitting) solely for the purposes of this interrogatory that the image attached as Exhibit A to Intel's Fourth Set of Interrogatories is the same as the one in the paper attached as Exhibit B to Intel's Fourth Set of Interrogatories, AmberWave requests additional information to prepare its response to this interrogatory. For example, AmberWave requests that Intel provide electronic images of the transistor depicted in Exhibit A, or other data, that allow AmberWave to distinguish the different regions of the transistor, including any SiGe in the source and drain regions, and the boundary between the source and drain regions and adjacent regions. In addition, the image in Exhibit A is a cropped image that appears to exclude certain portions of the transistor. AmberWave requests that Intel provide electronic images that show the transistor in its entirety and, for context, the devices and/or structures immediately adjacent to the transistor. In addition, AmberWave requests that Intel provide any data or modeling projections reporting on which portions of the transistor in Exhibit A are strained, and the level of strain, particularly for the region below the gate stack and between the source and drain. AmberWave further requests that Intel provide data on the concentration of the different alloys, compounds, and/or elements in the different regions in the transistor, including any germanium and any dopants that are present in the transistor, including in the source and drain regions and the channel region. AmberWave reserves the right to request additional information depending upon the nature, content and detail of supplemental information, if any, provided by Intel in connection with the foregoing requests.

**INTERROGATORY NO. 20**:

DESIGNATE WITH PARTICULARITY on a copy of the PMOS IMAGE attached hereto as Exhibit A where the following ELEMENT of Claim 1 of the '371 PATENT is located: "a substantially facetless semiconductor region." If AmberWave contends there is more than one "substantially facetless semiconductor region," please identify each such region.

**RESPONSE TO INTERROGATORY NO. 20**:

In addition to the General Objections, which are incorporated fully by reference herein, AmberWave objects to this interrogatory as overbroad and unduly burdensome. AmberWave objects to this interrogatory to the extent it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any other applicable privilege or protection. AmberWave objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories. Additionally, AmberWave objects to this interrogatory as vague and ambiguous. Furthermore, AmberWave objects to this interrogatory insofar as the Court has not yet construed the claims of the '371 patent, and discovery is ongoing. AmberWave reserves the right to modify or supplement its responses as AmberWave receives additional information from Intel or third parties, as AmberWave locates additional information, or based on a ruling by the Court.

AmberWave objects to this interrogatory to the extent it calls for a legal conclusion. AmberWave further objects to this interrogatory as hypothetical in nature and not relevant to the claims in suit. Intel has not admitted that the image attached as Exhibit A to Intel's Fourth Set of Interrogatories reflects the accused products, nor identified it as alleged prior art. AmberWave objects to this interrogatory as incomplete and speculative because Intel has not provided AmberWave with sufficient data to provide the information requested in the interrogatory, including the information requested by the definitions of DESIGNATE WITH PARTICULARITY and ELEMENT. AmberWave objects to this interrogatory because the image attached as Exhibit A is clearly not identical to the Fig. 1 image of the paper attached as Exhibit B thereto, and AmberWave is not in a position to verify or determine the relationship, if

any, between the two images. AmberWave further objects to this interrogatory because it seeks expert analysis and testimony, and is premature in light of the Court's schedule for conducting expert discovery. AmberWave intends to provide expert analysis and testimony in accordance with the Court's schedule. AmberWave further objects to this interrogatory on the ground that it asks AmberWave to provide a definition of a claim term in the '371 patent. Intel has maintained that interrogatories seeking claim term definitions are premature.

Subject to the foregoing, and the General Objections, AmberWave responds as follows:

Assuming (without admitting) solely for the purposes of this interrogatory that the image in Exhibit A to Intel's Fourth Set of Interrogatories is the same as the one in the paper attached as Exhibit B to Intel's Fourth Set of Interrogatories, AmberWave requests additional information to prepare its response to this interrogatory. The image in Exhibit A reports on a single stage in the fabrication of the transistor depicted in the image. AmberWave requests that Intel provide electronic images, or other data or information, showing the different stages in the fabrication of this transistor, including: (a) images, data or other information depicting or fully describing the transistor before, during, and after the etching of the source and drain regions, the subsequent epitaxial deposition of SiGe in the source and drain regions, and salicidation; (b) images, data or other information showing or fully describing the gate region before and after each alteration in its geometry; and (c) images, data or other information showing or fully describing the etch-stop layers, masking layers, and sacrificial layers present before, during, and after the etching of the source and drain regions, the subsequent epitaxial deposition of SiGe in the source and drain regions, and salicidation. AmberWave reserves the right to request additional information depending upon the nature, content and detail of supplemental information, if any, provided by Intel in connection with the foregoing requests.

