# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

September 29, 2006

The Honorable Kent A. Jordan        **BY ELECTRONIC FILING**
United States District Court            Exhibit A Filed Separately
844 N. King Street                              Under Seal
Wilmington, DE 19801

Re:   *AmberWave Systems Corp. v. Intel Corp.*, C.A. No. 05-301 (KAJ)

Dear Judge Jordan:

As directed during the September 26 discovery conference, we write on behalf of AmberWave Systems Corporation ("AmberWave") to address whether the details of AmberWave's infringement testing, experiments, and studies sought by Intel's Sixth Set of Interrogatories are discoverable.[1]

AmberWave has already provided a detailed, element-by-element analysis of how Intel's products infringe the patents-in-suit in its responses to other Intel interrogatories. The interrogatories in dispute here request materials in addition to AmberWave's detailed infringement contentions, focusing specifically on information related to AmberWave's testing and analysis of Intel products in anticipation of and during this litigation. This work is protected from disclosure for three reasons: (1) as attorney work product, (2) as work done by non-testifying experts, and (3) as confidential settlement communications. The Court has requested briefing on the first two issues.

First, the testing is protected under attorney work product doctrine. The work product doctrine "protects an attorney's statements, memoranda, correspondence, briefs, and mental impressions, obtained or prepared by an attorney in anticipation of identifiable litigation." *Novartis Pharm. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 163 (D. Del. 2001) (citing *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)); *see also* Fed. R. Civ. P. 26(b)(3). Infringement testing, experiments and studies done at the behest of counsel in anticipation of or during this litigation are work product protected. *See Novartis*, 203 F.R.D. at 163 (infringement testing done at the request of counsel in anticipation of litigation is attorney work product); *Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97-8815, 2000 U.S. Dist. LEXIS 4254, at *45 (S.D.N.Y. Mar. 31, 2000) (internal analyses of possibly infringing products "were intended to provide information to counsel, and that information was to provide the basis of counsel's evaluation of possible infringement" and, thus, "they are protected work-product"); *Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co.*, 190 F.R.D. 413, 417 (E.D. Tex. 1999) ("Texas Instruments maintained a valid work product

---

[1] Intel's request for this protected information is inconsistent with its own responses to AmberWave's interrogatories. Intel has not disclosed any of its infringement testing in response to AmberWave's interrogatories seeking Intel's non-infringement contentions. *See, e.g.*, Intel's Second Amended Responses and Objections to AmberWave's First Set of Interrogatories (Ex. A) at 68-76.

The Honorable Kent A. Jordan
September 29, 2006
Page 2

objection to the production of this information [infringement testing] *prior to* the exchange of expert reports" (emphasis in original)); *Shoemaker by Embree v. General Motors Corp.*, 154 F.R.D. 235, 236 (W.D. Mo. 1994) (infringement testing is work product because it reveals the attorney's mental processes); *Mixing Equip. Co. v. Innova-Tech, Inc.*, No. 85-0535, 1986 U.S. Dist. LEXIS 25636, at *13-*14 (E.D. Pa. May 15, 1986) (refusing to grant defendant's motion to compel answers to interrogatories and document requests because "studies, tests or analysis performed on defendant's products and processes alleged to infringe . . . shall be covered by the work product privilege").

For example, in *Novartis*, plaintiff moved to compel discovery of defendant's infringement testing. 203 F.R.D. at 163. The court stated that work product protection would apply if the defendant established that "the disputed documents were prepared by or for the party or its attorney and prepared in anticipation of litigation or for trial." *Id.* The court concluded that the work product doctrine applied and denied the motion. *Id.* Similarly, in *Shoemaker*, the court held that information reflecting "the decision about what to test and how" to test is attorney work product because it "is the embodiment of the attorney's legal theories." 154 F.R.D. at 236. For the same reasons, AmberWave's experimentation and testing are protected attorney work product because the decisions about what to test and how to test included the mental processes and legal theories of its attorneys.

Second, information sought by Intel is also protected from premature disclosure because it constitutes the "facts known or opinions held" by non-testifying experts retained by AmberWave in anticipation of litigation with Intel. Fed. R. Civ. P. 26(b)(4)(B). Intel may only discover this information in "exceptional circumstances." *Id.* AmberWave engaged the services of certain experts to help test and analyze Intel's infringing products to assist in AmberWave's infringement analysis. Unless and until these non-testifying experts are designated testifying experts, barring exceptional circumstances not present here, discovery of this information is not permitted. *Edward Lowe Indus., Inc. v. Oil-Dri Corp.*, No. 94-7568, 1995 U.S. Dist. LEXIS 9347, at *7-*8 (N.D. Ill. July 7, 1995) (refusing to compel production of plaintiff's infringement testing done by a non-testifying expert because the circumstances were not exceptional and the expert had not been designated to testify yet); *Shoemaker*, 154 F.R.D. at 236 (finding that infringement testing was necessarily done with the assistance of experts and that the reports and opinions of these non-testifying experts were not discoverable because there was no showing of "exceptional circumstances"); *see also* 8/15/00 Hr'g Tr. at 19-21, 26-30 filed in *Osram Sylvania, Inc. v. Durel Corp.*, C.A. No. 00-501 (GMS) (D. Del.) (Ex. B) (details regarding infringement testing are properly the subject of expert testimony).

AmberWave will continue to review its files and produce any responsive materials that are not in these protected categories.

Respectfully,

*Jack Blumenfeld*
Jack B. Blumenfeld (#1014)

/klm
cc: Dr. Peter T. Dalleo, Clerk (By Hand)
John W. Shaw, Esquire (By Hand)
George M. Newcombe, Esquire (By Email)
David I. Gindler, Esquire (By Email)