IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) C.A. No. 05-301 (KAJ) |
| | ) CONSOLIDATED |
| INTEL CORPORATION, | ) |
| | ) **REDACTED PUBLIC** |
| Defendant. | ) **VERSION** |

EXHIBIT A TO
LETTER FROM JACK B. BLUMENFELD
TO THE HONORABLE KENT A. JORDAN
DATED SEPTEMBER 29, 2006

                                            MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                            Jack B. Blumenfeld (#1014)
                                            Leslie A. Polizoti (#4299)
                                            1201 N. Market Street
                                            P.O. Box 1347
                                            Wilmington, DE  19899-1347
                                            (302) 658-9200
                                            jblumenfeld@mnat.com
                                              *Attorneys for AmberWave Systems Corporation*

OF COUNSEL:

Morgan Chu
David I. Gindler
Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067

September 29, 2006

Original Version Filed September 29, 2006
Redacted Public Version Filed October 3, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-301-KAJ |
| | ) | (consolidated) |
| INTEL CORPORATION, | ) | |
| | ) | **CONTAINS HIGHLY CONFIDENTIAL,** |
| Defendant. | ) | **OUTSIDE ATTORNEYS' EYES ONLY** |
| | ) | **INFORMATION SUBJECT TO** |
| | ) | **PROTECTIVE ORDER** |

## INTEL'S SECOND AMENDED RESPONSES AND OBJECTIONS

## TO AMBERWAVE'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Intel Corporation ("Intel") through its lead counsel Simpson Thacher & Bartlett LLP, hereby objects and provides second amended responses to the First Set of Interrogatories ("Interrogatories"), propounded on August 29, 2005 by Plaintiff AmberWave Systems Corporation ("AmberWave") as follows:

Intel's responses are based solely on the documents, facts and contentions known and available to Intel at this time. Intel has not completed its investigation of the facts and documents relating to this action and has not completed discovery in this action. Because Intel's investigation, research and analysis are ongoing in this case, it is very likely that additional documents, facts or contentions will be disclosed that will add meaning to already known documents, facts or contentions and/or possibly lead to additions, deletions or changes to these responses. Intel reserves its right to amend, modify or supplement the objections and answers

stated herein. Intel further reserves its right to rely on any facts, documents or other evidence which may develop or come to Intel's attention at a later date. Intel also reserves the right to rely on expert testimony.

## GENERAL OBJECTIONS

Intel incorporates by reference the General Objections in its previous responses to AmberWave's First Set of Interrogatories.

## SPECIFIC OBJECTIONS AND ANSWERS

Subject to and without in any way waiving the foregoing General Objections incorporated by reference, each of which is expressly incorporated into each of the individual answers below, Intel further responds to the Interrogatories as follows:

## INTERROGATORY NO. 1:

Identify all facts (including all DOCUMENTS) that support or contradict, and identify all persons with knowledge of, INTEL's contention that the '292 PATENT is invalid.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:

In addition to the General Objections, which are incorporated fully by reference herein, Intel objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome and compound. Intel also objects to the terms "all," "identify" and "persons with knowledge" because the terms are vague, ambiguous, overbroad, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to the term "invalid" because the term is vague, ambiguous, overbroad, unduly burdensome and calls for a legal conclusion that is privileged under the attorney-client privilege, the work-product doctrine and/or other judicially recognized protections or privileges. Intel additionally objects to the term "invalid" to the extent it seeks to

# REDACTED

information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to the terms "infringed," "infringing," "doctrine of equivalents," "inducement" and "contribution" because the terms are vague, ambiguous, overbroad, unduly burdensome and call for a legal conclusion that is privileged under the attorney-client privilege, the work-product doctrine and/or other judicially recognized protections or privileges. Intel additionally objects to the terms "infringed," "infringing," "doctrine of equivalents," "inducement" and "contribution" to the extent they seek to elicit an admission from Intel, by virtue of Intel's response to this request as to the meanings of the terms. Intel also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine and/or other judicially recognized protections or privileges. Intel further objects to the interrogatory because it requires Intel to speculate as to what the '292 Patent purports to have invented. Intel further objects to this interrogatory to the extent that it seeks the disclosure of information that reflects or discloses personal information that is protected by constitutional, statutory, common law or privacy rights. Intel additionally objects to this interrogatory to the extent it seeks a third party's confidential, trade secret or proprietary information. Intel will not provide such information without the third party's consent. Intel further objects because the interrogatory improperly seeks to aggregate numerous separate and distinct interrogatories in violation of Federal Rule of Civil Procedure 33(a). AmberWave has asserted nearly three dozen separate claims. Each claim for which AmberWave seeks a determination of no direct infringement, no infringement under the doctrine of equivalents, no inducement and no contribution each comprises a "subpart" under Federal Rule of Civil Procedure 33(a). Intel states that each of these discrete subparts counts as a separate interrogatory toward AmberWave's total limit of interrogatories. Therefore, this interrogatory,

