# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

KAREN E. KELLER
DIRECT DIAL: 302-571-6554
DIRECT FAX:  302-576-3467
kkeller@ycst.com

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

October 4, 2006

**BY CM/ECF & HAND DELIVERY**
The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

    Re: *Intel Corporation v. AmberWave Systems Corporation,*
       Civil Action No. 05-301-KAJ Consol.

Dear Judge Jordan:

  I write on behalf of Intel Corporation ("Intel") in response to the letter brief filed by AmberWave Systems Corporation ("AmberWave") on September 29, 2006 (D.I. 176) relating to AmberWave's refusal to respond to Intel's Sixth Set of Interrogatories (the "Interrogatories").

  This Court encourages the early use of contention interrogatories. Accordingly, Intel propounded contention interrogatories that sought the basis for AmberWave's infringement claims, which would include, *inter alia,* what AmberWave contends are the concentration of impurities in Intel's products at locations specified in the '292 patent and the smoothness of a surface specified in the '632 patent. AmberWave's infringement contentions did not provide this information despite Intel's repeated requests over several months. Intel then served the Interrogatories, which adopt a rifle shot approach expressly seeking these fundamental facts. *See* Ex. A: Letter from K. Konrad to J. Sheasby (Aug. 4, 2006). Citing the work product doctrine, AmberWave again refused to disclose the requested facts, but stated in its Response that this information will be disclosed in expert reports – thereby conceding that these facts are fundamental to its infringement contentions. *See* Ex. B: AmberWave's Responses to Intel's Sixth Set of Interrogatories. Although there is some support in the case law for application of the work product doctrine to shield testing from discovery, the better reasoned cases do not allow the work product doctrine to be misused as a sword and shield and they require disclosure of the underlying facts of such testing.

  As a fundamental matter, the work product doctrine does not shield *facts* from discovery. Courts have recognized this distinction in ordering testing results to be disclosed. For example, *Loctite Corp. v. Fel-Pro, Inc.*, 667 F.2d 577 (7th Cir. 1981) involved a patent case where, as here, infringement turned on the results of technical testing. In affirming an order compelling production of testing results and affirming dismissal for failure to comply with that order, the Seventh Circuit held: "[T]he production of the test results was not only relevant, but essential to the case. Loctite's attempts to shelter them under the attorney-client and/or work product privileges cannot stand." *Id.* at 582. Similarly, in *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, Civ. No. 02-7345, 2003 WL 1989611 (N.D. Ill. Apr. 28, 2003), the court directed that test results be produced, holding: "Test results are not privileged." *Id.* at *2. The same result was reached in *E.I. DuPont De Nemours & Co. v. Phillips Petroleum Co.*, 24 F.R.D. 416 (D. Del. 1959). There, as here, infringement depended on test results which the court held come "within the ambit of a proper search for facts beyond the knowledge of the moving party." *Id.* at 421. The court overruled a claim of work product privilege and allowed discovery of test procedures and results, holding:

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Kent A. Jordan
October 4, 2006
Page 2

"Unless procedures can be inquired into and records of actual tests produced, neither party can have any idea of what the evidence against it is going to be." *Id.*[1]

Furthermore, this court has expressly rejected the misuse of the work product doctrine to conveniently time the disclosure of facts to suit the purposes of a party, as AmberWave is attempting to do here by saying it will rely on these facts in its expert reports but will not disclose them to Intel during fact discovery. In *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152 (D. Del. 1999), Judge Schwartz rejected the notion that the work product doctrine can be used to shield from discovery the facts upon which a lawsuit is based, *id.* at 155-56, and refused to allow a party to use the work product doctrine to manipulate the timing of disclosure: "The Government . . . under the guise of the work product doctrine, seeks to manipulate the timing of the revelation of facts it has gathered and upon which it intends to rely to suit its purposes. This was never the intent of the work product doctrine, and the Court declines the Government's invitation to extend the scope of the doctrine." *Id.* at 156.

Finally, AmberWave cannot rely on Rule 26(b)(4)(B) to manipulate the timing of disclosure of the facts on which its claims are based. Rule 26(b)(4)(B) does not "excuse the party from disgorging what facts he may have in his possession." *Marine Petroleum Co. v. Chamlin Petroleum Co.*, 641 F.2d 984, 994 (D.C. Cir. 1979) (quoting 4 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶¶ 26.481-82 (2d ed. 1976)).[2] Courts have recognized the duty to disclose the facts learned from testing even if the testing documents and analyses of the results may be protected under Rule 26(b)(4)(B).[3] This duty was also recognized in *Osram Sylvania, Inc. v. Durel Corp.*, Civ. No. 00-501 (GMS) (D. Del. Aug. 8, 2000), where Judge Sleet agreed with *both parties* that underlying facts regarding product infringement testing were discoverable during *fact discovery* through contention interrogatories. *See* Letter from J. Blumenfeld to this Court (Sep. 29, 2006), Ex. B at 33.[4] Moreover, as the Seventh Circuit held in affirming an order that tests be produced "the privileges are not absolute." *Loctite*, 667 F.2d at 582. "Where the benefit to the resolution of the suit outweighs the potential injury to the party from whom discovery is sought, as is clearly true in the case before us, disclosure is required." *Id.* (citations omitted). The resolution of this dispute will unquestionably be advanced by compelling AmberWave to provide the basic facts necessary to support its infringement contentions. Accordingly, Intel's motion should be granted.

                Respectfully submitted,

                /s/ Karen E. Keller

                Karen E. Keller (No. 4489)

Attachments
cc: All Counsel of Record

---

[1] Contrary to AmberWave's contention, Intel has not refused to produce test data. Intel has produced E-test, SIMS and modeling data relating to its devices and continues to do so. Intel recognizes this obligation goes both ways.

[2] *But see Roberts v. Heim*, 130 F.R.D. 424 (N.D. Cal. 1989) (adopting special master's report in class action case).

[3] *Phillips Elec. North America Corp. v. Universal Elec., Inc.*, 892 F. Supp. 108, 110 (D. Del. 1995) (documents and analyses protected but not non-privileged facts); *Wieboldt Stores, Inc. v. Schottenstein*, Civ. No. 87-8111, 1990 WL 251727 (N.D. Ill. Dec. 27, 1990) (ordering facts to be disclosed).

[4] Discovery of such material was not permitted by Judge Sleet at the time of the motion, which was very early in the case – clearly not the situation here. AmberWave's expert reports would have been due *this week* if AmberWave had not sought and received a six-month extension on the schedule during the August 25 conference.