# EXHIBIT A

**SIMPSON THACHER & BARTLETT LLP**

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

FACSIMILE: (212) 455-2502

DIRECT DIAL NUMBER

212-455-2663

E-MAIL ADDRESS

kkonrad@stblaw.com

<u>VIA ELECTRONIC MAIL</u>

August 4, 2006

Re: *AmberWave Systems Corp v. Intel Corp.*
<u>Case No. 05-301-KAJ (consolidated)</u>

Jason G. Sheasby, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

Dear Jason:

I write concerning the enclosed Sixth Set of Interrogatories and Seventh Set of Requests for Production. As we have told you in prior correspondence, Intel believes that AmberWave should already have provided Intel with the information requested by the enclosed interrogatories, since that information was called for by infringement interrogatories that Intel served several months ago (in particular, Interrogatory Nos. 9 (05-301) and 6 (05-837)). We serve this Sixth Set of Interrogatories separately as an additional measure to obtain the information already owed to us and therefore encourage AmberWave to provide its responses as soon as possible. Please contact me if you have any questions.

Very truly yours,

/s/ Kerry L. Konrad

Kerry L. Konrad

Enclosure

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, ) | Civil Action No. 05-301-KAJ |
| ) | (consolidated) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| INTEL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**AMBERWAVE SYSTEMS CORPORATION'S RESPONSES TO
INTEL'S SIXTH SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules for the District of Delaware, Plaintiff AmberWave Systems Corporation ("AmberWave") hereby responds to Defendant Intel Corporation's ("Intel") Sixth Set of Interrogatories as follows:

## INTRODUCTION

This response is made solely for the purpose of this action. The response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such interrogatory were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

This response is being provided before the completion of discovery in this case and necessarily reflects only limited information that is available to AmberWave at this time. This response is therefore given without prejudice to AmberWave's right to produce evidence of any subsequently discovered fact or facts that it may later recall or discover. AmberWave further reserves the right to change, amend or supplement any or

1559598

all of the matters contained in this response as additional facts are ascertained, analyses are made, research is completed and contentions are made.

Objections to each interrogatory are made on an individual basis below. From time to time, for special emphasis, AmberWave will repeat in the specific objections certain objections also set forth in the General Objections. The specific objections are submitted without prejudice to, and without in any way waiving, the General Objections listed below, but not expressly set forth in the response. The assertion of any objection to any interrogatory below is neither intended as, nor shall in any way be deemed, a waiver of AmberWave's right to assert that or any other objection at a later date.

No incidental or implied admissions are intended by the response below. The fact that AmberWave has answered or objected to any interrogatory should not be taken as an admission that AmberWave accepts or admits the existence of any "facts" set forth or assumed by such interrogatory. The fact that AmberWave has answered part or all of any interrogatory is not intended to be, and shall not be construed to be, a waiver by AmberWave of any part of any objection to the interrogatory.

## **GENERAL OBJECTIONS**

1. AmberWave objects to the Sixth Set of Interrogatories and to each definition, instruction, and interrogatory therein to the extent that they purport to impose on AmberWave obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules for the District of Delaware ("Local Rules"), or any order or ruling by the Court in this action. AmberWave shall not comply with any purported obligation not imposed by law.

2. AmberWave objects to the Sixth Set of Interrogatories and to each interrogatory therein on the ground and to the extent that they purport to seek information protected by the work product doctrine, attorney-client privilege, the settlement privilege, or any other privilege or restriction on discovery. AmberWave will not produce

information protected by such privileges or restrictions. Any inadvertent or unintentional disclosure of such information shall not be deemed a waiver of any applicable privilege.

3. AmberWave objects to the Sixth Set of Interrogatories and to each interrogatory therein to the extent that they are overbroad, unduly burdensome, oppressive, or seeking information that is beyond the scope of discovery under the Federal Rules of Civil Procedure, including but not limited to Federal Rule of Civil Procedure 26(b).

4. AmberWave objects to the Sixth Set of Interrogatories and to each interrogatory therein to the extent they are vague, ambiguous, or without sufficient specificity to identify what information is requested.

5. AmberWave objects to the Sixth Set of Interrogatories and to each interrogatory therein to the extent they prematurely seek expert discovery.

6. AmberWave objects to the Sixth Set of Interrogatories and to each interrogatory therein to the extent that they are compound and are actually multiple interrogatories.

7. AmberWave objects to the Sixth Set of Interrogatories and to each interrogatory therein to the extent that they seek information that is publicly available, in the possession, custody or control of Intel or any person or entity other than AmberWave, and is equally accessible to Intel.

8. AmberWave objects to the Sixth Set of Interrogatories and to each interrogatory therein to the extent that they call for a legal conclusion.

9. AmberWave objects to the Sixth Set of Interrogatories and to each interrogatory therein to the extent that they seek disclosure of trade secret, proprietary, or other confidential or competitively sensitive information of AmberWave or personal information that is protected by statutory, constitutional, common law or privacy rights. AmberWave reserves the right not to provide any of this information until it receives appropriate approvals. To the extent that AmberWave responds to these Interrogatories

by referring Intel to documents pursuant to Federal Rule of Civil Procedure 33(d), nothing herein shall affect in any way the confidentiality designations, if any, of those documents.

10. AmberWave objects to the definitions of "AMBERWAVE," "YOU" and "YOUR" set forth in paragraph 1 of the Definitions to the extent that those definitions purport to impose discovery obligations on persons or entities other than the parties to this action, and to the extent they seek discovery from individuals or entities over which AmberWave has no control.

