## Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

October 6, 2006

The Honorable Kent A. Jordan  **BY ELECTRONIC FILING**
United States District Court
844 N. King Street
Wilmington, DE 19801

   Re: *AmberWave v. Intel*, C.A. No. 05-301 (KAJ)

Dear Judge Jordan:

  I write in response to Intel's October 4, 2006 letter. Intel does not dispute that AmberWave's testing was done at the direction of counsel, in contemplation of litigation, by a non-testifying consultant, or that the test results would disclose the mental processes of AmberWave's counsel. Intel also acknowledges the support "in the case law for application of the work product doctrine to shield testing from discovery." Indeed, Intel does not even mention the five cases cited by AmberWave.

  Ignoring that law, Intel argues that the work product doctrine and Fed. R. Civ. P. 26(b)(4)(B) do not protect AmberWave's testing from disclosure. Intel makes this argument even though it has failed to make the requisite "showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." *Id.* Intel cannot make such a showing because AmberWave has disclosed the facts that prove infringement in its detailed claim charts in response to other interrogatories. *See, e.g.*, Ex. A. Intel also does not argue that there are not other means to get the information it wants or that it cannot perform its own tests on its own products. What Intel seeks are attorney mental impressions, as well as the opinions of non-testifying experts.

  The cases cited by Intel do not support it. In *Loctite Corp. v. Fel-Pro, Inc.*, 667 F.2d 577, 582 (7th Cir. 1981), and *E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 24 F.R.D. 416, 422 (D. Del. 1959), the courts allowed discovery of testing in cases involving chemical patents where independent testing was extremely difficult and "essential to the case." *Contra Vardon Golf Co. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 649 (N.D. Ill. 1994) (distinguishing *Loctite*) (work product not discoverable even if the moving party has a substantial need when nothing prevents that party from running its own tests). Moreover, Rule 26(b)(4)(B) was adopted in response to "problems suggested by" the *DuPont* case, among others. Advisory Committee's note to 1970 amendment. *DuPont* held that a moving party need only "show good cause . . . and need not meet any extra burden or show any 'special' circumstances" to get access to expert testing. 24 F.R.D. at 421. Rule 26(b)(4)(B) rejected that view, requiring the moving party to make "a showing of exceptional circumstances." In *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 2003 WL 1989611, at *2 (N.D. Ill. 2003), the parties <u>agreed</u> to exchange infringement testing results.

  To the extent that AmberWave decides to use its test results at trial, it will properly disclose them during expert discovery. AmberWave's attorney work product is not otherwise discoverable by Intel.

                Respectfully,

                */s/ Jack B. Blumenfeld (#1014)*

                Jack B. Blumenfeld

The Honorable Kent A. Jordan
October 6, 2006
Page 2

cc:    Dr. Peter T. Dalleo, Clerk (By Hand)
        Josy W. Ingersoll, Esquire (By Hand)
        George M. Newcombe, Esquire (By Email)
        David I. Gindler, Esquire (By Email)