IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> INTEL CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

C.A. No. 05-301 (KAJ)
(Consolidated)

**DEMAND FOR JURY TRIAL**

**PLAINTIFF AMBERWAVE SYSTEMS CORPORATION'S
OPENING BRIEF IN SUPPORT OF ITS MOTION
FOR LEAVE TO AMEND AND SUPPLEMENT ITS COMPLAINT**

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Attorneys for Plaintiff
AmberWave Systems Corporation

OF COUNSEL:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

October 17, 2006

i.

TABLE OF CONTENTS

|  | Page |
|---|---|
| NATURE AND STAGE OF THE PROCEEDING | 1 |
| SUMMARY OF ARGUMENT | 1 |
| STATEMENT OF FACTS | 2 |
| ARGUMENT | 3 |
|     I.    UNDER RULE 15 OF THE FEDERAL RULES OF CIVIL PROCEDURE, LEAVE TO AMEND AND SUPPLEMENT SHALL BE FREELY GIVEN | 3 |
|     II.    AMBERWAVE SHOULD BE GRANTED LEAVE TO AMEND AND SUPPLEMENT ITS COMPLAINT | 4 |
|     A.    AmberWave Is Timely Seeking Leave to Amend. | 4 |
|     B.    Intel Will Not Suffer Undue Prejudice. | 5 |
| CONCLUSION | 7 |

ii.

## TABLE OF CITATIONS

Page(s)

Cases

*Arthur v. Maersk, Inc.*,
 434 F.3d 196 (3rd Cir. 2006)   3, 4

*CenterForce Techs., Inc. v. Austin Logistics, Inc.*,
 No. 99-243 MMS, 2000 WL 652943 (D. Del. March 10, 2000)   3, 4

*Cosden Oil & Chemical Co. v. Foster Grant Co.*,
 432 F.Supp. 956 (D. Del. 1977), *aff'd w/o op.*, 577 F.2d 725 (3d
 Cir. 1978)   6

*Dole v. Arco Chemical Co.*,
 921 F.2d 484 (3d Cir. 1990)   5

*E.I. duPont de Nemours & Co. v. Phillips Petroleum Co.*,
 621 F. Supp. 310 (D. Del. 1985)   4

*Foman v. Davis*,
 371 U.S. 178 (1962)   3

*Micron Tech., Inc. v. Rambus Inc.*,
 409 F. Supp. 2d 552 (D. Del. 2006)   3, 4, 5

*Trueposition, Inc. v. Allen Telecom, Inc.*,
 No. 01-823 GMS, 2002 WL 1558531 (D. Del. July 16, 2002)   3, 4, 5, 6

Rules

Fed. R. Civ. P. 15(a)   1, 3

Fed. R. Civ. P. 15(d)   6

## NATURE AND STAGE OF THE PROCEEDING

AmberWave has sued Intel in this consolidated proceeding for infringement of U.S. Patent Nos. 6,831,292 (the "'292 patent"), 6,881,632 (the "'632 patent") and 6,946,371 (the "'371 patent") (collectively, the patents in suit). On August 29, 2006, the Court issued a Revised Scheduling Order, allowing the parties until May 4, 2007, to seek leave to amend the pleadings. (D.I. 159.) The Court also set July 13, 2007, as the discovery cut-off date, August 17, 2007, as the deadline to file dispositive motions, and scheduled trial of this action for March 10-21, 2008. (*Id.*)

AmberWave now seeks to amend and supplement its complaint to add a fourth patent, U.S. Patent No. 7,122,449 (the "'449 patent"), which issued on October 17, 2006. The '449 patent is related to the same subject matter as the patents in suit. It is a continuation of the application that yielded the '371 patent, has the same specification as the '371 patent, and claims priority to the same provisional application as the '371 patent.

AmberWave filed its motion for leave to amend and supplement its complaint well in advance of the May 4, 2007 deadline set by the Court. (*Id.*) This is AmberWave's opening brief in support of its motion.

## SUMMARY OF ARGUMENT

AmberWave seeks leave to amend and supplement its complaint to assert an additional patent against Intel. The United States Patent and Trademark Office issued this patent today, October 17, 2006. Under Federal Rules of Civil Procedure, Rule 15, leave to amend or supplement should be freely granted.

1.    There can be no question that AmberWave did not unduly delay in seeking leave to supplement its complaint to add the '449 patent, because AmberWave sought leave as soon as the '449 patent issued. Furthermore, AmberWave has moved for leave nearly seven months before the Court's May 4, 2007 deadline for doing so. For the same reason, there is no basis to assert that this motion was brought in bad faith or for a dilatory motive.

2.

