IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | C.A. No. 05-301 (KAJ) |
| ) | CONSOLIDATED |
| INTEL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF AMBERWAVE SYSTEMS CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

AmberWave has sought leave to add the recently issued U.S. Patent No. 7,122,449 (the "'449 patent") to this action (the "Consolidated Action"). Intel argues that the '449 patent should be added to Civil Action No. 06-429 (KAJ) (the "Delaware II Action"), which involves U.S. Patent No. 7,074,655 (the "'655 patent"), instead of to this Consolidated Action.[1] Although Intel claims that it "simply makes no sense to add additional patents" to this Consolidated Action, Intel offers no facts or law to support its contention.

The '449 patent is directly related to this Consolidated Action and unrelated to the Delaware II Action. The '449 patent is a continuation of U.S. Patent No. 6,946,371 (the "'371 patent"), one of the patents in this Consolidated Action. The '449 and '371 patents have the same inventors, share the same specification, and claim priority to the same provisional application. The critical evidence relating to the conception, reduction to practice, and validity

---

[1] Intel's "non-opposition" also argues that U.S. Patent No. 5,518,907, currently the subject matter of Civil Action No. 06-638 (KAJ) (the "'907 Action"), should be added to the Delaware II Action. AmberWave believes that the '907 Action should remain separate from the Delaware II Action because, among other things, the '907 and the '655 patents involve different technologies, which were invented more than a decade apart, and different accused products, and the '907 Action needs to proceed expeditiously to allow a final resolution before the '907 patent expires in 2010. In any event, if Intel desires to consolidate the '907 Action with the Delaware II Action, Intel should file a motion in the appropriate action.

of the '449 and '371 patents will be derived from the same documents and witnesses. Furthermore, because the '449 and '371 patents relate to the same structure on Intel's transistor – the raised source and drain regions – the sources of infringement evidence will also be identical. The products accused of infringement in this Consolidated Action are also the same products that AmberWave accuses of infringing the '449 patent.

In contrast, the '655 patent is almost completely unrelated to the '449 patent: they have different specifications, claim priority to different provisional applications, and are related to different portions of a transistor. Different Intel products are accused of infringing the '449 patent than are accused of infringing the '655 patent. Thus, evidence regarding the conception, reduction to practice, validity, and infringement of the '449 patent and the '655 patent will likely be derived from different sources. Adding the '449 patent to the Delaware II Action, in the words of Intel, "simply makes no sense."

The parties have contemplated that continuations of the three patents in suit in this Consolidated Action would be added to the Consolidated Action. On August 18, 2006, Intel and AmberWave agreed that, although the time to add unrelated patents to this Consolidated Action would end on November 3, 2006, AmberWave could still move to add related patents through May 4, 2007. Aug. 18, 2006 Stipulation (D.I. 149).

Instead, Intel's sole reason for opposing AmberWave's motion is that "there is much work to be done" in this Consolidated Action. Although this may be true, the current Scheduling Order provides for more than eight more months of discovery. (D.I. 159.) Because much of the critical evidence regarding the '449 and '371 patents would likely be derived from the same documents and witnesses, it would be more efficient for both the Court and the parties to add the '449 patent to the action involving the '371 patent (the Consolidated Action). *See Cosden Oil &*

*Chemical Co. v. Foster Grant Co.*, 432 F. Supp. 956, 960 (D. Del. 1997), *aff'd w/o op.*, 577 F.2d 725 (3d Cir. 1978) (stating that "the controversy surrounding the [child] patent is part and parcel of the controversy surrounding the [parent] patent" and granting leave to add claims regarding the child patent).

For the foregoing reasons, leave to add the '449 patent to this Consolidated Action should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*

Jack B. Blumenfeld (No. 1014)
Leslie A. Polizoti (No. 4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Plaintiff*
*AmberWave Systems Corporation*

OF COUNSEL:

Morgan Chu
David I. Gindler
Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

November 7, 2006
544717