# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

November 20, 2006

**By E-Filing**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

    Re: AmberWave v. Intel, C.A. No. 05-301 (KAJ)
       Intel v. AmberWave, C.A. No. 06-429 (KAJ)

Dear Judge Jordan:

  We write on behalf of AmberWave in connection with a dispute regarding the Protective Orders in these cases. As the Court may recall, after lengthy negotiations, the parties reached a compromise on the issue of the participation of litigation counsel in reexamination proceedings. AmberWave agreed to a protective order that would not permit its litigation counsel to participate in reexamination proceedings. (05-301, D.I. 119, pp. 7, 13). In exchange, Intel agreed not to seek reexamination of any of the patents in suit or of "any patent that may later be added to the above-referenced action." (05-301, D.I. 95). That stipulation was entered by the Court on March 23, 2006. Since then, however, Intel has sought reexamination of two patents that are before this Court: U.S. Patent No. 7,074,655 ("the '655 patent") (in C.A. 06-429) (Ex. A) and U.S. Patent No. 7,122,449 ("the '449 patent") (in C.A. 05-301) (Ex. B).

  Accordingly, AmberWave requests that the Court permit its litigation counsel to participate in reexamination proceedings involving the '655 and '449 patents, pursuant to the following restrictions:

- Litigation counsel will not disclose any Intel technical confidential information to reexamination counsel; and

- Litigation counsel will not participate in any discussions or provide any advice to reexamination counsel with respect to claim amendments.

This limited involvement will prevent Intel from unfairly benefiting from its conduct and will allow AmberWave to efficiently use its limited legal resources.

  **A.** **Intel Sought To Circumvent Its Obligations Under the No-Reexamination Stipulation.**

  In C.A. 05-301, AmberWave agreed not to seek the right to participate in reexaminations based on Intel's commitment that it would not seek reexaminations of any of the patents in suit or of any patent that may later be added to the above-referenced action. After securing this concession from AmberWave, Intel proceeded to violate both the letter and spirit of the agreement by filing reexamination requests on

patents that were before this Court, while at the same time refusing to allow AmberWave's litigation counsel to participate in the resulting reexaminations.

The first instance involved the '655 patent. On July 8, 2006, AmberWave wrote to Intel asking whether it would agree to an amendment to add the allowed, but not yet issued, '655 patent to C.A. 05-301 when that patent issued. (Ex. C) (mistakenly dated June 26, 2006). Early on July 11, 2006, the day the '655 patent issued, counsel for Intel informed AmberWave that he would "respond shortly" to AmberWave's request on the motion to amend. (Ex. D). Rather than responding, however, on that same day, Intel filed a declaratory judgment action on the '655 patent – C.A. 06-429. Intel then asked the PTO to reexamine the patent. (Ex. A). On October 16, 2006, the PTO granted Intel's reexamination request. (Ex. E).[1]

The second instance involved the '449 patent, a continuation of the '371 patent, already in suit in C.A. 05-301. AmberWave informed Intel the day before the '449 patent issued, that it "intended to add the newly issued patent" to C.A. 05-301. (Ex. G). On October 17, 2006, when the patent issued, AmberWave moved to amend its complaint to add that patent. (C.A. 05-301, D.I. 185). That same day, even though AmberWave had moved to add the '449 patent to C.A. 05-301, Intel filed a reexamination request on it. (Ex. B). Intel then filed a "non-opposition" to AmberWave's motion for leave to add the '449 patent, but "reserve[d] its right to seek consolidation" of the '449 patent dispute with the '655 patent dispute. (C.A. 05-301, D.I. 191).

Intel may argue that it did nothing wrong in filing a reexamination request on the '449 patent because when Intel filed the request, there was only a pending motion to add the patent that had not been acted on by the Court. Only the most disingenuous reading of the stipulation and its purpose could support such an argument. The parties had long contemplated that continuations of the '371, '632 and '292 patents (the original patents in C.A. 05-301) would be added to the suit. Indeed, the parties had made a special accommodation for this in the schedule. (C.A. 05-301, D.I. 149, p. 4).

Intel may also argue that it did nothing wrong in filing a reexamination request on the '655 patent because the no-reexamination agreement applied only to C.A. 05-301 and not a new litigation. But AmberWave believes that the timing and circumstances of Intel's declaratory judgment action filing speak for themselves.

B. **AmberWave's Litigation Counsel Should Be Permitted To Have Limited Participation in Reexamination Proceedings of the Patents In Suit.**

When entering a protective order, courts consider, on a "case-by-case" basis, hardship, fairness, and efficiency in the decision to deny access to information. *See AFP Advanced Food Prods. LLC v. Snyder's of Hanover Mfg., Inc.*, No. 05-3006, 2006 U.S. Dist. LEXIS 426, at *3, *7-8 (E.D. Pa. January 6, 2006) (stating that one factor to consider is whether access "will promote fairness and efficiency" and striking two-year ban on patent prosecution in proposed protective order as "burdensome and

---

[1] When the parties submitted the current form of the Protective Order in C.A. 06-429, the PTO had not yet acted on Intel's request for reexamination. The issues discussed herein were therefore not yet ripe. AmberWave, however, made clear to Intel that it would seek relief from the Protective Order if the PTO were to grant Intel's reexamination request. (Ex. F).

unnecessary"). Preventing AmberWave's litigation counsel from participating in the reexamination proceedings puts AmberWave at an unfair disadvantage. This series of litigations have been pending for 17 months. During that time, AmberWave's litigation counsel has analyzed the prior art related to the patents in suit. Nine of the prior art references relied upon by Intel in the instant court proceedings were cited by Intel to the PTO in the '655 and '449 patent reexamination requests. To preclude AmberWave's litigation counsel from participating in the resulting reexaminations means that AmberWave – a small company with limited resources – would need to have two independent sets of attorneys analyze and formulate positions regarding the identical prior art in parallel proceedings, with all the expense, opportunity for inconsistency, and inefficiency that entails.

"[T]he general threat of inadvertent misuse of discovered materials" is insufficient to bar the participation of litigation counsel in reexamination proceedings. *AFP Advanced Food Prods.*, 2006 U.S. Dist. LEXIS 426, at *7 (cannot bar litigation attorneys from prosecution "without some tangible reason or good cause"). A reexamination proceeding only involves a narrow issue – whether the cited prior art references anticipate or make obvious the claims of the reexamined patent. Intel's technical information has no relevance to this analysis. Moreover, under the restrictions proposed by AmberWave, AmberWave's litigation counsel would not be able to participate in any discussions relating to or to give advice regarding claim amendments. As a result, there would be no realistic chance that litigation counsel would inadvertently misuse Intel confidential information.

Intel has requested 11 other reexaminations against AmberWave's patents. But because these reexaminations did not involve the patents in suit, AmberWave did not seek to have its litigation counsel participate in them. Now, however, Intel has created parallel disputes in both this Court and the PTO. Unless the Court allows the proposed limited modification to the Protective Orders, Intel will have gained precisely the advantage that the no-reexamination stipulation was intended to prevent: the opportunity for Intel to challenge the validity of the patents in suit without the involvement of AmberWave's litigation counsel.

AmberWave has the right to mount the best possible defense of the patents in suit before this Court and the PTO. Precluding AmberWave's litigation counsel from participating in the reexaminations of the '655 and '449 patents would not allow this to occur.

Respectfully,

Jack B. Blumenfeld

/cbh
cc:   Clerk of the Court (by e-filing and hand)
      John W. Shaw, Esq. (by e-filing and hand)
      George M. Newcombe, Esq. (by email)
      David I. Gindler, Esq. (by email)