# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-301-KAJ |
| | ) | (consolidated) |
| INTEL CORPORATION, | ) | |
| | ) | **REDACTED VERSION** |
| Defendant. | ) | |
| | ) | |

---

## <u>INTEL'S AMENDED AND SUPPLEMENTED RESPONSES AND OBJECTIONS TO</u>
## <u>AMBERWAVE'S SECOND SET OF INTERROGATORIES</u>

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Intel Corporation ("Intel") through its lead counsel Simpson Thacher & Bartlett LLP, hereby further objects and responds to AmberWave's Second Set of Interrogatories ("Interrogatories"), propounded on December 16, 2005 by Plaintiff AmberWave Systems Corporation ("AmberWave") as follows:

Intel's responses are based solely on the documents, facts and contentions known and available to Intel at this time. Intel has not completed its investigation of the facts and documents relating to this action and has not completed discovery in this action. Because Intel's investigation, research, and analysis are ongoing in this case, it is very likely that additional documents, facts or contentions will be disclosed that will add meaning to already known documents, facts or contentions, and/or possibly lead to additions, deletions or changes to these responses. Intel reserves its right to amend, modify, or supplement the objections and answers stated herein. Intel further reserves its right to rely on any facts, documents or other evidence

parties are obligated to make disclosure of expert testimony under Federal Rule of Civil Procedure 26(a)(2). Such disclosures are not due at this time. Intel further objects to the interrogatory because it seeks a construction by Intel of innumerable potential claim terms in thirty-five (35) separate claims and is thus unduly burdensome, oppressive, vexatious and can only be intended to harass. Intel further objects because the interrogatory improperly seeks to aggregate numerous separate and distinct interrogatories in violation of Federal Rule of Civil Procedure 33(a). Each term for which AmberWave seeks a construction by the interrogatory comprises a "subpart" under Federal Rule of Civil Procedure 33(a). Intel states that each of these discrete subparts counts as a separate interrogatory toward AmberWave's total limit of interrogatories. Intel reserves its right to seek a protective order if and when AmberWave propounds interrogatories in excess of the amount allowed by this Court. Intel further objects to this interrogatory because Intel will provide expert disclosures and depositions responsive to this interrogatory under the schedule established by the Court; AmberWave cannot force Intel to accelerate those disclosures by serving interrogatories.

## INTERROGATORY NO. 11:

Identify all facts (including all DOCUMENTS) that support or contradict, and identify all persons with knowledge of, INTEL's contention, including but not limited to the contention in its ANSWER, that the '371 PATENT is invalid.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:

In addition to the General Objections, which are incorporated fully by reference herein, Intel objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome and compound. Intel also objects to the terms "all," "identify," and "persons with knowledge" because the terms are vague, ambiguous, overbroad, unduly burdensome and/or seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to the term "invalid" because the term is vague, ambiguous, overbroad, unduly burdensome and calls for a legal conclusion that is privileged under the attorney-client privilege, the work-product doctrine and/or other judicially recognized

8

| Invalid Patent U.S. Pat. No. 6,946,371 | Description of where claim elements are disclosed or suggested by U.S. Patent No. 6,326,281 ("Violette") |
|---|---|
| |  |

In addition, asserted claims 1, 2, 13, 16, 19 of the '371 patent are invalid for failure to describe the following claim terms in such a manner as to enable one of ordinary skill in the art to make and use the claimed invention: "a first portion," "a second portion," "selectively depositing," "in situ doping," "first predetermined level," "substantially facetless," and "semiconductor region."

A more detailed basis for Intel's written description and indefiniteness defenses will be set forth in Intel's expert report(s) on invalidity, to be served in accordance with the Court's Case Management Order. Intel reserves the right to amend and/or supplement this response based on 35 U.S.C. §112 as discovery progresses.

## INTERROGATORY NO. 12:

Identify all facts (including all DOCUMENTS) that support or contradict, and identify all persons with knowledge of, INTEL's contention, including but not limited to the contention in its ANSWER, that AMBERWAVE has unclean hands and therefore should be barred from recovering any relief based in the '371 PATENT.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:

In addition to the General Objections, which are incorporated fully by reference herein, Intel objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-301-KAJ |
| | ) | (consolidated) |
| INTEL CORPORATION, | ) | |
| | ) | **REDACTED VERSION** |
| Defendant. | ) | |
| | ) | |

---

## INTEL'S AMENDED AND SUPPLEMENTED RESPONSES AND OBJECTIONS TO AMBERWAVE'S FIRST SET OF INTERROGATORIES IN CIVIL ACTION NO. 05-837-KAJ