Respectfully submitted,

as to the objections:

Morgan Chu
David I. Gindler
Christopher A. Vanderlaan
Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel: (310) 277-1010

Jack B. Blumenfeld (No. 1014)
Leslie A. Polizoti (No. 4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel: (302) 658-9200

Attorneys for Plaintiff
AmberWave Systems Corporation


Dated: February 27, 2006

# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTEL CORPORATION, )<br>)<br>Defendant. ) | Civil Action No. 05-301-KAJ<br>(consolidated) |

## **INTEL'S SIXTH SET OF INTERROGATORIES**

PLEASE TAKE NOTICE that pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Intel Corporation ("Intel") hereby requests that Plaintiff AmberWave Systems Corporation ("AmberWave") answer the following Interrogatories, in writing and under oath within thirty (30) days.

If, after answering the Interrogatories, AmberWave acquires additional knowledge or information called for by the Interrogatories, Intel requests that AmberWave serve upon Intel amended or supplemental responses in accordance with Fed. R. Civ. P. 26, no more than 30 days after AmberWave acquires such knowledge or information.

## **DEFINITIONS**

1.     "AMBERWAVE," "YOU," or "YOUR" means and includes Plaintiff AmberWave Systems Corporation, all current and former subsidiaries and affiliates thereof; all divisions, predecessors, successors, and assigns of each of the foregoing; and all current officers, directors, employees, agents, consultants, attorneys, accountants, administrators, and all other persons or organizations or others acting or purporting to act on behalf, or under the control, of each of the foregoing, including all temporary employees and independent contractors.

the language deemed to be ambiguous and the interpretation chosen or used in responding to the Interrogatory.

      F.     These Interrogatories are continuing in nature, and pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, are subject to the requirement that any responses be supplemented in the event new or additional information is discovered or obtained after service hereof.

## INTERROGATORIES

### Interrogatory No. 24

Have YOU or anyone acting on YOUR behalf measured what you contend is "the strained layer" of any ACCUSED PRODUCT, to determine whether it exhibits a "surface roughness less than 1nm?" If yes, please IDENTIFY the details of each of those measurements, including without limitation:

          a)  which ACCUSED PRODUCTS were measured;

          b)  when the measurements were taken;

          c)  the persons involved in taking the measurements;

          d)  the means by which the measurements were taken, including the devices and/or methods that were employed;

          e)  where in the ACCUSED PRODUCTS the measurements were taken;

          f)  the results of the measurements;

          g)  and all documents reflecting or RELATING TO such measurements.

### Interrogatory No. 25

Have YOU or anyone acting on YOUR behalf measured what you contend is the "substrate, the interface, and the at least one strained layer" of any ACCUSED PRODUCT to

5

determine whether they are "characterized at least in party by an impurity gradient having a value substantially equal to zero in the distal zone?" If yes, please IDENTIFY the details of each of those measurements, including without limitation:

    a) which ACCUSED PRODUCTS were measured;

    b) when the measurements were taken;

    c) the persons involved in taking the measurements;

    d) the means by which the measurements were taken, including the devices and/or methods that were employed;

    e) where in the ACCUSED PRODUCTS the measurements were taken;

    f) the results of the measurements;

    g) and all documents reflecting or RELATING TO such measurements.

Respectfully submitted,


By   /s/ Kerry L. Konrad
      Kerry L. Konrad (admitted *pro hac vice*)
      Patrick E. King (admitted *pro hac vice*)
      SIMPSON THACHER & BARTLETT LLP
      425 Lexington Ave.
      New York, NY 10017
      (212) 455-2000

      Josy W. Ingersoll (No. 1088)
      John W. Shaw (No. 3362)
      YOUNG CONAWAY STARGATT &
      TAYLOR LLP
      The Brandywine Building
      1000 West Street, 17th Floor
      Wilmington, DE 19801
      (302) 571-6600
      jingersoll@ycst.com

      *Attorneys for Defendant*
      *INTEL CORPORATION*

# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AMBERWAVE SYSTEMS CORPORATION, )    Civil Action No. 05-301-KAJ
                                                   ) (consolidated)
        Plaintiff,              )
                                     )
      vs.                               )
                                   )
INTEL CORPORATION,              )
                                   )
        Defendant.          )

**AMBERWAVE SYSTEMS CORPORATION'S RESPONSES TO
INTEL'S SIXTH SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules for the District of Delaware, Plaintiff AmberWave Systems Corporation ("AmberWave") hereby responds to Defendant Intel Corporation's ("Intel") Sixth Set of Interrogatories as follows:

## INTRODUCTION

This response is made solely for the purpose of this action. The response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such interrogatory were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

This response is being provided before the completion of discovery in this case and necessarily reflects only limited information that is available to AmberWave at this time. This response is therefore given without prejudice to AmberWave's right to produce evidence of any subsequently discovered fact or facts that it may later recall or discover. AmberWave further reserves the right to change, amend or supplement any or

required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action. AmberWave will respond to Intel's interrogatories according to the instructions provided by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action.