by itself, exceeds the limit of seventy-five (75) interrogatories set by the Court in paragraph 3(c) of the Revised Scheduling Order dated May 10, 2006, and is improper. Intel reserves its right to seek a protective order if and when AmberWave propounds interrogatories in excess of the amount allowed by this Court.

Intel further objects to the interrogatory because it calls for Intel to establish that its devices or processes do not infringe the '292 Patent and therefore improperly seeks to shift from AmberWave the burden of proving its affirmative claim of patent infringement. To date, AmberWave has not described its theory of patent infringement with sufficient specificity. Intel identified some of the more severe deficiencies in AmberWave's responses to Intel's contention interrogatories in letters dated February 14, February 28, March 13, and May 31, 2006. In response to these letters, AmberWave has refused to supplement its response to Interrogatory No. 19. AmberWave's most recent supplementation of Interrogatory No. 9, dated July 12 (the "Current Response"), provides little additional information.

For instance, the Current Response vaguely describes the "strained layer" of Claim 1 as being "the compressively strained silicon abutting the gate of the PMOS transistor," but does not specifically identify the boundaries—neither the width nor the thickness—of any such "layer." The Current Response also describes the "strained channel layer" of Claim 16 as being "the part of the region which is strained by virtue of the silicon germanium (SiGe) located in the source and drain regions." Again, AmberWave fails to identify the boundaries of any such "strained channel layer." The response also fails to identify, *inter alia*, what "part" of the channel region constitutes the "strained channel layer," what portion of the silicon substrate in the channel is strained by the SiGe, whether the silicon strained by the SiGe outside of the channel constitutes part of the layer, or where the "channel region" begins and ends for purposes of

70

# REDACTED

# REDACTED

# REDACTED

Case 1:05-cv-00301-JJF-MPT   Document 178   Filed 10/03/2006   Page 9 of 15

REDACTED

# REDACTED

# REDACTED

Dated: August 7, 2006

As to the Objections:

By: _____

Jeffrey E. Ostrow (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304
(650) 251-5000
jostrow@stblaw.com

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
YOUNG CONWAY STARGATT &
TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jingersoll@ycst.com

*Attorneys for Defendant Intel Corporation*

## CERTIFICATE OF SERVICE

I, Patrick E. King, hereby certify that on August 7, 2006, I caused to be served copies of Intel's Second Amended Responses and Objections to AmberWave's First Set of Interrogatories on the following counsel of record in the manner indicated:

**BY FEDERAL EXPRESS**
Jason G. Sheasby, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Jack B. Blumenfeld, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street, P.O. Box 1347
Wilmington, DE 19899-1347

**BY ELECTRONIC MAIL**
David I. Gindler, Esq.
Christopher A. Vanderlaan, Esq.
Jason G. Sheasby, Esq.
Amir Naini, Esq.
Irell & Manella LLP
dgindler@irell.com
cvanderlaan@irell.com
jsheasby@irell.com
anaini@irell.com

Jack B. Blumenfeld, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell
jblumenfeld@mnat.com
lpolizoti@mnat.com

SIMPSON THACHER & BARTLETT LLP

Patrick E. King (admitted *pro hac vice*)
2550 Hanover Street
Palo Alto, California 94304
(650) 251-5000
pking@stblaw.com

*Attorney for Defendant Intel Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to Josy W. Ingersoll and John W. Shaw.

I further certify that I caused copies of the foregoing document to be served on October 3, 2006 upon the following in the manner indicated:

**BY HAND & EMAIL**

Josy W. Ingersoll
John W. Shaw
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

**BY FACSIMILE & EMAIL**

George M. Newcombe
Jeffrey E. Ostrow
Patrick E. King
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA  94304

                                */s/ Jack B. Blumenfeld (#1014)*
                                Jack B. Blumenfeld (#1014)
                                jblumenfeld@mnat.com