11. AmberWave objects to the definition of "the strained layer" and "exhibits a surface roughness less than 1nm" set forth in paragraph 6 of the Definitions as vague and ambiguous as defined by Intel because the claim terms have not yet been construed by the Court. AmberWave reserves its right to modify or supplement its responses as a result of any rulings by the Court bearing on claim construction, and/or discovery bearing on claim construction.

12. AmberWave objects to the definition of "substrate, the interface, and the at least one strained layer" and "characterized at least in party by an impurity gradient having a value substantially equal to zero in the distal zone" set forth in paragraph 7 of the Definitions as vague and ambiguous as defined by Intel because the claim terms have not yet been construed by the Court. AmberWave reserves its right to modify or supplement its responses as a result of any rulings by the Court bearing on claim construction, and/or discovery bearing on claim construction.

13. AmberWave objects to the definition of "IDENTIFY" set forth in paragraph 8 of the Definitions to the extent it purports to impose on AmberWave's obligations that differ from or exceed those required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action.

14. AmberWave objects to the Instructions in paragraphs A through F to the extent they impose on AmberWave's obligations that differ from or exceed those

required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action. AmberWave will respond to Intel's interrogatories according to the instructions provided by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by the Court in this action.

15. AmberWave objects to the Sixth Set of Interrogatories and to each interrogatory therein to the extent they request information dependent upon documents or other information in the possession, custody and control of Intel or third parties. AmberWave reserves its right to modify or supplement its responses in view of the discovery of information and review of documents received from Intel or third parties.

16. AmberWave objects to the Sixth Set of Interrogatories and each interrogatory therein to the extent they call for trade secret, proprietary, or other confidential or competitively sensitive information of third parties. AmberWave will not provide any of this information without consent of the third party.

17. AmberWave objects to the Sixth Set of Interrogatories and each interrogatory therein to the extent they call for information AmberWave does not have the legal authority to release. AmberWave will not disclose any of this information without approval.

18. AmberWave expressly incorporates each of the foregoing General Objections into each specific response to the interrogatories set forth below as if set forth in full therein. An answer to an interrogatory shall not constitute a waiver of any applicable specific or general objection to an interrogatory.

## RESPONSES TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 24:

Have YOU or anyone acting on YOUR behalf measured what you contend is "the strained layer" of any ACCUSED PRODUCT, to determine whether it exhibits a "surface

roughness less than 1nm?" If yes, please IDENTIFY the details of each of those measurements, including without limitation:

    a) which ACCUSED PRODUCTS were measured;

    b) when the measurements were taken;

    c) the persons involved in taking the measurements;

    d) the means by which the measurements were taken, including the devices and/or methods that were employed;

    e) where in the ACCUSED PRODUCTS the measurements were taken;

    f) the results of the measurements;

    g) and all documents reflecting or RELATING TO such measurements.

**RESPONSE TO INTERROGATORY NO. 24:**

In addition to the General Objections, which are incorporated fully by reference herein, AmberWave objects to this interrogatory because it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any other applicable privilege or protection. AmberWave objects to this interrogatory because it is properly the subject of expert discovery and is thus premature. AmberWave objects to this interrogatory as overbroad and unduly burdensome. AmberWave objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories. Additionally, AmberWave objects to this interrogatory insofar as the Court has not yet construed the claims of United States Patent No. 6,881,632 and discovery is ongoing.

Subject to the foregoing, and the General Objections, AmberWave responds as follows: The requested information will be disclosed in the appropriate expert reports on the date set forth in the Revised Scheduling Order entered by the Court, to the extent such information is relied upon by AmberWave's experts and is neither privileged nor work product.

**INTERROGATORY NO. 25:**

Have YOU or anyone acting on YOUR behalf measured what you contend is the "substrate, the interface, and the at least one strained layer" of any ACCUSED PRODUCT to determine whether they are "characterized at least in party by an impurity gradient having a value substantially equal to zero in the distal zone?" If yes, please IDENTIFY the details of each of those measurements, including without limitation:

a) which ACCUSED PRODUCTS were measured;

b) when the measurements were taken;

c) the persons involved in taking the measurements;

d) the means by which the measurements were taken, including the devices and/or methods that were employed;

e) where in the ACCUSED PRODUCTS the measurements were taken;

f) the results of the measurements;

g) and all documents reflecting or RELATING TO such measurements.

**RESPONSE TO INTERROGATORY NO. 25:**

In addition to the General Objections, which are incorporated fully by reference herein, AmberWave objects to this interrogatory because it calls for information that is protected from discovery under the attorney-client privilege, work product doctrine, settlement privilege, or any other applicable privilege or protection. AmberWave objects to this interrogatory because it is properly the subject of expert discovery and is thus premature. AmberWave objects to this interrogatory as overbroad and unduly burdensome. AmberWave objects to this interrogatory as compound and consisting of multiple subparts which properly should be counted as separate interrogatories. Additionally, AmberWave objects to this interrogatory insofar as the Court has not yet construed the claims of United States Patent No. 6,831,292 and discovery is ongoing.

Subject to the foregoing, and the General Objections, AmberWave responds as follows: The requested information will be disclosed in the appropriate expert reports on the date set forth in the Revised Scheduling Order entered by the Court, to the extent such information is relied upon by AmberWave's experts and is neither privileged nor work product.

Respectfully submitted,

as to the objections:

*/s/ Daniel C.*

Morgan Chu
David I. Gindler
Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel: (310) 277-1010

Jack B. Blumenfeld (No. 1014)
Leslie A. Polizoti (No. 4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel: (302) 658-9200

Attorneys for Plaintiff
AmberWave Systems Corporation

Dated: September 5, 2006

1559598                                      - 8 -