2. Intel would not suffer undue prejudice—or really any prejudice—if the Court were to grant AmberWave's leave to include the '449 patent in this action. The discovery cut-off date in this case is July 13, 2007, the deadline to file dispositive motions is August 17, 2007, and the trial date is March 10, 2008. All of these deadlines would provide Intel with more than ample time to conduct discovery relating to the '449 patent and to fully formulate its defenses, leaving the schedule the Court set unaffected. Moreover, the '449 patent is a continuation of the '371 patent and thus has the same specification as the patents in suit. Given this common background, the parties and the Court would benefit from the efficient resolution of all infringement and damages issues relating to Intel's accused products in one forum and in a single proceeding.

4. The parties' August 18, 2006 Stipulation permits AmberWave to move to add any patent infringement claim arising from any continuation of the patents in suit until May 4, 2007 (although Intel reserves the right to oppose such a motion). (D.I. 149 at 4)

## STATEMENT OF FACTS

For nearly the past decade, AmberWave has been developing improved methods for building semiconductor devices. Several research engineers at AmberWave developed particular techniques for fabricating transistors. The engineers also developed ways for combining these techniques with methods for "straining" silicon used in semiconductor devices. "Straining" involves altering the spacing of atoms in semiconductor material. When material such as silicon is "strained," the speed at which electric current moves through the silicon can increase. The '449 patent, entitled "Methods of Fabricating Semiconductor Structures Having Epitaxially Grown Source and Drain Elements," represents the fruits of some of AmberWave's research activities. The '449 patent is a continuation of the '371 patent and shares the same specification as the '371 patent. It applies to the same fabrication method already at issue in this lawsuit.

## ARGUMENT

### I. UNDER RULE 15 OF THE FEDERAL RULES OF CIVIL PROCEDURE, LEAVE TO AMEND AND SUPPLEMENT SHALL BE FREELY GIVEN

Federal Rule of Civil Procedure 15(a), which provides for leave to amend a pleading, states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a) (2006). Similarly, a party may move for leave to supplement its pleading "upon reasonable notice and upon such terms as are just [,] ... setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The standard under Rule 15(d) is "essentially the same" as that under 15(a), and leave to supplement should be granted unless it causes undue delay or undue prejudice. *Medeva Pharma Ltd. v. Am. Home Prods. Corp.*, 201 F.R.D. 103, 104 n.3 (D. Del. 2001).

*Foman v. Davis*, 371 U.S. 178 (1962), the U.S. Supreme Court's foundational decision on this issue, holds that absent a sufficient reason, "the leave sought should, as the rules require, be 'freely given.'" *Id*. at 182. The *Foman* court directed that "this mandate is to be heeded." *Id.*

Courts in this District have heeded the mandate. *See, e.g.*, *Trueposition, Inc. v. Allen Telecom, Inc.*, No. 01-823 GMS, 2002 WL 1558531, at *1 (D. Del. July 16, 2002) (citing *Foman*, 371 U.S. at 182). This Court recently explained that "'[s]ufficient reasons [to deny leave] include undue delay, bad faith or dilatory motive on the part of the movant, [and] undue prejudice to the opposing party . . . .'" *Micron Tech., Inc. v. Rambus Inc.*, 409 F. Supp. 2d 552, 558 (D. Del. 2006) (quoting *CenterForce Techs., Inc. v. Austin Logistics, Inc.*, No. 99-243 MMS, 2000 WL 652943, at *3 (D. Del. March 10, 2000)); *accord Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3rd Cir. 2006). None of those reasons apply here.

4.

## II. AMBERWAVE SHOULD BE GRANTED LEAVE TO AMEND AND SUPPLEMENT ITS COMPLAINT

### A. AmberWave Is Timely Seeking Leave to Amend.

AmberWave plainly has not unduly delayed in seeking leave to amend its given that the '449 patent only just issued today. Given these facts, there can be no question but that AmberWave is timely seeking to assert this related infringement cause of action against Intel. *See id.* at 204 ("[O]nly one appellate court uncovered in our research has approved of denial of leave to amend based on a delay of less than one year."); *Micron*, 409 F. Supp. 2d at 558 (finding that patent holder did not unduly delay in asserting patents by moving for leave about nine months after moving to restart case); *E.I. duPont de Nemours & Co. v. Phillips Petroleum Co.*, 621 F. Supp. 310, 315 (D. Del. 1985) (in granting patent holder's motion for leave to amend, court explained that a "delay of six months . . . cannot be characterized as 'undue'").

Furthermore, AmberWave is seeking to amend and supplement its complaint more than seven months before the Court's May 4, 2007 deadline to move to amend the pleadings. *See Trueposition*, 2002 WL 1558531, at *2 (in granting plaintiff's motion to amend, court considered that plaintiff filed its motion within the court's deadline). In addition, discovery in this action will not end until July 13, 2007, dispositive motions are not due until August 17, 2007, and trial is more than a year away. There can be no undue delay when "fact discovery has yet to close and there have been no determinations on the merits." *CenterForce Techs.*, 2000 WL 652943 at *5 n.4.