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Intel Corporation ("Intel") through its lead counsel Simpson Thacher & Bartlett LLP, hereby further objects and responds to AmberWave's First Set of Interrogatories ("Interrogatories"), propounded on December 16, 2005 by Plaintiff AmberWave Systems Corporation ("AmberWave") in Civil Action No. 05-837-KAJ, subsequently consolidated as Civil Action No. 05-301-KAJ, as follows:

Intel's responses are based solely on the documents, facts and contentions known and available to Intel at this time. Intel has not completed its investigation of the facts and documents relating to this action and has not completed discovery in this action. Because Intel's investigation, research, and analysis are ongoing in this case, it is very likely that additional documents, facts or contentions will be disclosed that will add meaning to already known documents, facts or contentions, and/or possibly lead to additions, deletions, or changes to these responses. Intel reserves its right to amend, modify or supplement the objections and answers

529cabd589334201

A more detailed basis for Intel's written description, indefiniteness, and/or enablement defenses will be set forth in Intel's expert report(s) on invalidity, to be served in accordance with the Court's Case Management Order. Intel reserves the right to amend and/or supplement this response based on 35 U.S.C. §112 and other grounds for invalidity as discovery progresses.

**INTERROGATORY NO. 5:**

Identify all facts (including all DOCUMENTS) that support or contradict, and identify all persons with knowledge of, INTEL's contention that AMBERWAVE has unclean hands and therefore should be barred from recovering any relief sought in its COMPLAINT or any relief whatsoever against INTEL.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections, which are incorporated fully by reference herein, Intel objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome and compound. Intel also objects to the terms "all," "identify," "persons with knowledge," and "relief" because the terms are vague, ambiguous, overbroad, unduly burdensome, and seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to the terms "unclean hands" and "barred" because the terms are vague, ambiguous, overbroad, unduly burdensome, and call for a legal conclusion that is privileged under the attorney-client privilege, the work-product doctrine, and/or other judicially recognized protections or privileges. Intel additionally objects to the terms "unclean hands" and "barred" to the extent they seek to elicit an admission from Intel, by virtue of Intel's response to this request, as to the meanings of the terms. Intel further objects that information to support a defense based on the legal and/or equitable principle of "unclean hands" is in the possession of AmberWave. Intel also objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or other judicially recognized protections or privileges. Intel further objects to this interrogatory as premature and improper because Intel cannot properly respond to this interrogatory until

discovery has proceeded further. Intel will respond to the interrogatory as of the date of this response and expressly preserves its right to supplement and/or amend its response as additional facts become known.

Subject to and without waiving the foregoing objections, Intel states on information and belief that one or more of the listed inventors of the '632 Patent and/or other individuals substantively involved with the preparation and/or prosecution of the '632 Patent application were aware at the time they prosecuted the '632 Patent application and/or related applications of one or more of the above-listed prior art references that anticipate and/or render obvious the '632 Patent. Upon information and belief, one or more of the listed inventors of the '632 Patent and/or other individuals substantively involved with the preparation and/or prosecution of the patent application were aware of at least the following material references all of which were disclosed to them in connection with the prosecution of related patent applications: U.S. Pat. No. 5,998,807 (issued Dec. 7, 1999), U.S. Pat. No. 6,524,935 (issued Feb. 25, 2003), U.S. Pat. No. 5,906,951 (issued May 25, 1999), U.S. Pat. No. 6,316,301 (issued Nov. 13, 2001), and failed to disclose these and other references to the PTO during the prosecution of the '632 Patent application, barring all the claims of the '632 Patent and other related patent applications.

In addition, upon information and belief, one or more of the listed inventors of the '632 Patent and/or other individuals substantively involved with the preparation and/or prosecution of the '632 Patent application were aware that AmberWave and its counsel: (i) failed properly to disclose to the PTO examiner during the prosecution of the '632 Patent and U.S. Pat. No. 6,649,480 (the "'480 Patent"), the parent patent to the '632 Patent, information about adverse decisions on a co-pending application that directly related to similar or identical claims language included in the '632 Patent application and the '480 Patent application; (ii) knew the adverse decisions were material to the patentability of the applications that issued as the '632 and '480 Patents; and (iii) acted with an intent to deceive the PTO in the prosecution of the '632 and '480 Patents.

39

In addition, upon information and belief, one or more of the listed inventors of the '632 Patent and/or other individuals substantively involved with the preparation and/or prosecution of the '632 Patent application were aware of and intentionally failed to disclose to the U.S. Patent and Tradmark Office the co-pendency of an earlier-filed, U.S. patent application No. 09/599,260, issued as U.S. Patent No. 6,689,211, which claims priority to a provisional application filed April 10, 1998, and discloses several elements claimed in the '632 Patent. See, e.g., U.S. Patent No. 6,689,211, Abstract, Figs. 10, 11a-f, 14; 2:22-36; 2:44-54; 15:8-37.