15.    AmberWave objects to the Sixth Set of Interrogatories and to each interrogatory therein to the extent they request information dependent upon documents or other information in the possession, custody and control of Intel or third parties. AmberWave reserves its right to modify or supplement its responses in view of the discovery of information and review of documents received from Intel or third parties.

16.    AmberWave objects to the Sixth Set of Interrogatories and each interrogatory therein to the extent they call for trade secret, proprietary, or other confidential or competitively sensitive information of third parties. AmberWave will not provide any of this information without consent of the third party.

17.    AmberWave objects to the Sixth Set of Interrogatories and each interrogatory therein to the extent they call for information AmberWave does not have the legal authority to release. AmberWave will not disclose any of this information without approval.

18.    AmberWave expressly incorporates each of the foregoing General Objections into each specific response to the interrogatories set forth below as if set forth in full therein. An answer to an interrogatory shall not constitute a waiver of any applicable specific or general objection to an interrogatory.

## RESPONSES TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 24:

Have YOU or anyone acting on YOUR behalf measured what you contend is "the strained layer" of any ACCUSED PRODUCT, to determine whether it exhibits a "surface

roughness less than 1nm?"   If yes, please IDENTIFY the details of each of those measurements, including without limitation:

   a)   which ACCUSED PRODUCTS were measured;

   b)   when the measurements were taken;

   c)   the persons involved in taking the measurements;

   d)   the means by which the measurements were taken, including the devices and/or methods that were employed;

   e)   where in the ACCUSED PRODUCTS the measurements were taken;

   f)   the results of the measurements;

   g)   and all documents reflecting or RELATING TO such measurements.

## RESPONSE TO INTERROGATORY NO. 24:

   In addition to the General Objections, which are incorporated fully by reference herein, AmberWave objects to this interrogatory because it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any other applicable privilege or protection.  AmberWave objects to this interrogatory because it is properly the subject of expert discovery and is thus premature.   AmberWave objects to this interrogatory as overbroad and unduly burdensome.  AmberWave objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories. Additionally, AmberWave objects to this interrogatory insofar as the Court has not yet construed the claims of United States Patent No. 6,881,632 and discovery is ongoing.

   Subject to the foregoing, and the General Objections, AmberWave responds as follows:  The requested information will be disclosed in the appropriate expert reports on the date set forth in the Revised Scheduling Order entered by the Court, to the extent such information is relied upon by AmberWave's experts and is neither privileged nor work product.

**INTERROGATORY NO. 25:**

Have YOU or anyone acting on YOUR behalf measured what you contend is the "substrate, the interface, and the at least one strained layer" of any ACCUSED PRODUCT to determine whether they are "characterized at least in party by an impurity gradient having a value substantially equal to zero in the distal zone?" If yes, please IDENTIFY the details of each of those measurements, including without limitation:

    a)    which ACCUSED PRODUCTS were measured;

    b)    when the measurements were taken;

    c)    the persons involved in taking the measurements;

    d)    the means by which the measurements were taken, including the devices and/or methods that were employed;

    e)    where in the ACCUSED PRODUCTS the measurements were taken;

    f)    the results of the measurements;

    g)    and all documents reflecting or RELATING TO such measurements.

**RESPONSE TO INTERROGATORY NO. 25:**

In addition to the General Objections, which are incorporated fully by reference herein, AmberWave objects to this interrogatory because it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any other applicable privilege or protection. AmberWave objects to this interrogatory because it is properly the subject of expert discovery and is thus premature. AmberWave objects to this interrogatory as overbroad and unduly burdensome. AmberWave objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories. Additionally, AmberWave objects to this interrogatory insofar as the Court has not yet construed the claims of United States Patent No. 6,831,292 and discovery is ongoing.

Subject to the foregoing, and the General Objections, AmberWave responds as follows: The requested information will be disclosed in the appropriate expert reports on the date set forth in the Revised Scheduling Order entered by the Court, to the extent such information is relied upon by AmberWave's experts and is neither privileged nor work product.

Respectfully submitted,

as to the objections:

Morgan Chu
David I. Gindler
Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel: (310) 277-1010

Jack B. Blumenfeld (No. 1014)
Leslie A. Polizoti (No. 4299)
MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel: (302) 658-9200

Attorneys for Plaintiff
AmberWave Systems Corporation

Dated: September 5, 2006