For the same reason, there is no basis for Intel to accuse AmberWave of bad faith or to contend that AmberWave's motion is brought with dilatory motive. *See Trueposition*, 2002 WL 1558531, at *2 (court explained that because plaintiff "filed its motion to amend in compliance with the May 31 deadline imposed by the court . . . , the court will not deny the motion to amend on the basis of bad faith"); *CenterForce Techs.*, 2000 WL 652943, at *7 (concluding that movant did not seek amendment in bad faith because "there is no evidence to indicate that [the] motion to amend is simply a delaying tactic" and because movant "argued that

there is no need to change the current schedule, [and] that very little . . . additional discovery would be necessitated by the additional claims").

### B. Intel Will Not Suffer Undue Prejudice.

Intel would not suffer undue prejudice if the Court were to grant AmberWave's motion. A mere claim of prejudice is not sufficient; there must be some showing that the non-moving "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990). Because the '449 patent is a continuation of the '371 patent and implicates the same Intel method of transistor fabrication accused of infringing the three existing patents in suit, there would be substantial overlap in discovery between the patents. Intel can hardly claim prejudice, let alone undue prejudice.

This Court has recently allowed a patent holder to amend its pleadings in an analogous situation. In *Micron*, the patent holder sought to add patents involving similar technology to the patents already in suit and directed against the same technology at issue. 409 F. Supp. 2d at 558. In granting Rambus leave to amend and supplement its counterclaims to include four additional patents, this Court found no undue prejudice to the opposing party, Micron. *Id.* at 559. Although Micron argued that the need for additional discovery relative to the newly added patents would result in prejudice, the Court found, based on Rambus's representation that the additional patents related to the "same subject matter as the patents in suit" and the same accused products, "Rambus rightly asserts . . . that there will be some overlap with already completed preparation, and the overlap will reduce any prejudice to Micron." *Id.* at 559 & n.2. *See Trueposition*, 2002 WL 1558531, at *2 (given the overlapping technology between the existing and proposed patents, "it would be economically beneficial to the parties to resolve all issues in a single proceeding" and "judicial economy weighs in favor of granting [plaintiff's] motion to amend.")

Here, the patent that AmberWave seeks to add has the exact same specification as the '371 patent, has claims that relate to the same subject matter as the patents already in suit,

6.

and is directed against the same Intel method already accused of infringement. Thus, there is substantial overlap with the facts and arguments implicated by the other patents. *See Cosden Oil & Chemical Co. v. Foster Grant Co.,* 432 F. Supp. 956, 960 (D. Del.), *aff'd w/o op.,* 577 F.2d 725 (3d Cir. 1978) ("The similarity between the '434 patent and the '311 patent [the continuation of the '434 patent] and the intimate relationship between the respective file histories of these two patents leaves no question in my mind that the controversy surrounding the '311 patent is in part and parcel of the controversy surrounding the '434 patent."). Adding the '449 patent to this case would permit the parties and the Court to efficiently resolve this dispute in the same proceeding that will resolve the closely related '371 patent.

Finally, Intel cannot complain that there is not adequate time in the schedule to address the new patent. The discovery cut-off date is presently July 13, 2007, nine months from now. This allows more than enough time for the parties to complete whatever additional discovery might be required. *See Trueposition*, 2002 WL 1558531, at *2 (granting leave to amend, court explained that with five months of discovery remaining, "amendment of the complaint will not deprive [the defendant] Allen of the opportunity to present facts or evidence or otherwise prepare and present its case"). Moreover, the parties have until August 17, 2007, to file dispositive motions and until March 10, 2008, before trial, leaving Intel ample time to formulate and investigate any defenses that it might have relative to the '449 patent.

7.

## CONCLUSION

For the foregoing reasons, AmberWave respectfully requests that the Court grant its motion for leave to amend and supplement its complaint to include AmberWave's cause of action for infringement of the '449 patent.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        /s/ Jack B. Blumenfeld

        Jack B. Blumenfeld (# 1014)
        Karen Jacobs Louden (#2881)
        Leslie A. Polizoti (#4299)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE  19899
        (302) 658-9200
          Attorneys for Plaintiff
          AmberWave Systems Corporation

OF COUNSEL

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010

October 17, 2006

541697

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld (#1014), hereby certify that on October 17, 2006, I electronically filed Plaintiff AmberWave Systems Corporation's Opening Brief in Support of Its Motion for Leave to Amend Its Complaint with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Josy W. Ingersoll (#1088)
>Young, Conaway, Stargatt & Taylor, LLP

I also certify that copies were caused to be served on October 17, 2006, upon the following and in the manner indicated:

**BY HAND**

Josy W. Ingersoll
John W. Shaw
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

**BY EMAIL AND FEDERAL EXPRESS**

George M. Newcombe
Jeffrey E. Ostrow
Patrick E. King
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304

/s/ Jack B. Blumenfeld
jblumenfeld@mnat.com