## INTERROGATORY NO. 6:

Identify all facts (including all DOCUMENTS) that support or contradict, and identify all persons with knowledge of, INTEL's contention that AMBERWAVE's COMPLAINT is barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, and/or estoppel.

## RESPONSE TO INTERROGATORY NO. 6:

Intel has withdrawn this defense from its Amended Answer. However, Intel reserves the right to seek to amend its answer to assert defenses based on principles of equity, including laches, prosecution laches, waiver, and/or estoppel, if discovery reveals facts that support such defenses.

40

EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-301-KAJ |
| | ) | (consolidated) |
| INTEL CORPORATION, | ) | |
| | ) | **REDACTED VERSION** |
| Defendant. | ) | |
| | ) | |

---

### INTEL'S SECOND AMENDED RESPONSES AND OBJECTIONS

### TO AMBERWAVE'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Intel Corporation ("Intel") through its lead counsel Simpson Thacher & Bartlett LLP, hereby objects and provides second amended responses to the First Set of Interrogatories ("Interrogatories"), propounded on August 29, 2005 by Plaintiff AmberWave Systems Corporation ("AmberWave") as follows:

Intel's responses are based solely on the documents, facts and contentions known and available to Intel at this time. Intel has not completed its investigation of the facts and documents relating to this action and has not completed discovery in this action. Because Intel's investigation, research and analysis are ongoing in this case, it is very likely that additional documents, facts or contentions will be disclosed that will add meaning to already known documents, facts or contentions and/or possibly lead to additions, deletions or changes to these responses. Intel reserves its right to amend, modify or supplement the objections and answers

disclosed any manner of practicing Intel's patented method of straining transistors to the public in the disclosure of the '292 Patent. Thus, if the claims of the '292 Patent are read so broadly as to describe the accused infringing devices or processes, the claims do not meet the written description requirement and are invalid under 35 U.S.C. § 112.

**INTERROGATORY NO. 2:**

Identify all facts (including all DOCUMENTS) that support or contradict, and identify all persons with knowledge of, INTEL's contention that AMBERWAVE has unclean hands and therefore should be barred from recovering any relief sought in its COUNTERCLAIM or any relief whatsoever against INTEL.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections, which are incorporated fully by reference herein, Intel objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome and compound. Intel also objects to the terms "all," "identify," "persons with knowledge" and "relief" because the terms are vague, ambiguous, overbroad, unduly burdensome and seek information that is not reasonably calculated to lead to the discovery of information relevant to the claims or defenses of any party. Intel further objects to the terms "unclean hands" and "barred" because the terms are vague, ambiguous, overbroad, unduly burdensome and call for a legal conclusion that is privileged under the attorney-client privilege, the work-product doctrine and/or other judicially recognized protections or privileges. Intel additionally objects to the terms "unclean hands" and "barred" to the extent they seek to elicit an admission from Intel, by virtue of Intel's response to this request, as to the meanings of the terms. Intel further objects that information to support a defense based on the legal and/or equitable principle of "unclean hands" is in the possession of AmberWave. Intel also objects to this interrogatory to the extent it

60

seeks information protected by the attorney-client privilege, the work-product doctrine and/or other judicially recognized protections or privileges. Intel further objects to this interrogatory as premature and improper because Intel cannot properly respond to this interrogatory until discovery has proceeded further. Intel will respond to the interrogatory as of the date of this response and expressly preserves its right to supplement and/or amend its response as additional facts become known.

Subject to and without waiving the foregoing objections, Intel states on information and belief that persons substantially involved in the prosecution of the '292 Patent, including at least Mr. Brian Gaff, Esq., the attorney who prosecuted the '292 Patent, were aware at the time they prosecuted the application that issued as the '292 Patent of material prior art – including at least U.S. Patent No. 5,777,364 and the Rim article – and failed to disclose this prior art to the U.S. Patent and Trademark Office during the pendency of the prosecution of the '292 Patent. Upon information and belief, this failure to disclose material prior art was made with deceptive intent, barring all the claims of the '292 Patent and other related patent applications.

## INTERROGATORY NO. 3:

Identify all facts (including all DOCUMENTS) that support or contradict, and identify all persons with knowledge of, INTEL's contention that AMBERWAVE's COUNTERCLAIM is barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, and/or estoppel.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:

Intel has withdrawn this defense from its Amended Answer. However, Intel reserves the right to seek to amend its answer to assert defenses based on principles of equity,